## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS DEXTER JAKES,                    CIVIL ACTION NO. 2:24-cv-01608-WSS

                        Plaintiff,            Judge William S. Stickman

        v.

DUANE YOUNGBLOOD; JOHN DOE 1;
JOHN DOE 2; JOHN DOE 3; JOHN DOE 4;
JOHN DOE 5; JOHN DOE 6; JOHN DOE 7;
JOHN DOE 8; JOHN DOE 9; JOHN DOE 10,

                        Defendants.

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
## FOR EXPEDITED DISCOVERY

Defendant, Duane Youngblood, by and through his counsel, hereby files the Response in Opposition to Plaintiff's Motion for Expedited Discovery, as follows:

### INTRODUCTION

Defendant Duane Youngblood (Defendant) respectfully opposes Plaintiff Bishop Jakes Motion for Expedited Discovery, which represents an unwarranted and premature attempt to bypass the orderly procedures of the Federal Rules of Civil Procedure. Plaintiff alleges defamation and civil conspiracy based on speculative and unsubstantiated claims involving alleged statements made decades ago. Plaintiff further seeks to justify this expedited discovery on the dubious premise of uncovering a purported conspiracy involving unidentified individuals (John Does) without providing any factual basis for these assertions.

This motion for expedited discovery is not only procedurally flawed but also imposes undue burdens on third parties while failing to meet the required threshold of good cause. Courts have consistently denied such fishing expeditions that are disguised as discovery requests, particularly when grounded in conjecture rather than evidence. Here, Plaintiff's pleadings fail to establish any immediate harm or urgency warranting deviation from standard discovery practices.

Moreover, Plaintiff's sweeping and intrusive discovery demands lack proportionality and specificity, further underscoring their impermissible nature under established legal standards.

If the Court is inclined to grant Plaintiff's Motion for Expedited Discovery, Defendant respectfully requests reciprocal permission to issue subpoenas for deposition testimony and documents from several men who have reported experiencing similar acts of sexual assault and harassment perpetrated by Plaintiff. This information is critical to refute Plaintiff's carefully curated public persona of feigned emotional distress and allegations of victimhood.

As detailed below, Defendant asserts that Plaintiff has exploited his position of power within the pulpit to target young men, many of whom have shared with Defendant their eerily similar—and at times, more graphic—accounts of misconduct by Plaintiff. These testimonies and related evidence are essential to providing a broader context to Defendants statements and to establishing a pattern of behavior that contradicts Plaintiff's claims of defamation and conspiracy[1]. Accordingly, Defendant respectfully requests that this Court deny Plaintiff's Motion for Expedited Discovery in its entirety. If the Court is inclined to grant Plaintiff's request, Defendant request reciprocity in the form of depositions and document request from additional victims of Plaintiff who are all eager to come forward and testify.

## ALLEGATIONS FROM PLAINTIFF'S COMPLAINT

Plaintiff Bishop Jakes initiated this litigation on November 25, 2024, alleging defamation per se and civil conspiracy against Defendant Duane Youngblood and unidentified individuals (John Does 1-10). The claims stem from Defendants public recounting of a childhood incident in which Defendant alleged he was sexually assaulted by Plaintiff. Plaintiff's Complaint also implicates a podcaster, claiming they amplified these allegations on widely viewed online platforms, thereby causing reputational harm to Plaintiff.

According to the Complaint, Defendants' statements and subsequent discussions on social media platforms and podcasts were part of a broader conspiracy to damage Plaintiff's reputation.

---

[1] At the onset, it is important to note that Plaintiff has identified Attorney Tyrone Blackburn as a Defendant in their moving papers. Poor editing aside, Attorney Blackburn is not a Defendant in this case.

However, the Complaint fails to provide factual support or specific evidence tying Defendant to any coordinated defamatory actions involving the podcaster or other unnamed individuals. Instead, Plaintiff relies on conclusory assertions of a conspiracy without detailing the mechanisms or participants involved.

The Complaint further alleges that unidentified co-conspirators disseminated false claims to extort money from Plaintiff, yet it provides no substantiating details, such as communications, agreements, or identifiable individuals. Plaintiff's reliance on vague and speculative allegations underscores the lack of a concrete basis for the discovery sought. The described events, including podcasts aired in October and November 2024, are presented without demonstrating any immediate or irreparable harm that would justify expedited discovery.

As the Complaint itself highlights speculative and unsupported claims, it fails to meet the standard required to warrant departure from standard discovery protocols. Plaintiff's generalized assertions do not establish a compelling need for expedited discovery, nor do they provide sufficient detail to substantiate the requested relief.

## DEFENDANT'S POSITION

Defendant Duane Youngblood offers a detailed and deeply personal account of his interactions with Plaintiff Bishop T.D. Jakes, alleging a series of events that highlight inappropriate conduct and emotional manipulation. These incidents, according to Defendant, are critical to understanding his subsequent public statements about Plaintiff.

Mr. Youngblood recounts an incident occurring during his late teenage years, after a church service where he had been driving Plaintiff to the residence where Plaintiff was staying. Upon arrival, Plaintiff invited Defendant inside for what initially appeared to be a pastoral conversation. This discussion turned personal and emotional, providing Defendant with an opportunity to express deeply rooted struggles, including challenges in his father-son relationship. However, the interaction culminated in an unwanted and inappropriate advances by Plaintiff, who attempted to kiss Defendant.

The following morning, Plaintiff contacted Mr. Youngblood via phone, during which Plaintiff proposed conditions for an ongoing relationship. Plaintiff purportedly outlined explicit terms, including exclusivity, secrecy, and a promise of financial support. Defendant asserts that he unequivocally rejected this proposition and sought to distance himself from Plaintiff, though his continued presence in the church environment made complete avoidance challenging.

These events have had a profound emotional toll on Mr. Youngblood. From his impressionable teenage years through adulthood, Defendant has consistently maintained a feeling of betrayal and disillusionment. The spiritual and pastoral role Plaintiff held in Defendant's life amplified the gravity of Plaintiff's misconduct, leaving Defendant with lingering trauma and questions about his self-worth and faith.

Years later, under the direction of a senior church leader, efforts were made to mend the strained relationship between Plaintiff and Mr. Youngblood. Defendant alleges that during a private conversation at this time, Plaintiff admitted to inappropriate behavior, attributing it to his own struggles and rising prominence within the religious community. Despite this interaction, Defendant states that trust could not be restored.

The relationship between Defendant and Plaintiff has remained tense and marked by distrust. While both parties maintained a professional association due to their roles within their shared religious organization, Defendant asserts that unresolved tensions have persisted due to Plaintiff's sexual assault of Defendant.

Defendant Youngblood has been rehashing this traumatic encounter since the 1980s. He has not deviated from his assertions, published a book concerning this incident, wrote letters to loved ones discussing this incident, and sought medical treatment concerning this incident and its related trauma. To say that Defendant youngblood is conspiring to harm Plaintiff Jakes is foolhardy at best, and delusional at worst. This is Defendant Youngbloods' lived experience, which the First Amendment to the United State Constitution affords him the right to openly express.

Defendant contends that his public statements about Plaintiff are rooted in personal experience and a need to confront past harms. He refutes the notion that these statements were made with malicious intent or as part of a broader conspiracy. Instead, Defendant positions his actions as an attempt to address and reconcile deeply personal experiences of childhood abuse and betrayal under circumstances that were supposed to provide spiritual and emotional support.

## <u>LEGAL STANDARD</u>

Expedited discovery is an exception to the ordinary course of litigation, permitted only when the moving party demonstrates good cause. See, *Gucci Am., Inc. v. Daffy's, Inc.,* No. 00-4463, 2000 WL 1720738. Courts balance the need for such discovery against the potential prejudice to the responding party, ensuring adherence to the principles of fairness and proportionality. Factors commonly considered include:

1. **Existence of a Pending Preliminary Injunction:** Whether the discovery is essential to resolving a pending motion for preliminary injunction.
2. **Specificity and Breadth of the Discovery Request:** Courts favor narrowly tailored requests over expansive demands, ensuring they directly address issues requiring resolution.
3. **Burden on the Responding Party or Third Parties:** The potential harm or inconvenience caused by compliance with the discovery request is a key consideration.
4. **Temporal Proximity to Standard Discovery Timelines:** Requests made significantly in advance of typical discovery timelines require additional justification.
5. **Likelihood of Irreparable Harm Without Discovery:** The moving party must demonstrate that expedited discovery is critical to preventing imminent and irreparable harm. Id.

The Third Circuit and district courts within Pennsylvania adhere to these principles, often invoking the good cause or reasonableness standard. In *Leone v. Towanda Borough*, the U.S. District Court for the Middle District of Pennsylvania emphasized the importance of balancing the urgency of discovery against potential prejudice to the opposing party, particularly when the allegations are speculative (*Leone v. Towanda Borough*, No. 3:12-CV-00429, 2012 U.S. Dist. LEXIS 42920 (M.D. Pa. Mar. 27, 2012)). Similarly, in *Fonovisa, Inc. v. Does 1-9*, the court underscored that good cause requires specificity in the request and a direct connection to the issues at hand, rejecting requests grounded in broad or unsupported allegations (*Fonovisa, Inc. v. Does 1-9*, No. 07-CV-1515, 2008 WL 919701 (W.D. Pa. Apr. 3, 2008)).

Additionally, courts have highlighted the risk of abuse when expedited discovery is used as a tool for fishing expeditions rather than addressing genuine procedural needs. For instance, in *Better Packages, Inc. v. Zheng*, the court warned against granting overbroad discovery requests under the guise of expedited discovery, emphasizing the need for reasonable boundaries (*Better Packages, Inc. v. Zheng*, 2006 WL 1373055 (D.N.J. May 17, 2006)). These principles ensure that requests are narrowly focused and proportional to the matter at hand.

Thus, expedited discovery is not a matter of right but an exception that must be justified by clear and compelling circumstances. Plaintiff in this case bears the burden of demonstrating not only the necessity but also the fairness of departing from standard discovery protocol.

## ARGUMENT

### A. Plaintiff Has Not Established Good Cause

Plaintiff's claims are grounded in speculation rather than concrete evidence. The assertion of a conspiracy involving unidentified individuals (John Does) is unsupported by specific facts or documentation. Courts have consistently held that vague and conclusory allegations cannot serve as a basis for expedited discovery. In *Fonovisa, Inc. v. Does 1-9*, the court rejected discovery requests that relied on broad assertions without substantive evidence, emphasizing that good cause requires specificity and factual grounding (*Fonovisa, Inc. v. Does 1-9*, No. 07-CV-1515, 2008 WL 919701 (W.D. Pa. Apr. 3, 2008)).

**Lack of Immediate or Irreparable Harm** Plaintiff has not demonstrated that expedited discovery is necessary to prevent imminent harm or irreparable injury. The alleged reputational damage and potential document destruction are speculative and unsupported by any evidentiary basis. In *IQVIA, Inc. v. Breskin*, the court denied expedited discovery where the moving party failed to establish a tangible and immediate risk to the cases integrity (*IQVIA, Inc. v. Breskin*, No. 2:19-CV-04425, 2020 U.S. Dist. LEXIS 156672 (E.D. Pa. Aug. 25, 2020)).

**No Connection Between Requests and Alleged Conspiracy** The requested discovery seeks expansive and intrusive information from third parties, yet Plaintiff fails to show how these requests are directly tied to resolving the alleged conspiracy. Courts have emphasized the

importance of narrowly tailoring discovery to address specific and relevant issues, as seen in *Better Packages, Inc. v. Zheng*, *supra*, where overbroad discovery requests were deemed improper.

### B. Discovery Requests Are Overly Broad and Burdensome

**Intrusion into Third-Party Privacy** The subpoenas target individuals and entities not directly named as defendants, imposing undue burdens on third parties. These requests seek private communications, financial records, and other sensitive materials without sufficient justification, violating the principles of proportionality and relevance under Rule 26(b)(1). The requested materials are far-reaching and lack any direct connection to the Plaintiff's allegations of defamation or conspiracy. In *Leone v. Towanda Borough*, the court stressed the necessity for narrowly defined and focused discovery requests to prevent undue harm to non-parties (*Leone v. Towanda Borough*, No. 3:12-CV-00429, 2012 U.S. Dist. LEXIS 42920 (M.D. Pa. Mar. 27, 2012)). Such invasive demands risk overburdening third parties who are tangential to the core claims in this case, and the Defendant.

Moreover, the potential exposure of personal and financial information creates unnecessary risks of harm to the third parties privacy and reputations. Courts have long recognized the importance of balancing discovery needs against these risks, particularly when the discovery sought does not demonstrate direct relevance or necessity to the claims at issue.

**Excessive Scope Relative to Allegations** Plaintiff's discovery requests span a broad timeframe and include materials unrelated to the core claims of defamation and conspiracy. By seeking expansive categories of documents, including speculative financial motivations and peripheral communications, the Plaintiff's approach imposes undue burdens that exceed the permissible scope of discovery. The lack of specificity in the requests further compounds their overreach. For example, requests targeting all communication between the Defendant and any third party over several months are neither proportional nor tailored to uncovering relevant evidence.

Courts routinely reject such expansive demands. In *Better Packages, Inc. v. Zheng*, the court required precise and narrowly tailored discovery, cautioning against overbroad requests that effectively operate as fishing expeditions (*Better Packages, Inc. v. Zheng*, 2006 WL 1373055

(D.N.J. May 17, 2006)). Similarly, in *Kone Corp. v. Thyssenkrupp USA, Inc.*, the court denied overly broad discovery requests where the movant failed to demonstrate a direct and specific connection to the issues at hand (*Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465, 2011 WL 4478477 (D. Del. Sept. 26, 2011)).

The requests here appear to mirror this impermissible approach, lacking the requisite focus to justify the burden imposed on both the Defendant and third parties. By seeking discovery far beyond the allegations and issues central to this case, Plaintiff underscores the speculative nature of their claims and the inappropriateness of expedited discovery in this instance. Plaintiff's discovery requests span a broad timeframe and include materials unrelated to the core claims of defamation and conspiracy. The lack of specificity in the requests further compounds their overreach. Courts routinely reject such expansive demands, as seen in *Better Packages, Inc.*, where the court required precise and narrowly tailored discovery (*Better Packages, Inc., supra.*

### C. Procedural Prejudice to Defendant

Allowing expedited discovery at this stage would impose significant procedural burdens on Defendant and undermine fundamental principles of fairness in litigation. Premature discovery would force Defendant to respond to extensive and intrusive requests without having the opportunity to fully evaluate or challenge the claims against him. This creates an imbalance, prejudicing Defendants ability to mount a proper defense and diverting resources away from addressing the merits of the case.

Courts have consistently warned against granting discovery that disproportionately burdens one party while advantaging another, particularly when the justification for such expedited measures is speculative. In *5J Oilfield Services, LLC v. Pecha*, the court emphasized that expedited discovery should not be granted where it risks disadvantaging the defendant or causing procedural inequity (*5J Oilfield Services, LLC v. Pecha*, No. 2:13-CV-283, 2013 WL 1195259 (W.D. Pa. Mar. 22, 2013)).

Further, granting expedited discovery risks disrupting the orderly progression of the case by preempting the typical discovery process established under Rule 26(f). This disruption can lead to inefficient litigation, unnecessary disputes over compliance, and an increased burden on the

court. In *Fonovisa, Inc. v. Does 1-9*, the court highlighted the importance of adhering to standard discovery timelines to ensure procedural fairness and efficiency (*Fonovisa, Inc. v. Does 1-9*, No. 07-CV-1515, 2008 WL 919701 (W.D. Pa. Apr. 3, 2008)).

Finally, the scope and nature of the requested discovery amplify the prejudice to Defendant. The broad and speculative demands seek to impose obligations far exceeding the requirements of proportionality and relevance, further tilting the procedural balance against Defendant. Courts have noted that such tactics undermine the principles of equitable litigation, as seen in *Better Packages, Inc. v. Zheng* (*Better Packages, Inc. v. Zheng*, 2006 WL 1373055 (D.N.J. May 17, 2006)).

For these reasons, Defendant respectfully submits that Plaintiff's motion for expedited discovery should be denied to preserve the integrity of the litigation process and to prevent undue procedural prejudice. In *5J Oilfield Services, LLC v. Pecha*, the court denied expedited discovery to prevent undue prejudice to the opposing party (*5J Oilfield Services, LLC v. Pecha*, No. 2:13-CV-283, 2013 WL 1195259 (W.D. Pa. Mar. 22, 2013)).

D.  **DEFENDANTS SPECIFIC REQUESTS**:

## PLAINTIFF'S REQUESTS 1-3 AND THEIR DEFICIENCIES

Plaintiff's Requests 1-3 seek to establish actual identification of the putative defendants, claiming such information is critical for properly identifying the alleged conspirators. However, these demands are legally implausible, burdensome, and inconsistent with legal precedent in the Third Circuit and the federal district courts in Pennsylvania.

**A. Legal Implausibility of Requests 1-3**

**Lack of Specificity and Factual Basis.** Plaintiff's motion fails to establish a factual nexus between the sought information and the alleged conspiracy. Courts in the Third Circuit require a movant to demonstrate with specificity how the requested discovery is essential to their claim. In *Leone v. Towanda Borough*, the court denied expedited discovery where the moving party failed to tie their requests to concrete facts supporting their claims (*Leone v. Towanda Borough*, No.

3:12-CV-00429, 2012 U.S. Dist. LEXIS 42920, at *5-6 (M.D. Pa. Mar. 27, 2012)). Here, Plaintiff merely speculates that identifying the putative defendants will advance their case, without providing substantive evidence of their involvement in the alleged defamation or conspiracy.

**Absence of Good Cause.** Expedited discovery is permitted only upon a showing of good cause, which requires a clear and immediate need for the information. Plaintiff's Requests 1-3 fail to demonstrate how delay in obtaining this information would result in irreparable harm. Courts have repeatedly held that speculative risks, such as the potential loss of evidence, do not satisfy the good cause standard (*IQVIA, Inc. v. Breskin*, No. 2:19-CV-04425, 2020 U.S. Dist. LEXIS 156672, at *5-6 (E.D. Pa. Aug. 25, 2020)).

**B. Burdensome and Overreaching Nature of Requests**

**Infringement on Privacy Rights.** Requests 1-3 seek broad and invasive personal information about the putative defendants, including their identities and potentially sensitive communications. This overreach contravenes established principles of privacy protection. In *Better Packages, Inc. v. Zheng*, the court cautioned against discovery requests that unnecessarily intrude into third-party privacy under the guise of expedited discovery (*Better Packages, Inc. v. Zheng*, No. 05-CV-3340, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006)).

**Disproportionate Scope and Burden.** These requests impose significant burdens on third parties and the court system, requiring the production of extensive information unrelated to the claims at issue. Courts in the Third Circuit emphasize that discovery must be narrowly tailored to avoid unnecessary burdens. In *Fonovisa, Inc. v. Does 1-9*, the court limited discovery to specific, narrowly defined information directly tied to the Plaintiff's claims (*Fonovisa, Inc. v. Does 1-9*, No. 07-CV-1515, 2008 WL 919701, at *3-4 (W.D. Pa. Apr. 3, 2008)). Plaintiff's broad demands here fail this test.

**C. Inconsistency with Legal Precedent**

**Failure to Meet the Notaro Standard.** Some courts in the Third Circuit apply the *Notaro* standard, which requires a party seeking expedited discovery to demonstrate irreparable harm, a likelihood of success on the merits, and a connection between the discovery

sought and the harm to be avoided (*Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)). Plaintiff fails to meet these elements, as their claims are speculative, and the requested discovery is not narrowly tied to preventing irreparable harm.

**Precedential Guidance Against Fishing Expeditions.** Courts consistently reject discovery requests that appear to be fishing expeditions rather than focused inquiries tied to actionable claims. In *5J Oilfield Services, LLC v. Pecha*, the court denied a motion for expedited discovery where the requests were overly broad and failed to demonstrate a direct connection to the claims (*5J Oilfield Services, LLC v. Pecha*, No. 2:13-CV-283, 2013 WL 1195259, at *2 (W.D. Pa. Mar. 22, 2013)). Plaintiff's Requests 1-3 exhibit these same deficiencies, seeking broad information without demonstrating its necessity or relevance.

**PLAINTIFF'S REQUESTS 4-5 AND THEIR DEFICIENCIES**

Plaintiff's Requests 4-5 seek to explore the relationship and interactions between the putative defendant and Defendant Blackburn over a three-month period surrounding the publication of the podcasts. These requests are legally implausible, overly burdensome, and inconsistent with established legal precedent in the Third Circuit and the federal district courts in Pennsylvania.

**A. Legal Implausibility of Requests 4-5**

**Failure to Establish Relevance.** Requests 4-5 lack a direct nexus to the claims of defamation and conspiracy. Courts in the Third Circuit require a clear demonstration of relevance and necessity for the information sought in expedited discovery. In *Fonovisa, Inc. v. Does 1-9*, the court denied discovery where the plaintiff failed to show how the requested information would substantively advance their claims (*Fonovisa, Inc. v. Does 1-9*, No. 07-CV-1515, 2008 WL 919701, at *3-4 (W.D. Pa. Apr. 3, 2008)). Similarly, Plaintiff's speculative claim that these interactions might reveal corroborative evidence is insufficient to meet the standard for expedited discovery.

**Insufficient Showing of Good Cause.** Expedited discovery is permissible only upon a showing of good cause, which requires the moving party to demonstrate an immediate and

compelling need for the information. Courts have consistently held that speculative assertions about potential relevance do not meet this standard (*IQVIA, Inc. v. Breskin*, No. 2:19-CV-04425, 2020 U.S. Dist. LEXIS 156672, at *5-6 (E.D. Pa. Aug. 25, 2020)). Plaintiff has not shown how delaying the discovery of these communications until after a Rule 26(f) conference would result in irreparable harm.

**B. Burdensome and Overreaching Nature of Requests**

**Infringement on Attorney-Client Privilege.** Requests 4-5 risk encroaching upon privileged communications between Defendant Blackburn and his client. Courts have routinely denied discovery requests that potentially implicate attorney-client privilege without a compelling justification (*Educ. Commn for Foreign Sch. Med. Graduates v. Repik*, No. CIV. A. 99-1381, 1999 WL 317052, at *3 (E.D. Pa. May 17, 1999)). Plaintiff's broad and invasive demands for interactions during this period fail to provide safeguards against such encroachments.

**Excessive Temporal and Contextual Scope.** The three-month period specified in Requests 4-5 is excessively broad and unduly burdensome, particularly given the limited timeframe relevant to the specific allegations in the Complaint. Courts in this jurisdiction have emphasized the need to narrowly tailor discovery requests to avoid undue burdens on the parties and third parties (*Better Packages, Inc. v. Zheng*, No. 05-CV-3340, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006)). Plaintiff's sweeping requests impose a disproportionate burden that outweighs any potential benefit to the litigation.

**C. Inconsistency with Legal Precedent**

**Precedential Guidance Against Fishing Expeditions.** Courts have consistently rejected discovery requests that resemble fishing expeditions, particularly in the context of expedited discovery. In *5J Oilfield Services, LLC v. Pecha*, the court denied a motion for expedited discovery where the requests were overly broad and unsupported by a clear connection to the claims (*5J Oilfield Services, LLC v. Pecha*, No. 2:13-CV-283, 2013 WL 1195259, at *2 (W.D. Pa. Mar. 22, 2013)). Requests 4-5 similarly seek extensive information without demonstrating a direct connection to the allegations of defamation and conspiracy.

12

**Violation of Proportionality Principle.** The Federal Rules of Civil Procedure require that discovery requests be proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, and the burden imposed on the responding party. In *Leone v. Towanda Borough*, the court emphasized that discovery must be narrowly tailored and proportional to the claims (*Leone v. Towanda Borough*, No. 3:12-CV-00429, 2012 U.S. Dist. LEXIS 42920, at *5-6 (M.D. Pa. Mar. 27, 2012)). Plaintiff's Requests 4-5 fail to meet this standard.

### PLAINTIFF'S REQUESTS 6-8 AND THEIR DEFICIENCIES

Plaintiff's Requests 6-8 seek information related to statements made by the podcaster, including their knowledge of the alleged November 15th extortion letter and interactions with Defendant Blackburn. These requests are legally implausible, unduly burdensome, and inconsistent with established legal precedent in the Third Circuit and the federal district courts in Pennsylvania.

### A. Legal Implausibility of Requests 6-8

**Speculative Nature of the Requests.** Requests 6-8 are premised on speculative assertions that additional communications and materials will substantiate Plaintiff's allegations of conspiracy and extortion. Courts in the Third Circuit have routinely denied discovery requests where the moving party relies on conjecture rather than concrete evidence. In *Fonovisa, Inc. v. Does 1-9*, the court denied discovery where the plaintiff failed to establish a factual basis linking the requested information to their claims (*Fonovisa, Inc. v. Does 1-9*, No. 07-CV-1515, 2008 WL 919701, at *3-4 (W.D. Pa. Apr. 3, 2008)). Plaintiff's reliance on generalized claims of potential relevance falls far short of this standard.

**Lack of Demonstrated Need.** Plaintiff has not shown that the requested discovery is necessary to prevent irreparable harm or that it cannot be obtained through the ordinary course of discovery. Courts require that expedited discovery be narrowly tailored to address a specific and immediate need (*IQVIA, Inc. v. Breskin*, No. 2:19-CV-04425, 2020 U.S. Dist. LEXIS 156672, at *5-6 (E.D. Pa. Aug. 25, 2020)). Here, Plaintiff's speculative claims do not justify circumventing standard discovery protocols.

**B. Burdensome and Overreaching Nature of Requests**

      **Infringement on Third-Party Privacy.** Requests 6-8 intrude upon the privacy rights of non-parties, particularly the podcaster, by demanding access to sensitive communications and data. Courts in this jurisdiction emphasize the need to balance the relevance of discovery against the privacy rights of third parties. In *Better Packages, Inc. v. Zheng*, the court rejected requests that unduly infringed on third-party privacy rights under the guise of relevance (*Better Packages, Inc. v. Zheng*, No. 05-CV-3340, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006)). Plaintiff's failure to narrowly tailor these requests imposes an unjustifiable burden.

      **Disproportionate Scope and Burden.** The broad scope of Requests 6-8 imposes significant burdens on the responding parties. Courts in the Third Circuit have emphasized that discovery must be proportional to the needs of the case, considering factors such as the relevance of the information sought and the burden on the responding party. In *Leone v. Towanda Borough*, the court highlighted the importance of proportionality in assessing the validity of discovery requests (*Leone v. Towanda Borough*, No. 3:12-CV-00429, 2012 U.S. Dist. LEXIS 42920, at *5-6 (M.D. Pa. Mar. 27, 2012)). Plaintiff's sweeping demands fail to meet this standard and risk overshadowing the core issues in the litigation.

**C. Inconsistency with Legal Precedent**

      **Failure to Demonstrate Connection to Alleged Misconduct.** Courts have consistently rejected discovery requests that fail to establish a direct connection between the information sought and the alleged misconduct. In *5J Oilfield Services, LLC v. Pecha*, the court denied expedited discovery where the requests lacked specificity and relevance to the claims (*5J Oilfield Services, LLC v. Pecha*, No. 2:13-CV-283, 2013 WL 1195259, at *2 (W.D. Pa. Mar. 22, 2013)). Plaintiff's Requests 6-8 similarly lack the necessary specificity to justify expedited discovery.

**Potential Encroachment on Privileged Communications.** By seeking information related to the alleged extortion letter and interactions with Defendant Blackburn, Plaintiff risks infringing on privileged communications. Courts require compelling evidence of necessity before permitting discovery that may implicate privileged information (*Educ. Commn for Foreign Sch. Med. Graduates v. Repik*, No. CIV. A. 99-1381, 1999 WL 317052, at *3 (E.D. Pa. May 17, 1999)).

Plaintiff's failure to address or mitigate these concerns further undermines the validity of their requests.

## PLAINTIFF'S REQUEST 9 AND ITS DEFICIENCIES

Plaintiff's Request 9 seeks data and material to augment Plaintiff's current understanding about the putative defendant's financial motivation to act in furtherance of and in accord with Defendant Youngbloods false allegations against Bishop Jakes. This request is legally implausible, unduly burdensome, and inconsistent with legal precedent in the Third Circuit and the federal district courts in Pennsylvania.

### A. Legal Implausibility of Request 9

**Speculative Foundation**. Request 9 is premised on the speculative assertion that financial motivations exist and are relevant to Plaintiff's claims. Courts in the Third Circuit require a factual nexus between the requested information and the allegations at issue. In *Fonovisa, Inc. v. Does 1-9*, the court denied discovery where the plaintiff failed to demonstrate how the requested information would substantively advance their claims (*Fonovisa, Inc. v. Does 1-9*, No. 07-CV-1515, 2008 WL 919701, at *3-4 (W.D. Pa. Apr. 3, 2008)). Similarly, Plaintiff's reliance on generalized theories of financial motivation falls far short of establishing a basis for expedited discovery.

**Irrelevance to Core Claims**. Request 9 fails to directly address the core allegations of defamation or conspiracy. Courts have held that discovery must be narrowly tailored to address the central issues of the case. In *Leone v. Towanda Borough*, the court emphasized the importance of aligning discovery requests with the substantive claims at issue (*Leone v. Towanda Borough*, No. 3:12-CV-00429, 2012 U.S. Dist. LEXIS 42920, at *5-6 (M.D. Pa. Mar. 27, 2012)). Here, Request 9 seeks to explore speculative financial data that is tangential to the claims of defamation.

### B. Burdensome and Overreaching Nature of Request

**Infringement on Privacy and Confidentiality**: Request 9 demands sensitive financial information without demonstrating its relevance or necessity. Courts have repeatedly recognized the need to protect financial privacy and have denied discovery requests that fail to balance this interest. In *Better Packages, Inc. v. Zheng*, the court rejected overbroad requests that intruded upon financial privacy without adequate justification (*Better Packages, Inc. v. Zheng*, No. 05-CV-3340, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006)). Plaintiff's sweeping request for financial data imposes an unjustifiable intrusion.

**Excessive Burden on Responding Parties**: The principle of proportionality, emphasized in the 2015 amendments to Federal Rule of Civil Procedure 26(b)(1), requires that discovery requests balance the likely benefit of the information against the burden imposed on the responding party. Courts in the Third Circuit have increasingly enforced proportionality to prevent overreach in discovery. In *IQVIA, Inc. v. Breskin*, the court denied requests that were speculative and disproportionately burdensome, reinforcing the need for narrowly tailored discovery (*IQVIA, Inc. v. Breskin*, No. 2:19-CV-04425, 2020 U.S. Dist. LEXIS 156672, at *5-6 (E.D. Pa. Aug. 25, 2020)).

Here, Request 9 places an excessive burden on responding parties by demanding sensitive financial disclosures that lack clear relevance to Plaintiff's claims. The speculative nature of the request exacerbates its disproportionality, imposing significant effort and costs for minimal, if any, benefit to the litigation. Plaintiff's request disregards these proportionality principles, burdening the judicial process and the responding parties alike.

## C. Inconsistency with Legal Precedent

**Failure to Meet Good Cause Standard**: Expedited discovery is permitted only upon a showing of good cause, which requires an immediate and compelling need for the information sought. In *5J Oilfield Services, LLC v. Pecha*, the court denied expedited discovery where the requests were speculative and lacked urgency (*5J Oilfield Services, LLC v. Pecha*, No. 2:13-CV-283, 2013 WL 1195259, at *2 (W.D. Pa. Mar. 22, 2013)). Plaintiff's Request 9 does not establish any immediate need for the financial data and instead appears to be a fishing expedition.

**Precedential Limitations on Financial Discovery**: Courts in this jurisdiction have consistently rejected broad financial discovery requests that are disproportionate to the claims at

issue. In *Educ. Commn for Foreign Sch. Med. Graduates v. Repik*, the court limited discovery to relevant and narrowly tailored requests, rejecting speculative inquiries into financial matters (*Educ. Commn for Foreign Sch. Med. Graduates v. Repik*, No. CIV. A. 99-1381, 1999 WL 317052, at \*3 (E.D. Pa. May 17, 1999)). Plaintiff's Request 9 contravenes these principles by seeking expansive financial data without adequate justification.

### D. Premature'

    **The foregoing arguments make clear that Plaintiff's request for Expedited Discovery are not only legally and procedurally inappropriate, but premature. Here, Plaintiff has offered no legitimate reason to circumvent the established 26(f) conference, or any other round of initial litigation.**

    **Further, given the frivolous nature of Plaintiff's lawsuit, Mr. Youngblood fully anticipates filing a 12(b)(6) Motion to Dismiss, a likely Motion for Sanctions, and if necessary, an Answer and New Matter to the Complaint along with any other appropriate requested relief.**

    **For these reasons, and those discussed *infra*, Mr. Youngblood respectfully asks of this Court to DENY Plaintiff's request for expedited discovery as frivolous and premature.**

### CONCLUSION

    Plaintiff's lawsuit is baseless, and that fact will be made abundantly clear to the Court in Defendants forthcoming Anti-SLAPP motion. Plaintiff is attempting to use this Court as a means to stymie Defendants First Amendment rights and to intimidate a third-party YouTube television show host from reporting on legitimate claims of sexual assault and misconduct perpetrated by Plaintiff and other members of the clergy.

    Plaintiff's actions mirror the well-documented abuses by other clergy who have faced lawsuits for using their positions of power to exploit vulnerable and impressionable individuals. The parallels are undeniable, with Plaintiff seeking to portray himself as a victim while concealing a troubling history of alleged misconduct. This Court should not permit Plaintiff to misuse the

judicial process to silence criticism and suppress truth. In conclusion, Plaintiff's Motion for Expedited Discovery lacks the necessary factual foundation and fails to meet the established legal standards of good cause required for such extraordinary relief. The Complaint relies on speculative and unsupported allegations, presenting vague claims of conspiracy and harm without any substantiating evidence. Plaintiff's requests for broad and intrusive discovery are disproportionate to the claims at hand and would impose undue burdens on Defendant and third parties.

Defendant, in stark contrast, has provided a detailed and substantiated account of his interactions with Plaintiff, highlighting the context and motivations behind his statements. These narratives challenge the credibility of Plaintiff's claims and underscore the importance of adhering to standard discovery protocols to ensure procedural fairness.

Should the Court be inclined to grant Plaintiff's Motion for Expedited Discovery, Defendant respectfully requests reciprocal permission to issue subpoenas to individuals with corroborating accounts of similar misconduct by Plaintiff. Such Discovery is essential for providing a complete and accurate representation of the facts and for countering Plaintiff's claims of defamation and conspiracy.

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Expedited Discovery or, in the alternative, grant Defendant equal discovery rights to ensure a fair and balanced process.

Respectfully submitted,

Dated: <u>January 6, 2025</u>

*/s/Tyrone A. Blackburn*
TYRONE A. BLACKBURN, ESQUIRE
NY ID NO. 5619416
T. A. Blackburn Law, PLLC.
90 Broad Street, 2nd Floor
New York, NY 10004
T: (347) 342-7432
tblackburn@tablackburnlaw.com

*/s/ Paul A. Ellis*
PAUL A. ELLIS, JR., ESQUIRE
PA ID NO.: 85403

BRAD N. SOMMER, ESQUIRE
PA ID NO.: 87312
SOMMER LAW GROUP, P.C.
6 Market Square
Pittsburgh, PA 15222
T: (412) 471-1266
BNS@sommerlawgroup.com
PAE@sommerlawgroup.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically on the date indicated below, and is available for viewing and downloading from the ECF System maintained by the Western District of Pennsylvania and was served by e-mail on:

Derrelle M. Janey, Esquire (admitted Pro Hac Vice)
The Janey Law Firm P.C.
111 Broadway, Suite 701
New York, NY 10006
(646) 289-5276
djaney@thejaneylawfirm.com

Devin J. Chwastyk, Esquire
McNees Wallace & Nurick LLC
100 Pine Street, P.O. Boc 1166
Harrisburg, PA 17108
(717) 232-8000
dchwastyk@mcneeslaw.com

Dustin A. Pusch, Esquire (admitted Pro Hac Vice)
Meier Watkins Phillips Pusch LLP
919 18th Street NW, Suite 650
Washington, DC 20006
dustin.pusch@mwpp.com

Dated: January 6, 2025                    SOMMER LAW GROUP, P.C.

*/s/ Paul A. Ellis*
PAUL A. ELLIS, JR., ESQUIRE
PA ID NO.: 85403
BRAD N. SOMMER, ESQUIRE
PA ID NO.: 87312
SOMMER LAW GROUP, P.C.
6 Market Square
Pittsburgh, PA 15222
T: (412) 471-1266
BNS@sommerlawgroup.com
PAE@sommerlawgroup.com
*Attorneys for Defendant*

20