# Exhibit Q

Act of Jul. 17, 2024,P.L.836,No.72 Cl. 42 - JUDICIAL CODE (4...ICE OF PENNSYLVANIA COURTS AND THE LEGISLATIVE REFERENCE BUREAU    1/7/25, 6:59 AM

Case 2:24-cv-01608-WSS    Document 35-21    Filed 01/23/25    Page 2 of 8

**JUDICIAL CODE (42 PA.C.S.) - CAUSE OF ACTION ON PROTECTED PUBLIC EXPRESSION, IMMUNITY FOR PROTECTED PUBLIC EXPRESSION AND ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS AND THE LEGISLATIVE REFERENCE BUREAU**

**Act of Jul. 17, 2024, P.L. 836, No. 72         Cl. 42**
Session of 2024
No. 2024-72

HB 1466

AN ACT

Amending Title 42 (Judiciary and Judicial Procedure) of the Pennsylvania Consolidated Statutes, in particular rights and immunities, providing for a cause of action on protected public expression and for immunity for protected public expression; and imposing a duty upon the Administrative Office of Pennsylvania Courts and the Legislative Reference Bureau.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

Section 1.  Title 42 of the Pennsylvania Consolidated Statutes is amended by adding a section to read:
§ 8320.1.  Action for protected public expression.
(a)  Establishment.--A person has a cause of action if, in a previous cause of action based on protected public expression:
    (1)  the person would have prevailed on a ground under section 8340.15 (relating to grant of immunity); but
    (2)  the court did not make a determination on immunity under section 8340.15.
(b)  Recovery.--A party that prevails in an action under this section is entitled to recover from the nonprevailing party under subsection (a)(1) all of the following:
    (1)  Attorney fees, court costs and expenses of litigation in the underlying action.
    (2)  Punitive damages upon proof that the underlying action was commenced or continued for the sole purpose of harassing, intimidating, punishing or maliciously inhibiting protected public expression.
(c)  Construction.--This section shall be broadly construed and applied to defend and enhance protected public expression.
(d)  Definitions.--As used in this section, the following words and phrases shall have the meanings given to them in this subsection unless the context clearly indicates otherwise:
"Protected public expression."  As defined in section 8340.13 (relating to definitions).
"Protected public expression immunity."  As defined in section 8340.13.
Section 2.  Chapter 83 of Title 42 is amended by adding a subchapter to read:
SUBCHAPTER C.1
PROTECTED PUBLIC EXPRESSION

Act of Jul. 17, 2024,P.L.696,No. 72 Cl. 42 - JUDICIAL CODE (4...ICE OF PENNSYLVANIA COURTS AND THE LEGISLATIVE REFERENCE BUREAU                    1/7/25, 6:59 AM

Case 2:24-cv-01608-WSS    Document 35-21    Filed 01/23/25    Page 3 of 8

```
Sec.
8340.11.  Short title of subchapter.
8340.12.  Declaration of policy.
8340.13.  Definitions.
8340.14.  Scope of subchapter.
8340.15.  Grant of immunity.
8340.16.  Pretrial motion.
8340.17.  Interlocutory appeal.
8340.18.  Awards.
```
§ 8340.11.  Short title of subchapter.
   This subchapter shall be known and may be cited as the Uniform Public Expression Protection Act.
§ 8340.12.  Declaration of policy.
   The General Assembly finds and declares as follows:
      (1)  There has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of protected public expression.
      (2)  It is in the public interest to encourage continued participation in matters of public significance. This participation should not be chilled through abuse of the judicial process.
      (3)  This subchapter:
         (i)  grants immunity to those groups or parties exercising the rights to protected public expression; and
         (ii)  awards attorney fees to parties that are forced to defend against meritless claims arising from the exercise of the rights to protected public expression.
      (4)  Broad construction of this subchapter will implement the goals under paragraphs (2) and (3).
§ 8340.13.  Definitions.
   The following words and phrases when used in this subchapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:
   "Cause of action based on protected public expression."  A cause of action under section 8340.14 (relating to scope of subchapter).
   "Goods or services."  The term does not include the creation, dissemination, exhibition or advertisement or similar promotion of a dramatic, literary, musical, political, journalistic or artistic work.
   "Protected public expression."  A person's:
      (1)  communication in a legislative, executive, judicial or administrative proceeding;
      (2)  communication on an issue under consideration or review in a legislative, executive, judicial or administrative proceeding; or
      (3)  exercise, on a matter of public concern, of the rights of freedom of speech or of the press, the right to assemble or petition or the right of association, guaranteed by:
         (i)  the First Amendment to the Constitution of the United States; or
         (ii)  section 7 or 20 of Article I of the Constitution of Pennsylvania.
   "Protected public expression immunity."  Immunity under section 8340.15 (relating to grant of immunity).
§ 8340.14.  Scope of subchapter.

Act of Jul. 17, 2024,P.L.696,No.72 Cl. 42 - JUDICIAL CODE (...ICE OF PENNSYLVANIA COURTS AND THE LEGISLATIVE REFERENCE BUREAU 1/7/25, 6:59 AM

Case 2:24-cv-01608-WSS    Document 35-21    Filed 01/23/25    Page 4 of 8

(a)  Coverage.--Except as provided in subsection (b), this subchapter applies to a cause of action based on protected public expression.
(b)  Exclusions.--This subchapter does not apply to any of the following claims asserted in a civil action:
    (1)  Against a government unit or an employee or agent of a government unit acting in an official capacity.
    (2)  By a government unit or an employee or agent of a government unit acting in an official capacity to enforce a law, regulation or ordinance.
    (3)  Against a person primarily engaged in the business of selling or leasing goods or services if the cause of action arises out of a communication related to the person's sale or lease of the goods or services.
    (4)  Seeking damages for bodily injury or death unless  the claim:
        (i)  is for:
            (A)  defamation;
            (B)  publication of private facts;
            (C)  false light invasion of privacy;
            (D)  misappropriation of likeness; or
            (E)  intentional or negligent infliction of emotional distress; or
        (ii)  arises solely from a communication on a matter of public concern.
    (5)  Arising under any of the following:
        (i)  23 Pa.C.S. Ch. 61 (relating to protection from abuse).
        (ii)  Chapter 62A (relating to protection of victims of sexual violence or intimidation).
        (iii)  The act of May 17, 1921 (P.L.682, No.284), known as The Insurance Company Law of 1921.
    (6)  Arising under an insurance contract.
    (7)  Asserting misappropriation of trade secrets or corporate opportunities against the person that allegedly misappropriated the trade secret or corporate opportunity.
    (8)  Enforcing a nondisparagement agreement or a covenant not to compete against a party to the agreement or covenant.
    (9)  Arising out of the internal affairs, governance, dissolution, liquidation, rights or obligations between or among stockholders or partners. This paragraph includes the interpretation of the rights or obligations under the governing organic law, articles of incorporation, bylaws and  agreements.
    (10)  Liability or indemnity of managers of business corporations, partnerships, limited partnerships, limited liability partnerships, professional associations, business trusts, joint ventures or other business enterprises. This paragraph includes the interpretation of the rights or obligations under the governing organic law, articles of incorporation, bylaws or agreements.
§ 8340.15.  Grant of immunity.
A person is immune from civil liability for a cause of action based on protected public expression if any of the following paragraphs apply:
    (1)  The party asserting the cause of action based on protected public expression fails to:

Act of Jul. 17, 2024,P.L.696,No.72 Cl. 42 - JUDICIAL CODE (4...ICE OF PENNSYLVANIA COURTS AND THE LEGISLATIVE REFERENCE BUREAU   1/7/25, 6:59 AM

Case 2:24-cv-01608-WSS    Document 35-21    Filed 01/23/25    Page 5 of 8

        (i)  establish a prima facie case as to each essential element of the cause of action; or
        (ii)  state a cause of action upon which relief can be granted.
    (2)  There is no genuine issue as to any material fact, and the person against whom the cause of action based on protected public expression has been asserted is entitled to judgment as a matter of law in whole or in part.
§ 8340.16.  Pretrial motion.
  (a)  Authorization.--A party may file a special motion for dismissal of or judgment on a cause of action, or part of a cause of action, based on a party's protected public expression immunity.
  (b)  Time.--A motion under subsection (a) must be made as follows:
    (1)  Except as provided in paragraph (2), no later than 60 days after being served with a pleading asserting a cause of action based on protected public expression.
    (2)  The court may extend the time under paragraph (1) upon a showing of good cause.
  (c)  Effect.--A motion under subsection (a) does not preclude a party from asserting protected public expression immunity through other pleadings and motions under the Pennsylvania Rules of Civil Procedure.
  (d)  Procedure.--Upon motion under subsection (a), all of the following apply:
    (1)  Subject to paragraphs (2) and (3), the court shall hear oral argument on the motion within 60 days after the motion is filed.
    (2)  The court may extend the time period under paragraph (1):
        (i)  to allow discovery under subsection (f)(2)(i); or
        (ii)  for good cause.
    (3)  If paragraph (2) applies, the court shall hear argument as follows:
        (i)  For an extension under paragraph (2)(i):
            (A)  within 60 days after the court order allowing the discovery; or
            (B)  for good cause, on the date specified by the court.
        (ii)  For an extension under paragraph (2)(ii), on the date specified by the court.
    (4)  In ruling on a motion under subsection (a), the court shall consider the record as defined in Pa.R.C.P. No. 1035.1 (relating to Motion for Summary Judgment. Definition), the special motion and responses and the evidence which can be considered on a motion for summary judgment under Pa.R.C.P. No. 1035.2 (relating to motion).
    (5)  Within 60 days after hearing oral argument under paragraph (1) or (3), the court shall:
        (i)  rule on a motion under subsection (a); and
        (ii)  place on the record a written opinion stating its reasoning for its ruling.
  (e)  Stay.--If a motion under subsection (a) is made, all of the following apply:
    (1)  Except as provided in subsection (f), all other

proceedings in the action are stayed. This paragraph includes discovery and the moving party's obligation to file a responsive pleading.
    (2)  A stay under paragraph (1) shall remain in effect until the order ruling on the motion becomes final. This paragraph includes an appeal of the order.
 (f)  Exceptions to stay.--During a stay under subsection (e), all of the following apply:
    (1)  A party may challenge service of a writ or complaint, personal or subject matter jurisdiction or venue.
    (2)  A court may take any of the following actions:
        (i)  Allow limited discovery if a party shows that specific information:
            (A)  is necessary to establish whether a party has satisfied or failed to satisfy a burden under section 8340.15 (relating to grant of immunity); and
            (B)  is not reasonably available unless discovery is allowed.
        (ii)  Upon a showing of good cause, hear and rule on a request for special or preliminary injunctive relief to protect against an imminent threat to public health or safety.
        (iii)  Upon a showing of good cause, permit a proceeding relating exclusively to a cause of action:
            (A)  in response to which no party has asserted protected public expression immunity; and
            (B)  which does not implicate an issue relevant to a party's assertion of protected public expression immunity or to the cause of action for which that immunity has been asserted.
    (3)  A party may voluntarily discontinue all or part of the party's action.
    (4)  A party may move to recover attorney fees, court costs and expenses of litigation under section 8340.18 (relating to awards).
§ 8340.17.  Interlocutory appeal.
 An order granting, denying or otherwise determining immunity under this subchapter is immediately appealable under section 702 (relating to interlocutory orders).
§ 8340.18.  Awards.
 (a)  Party asserting immunity.--If a cause of action based on protected public expression is commenced against a party, all of the following apply:
    (1)  If the party is immune under section 8340.15 (relating to grant of immunity), the court shall award the party attorney fees, court costs and expenses of litigation jointly and severally against each adverse party that asserted the cause of action.
    (2)  If the party asserts protected public expression immunity and the opposing party voluntarily discontinues the action under Pa.R.C.P. No. 230 (relating to voluntary nonsuit), with or without prejudice, the court shall award the asserting party attorney fees, court costs and expenses of litigation jointly and severally against each adverse party that asserted the cause of action.
 (b)  Party opposing immunity.--If the court determines that a

Act of Jul. 17, 2024,P.L.696,No. 72 - JUDICIAL CODE (4...ICE OF PENNSYLVANIA COURTS AND THE LEGISLATIVE REFERENCE BUREAU  1/7/25, 6:59 AM

Case 2:24-cv-01608-WSS    Document 35-21    Filed 01/23/25    Page 7 of 8

**party's assertion of protected public expression immunity is frivolous or filed solely with intent to delay the proceeding, the court shall award the opposing party attorney fees, court costs and expenses of litigation, incurred in opposing the assertion of protected public expression immunity.**

    Section 3.  The following apply:
        (1)  The Administrative Office of Pennsylvania Courts has a duty under paragraph (3) if any of the following occur:
            (i)  Promulgation by the Supreme Court of Pennsylvania of a rule, similar in form to Pa.R.C.P. No. 4023, stating that the provisions of 42 Pa.C.S. § 8340.16 are not suspended.
            (ii)  Promulgation by the Supreme Court of Pennsylvania of a direct letter of address, similar in form to In re 42 Pa.C.S. § 1703, 482 Pa. 522, 394 A.2d 444 (1978), stating that the provisions of 42 Pa.C.S. § 8340.16 are not suspended and do not violate Article V of the Constitution of Pennsylvania.
            (iii)  Promulgation by the Supreme Court of Pennsylvania of procedural rules providing substantially the same content as the provisions of 42 Pa.C.S. § 8340.16.
        (2)  The Legislative Reference Bureau shall determine the effective date of passage by the General Assembly of a joint resolution confirming that the procedural rules under paragraph (1)(iii) provide substantially the same content as the provisions of 42 Pa.C.S. § 8340.16.
        (3)  The Administrative Office of Pennsylvania Courts shall transmit to the Legislative Reference Bureau all of the following:
            (i)  Notice, for publication in the next available issue of the Pennsylvania Bulletin, of each promulgation and effective date under paragraph (1)(i) and (ii).
            (ii)  Notice of a promulgation and its effective date under paragraph (1)(iii).
        (4)  The Legislative Reference Bureau shall publish any of the following in the Pennsylvania Bulletin:
            (i)  For a notice under paragraph (3)(i), the entire notice.
            (ii)  For a notice under paragraph (3)(ii), notice of the later of the effective date of:
                (A)  promulgation under paragraph (1)(iii); or
                (B)  passage under paragraph (2).
    Section 4.  This act does not affect immunity, rights, obligations or procedures under 27 Pa.C.S. § 7707 or Ch. 83.
    Section 5.  In applying and construing this act, consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it.
    Section 6.  This act applies to a civil action commenced or a cause of action asserted in a civil action on or after the effective date of this section.
    Section 7.  This act shall take effect as follows:
        (1)  The addition of 42 Pa.C.S. § 8340.16 shall take effect on the effective date specified in the notice under section 3(4).
        (2)  The remainder of this act shall take effect immediately.

Act of Jul. 17, 2024,P.L.696,No.72 Cl. 42 - JUDICIAL CODE (4...ICE OF PENNSYLVANIA COURTS AND THE LEGISLATIVE REFERENCE BUREAU

Case 2:24-cv-01608-WSS    Document 35-21    Filed 01/23/25    Page 8 of 8

1/7/25, 6:59 AM

APPROVED--The 17th day of July, A.D. 2024.

JOSH SHAPIRO