# Exhibit S

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS DEXTER JAKES,

*Plaintiff*,

v.

DUANE YOUNGBLOOD,

*Defendants*.

Civil Action No. 2:24-cv-1608

Hon. William S. Stickman IV

## MEMORANDUM ORDER

This action was initiated in November 2024. (ECF No. 2). Plaintiff Thomas Dexter Jakes ("Jakes") brought claims of libel (Count I) against Defendant Duane Youngblood ("Youngblood") and civil conspiracy (Count II) against Youngblood and ten John Does ("Doe Defendants"). (*Id.*). Jakes alleges that Youngblood told a patently false story of Jakes's grooming and attempting to sexually assault Youngblood during Larry Reid Live online video podcast interviews on October 28, 2023 and November 3, 2023. (*Id.*). Then, by letter dated November 15, 2024, a lawyer purporting to represent Youngblood demanded that Jakes pay Youngblood six million dollars in order to "resolve this matter quickly and privately," otherwise, Youngblood would bring a lawsuit against Jakes for sexual assault and harassment. (*Id.* at pp. 11-12). Pending before the Court is Jakes's Notice of Motion for Expedited Discovery. (ECF No. 14). Jakes claims he knows the identity of the podcaster, Larry Reid, and the podcast company, Larry Reid Live, LLC, but that "he requires expedited discovery to further develop the factual matter to properly and appropriately support naming the podcaster and the podcast company as named defendants." (ECF No. 15, p. 6). He seeks to begin discovery prior to the Rule 26(f) conference and issue two third-party subpoenas for documents in an effort to verify

1

and identify the Doe Defendants. (ECF Nos. 14 and 15). Briefing is complete on the motion, and for the following reasons, it will be denied.

Under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) ...." Fed. R. Civ. P. 26(d)(1). The rules allow for discovery prior to a Rule 26(f) conference, "when authorized by ... court order." *Id.* District courts have broad discretion to manage the discovery process and may expedite or otherwise alter the time and sequence of discovery. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("matters of docket control and conduct of discovery are committed to the sound discretion of the district court"). While a standard for assessing motions for early or expedited discovery has not been announced by the United States Court of Appeals for the Third Circuit, "[t]he prevailing approach in this Circuit is to apply the 'good cause' or reasonableness standard." *Robson Forensic, Inc. v. Shinsky*, No. 5:22-cv-1309, 2022 WL 1198228, at *3 (E.D. Pa. Apr. 22, 2022) (citing *Bath Auth., LLC v. Anzzi* LLC, Civil Action No. 18-000834, 2018 WL 5112889, at *8 (E.D. Pa. Oct. 19, 2018)); *see also Graziano v. Pa. Dep't Corr.*, 1:22-cv-000163-SPB, 2022 WL 17252572, at *1 (W.D. Pa. Nov. 28, 2022); *Samuel, Son & Co. v. Beach*, Civil Action No. 13-128, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013). The good cause standard requires a district court to "consider[ ] the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Teets*, 2021 WL 808572, at *1 (citing *Strike 3 Holdings, LLC v. Doe*, 2020 WL 3567282, at *4-5 (D.N.J. June 30, 2020) (applying non-exclusive list of factors for determining "good cause").

The Court holds that Jakes has failed to show that good cause exists for expedited discovery. It recognizes that Jakes seeks to uncover the identities of the Doe Defendants. In his complaint, he pleads of the Doe Defendants:

> On information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have acted in concert and agreement with Youngblood in order to commit defamatory conduct against Plaintiff and have committed acts in furtherance of such wrongdoing. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently not fully known to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

(ECF No. 2, p. 2). Within his conspiracy claim against the Doe Defendants, Jakes explains that these defendants "worked together to publish and broadcast the false claim that [ ] Jakes groomed him and sexually assaulted Youngblood on a podcast reaching over 100k persons knowing that making such false claims on a podcast that reaches such a broad audience of listeners would harm [ ] Jakes." (*Id.* at 18). The most he notes of the alleged conduct of the Doe Defendants is that "co-conspirator #1 falsely claimed, in sum and substance, during the podcast that [ ] Jakes had engaged in settlement discussions with Youngblood regarding his claims." (*Id.*). In his brief in support of his motion for expedited discovery, Jakes states that he believes the podcaster, Larry Reid, had knowledge of Youngblood's plan to obtain money from Plaintiff and he claims "on information and belief, Plaintiff submits that there was a plan between and among Defendant Youngblood and his co-conspirators, including the podcaster, to share in the anticipated extortion payment once made." (ECF No. 15, p. 5). According to Jakes, without expedited discovery, he will be "unreasonably delayed in amending the complaint," "risks iterative conferences with the court once those parties are later added during … discovery;" and he will face "potentially avoidable disjointed motions initially challenging the complaint, which,

3

in turn, will likely disrupt the orderly flow of the case management plan in this case." (*Id.* at 5-6).

No third-party subpoenas will issue. The bald and vague assertion that other individuals are part of a conspiracy to defame Jakes is simply not sufficient at this juncture to warrant expedited discovery. Jakes has not shown good cause. The Court will not exercise its discretion to permit discovery to occur before the Rule 26(f) conference. There is no immediate need to issue third-party subpoenas especially the exceedingly broad ones Jakes seeks. He has failed to put forth viable evidence that destruction of evidence might occur. Without any concrete evidence of spoilation, the Court will certainly not speculate that evidence was or will be destroyed. Further, the information before the Court is such that Jakes has made no articulable showing that the discovery he seeks would actually lead to the identities of the Doe Defendants. Notably, Jakes has already admitted that he knows the identity of the podcaster and podcast company. Good cause does not exist to permit expedited discovery and the Court will not delve into Youngblood's substantive objections to the discovery Jakes seeks.

Youngblood has not yet filed an answer or affirmative pleading and the Court finds his attention should be focused on evaluating the merits of the case and not prematurely litigating discovery matters, particularly those seeking information from third-parties. Youngblood has informed the Court that he "fully anticipates filing a 12(b)(6) Motion to Dismiss, a likely Motion for Sanctions, and if necessary, an Answer and New Matter to the Complaint along with any other appropriate requested relief." (ECF No. 26, p. 17). According to Youngblood, Jakes "is attempting to use this Court as a means to stymie Defendants First Amendment rights and to intimidate a third-party YouTube television show host from reporting on legitimate claims of sexual assault and misconduct perpetrated by Plaintiff and other members of the clergy." (*Id.* at

4

17). Hence, at this juncture, it is unknown if this case will proceed to the discovery stage.[1] Jakes has failed to answer to the Court's satisfaction how his need for discovery outweighs the hardship Youngblood would suffer by litigating expedited discovery issues.

AND NOW, this 15 day of January 2025, IT IS HEREBY ORDERED that the Notice of Motion for Expedited Discovery (ECF No. 14) is DENIED. This case will proceed in the normal fashion and discovery will not commence until after the Rule 26(f) conference. The Court will permit liberal amendment of pleadings pursuant to Federal Rule of Civil Procedure 15 upon a timely filed motion.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] The Court has the discretion to stay discovery pending resolution of dispositive motions. *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (stating that the district court "acted within its discretion" to stay discovery while considering defendant's motion to dismiss). This is because delaying discovery until a district court has the opportunity to determine whether a plaintiff has pled the necessary facts to proceed with their claims may obviate the discovery process, or assist in streamlining the discovery process, and minimize the burden on the parties and a court.