# Exhibit 25



# T. A. BLACKBURN LAW

**TYRONE A. BLACKBURN**

MEMBER OF
NY, DC & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

90 Broad Street, 2nd Floor
New York, NY 10004

November 15, 2024

<u>Sent via mail and email</u>: djakes@tdjakes.org; riseww@cs.com; tjakes@tdjakes.com
Bishop, Thomas Dexter Jakes
8416 Meadowbrook Dr
Fort Worth, TX 76120-5202

**Appearance Letter, Preservation Notice, and Offer of Settlement**

**Re: <u>Duane Youngblood</u>**

Bishop Jakes,

My firm has been retained by Duane Youngblood ("Mr. Youngblood") regarding harm visited upon him by Bishop Thomas Dexter Jakes ("Respondent"). The nature of Mr. Youngblood's concerns unwanted sexual assault and harassment. This letter is intentionally void of the graphic details. The purpose of this letter is to encourage the parties to resolve this matter quickly and privately. **For settlement purposes only**, the opening settlement demand is six million dollars. The demand is **negotiable**.

Mr. Youngblood first learned of and was introduced to the Respondent as a young teenager. Mr. Youngblood was raised in the church, and his family often visited Bishop Wade Jones' church. Throughout Mr. Youngblood's teenage years, Respondent often visited Bishop Jones' church. During one of those visits' Respondent began sexually assaulting and or harassing Mr. Youngblood. Upon information and belief, Mr. Youngblood was between the ages of 17 and 19.

As Respondent's career took off, Mr. Youngblood's interactions with him decreased over time. Mr. Youngblood was forced to interact with the Respondent with the encouragement and urging of Dr. Sherman S. Watkins. Mr. Youngblood obliged, and he confronted Respondent about the harm Respondent visited upon him. Respondent said, "At that time, my stock was rising, and I would have slept with anyone." After this distasteful confession, Mr. Youngblood was forced to interact with respondents throughout the years due to their membership in the same organization.

**<u>Conclusion</u>**
Mr. Youngblood has authorized my office to make a pre-litigation settlement demand of six million dollars ($6,000,000). This settlement will provide Mr. Youngblood with the necessary



📞 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com



resources to help him pay for the psychological services he needs, as well as compensate him for the physical trauma his teenage body endured.  This demand is **negotiable**.

You have seven days from the date of this letter to accept this offer of private resolution.  If we do not hear from you by 11/23/24, we will view your silence as a rejection of this offer and proceed to file suit without delay.

Although we hope this matter will be resolved privately, we must provide you with a preservation notice.

**Preservation Notice**:
This matter may result in litigation between Mr. Youngblood and the Respondents.  Therefore, we are providing Respondent with this Preservation Notice.  The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

From this point forward, you are directed to prevent "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any information set forth hereafter.

**If you cause any such alteration, destruction, change, direct, or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed.  Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoliation**.

Electronically Stored Information
In terms of electronically stored information, you are directed to prevent any destructive, alterative or other change to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Snapchat, Google Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice messages, text messages, instant messages or messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties or any potential witnesses.  This includes a request that such information not be modified, altered, or deleted due to data compression or disk fragmentation (or other optimization procedures), which processes you are hereby directed to suspend until that data can be preserved, copied, and produced.

 347-342-7432    tblackburn@tablackburnlaw.com     TABlackburnlaw.com



## T. A. Blackburn Law

You are directed not to modify, alter, delete, or allow modifications, alterations, or deletions to be made to any such electronically stored information. You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

Paper Information
Regarding the paper information, you are directed to preserve any emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents pertaining to the controversy, parties, or witnesses.

Through discovery, we expect to obtain from you a number of documents and other data, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones. Although we may bring a motion with a court for order-preserving documents and other data from destruction or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion.

Electronic documents and the storage media, including but not limited to telephones, on which they reside, contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we are likely to seek all documents in their original, electronic form, along with metadata or information about those documents on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) along with any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, you must take every reasonable step to preserve this information until the final resolution of this matter. This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies. About electronic data created after this letter's delivery date, relevant evidence should be preserved, and you are required to take the steps necessary to avoid the destruction of such evidence.

If this correspondence needs to be clarified, be sure to get in touch with me immediately.

Very truly yours,
*Tyrone Anthony Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.

 347-342-7432    tblackburn@tablackburnlaw.com     TABlackburnlaw.com