# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Dexter Jakes<br>Plaintiff<br><br>~against~<br><br>Duane Youngblood, et al.<br><br>Defendant | Civil Action No. **2:24-CV-1608-WSS**<br><br>**Declaration of Tyrone Blackburn** |

I, Tyrone A. Blackburn, Esq., being duly sworn, depose and state as follows:

1. I am an attorney licensed to practice law in the State of New York and the attorney of record for Defendant Duane Youngblood in the above-captioned matter.

2. I submit this affidavit in support of Defendant's reply in further support of his Special Motion to Dismiss pursuant to Pennsylvania's Anti-SLAPP statute, 42 Pa. C.S. § 8340.11 et seq., and Defendant's request to file a cross-complaint against Plaintiffs T.D. Jakes and Jermaine Jakes.

3. The purpose of this affidavit is to authenticate and introduce the following documents as exhibits in further support of Defendant's motion.

**EXHIBITS**

   a. Exhibit A – *Richard Youngblood Rebuttal* (Addresses factual disputes and directly challenges misleading claims against Defendant).

   b. Exhibit B – *Nothstein v. USA Cycling, 499 F. Supp. 3d 101 (E.D. Pa. 2020)* (Defines elements of defamation under Pennsylvania law).

   c. Exhibit C – *Coleman v. Ogden Newspapers, Inc., 142 A.3d 898 (Pa. Super. Ct. 2016)* (Establishes the legal standard for actual malice in defamation cases).

   d. Exhibit D – *Manning v. WPXI, Inc., 886 A.2d 1137 (Pa. Super. Ct. 2005)* (Clarifies that failure to investigate is insufficient to establish actual malice).

   e. Exhibit E – *Amicus Brief on the Anti-SLAPP Application* (Filed by free speech advocacy organizations, addressing the applicability of Pennsylvania's Anti-SLAPP protections in federal court).

f. Exhibit F – *Liberty Mutual Insurance Co. v. Gemma, 301 F. Supp. 3d 523 (W.D. Pa. 2018)* (Discusses civil conspiracy claims and the necessity of proving malice).

g. Exhibit G – *Linda Sturdivant Letter on Duane Youngblood* (Evaluates the psychological impact of alleged intimidation efforts by Jermaine Jakes and the retaliatory nature of this lawsuit).

h. Exhibit H – *Rogers v. Smith Volkswagen, Ltd., 2020 U.S. Dist. LEXIS 59733* (Supports Defendant's argument on jurisdiction and electronic threats).

i. Exhibit I – *Jeffrey Gray Affidavit (*Provides key testimony regarding factual disputes, clarifying the timeframe of relevant conversations).

j. Exhibit J – *Tim Anderson Affidavit* (Provides sworn testimony about interactions with Duane Youngblood and relevant events concerning Bishop T.D. Jakes).

k. Exhibit K – *Sworn Affidavit of Duane Youngblood* (Defendant's own testimony detailing his personal experiences, the retaliatory nature of the lawsuit, and his history of trauma and rehabilitation).

**RELEVANCE OF EXHIBITS**

4. **Exhibit A** (Richard Youngblood Rebuttal) refutes false claims and clarifies factual inaccuracies in Plaintiff's arguments.

5. **Exhibit B** (Nothstein v. USA Cycling) is a controlling authority on the elements of defamation, demonstrating that Plaintiff's claims fail under Pennsylvania law.

6. **Exhibit C** (Coleman v. Ogden Newspapers, Inc.) reinforces that Plaintiff must prove actual malice, which he fails to do.

7. **Exhibit D** (Manning v. WPXI, Inc.) establishes that failure to investigate does not constitute actual malice, further undermining Plaintiff's claims.

8. **Exhibit E** (Amicus Brief on the Anti-SLAPP Application) supports Defendant's position that Pennsylvania's Anti-SLAPP statute applies in federal court, countering Plaintiff's jurisdictional objections.

9. **Exhibit F** (Liberty Mutual Insurance Co. v. Gemma) discusses the strict legal standard for proving civil conspiracy, emphasizing Plaintiff's failure to provide evidence of a meeting of the minds or shared unlawful intent.

10. **Exhibit G** (Linda Sturdivant Letter on Duane Youngblood) provides expert psychological analysis detailing the retaliatory nature of this lawsuit and the emotional distress caused by Jermaine Jakes' actions.
11. **Exhibit H** (Rogers v. Smith Volkswagen, Ltd.) supports the argument that jurisdiction is proper when an out-of-state defendant directs electronic threats into a forum state.
12. **Exhibit I** (Jeffrey Gray Affidavit) further clarifies testimony about interactions involving Duane Youngblood and Bishop Jakes, reinforcing Defendant's credibility and undermining Plaintiff's position.
13. **Exhibit J** (Tim Anderson Affidavit) provides first-hand testimony regarding key interactions relevant to the claims in this litigation, further corroborating Defendant's position.
14. **Exhibit K** (Sworn Affidavit of Duane Youngblood) serves as Defendant's personal account of the events at issue, providing crucial context regarding his history, experiences with Bishop Jakes, and the motivations behind his public statements.

**CONCLUSION**

15. Each of these exhibits is critical to Defendant's arguments in support of his Anti-SLAPP motion and his request for leave to file a cross-complaint against Plaintiffs T.D. Jakes and Jermaine Jakes.
16. For the foregoing reasons, Defendant respectfully requests that this Court consider the attached exhibits and grant the relief sought in Defendant's motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 2/21/2025                                                                 *Tyrone A. Blackburn, Esq.*
                                                                                  Tyrone A. Blackburn, Esq.