# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Dexter Jakes<br><br>                     Plaintiff<br><br>~against~<br><br>Duane Youngblood et al.<br><br>                     Defendant | Civil Action No. **2:24-CV-1608-WSS**<br><br>**Defendant's Motion To Dismiss according to Rule 12(b)(6) of the FRCP** |

**Defendant Duane Youngblood's Motion to Dismiss according to Rule 12(b)(6)**

Defendant Duane Youngblood, by and through his undersigned counsel, respectfully moves to dismiss the Complaint in its entirety under Fed. R. Civ. P. 12(b)(6). In support of this Motion, Defendant submits this memorandum of law and states as follows:

Brief by:
Tyrone A. Blackburn, Esq.

# TABLE OF CONTENTS

- Preliminary Statement
- Introduction
- Legal Standard
- Argument
  - The Complaint Fails to State a Claim for Defamation (Libel)
    - A. Plaintiff Fails to Identify a Specific Defamatory Statement
    - B. Plaintiff Fails to Plead Falsity with Factual Particularity
    - C. Plaintiff Fails to Plead Actual Malice
    - D. Plaintiff Fails to Allege Publication and Reputational Harm with Specificity
  - The Complaint Fails to State a Claim for Civil Conspiracy
    - A. Plaintiff Fails to Plead a Viable Underlying Tort
    - B. Plaintiff Fails to Allege a Plausible Meeting of the Minds or Agreement
    - C. Plaintiff Fails to Allege Malice
    - D. Plaintiff Relies on Impermissible Group Pleading
- Conclusion

# TABLE OF AUTHORITIES

- Ashcroft v. Iqbal, 556 U.S. 662 (2009)
- Banonis v. Roney, 2023 Pa. Super. Unpub. LEXIS 1060
- Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)
- Blackwell v. Eskin, 916 A.2d 1123 (Pa. Super. Ct. 2007); 2006 Phila. Ct. Com. Pl. LEXIS 125
- Castellani v. Scranton Times, L.P., 23 Pa. D. & C.5th 50 (Lackawanna Cnty. C.P. 2012)
- Cipriano v. Philadelphia Newspapers, Inc., 1999 U.S. Dist. LEXIS 2761 (E.D. Pa. 1999)
- Connelly v. Lane Constr. Corp., 809 F.3d 780 (3d Cir. 2016)
- Duffy v. Lawyers Title Ins. Co., 972 F. Supp. 2d 683 (E.D. Pa. 2013)
- Franklin Prescriptions, Inc. v. N.Y. Times Co., 267 F. Supp. 2d 425 (E.D. Pa. 2003); 424 F.3d 336 (3d Cir. 2005)
- Hill v. Cosby, 665 F. App'x 169 (3d Cir. 2016)
- Isiminger v. Davis, 2015 Pa. Super. Unpub. LEXIS 748
- Kennedy v. Onorato, 2013 U.S. Dist. LEXIS 82762 (W.D. Pa. 2013)
- Malmros v. Jones, 2004 U.S. Dist. LEXIS 4371 (E.D. Pa. 2004)
- McTernan v. City of York, 577 F.3d 521 (3d Cir. 2009)
- Mendelson v. Morning Call, Inc., 2007 Pa. Dist. & Cnty. Dec. LEXIS 256
- New York Times Co. v. Sullivan, 376 U.S. 254 (1964)
- Norton v. Glenn, 860 A.2d 48 (Pa. 2004)
- Romano v. Young, 2011 U.S. Dist. LEXIS 10986 (E.D. Pa. 2011)
- Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010)
- Sarpolis v. Tereshko, 26 F. Supp. 3d 407 (E.D. Pa. 2014)
- Tucker v. Fischbein, 237 F.3d 275 (3d Cir. 2001)
- Whiting v. Safe Auto Ins. Co., 2016 U.S. Dist. LEXIS 94923 (E.D. Pa. 2016)
- Wilson v. Aerotek, Inc., 2018 U.S. Dist. LEXIS 39097 (W.D. Pa. 2018)

**Preliminary Statement**

This is Defendant Duane Youngblood's first motion to dismiss according to Federal Rule of Civil Procedure 12(b)(6).  To date, the Court has not ruled on the sufficiency of Plaintiff's defamation or conspiracy claims under Rule 12.  As such, this motion addresses for the first time the legal plausibility of the Complaint as pled.

**Introduction**

Plaintiff Thomas "Bishop T.D." Jakes asserts claims for defamation (libel) and civil conspiracy based on statements that Defendant Youngblood allegedly made during two online broadcasts accusing Plaintiff of sexual misconduct.  These claims, however, are fatally deficient under well-established pleading standards and defamation law.  The Complaint fails to allege the required elements of defamation with the specificity and plausibility demanded by *Twombly* and *Iqbal*.  It does not identify any concrete defamatory statement by Youngblood or adequately plead falsity, publication, actual malice, or legally cognizable harm.  Moreover, the conclusory civil conspiracy claim cannot stand in the absence of a viable underlying tort and lacks any factual allegations of a genuine agreement among the Defendants.

Because the Plaintiff's allegations fall far short of stating a plausible claim for relief, the Complaint should be dismissed in its entirety.  Given the fundamental defects in Plaintiff's pleading, and because Plaintiff has already set forth his claims in a detailed 20-page Complaint, the dismissal should be with prejudice.

The Court has already noted in its April 25, 2025, Memorandum Opinion that Plaintiff's Complaint is "repetitive and heavy on rhetoric," with no factual detail supporting the core elements of his claims.  This observation is critical.  A complaint based on rhetorical flourishes, inflammatory language, and character assassination—rather than well-pleaded factual

3

allegations—is precisely what *Twombly* and *Iqbal* were designed to eliminate. As the Court implicitly recognized, Plaintiff's reliance on tone over substance is fatal under Rule 12(b)(6).

I.    **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion "tests the legal sufficiency of the complaint," not the merits of the underlying claim. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). To withstand dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," nor must they accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678–79. A claim only survives dismissal where the non-conclusory, well-pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In the Third Circuit, this framework is implemented through a three-step analysis: (1) the Court must identify the elements a plaintiff must plead to state a claim; (2) the Court should strike conclusory allegations; and (3) the Court must evaluate whether the well-pleaded factual allegations plausibly give rise to an entitlement to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Federal courts reviewing defamation and conspiracy claims under Rule 12(b)(6) must strike all conclusory content and evaluate whether the remaining factual allegations plausibly

4

support each element of the claim.  See *Kennedy v. Onorato*, 2013 U.S. Dist. LEXIS 82762, at *5–6 (W.D. Pa. April 17, 2013)* (citing *Twombly* and *Iqbal*).  Claims that merely track statutory language or infer liability based on group pleading or tone are insufficient.  See also *Whiting v. Safe Auto Ins.  Co.*, 2016 U.S. Dist. LEXIS 94923, at *5 (E.D. Pa. July 20, 2016).

This pleading standard applies with particular force in defamation actions, which are especially susceptible to early dismissal.  Courts recognize that "[t]he threat of protracted litigation could have an undue chilling effect on the exercise of First Amendment rights." *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp.  2d 425, 430 (E.D. Pa. 2003).

<u>**Argument**</u>

I.  **The Complaint Fails to State a Claim for Defamation (Libel)**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion "tests the legal sufficiency of the complaint," not the merits of the underlying claim.  *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).  To withstand dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient.  *Twombly*, 550 U.S. at 555.  Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," nor must they accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678–79. A claim only survives dismissal where the non-conclusory, well-pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In the Third Circuit, this framework is implemented through a three-step analysis: (1) the Court must identify the elements a plaintiff must plead to state a claim; (2) the Court should strike conclusory allegations; and (3) the Court must evaluate whether the well-pleaded factual allegations plausibly give rise to an entitlement to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Courts reviewing defamation and conspiracy claims under Rule 12(b)(6) must strike all conclusory content and evaluate whether the remaining factual allegations plausibly support each element of the claim. See *Kennedy v. Onorato*, 2013 U.S. Dist. LEXIS 82762, at *5–6 (W.D. Pa. April 17, 2013). Claims that merely track statutory language or infer liability based on group pleading or tone are insufficient. See also *Whiting v. Safe Auto Ins. Co.*, 2016 U.S. Dist. LEXIS 94923, at *5 (E.D. Pa. July 20, 2016).

This pleading standard applies with particular force in defamation actions, which are especially susceptible to early dismissal. Courts recognize that "[t]he threat of protracted litigation could have an undue chilling effect on the exercise of First Amendment rights." *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425, 430 (E.D. Pa. 2003).

The Court's April 25, 2025, Memorandum Opinion—while resolving only the procedural applicability of the Anti-SLAPP statute—nonetheless made several critical observations that substantively reinforce Defendant's arguments under Rule 12(b)(6). The Court noted, for example, that Plaintiff's Complaint is "repetitive and heavy on rhetoric" and fails to identify with clarity the specific allegedly defamatory statements made by Defendant Youngblood. It also observed that Plaintiff's allegations rely on conclusory assertions and lack factual content supporting core elements such as falsity and malice. Although these observations were not dispositive in the Court's prior ruling, they directly mirror the Rule 12(b)(6) arguments raised in this motion and

further demonstrate that Plaintiff's defamation and conspiracy claims are not merely weak—they are legally deficient.  These issues, already apparent on the face of the pleadings and acknowledged by the Court, independently warrant dismissal.

### A.    The Complaint Fails to Identify a Specific Defamatory Statement by Youngblood

To state a viable claim for defamation under Pennsylvania law, a plaintiff must identify the exact words or substance of the alleged defamatory statement and attribute them to the specific Defendant.  A generalized assertion that a defendant made "false and damaging" statements is legally insufficient.  The law requires a plaintiff to plead "the exact words spoken or published and the context in which they were made." *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425, 430 (E.D. Pa. 2003).  Without this specificity, the Court is left to speculate about the content, tone, and meaning of the challenged statements—precisely what Rule 8 prohibits.

Here, Plaintiff does not quote or paraphrase any specific defamatory statement by Youngblood.  Instead, the Complaint contains vague references to "grooming" or "sexual misconduct" without supplying the precise language, speaker, or context.  This defect is dispositive.  See *Franklin Prescriptions*, 267 F. Supp. 2d at 430 (requiring a defamation plaintiff to allege the exact words spoken or published).

The Complaint's reliance entirely on ambiguous summaries, such as the claim that Youngblood accused Plaintiff of "grooming" or "sexual misconduct," fails to provide the precise wording or context of any such allegation.  Many of the quoted statements are actually made by other individuals, including "co-conspirators," not Youngblood himself.  (See Compl. ¶ 30.) This is a critical omission, as liability for defamation cannot rest on the speech of others unless the Defendant actively adopted or republished it.  *See Franklin Prescriptions*, 267 F. Supp. 2d at 430–31 (requiring plaintiffs to attribute statements to each Defendant).

Moreover, the Pennsylvania Superior Court in *Blackwell v. Eskin* emphasized that even where statements are embarrassing or upsetting, the Plaintiff must demonstrate their precise defamatory content and origin. "The mere incantation of harm or reputational injury, without identifying the defamatory words and the speaker, is insufficient." 916 A.2d 1123, 1128–29 (Pa. Super. Ct. 2007). That standard is not satisfied here.

### B.    The Complaint Fails to Plead Falsity with Factual Particularity

In defamation claims brought by public figures, falsity is not presumed. Instead, it is a constitutionally required element that must be affirmatively pled and ultimately proven by the Plaintiff. See *Norton v. Glenn*, 580 Pa. 212, 223, 860 A.2d 48, 55 (2004) (placing the burden on public figure plaintiffs to prove falsity when the statements concern matters of public interest). Courts have clarified that general denials or self-serving declarations of "this didn't happen" are insufficient to establish falsity under the *Twombly/Iqbal* standard.

Here, Plaintiff asserts in conclusory fashion that the statements attributed to Youngblood are "fabricated," "false," and "defamatory" (Compl. ¶¶ 57, 61), but the Complaint provides no concrete facts demonstrating the falsity of any specific statement. Plaintiff does not, for example, allege facts establishing that he and Youngblood were never alone together, that the event could not have occurred as described, or that others were present to contradict Youngblood's version of events. Instead, Plaintiff relies heavily on character attacks—such as Youngblood's criminal background and alleged profit motives—as a substitute for pleading falsity. That approach is legally inadequate. As the Court held in *Blackwell*, "ill will or a defendant's desire to harm the plaintiff, although probative of the defendant's state of mind, without more, does not establish actual malice or falsity." 916 A.2d at 1130.

Conclusory denials are insufficient to plead falsity. Courts have consistently rejected public figure complaints that fail to explain why or how the allegedly defamatory statements are

false.  See *Tucker v. Fischbein*, 237 F.3d 275, 284 (3d Cir. 2001) (actual malice cannot be inferred merely from conflicting narratives or a hostile tone).  Here, Plaintiff offers only general denials and suggests Youngblood was motivated by ill will—neither of which is a substitute for a well-pleaded allegation of falsity.

Likewise, in *Hill v. Cosby*, the Third Circuit rejected a defamation claim in which the Plaintiff—also a public figure—relied primarily on general denials and failed to offer any supporting factual content to make the claim plausible.  665 F. App'x 169, 176–77 (3d Cir. 2016). The same fatal flaw exists here.

### C.    The Complaint Fails to Allege Actual Malice

A public figure alleging defamation must plausibly plead that the statement was made with "actual malice," meaning that the speaker either knew it was false or acted with reckless disregard for its truth.  This is a constitutional prerequisite imposed by the First Amendment.  *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *Norton*, 860 A.2d at 55 (Pa. 2004).

To survive dismissal, a public figure must allege facts suggesting the speaker had serious doubts about the truth of their statements.  See *Cipriano v. Philadelphia Newspapers, Inc.*, 1999 U.S. Dist. LEXIS 2761, at *14 (E.D. Pa. March 12, 1999).  But the Complaint does not allege that Youngblood ever recanted, contradicted himself, or expressed doubt.  See also *Blackwell*, 2006 Phila.  Ct. Com. Pl. LEXIS 125, at *10 (malice is not shown by hostility or tone).  The only references to malice appear as conclusory legal assertions—that Youngblood acted "intentionally and maliciously." (Compl. ¶ 60.) Such statements are precisely the sort of "threadbare recitals" that the Supreme Court in *Iqbal* held is insufficient to survive dismissal.  556 U.S. at 678.

The Complaint's attempt to infer malice from Youngblood's alleged motive for publicity, prior criminal convictions, or perceived inconsistencies in his interviews is similarly unavailing. As *Blackwell* makes clear, "evidence of ill will or the fact that a statement is strongly worded is

not sufficient to show actual malice." 916 A.2d at 1130.  In *Hill*, the Third Circuit rejected an actual malice claim where Plaintiff offered no facts suggesting that Defendant subjectively knew the statements were false.  665 F. App'x at 176–77.

As reaffirmed in *Cipriano v. Philadelphia Newspapers, Inc.*, 1999 U.S. Dist. LEXIS 2761, at *14 (E.D. Pa. March 12, 1999), actual malice requires more than a plaintiff's denial or general allegations of motive; it demands facts showing the Defendant knowingly or recklessly disregarded the truth.  Likewise, in *Blackwell v. Eskin*, 2006 Phila.  Ct. Com. Pl. LEXIS 125, at *9–10 (C.P. Phila. March 14, 2006), the Court clarified that even strong negative opinions or reputational hostility are not actionable without evidence of conscious falsification.

The Complaint offers no facts suggesting that Youngblood disbelieved his account, was contradicted by evidence in his possession, or was aware of any falsity at the time of the broadcasts.  Without such factual allegations, the Plaintiff fails to meet the constitutional pleading burden imposed on defamation claims by public figures.

### D.    The Complaint Fails to Allege Publication and Reputational Harm with Specificity

A defamation claim—particularly one brought by a self-identified public figure—must allege with precision that the challenged statements were (1) published by the Defendant to a third party and (2) understood by the recipient as referring to the Plaintiff in a defamatory sense, and (3) that such publication caused reputational or pecuniary harm. See 42 Pa. Cons. Stat. § 8343(a)(2)–(6). Pennsylvania law places the burden squarely on the Plaintiff to prove publication and resulting harm, and federal pleading standards under Rule 8 require that these allegations be stated with non-conclusory, plausible factual support.  See *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp.  2d 425, 430–31 (E.D. Pa. 2003) (noting that general allegations of reputational harm or "publication" without factual detail are insufficient to withstand dismissal).

In the context of a public figure claim, the standard is even more demanding. Not only must Plaintiff allege publication and reputational harm with specificity, but he must also demonstrate that the speech was "of and concerning" him and that it was disseminated in a way that plausibly injured his standing in the community. See *Hill v. Cosby*, 665 F. App'x 169, 176–77 (3d Cir. 2016) (affirming dismissal where public figure Plaintiff failed to demonstrate how recipients understood the statement to be defamatory of her or how it caused her reputational injury).

Here, Plaintiff makes the sweeping allegation that the challenged broadcasts were disseminated to "hundreds of thousands" of viewers across YouTube, Facebook, and other platforms and that these statements caused "monumental and devastating" harm to his reputation and philanthropic efforts. (Compl. ¶¶ 46–47, 58.). Yet, critically, the Complaint contains no factual allegations identifying any actual third-party recipient who heard the statements and reacted in a way that caused injury to Plaintiff. No donors are named as having withdrawn support. No congregants, colleagues, or organizations are identified as having cut ties with him. No concrete financial loss, canceled speaking engagement, or reputational impact is alleged with any specificity.

Moreover, Plaintiff's invocation of reputational harm is comprised entirely of rhetorical hyperbole and legal conclusions. Courts in Pennsylvania have made clear that such assertions are not enough. In *Blackwell v. Eskin*, 916 A.2d 1123, 1128–30 (Pa. Super. Ct. 2007), the Court emphasized that while embarrassment or offense may be subjectively felt, actionable reputational injury must be pleaded with reference to actual community perception and measurable consequences. The same principle applies here. Plaintiff alleges that the statements "harmed his

reputation" and caused "millions of dollars in damages," but provides no factual basis for how that harm occurred or how the monetary figure was derived.

Even in defamation per se cases—where certain categories of statements (e.g., accusations of serious crime or professional unfitness) may be presumed harmful—First Amendment protections still apply with full force.  In *Hill*, the Third Circuit held that even assuming a defamatory implication existed, the failure to allege how that implication caused reputational harm warranted dismissal.  665 F. App'x at 176–77.  Here, Plaintiff's vague reference to "worldwide impact" and "damage to his mission" falls far short of establishing reputational harm with the specificity required to survive a motion to dismiss.

Additionally, Plaintiff improperly pleads publication in the collective.  Throughout the Complaint, he refers to "Defendants" having published or broadcast the statements without delineating what role Defendant Youngblood himself played in the act of publication.  This type of undifferentiated group pleading violates both Pennsylvania defamation law and Rule 8.  See *Franklin Prescriptions*, 267 F. Supp. 2d at 431 (rejecting group attribution in defamation pleadings where individual defendants' roles were not specified).

The Complaint also fails to allege that any third party received the statements and understood them as defamatory toward Plaintiff.  Under Pennsylvania law, this is fatal.  See *Isiminger v. Davis*, 2015 Pa. Super.  Unpub. LEXIS 748, at *12–13 (Pa. Super. Ct. April 6, 2015) (affirming dismissal where Plaintiff failed to plead specific harm under § 8343).  The Third Circuit has likewise held that presumed damages are constitutionally barred unless actual malice is proven.  See *Franklin Prescriptions*, 424 F.3d 336, 343 (3d Cir. 2005).

At a minimum, Plaintiff was required to plead that Defendant Youngblood either directly published or was the proximate cause of publishing the challenged statements to a third party and

that the publication was understood by the audience to be defamatory of Plaintiff. Without those foundational allegations, the claim cannot proceed.

In sum, Plaintiff fails to allege (1) that Youngblood personally or proximately caused the defamatory publication; (2) that any identifiable third party received and understood the publication as defamatory; or (3) that Plaintiff suffered any reputational or economic harm as a result. These omissions are not minor. They are dispositive. Because publication and injury are core, mandatory elements under Pennsylvania law and Rule 12(b)(6), and because the Complaint offers only vague and conclusory assertions of global harm, Count I must be dismissed.

The Court further noted that Plaintiff's Complaint fails to establish that Youngblood's statements were specifically "of and concerning" him. This is a core element of defamation under Pennsylvania law, which requires that the allegedly defamatory communication must be understood by a third party as referring directly to the Plaintiff. See *Hill v. Cosby*, 665 F. App'x 169, 176–77 (3d Cir. 2016). When the speaker's statements are vague, generalized, or framed as a broader discussion—as they are here—the Plaintiff must allege facts showing that listeners would unmistakably understand the subject to be him. The Plaintiff has failed to plead this foundational element with any specificity.

II.    **The Complaint Fails to State a Claim for Civil Conspiracy**
Plaintiff's civil conspiracy claim is legally defective and must be dismissed according to Rule 12(b)(6). Civil conspiracy is not a stand-alone tort under Pennsylvania law; it is derivative and cannot exist absent a viable, underlying tort. Moreover, the pleading standard for civil conspiracy is exacting: the Plaintiff must plead with factual specificity that two or more parties entered into a knowing agreement to commit an unlawful act (or a lawful act by unlawful means), took overt acts in furtherance of that agreement, and acted with malice—i.e., with the specific

intent to harm the Plaintiff. *Castellani v. Scranton Times, L.P.*, 23 Pa. D. & C.5th 50, 77–78 (Lackawanna Cnty. C.P. 2012).

Federal courts applying Pennsylvania law have emphasized that civil conspiracy claims are subject to strict scrutiny at the pleading stage. The Plaintiff must allege specific facts—not merely conclusions—demonstrating the formation of a conspiratorial agreement, overt acts in furtherance of that agreement, and actual malice. See *Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 421–22 (E.D. Pa. 2014) ("Conclusory allegations… are insufficient. Plaintiff must state with particularity the material elements necessary to sustain recovery").

Here, the Complaint fails to meet both state and federal standards.

### A.    Plaintiff Fails to Plead a Viable Underlying Tort

Civil conspiracy is not an independent cause of action but a derivative theory of secondary liability. A plaintiff cannot state a conspiracy claim unless the underlying tort is actionable. As the Pennsylvania Superior Court has held, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Blackwell v. Eskin*, 916 A.2d 1123, 1130 (Pa. Super. Ct. 2007).

Civil conspiracy is not actionable in the absence of a valid predicate tort. Here, the only underlying tort alleged is defamation—which, as shown above, is insufficiently pled. As the Court held in *Malmros v. Jones*, "[l]iability for civil conspiracy depends on performance of some underlying tortious act; the conspiracy is not independently actionable." 2004 U.S. Dist. LEXIS 4371, at *14 (E.D. Pa. February 27, 2004). Because Plaintiff has failed to plead defamation with factual sufficiency, the conspiracy claim must also be dismissed.

The Third Circuit reached the same result in *Hill v. Cosby*, affirming the dismissal of a civil conspiracy claim because the Plaintiff's defamation claim failed. The Court noted that when

the underlying tort collapses, "there can be no cause of action for conspiracy." *Hill v. Cosby*, 665 F. App'x 169, 176–77 (3d Cir. 2016).  That same result is compelled here.

### B.    Plaintiff Fails to Allege a Plausible Meeting of the Minds or Agreement

Even assuming a viable predicate tort (which is not present here), Plaintiff has still failed to plead the existence of a conspiracy.  A civil conspiracy requires specific factual allegations showing that the Defendant entered into an agreement—either express or implied—with at least one other party to pursue an unlawful objective.  Conclusory allegations of "coordination" or "acting in concert," without more are legally insufficient.  See *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp.  2d 425, 430 (E.D. Pa. 2003) (dismissing conspiracy claim where Plaintiff failed to "identify any facts" establishing the existence of an agreement).

Here, the Complaint merely alleges that Youngblood "and those acting in concert with him" participated in the broadcasts of the allegedly defamatory story.  (Compl. ¶¶ 67–69.) No facts are offered showing how, when, or with whom any agreement was formed.  There is no allegation of a conversation, a plan, a shared objective, or coordinated conduct beyond Youngblood's participation in interviews.  That is not enough.  The *Blackwell* court rejected a conspiracy claim premised on similar conclusory language, holding that such generalized references are "not sufficient to support a claim for civil conspiracy." 916 A.2d at 1130.

Plaintiff does not plead when or how Defendant Youngblood reached any agreement with another individual.  Instead, he simply alleges that Youngblood acted "in concert with others," relying on group terminology without naming co-conspirators or specifying the nature of their shared goal.  Such generic pleading is inadequate.  As the Court held in *Romano v. Young*, "without facts showing who agreed, when they agreed, and to what end, a conspiracy claim cannot survive." 2011 U.S. Dist. LEXIS 10986, at *15 (E.D. Pa. February 1, 2011).

Moreover, the conduct alleged—such as Youngblood agreeing to speak in a second interview—can be easily explained by individual self-interest, not concerted action. Mere temporal proximity or mutual benefit does not plausibly suggest a conspiratorial agreement. The Complaint relies entirely on inference and speculation, which falls far short of the plausibility standard articulated in *Iqbal*.

C.    Plaintiff Fails to Allege Malice—A Required Element of Conspiracy

Under Pennsylvania law, civil conspiracy demands a showing of actual malice, which means "an intent to injure" the Plaintiff and no other lawful or independent motive. *Castellani*, 23 Pa. D. & C.5th at 78 ("To sustain a claim for civil conspiracy, the plaintiff must demonstrate malicious conduct"). This malice element is strictly construed. It is not enough to allege that the Defendant had bad motives or sought publicity. Malice requires that the "sole purpose" of the alleged agreement was to harm the Plaintiff. *Blackwell*, 916 A.2d at 1130.

Here, the Complaint offers no factual allegations suggesting Youngblood's exclusive intent was to injure Plaintiff. Instead, it asserts in a conclusory fashion that Youngblood and his alleged co-conspirators "intended to harm" Bishop Jakes (Compl. ¶ 71) but provides no detail to support that conclusion. The Complaint does not allege, for example, that Youngblood was paid to lie, was part of a vendetta, or harbored personal animus apart from his desire to share his own experience. Even assuming Youngblood acted with self-interest or to attract public attention, those motives do not satisfy Pennsylvania's definition of malice.

Absent allegations that Youngblood acted with the sole purpose of causing harm, Plaintiff's conspiracy claim must be dismissed on this ground as well. *See Blackwell*, 916 A.2d at 1130 (affirming dismissal where "the evidence showed Youngblood was acting on his own behalf, and not pursuant to any unlawful agreement").

16

### D.    Plaintiff Relies on Impermissible Group Pleading

Finally, Plaintiff's conspiracy allegations are undermined by impermissible group pleading. Courts applying Pennsylvania law consistently reject conspiracy claims where the Plaintiff fails to distinguish among the alleged co-conspirators or describe what each participant did.  See *Franklin Prescriptions*, 267 F. Supp. 2d at 430–31 (dismissing claims where the plaintiff "lumped" defendants together and failed to plead individual conduct).

Group pleading is particularly improper in civil conspiracy claims, where individual conduct and malicious intent must be alleged, as the Court stated in *Duffy v. Lawyers Title Ins. Co.*, "[a] Plaintiff must allege facts supporting the inference that each Defendant acted with specific malice and in furtherance of a shared unlawful purpose.  Absent this showing, a conspiracy claim fails." 972 F. Supp.  2d 683, 697 (E.D. Pa. 2013).  The Complaint fails to distinguish Defendant Youngblood's role from that of other unnamed parties and instead lumps all "Defendants" together—an approach that violates both Rule 8 and fundamental fairness.

The Complaint refers vaguely to "co-conspirators," "Defendants," and "those acting in concert with Youngblood" without identifying who they are or what specific acts they committed. It fails to specify which Defendant published what statement, which one allegedly planned the broadcasts, or how each person furthered the alleged objective.  These omissions make it impossible for Defendant Youngblood to discern what he is accused of doing beyond his own speech.  As *Franklin Prescriptions* both make clear, such generalized allegations do not satisfy Rule 8 or the heightened specificity required for conspiracy claims under Pennsylvania law. Because Plaintiff's claim rests on imprecise and conclusory assertions, Count II fails in its entirety.

In conclusion, Plaintiff has failed to allege (1) a viable underlying tort, (2) any specific or plausible conspiratorial agreement, (3) the requisite malicious intent, and (4) the individualized facts necessary to state a claim against Youngblood.  Each of these failings independently warrants

dismissal. Taken together, they demonstrate that Plaintiff's civil conspiracy claim is wholly speculative and legally unsustainable. Count II must therefore be dismissed with prejudice.

Beyond its procedural insufficiency under Rule 8, Plaintiff's continued reliance on group pleading raises due process concerns. By collectively accusing all "Defendants" of defamatory acts without identifying who did what, Plaintiff deprives each Defendant—including Youngblood—of the ability to fairly respond to the allegations. Courts applying Pennsylvania law have long held that group pleading in defamation and conspiracy cases is improper. See *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425, 430–31 (E.D. Pa. 2003). Here, the Complaint's refusal to isolate Youngblood's specific statements or conduct exemplifies this pleading failure.

III.    **Conclusion**

The severe constitutional limitations placed on public figure defamation suits—particularly the requirement of actual malice proven by clear and convincing evidence—exist to prevent litigation from chilling public discourse. See *Mendelson v. Morning Call, Inc.*, 2007 Pa. Dist. & Cnty. Dec. LEXIS 256, at *12–13 (Lehigh Cty. C.P. September 4, 2007). These limits, combined with Plaintiff's failure to state a prima facie claim under § 8343(a), compel dismissal here.

Moreover, the Court independently noted the deficiencies raised in this Rule 12(b)(6) motion in its April 25, 2025, Memorandum Opinion. The Court observed the Complaint's failure to allege specific defamatory statements, overuse of conclusory assertions, and lack of factual content supporting falsity and malice. Those same defects, now formally presented under Rule 12, confirm that the Complaint cannot survive.

Furthermore, this motion does not suggest the Court has already determined the substantive insufficiency of Plaintiff's claims. Instead, Defendant respectfully submits that the Complaint, as

18

currently pled, fails to satisfy the governing federal pleading standards and, therefore, warrants dismissal under Rule 12(b)(6).

This case falls squarely within the category of actions courts dismiss at the pleading stage to safeguard both judicial resources and First Amendment freedoms. See *Wilson v. Aerotek, Inc.*, 2018 U.S. Dist. LEXIS 39097, at *4–6 (W.D. Pa. March 9, 2018) (dismissing conclusory tort claims that failed to plausibly allege facts). Defendant respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

**Dated:** May 5, 2025

Respectfully submitted,
*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc: All counsels of record via ECF