UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Dexter Jakes<br>　　　　　Plaintiff<br><br>~against~<br><br>Duane Youngblood et al.<br><br>　　　　　Defendant | Civil Action No. **2:24-CV-1608-WSS**<br><br>**Attorney Affidavit**<br>**Tyrone Blackburn, Esq.** |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DUANE YOUNGBLOOD'S MOTION TO DISMISS

Brief by:
Tyrone A. Blackburn, Esq.

## Table of Authorities

**Cases**

- *Ashcroft v. Iqbal*, — U.S. - —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009):
  - Cited for the standard that a complaint must contain sufficient factual matter to state a claim that is plausible on its face.
- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
  - Referenced for the principle that bare allegations are not entitled to the assumption of truth.
- *Blackwell v. Eskin*, 916 A.2d 1123 (Pa. Super. Ct. 2007)
  - Discussed in the context of determining whether a communication is capable of defamatory meaning.
- *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 343-44 (3d Cir. 2005)
  - Cited regarding the pleading burden on falsity, publication, and actual malice for public figures.
- *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989)
  - Used to argue that motive and hostility do not constitute actual malice.
- *Kendall v. Daily News Publ. Co.*, 716 F.3d 82, 89-90 (3d Cir. 2013)
  - Cited for the requirement that a plaintiff must plead that statements were false and that the Defendant knew they were false.
- *Kurowski v. Burroughs*, 994 A.2d 611, 617 (Pa. Super. Ct. 2010)
  - Referenced for the threshold question of law regarding whether a communication is capable of defamatory meaning.
- *Lewis v. Phila. Newspapers, Inc.*, 833 A.2d 185, 191 (Pa. Super. Ct. 2003)
  - Cited for the burden of pleading all statutory elements of defamation with factual specificity.
- *Marcone v. Penthouse Int'l Magazine*, 754 F.2d 1072, 1089-90 (3d Cir. 1985)
  - Discussed in relation to the requirement of showing that Defendant entertained serious doubts as to the truth of the publication.
- *Moses v. McWilliams*, 549 A.2d 950, 960 (Pa. Super. Ct. 1988)
  - Cited for the necessity of specifically identifying the content of defamatory statements.
- *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)
  - Referenced for the standard of actual malice required for public figures.
- *Roberts v. Mentzer*, 382 F. App'x 158, 162 (3d Cir. 2010)
  - Cited for the insufficiency of self-serving denials in pleading falsity.
- *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)
  - Used to argue that failure to investigate does not establish actual malice unless the speaker entertained serious doubts about the truth.
- *Tucker v. Fischbein*, 237 F.3d 275, 281-82 (3d Cir. 2001)
  - Cited for the elements required for a statement to be actionable under Pennsylvania law.

**Statutes & Other Authorities**

- 42 Pa. Cons. Stat. § 8343(a)
- Fed. R. Civ. P. 12(b)(6)
- Fed. R. Civ. P. 55(a)

**Preliminary Statement**

The Plaintiff's Opposition fails to address the fundamental pleading deficiencies that warrant the dismissal of the Complaint. Rather than fortify his claims with specific, plausible factual allegations, Plaintiff deflects by attacking defense counsel and alleging misconduct that is legally irrelevant to the Rule 12(b)(6) standard.[1]. These rhetorical distractions cannot obscure the core problem: the Complaint lacks the factual content necessary to sustain claims for defamation and civil conspiracy under both Pennsylvania law and constitutional standards.

Despite Plaintiff's insistence to the contrary, the Complaint does not identify any specific statement by Defendant Youngblood that is both provably false and made with actual malice. It does not allege facts showing that Youngblood knew his statements were false or acted with reckless disregard for the truth. Nor does it identify any third-party recipient who understood the statements to defame Plaintiff or establish concrete reputational harm.

Likewise, the civil conspiracy claim fails as a matter of law. The Plaintiff has not pled any specific agreement, overt acts in furtherance of an unlawful scheme, or individualized facts sufficient to state a plausible conspiracy claim. Courts routinely dismiss such claims where the Plaintiff relies on generalized assertions and impermissible group pleading.

In short, the Complaint does not state a claim—it narrates a grievance. But grievance alone does not confer legal standing, nor does it substitute for the factual precision required by the Federal Rules of Civil Procedure and the First Amendment. Because Plaintiff has failed to meet this standard, the Complaint must be dismissed *with prejudice* in its entirety.

**Argument**

---

[1] Plaintiff's suggestion that Defendant is "technically in default" (Opp. at 4) is legally and factually incorrect. These assertions are fully addressed—and refuted—in the Sworn Declaration of Tyrone A. Blackburn, Esq. Defendant timely filed a motion to dismiss under Rule 12(b)(6) before any default was requested, let alone entered. The docket reflects that no entry of default exists.

Under Pennsylvania law, a plaintiff bears the burden of pleading all seven statutory elements of defamation with factual specificity. 42 Pa. Cons. Stat. § 8343(a); *Lewis v. Phila. Newspapers, Inc.*, 833 A.2d 185, 191 (Pa. Super. Ct. 2003); *Smith v. IMG Worldwide, Inc.*, 437 F. Supp. 2d 297, 307 (E.D. Pa. 2006). Whether a communication is "capable of defamatory meaning is a threshold question of law for the court." *Kurowski v. Burroughs*, 994 A.2d 611, 617 (Pa. Super. Ct. 2010) (citing *Blackwell v. Eskin*, 916 A.2d 1123, 1125 (Pa. Super. Ct. 2007)); see also *Rockwell v. Allegheny Health Educ. & Research Found.*, 19 F. Supp. 2d 401, 404-05 (E.D. Pa. 1998).

The Court must examine both the language and its context—how an average reader or listener would naturally understand it. *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 476-77 (E.D. Pa. 2010); *Agency Servs., Inc. v. Reiter*, 513 F. Supp. 586, 587-88 (E.D. Pa. 1981) (applying *Pierce v. Capital Cities Commc'ns*, 576 F.2d 495, 502 (3d Cir. 1978)). Even where the words themselves seem mild, Pennsylvania courts "have shown a willingness to interpret relatively mild statements as being capable of a defamatory meaning," but only if the "innuendo must be warranted, justified and supported by the publication." *Livingston v. Murray,* 417 Pa.Super. 202, 612 A.2d 443, 449 (1992) (quoting *Thomas Merton,* 442 A.2d at 217).

*Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 478 (E.D. Pa. 2010).

Critically, the Plaintiff must "specifically identify the content of the defamatory statements"—vague accusations or generalized assertions of wrongdoing are not enough. *Moses v. McWilliams*, 549 A.2d 950, 960 (Pa. Super. Ct. 1988); *Spain v. Vicente*, 461 A.2d 833, 836 (Pa. Super. Ct. 1983). If the Court concludes that the challenged words, viewed in context, are not capable of the defamatory meaning alleged, "there is no basis for the matter to proceed to trial." *Kurowski*, 994 A.2d at 617.

Thus, merely labeling a statement "defamation per se" or invoking an alleged criminal accusation does not dispense with the pleading burden on falsity, publication, and—because Plaintiff is a public figure—actual malice. *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 424 F.3d 336, 343-44 (3d Cir. 2005); *Jackson v. Lehigh Valley Hosp.*, 596 F. App'x 147, 151-52 (3d Cir. 2014).

The touchstone in determining whether a statement is capable of defamatory meaning is how the statement would be interpreted by the average person to whom it was directed. See *Marier v. Lance, Inc.*, No. 07-4284, 2009 U.S. App. LEXIS 2713, 2009 WL 297713, at *3 (3d Cir. Feb. 9, 2009) ("In analyzing whether or not a statement is defamatory, Pennsylvania courts have held that "[t]he nature of the audience seeing or hearing the remarks is . . . a critical factor in determining whether the communication is capable of a defamatory meaning.") (internal citation omitted); Determining whether a statement is defamatory requires the Court to consider "the content, verifiability, and context of the challenged statements." *Ward v. Zelikovsky*, 136 N.J. 516, 643 A.2d 972, 978 (N.J. 1994). The verifiability determination goes to whether "the statement is one of fact or opinion, because statements of opinion and name-calling, which cannot be proved true or false, are not actionable." Knierim v. Siemens Corp., No. 06-4935, 2008 U.S. Dist. LEXIS 26571, 2008 WL 906244, at *15 *(D.N.J. Mar.31, 2008). Beu v. City of Vineland, 2021 U.S. Dist. LEXIS 42597, *14*; see also *Fischbein*, 237 F.3d at 283 (reviewing statements in order to determine "the impression that they were likely to engender in the minds of the average reader."). A statement that may appear damaging in isolation may, in context, be understood as opinion, rhetorical hyperbole, or a personal narrative, particularly when framed within a broadcast or testimonial format.

Actual malice may be proven by circumstantial evidence, but that evidence must "tend to establish fabrication, or at least that the publisher had obvious reasons to doubt the veracity of his statements." *Lewis v. Phila. Newspapers, Inc.*, 833 A.2d 185, 192 (Pa. Super. Ct. 2003) (quoting *Sprague v. Walter*, 656 A.2d 890, 904 (Pa. Super. Ct. 1995)). Recklessness in this context "is not easily shown" *Blackwell v. Eskin*, 916 A.2d 1123, 1125 (Pa. Super. Ct. 2007), and "it will be a rare circumstance that a plaintiff will be successful in proving awareness of falsehood from the mouth of the defendant." *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425, 438 (E.D. Pa. 2003). Plaintiff relies solely on Youngblood's alleged motive for revenge and the tone of the broadcasts. Yet, courts have long held that motive and hostility, without facts showing the speaker actually doubted his story, do not constitute actual malice. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989); *Kendall v. Daily News Publ. Co.*, 716 F.3d 82, 89-90 (3d Cir. 2013). Because the Complaint pleads no factual matter—such as retractions, contradictory source material, or admissions of doubt—that would show Youngblood knew or suspected his account was false, the malice element is not satisfied, and Count I must be dismissed.

I. **THE DEFAMATION CLAIM REMAINS FATALLY DEFICIENT**
Even assuming the Complaint quotes Youngblood's statements verbatim, Plaintiff still bears the burden to plead that those statements were not only false but that Defendant subjectively knew they were false. *See Kendall v. Daily News Publ. Co.*, 716 F.3d 82, 89–90 (3d Cir. 2013). Self-serving denials are insufficient. *See Roberts v. Mentzer*, 382 F. App'x 158, 162 (3d Cir. 2010).

Despite the Opposition's expansive rhetoric, the Complaint does not identify a specific statement by Defendant Youngblood that is both false and defamatory. To be actionable under Pennsylvania law, a defamatory statement must be: (1) specifically attributed to the Defendant; (2) capable of defamatory meaning; and (3) provably false. See *Tucker v. Fischbein*, 237 F.3d 275,

6

281–82 (3d Cir. 2001); *Hill v. Cosby*, 665 F. App'x 169, 176–77 (3d Cir. 2016). Vague allusions to "grooming" and misconduct, without context or precise language, are insufficient.

  a) <u>Plaintiff's Assertion of Falsity</u>:
The Plaintiff's categorical denial of the alleged conduct, without more, fails to satisfy the federal pleading standard for falsity. It is well established that a defamation plaintiff must allege specific facts demonstrating that the contested statements are false—not merely assert that they are untrue or disagree with their content.

As the Third Circuit emphasized in *Roberts v. Mentzer*, 382 F. App'x 158, 162 (3d Cir. 2010) in footnote 14, "See *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (Bare allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss.) *Roberts v. Mentzer*, 382 F. App'x 158, 165 (3d Cir. 2010).

The Complaint does not provide any factual basis—such as contemporaneous events, documented alibis, retractions by third parties, or contradictions in Defendant's own statements—that plausibly establishes the falsity of the accusations. Courts have consistently held that to plead falsity, a public figure must do more than offer conclusory denials. See also *McKee v. Cosby*, 874 F.3d 54, 61 (1st Cir. 2017) (affirming dismissal where Plaintiff failed to allege facts that could support a finding that the statement was false).

In short, beyond a blanket denial, Plaintiff's Opposition never confronts—much less contradicts—the specific building-block facts of Youngblood's account: that (1) Youngblood was a teenager at the time; (2) Bishop Jakes first encountered him while preaching as a *guest* at

7

Youngblood's Pennsylvania church; (3) Jakes later offered "pastoral counseling"; (4) Youngblood, using his mother's car, drove Plaintiff home after the service; and (5) during that drive, when Youngblood realized he was late returning the vehicle, Jakes hugged him, physically cornered him, and attempted to kiss him inside the car. The Opposition supplies no alternative timeline, no different venue, no witness, and no documentary contradiction—only the refrain that "it never happened." Under *Roberts v. Mentzer*, bare denials are "not entitled to the assumption of truth" at the Rule 12(b)(6) stage, 382 F. App'x 158, 162 (3d Cir. 2010). Because Plaintiff offers no factual rebuttal to these predicate details, the Complaint fails to plead falsity with the plausibility that *Iqbal* and *Twombly* require.

    b) <u>Plaintiff's Malice Argument Based on Motive and Timing</u>:
Plaintiff attempts to establish actual malice by pointing to Defendant's alleged motive, perceived hostility, and the timing of the public statements. However, under settled First Amendment jurisprudence, such circumstantial inferences are legally insufficient. The Supreme Court and the Third Circuit have made clear that actual malice is not established by showing ill will, bias, intent to harm, or even personal animus. Instead, it requires a showing—by clear and convincing evidence—that the Defendant subjectively knew the statement was false or acted with reckless disregard for its falsity. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *Kendall v. Daily News Publ. Co.*, 716 F.3d 82, 89–90 (3d Cir. 2013); *Marcone v. Penthouse Int'l Magazine*, 754 F.2d 1072, 1089–90 (3d Cir. 1985).

    Even assuming the Defendant had a personal grievance or hoped to inflict reputational damage, that is not the constitutional standard. As the *Marcone* court stated, "There must be sufficient evidence to permit the conclusion that the defendant in fact, entertained serious doubts as to the truth of the publication." No such allegations are pled here. Plaintiff does not allege that

8

Defendant recanted, contradicted himself, or acknowledged doubts—nor does he offer facts suggesting that Defendant fabricated the account.

Indeed, courts have repeatedly rejected defamation claims where malice is inferred solely from motive or the "bad faith" tone of the publication. As a matter of law, those factors are not dispositive. Because Plaintiff fails to plead facts supporting the critical element of subjective falsity awareness, the actual malice requirement is not met, and the defamation claim fails on that basis alone.

Moreover, Plaintiff's denial of the alleged conduct does not establish falsity. Courts have repeatedly held that a defamation plaintiff cannot rely solely on self-serving denials or accusations of motive to demonstrate falsity. See *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); *Blackwell v. Eskin*, 2006 Phila. Ct. Com. Pl. LEXIS 125, at *10 (C.P. Phila. Mar. 14, 2006). Without concrete allegations showing that Youngblood made a knowingly false statement, Plaintiff's claim cannot proceed.

II. **PLAINTIFF FAILS TO ALLEGE ACTUAL MALICE AS REQUIRED**

The Plaintiff's reliance on motive, demand letters, or timing fails to meet the high bar required by *New York Times Co. v. Sullivan*. Actual malice is not established by showing personal animus or intent to harm. Plaintiff must allege that Youngblood subjectively doubted the truth of his statements.

As a public figure, Plaintiff must meet the heightened standard of actual malice—i.e., that Defendant either knew the statement was false or acted with reckless disregard for the truth. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964). This is not a mere pleading formality; it is a constitutional requirement that courts strictly enforce. See *Franklin Prescriptions*, 424 F.3d at 343.

Plaintiff's charge that Youngblood acted from greed or spite still falls far short of "actual malice." The Supreme Court has made clear that "[f]ailure to investigate, without more, does not establish actual malice unless the speaker in fact entertained serious doubts as to the truth of the publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); accord *Wanless v. Rothballer*, 115 Ill. 2d 158, 172 (1986). Pennsylvania courts apply the same rule: there "must be sufficient evidence to permit the conclusion that the defendant in fact, entertained serious doubts as to the truth of his publication." *Curran v. Phila. Newspapers, Inc.*, 546 A.2d 639, 642 (Pa. Super. Ct. 1988); *Fitzpatrick v. Phila. Newspapers, Inc.*, 567 A.2d 684, 688 (Pa. Super. Ct. 1989) ("Failure to investigate, without more, will not support a finding of actual malice, nor will ill will or a desire to increase profits."). The Third Circuit is in accord: "Failure to investigate, without more, does not demonstrate actual malice unless the plaintiff pleads facts showing the defendant purposefully avoided the truth." *Marcone v. Penthouse Int'l*, 754 F.2d 1072, 1083 (3d Cir. 1985) (citing *St. Amant*); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016). Here, the Complaint alleges no retraction, no contradicting source, and no admission by Youngblood that he doubted his own story. Allegations of a $6 million demand letter or revenge motive may imply hostility, but animus and profit-seeking do not constitute subjective falsity awareness under the First Amendment. Without plausible facts showing that Youngblood *"entertained serious doubts"* about the truth of his account, the actual malice element is not met, and Count I must be dismissed.

III. **THE CIVIL CONSPIRACY CLAIM FAILS AS A MATTER OF LAW**

While Plaintiff accuses Youngblood of conspiring with Larry Reid to spread defamatory statements, the Complaint does not allege the who, what, when, or how required to plausibly plead an agreement. Mere parallel conduct—such as shared interviews—is insufficient. *See Lease v. Fishel*, 2011 U.S. Dist. LEXIS 151761. A civil-conspiracy claim cannot stand where the underlying tort is not actionable. Because Count I (defamation) is fatally deficient, Count II

10

necessarily fails as a matter of law. *See Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 423 (E.D. Pa. 2014) ("Absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."); *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405 (3d Cir. 2000) (same principle under Pennsylvania law).

Plaintiff's reliance on the alleged "$6 million demand letter" as evidence of a conspiratorial act is misplaced. Demand letters made in anticipation of litigation are absolutely privileged under the judicial proceedings privilege and cannot form the basis of a conspiracy or tort claim. See *Post v. Mendel*, 507 A.2d 351, 355 (Pa. 1986); *Pelagatti v. Cohen*, 536 A.2d 1337, 1344 (Pa. Super. Ct. 1987).

Likewise, parallel public statements or coordinated media appearances, without more, do not constitute an unlawful "agreement." Protected speech—even if synchronized—is not a tort. See *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).

The civil conspiracy claims hinges entirely on the defamation count. Because the defamation claim is defective, the conspiracy claim necessarily fails. See *Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 423 (E.D. Pa. 2014) ("absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.").

a) No Particularized Conspiratorial Agreement:
Plaintiff's civil conspiracy claim is based entirely on allegations of parallel conduct and post hoc coordination—neither of which suffices to plausibly allege the formation of an unlawful agreement. The Complaint fails to allege any specific facts showing when the purported conspiracy was formed, who participated in the agreement, what unlawful objective it was intended to achieve, or what specific roles each participant played.

Federal courts applying Pennsylvania law uniformly reject civil conspiracy claims premised on general assertions of "collaboration" or "in concert" conduct without particularized

factual allegations showing a "meeting of the minds." Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy; the Plaintiff must expressly allege an agreement, or at least make 'averments of communication, consultation, cooperation, or command from which such an agreement can be inferred. *Flanagan v. Shively*, 783 F. Supp. 922, 928–29 (M.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992).  Pennsylvania federal courts apply the same standard: a plaintiff must plead "specific factual allegations of combination, agreement, or understanding" among the defendants; conscious parallelism is not enough. *Panayotides v. Rabenold*, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999) (quoting *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997)).

Here, Plaintiff alleges only that Youngblood and unnamed "co-conspirators" appeared on two podcasts and later sent a demand letter.  The Complaint is silent as to when any unlawful agreement was forged, who joined it, what specific unlawful purpose was agreed upon, or what role each participant allegedly assumed.  Such conclusory group-pleading falls far short of the particularity that *Twombly/Iqbal* and Pennsylvania conspiracy precedent demand, and Count II must therefore be dismissed.  Merely asserting that Youngblood "acted jointly" with others or participated in the same interviews or broadcasts does not transform lawful public commentary into a tortious conspiracy. As the courts have consistently recognized, parallel or cooperative behavior—especially in the context of media and public discourse—cannot satisfy the agreement element without concrete, individualized factual allegations.

Additionally, the Complaint relies on group pleading—referring generically to "Defendants" without distinguishing Youngblood's actions. This violates basic pleading rules and deprives Defendant of fair notice.  This type of pleading fails to satisfy Rule 8 "because it does not place Defendants on notice of the claims against each of them." *Sheeran v. Blyth Shipholding S.A.*,

2015 WL 9048979, at *3, 2015 U.S. Dist. LEXIS 168019, at *8 (D.N.J. Dec. 16, 2015) (citing *Ingris v. Borough of Caldwell*, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular Defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing Complaint because it failed to contain allegations showing how each Defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.")). "Alleging that 'Defendants' undertook certain illegal acts — without more — injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, 2014 WL 3809173, at *2, 2014 U.S. Dist. LEXIS 105134, at *7 (D.N.J. July 31, 2014). *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386–87 (D.N.J. 2019).

IV. **THE PLAINTIFF'S OWN CITATIONS ARE MISAPPLIED OR NONEXISTENT**

Plaintiff accuses Defendant of relying on fabricated or inapplicable case law, yet a LexisNexis Document Analysis of Plaintiff's own opposition brief reveals a pattern of misquotation, superficial citation, and invocation of authorities that are either inapposite or do not support the propositions for which they are cited. Lexis Quote-Check identifies at least 20 incorrect quotations in Plaintiff's brief. A few examples suffice:

Misquotes: *Tavoulareas v. Piro*, 763 F.2d 1472, 1478: "no [single] piece of [this] evidence … will support a ver... that," and *Sprague v. ABA*, 276 F. Supp. 2d 365, 368: "See Sprague v. Am. Bar Ass'n, 276 F. Supp. 2d 365, 368 (E.D. Pa. 2003) ( 'Presumed' damages are those that are expected to result from defamation; they require no proof, but instead, as reflected in their name, are presumed....)"

13

Numerous cases cited by Plaintiff are referenced without pinpoints, quoted inaccurately, or applied without any legal or factual context.

This rhetorical sleight-of-hand stands in direct contradiction to Plaintiff's demands for precision and undermines the credibility of the opposition brief. Federal courts do not accept citation as performance—a case reference must meaningfully connect to the legal standard and be applied to the facts at hand. *See Roberts v. Mentzer*, 382 F. App'x 158, 162 (3d Cir. 2010) ("Bare allegations are not entitled to the assumption of truth").

Ironically, the very defect Plaintiff attributes to Defendant—reliance on cases without valid application—pervades Plaintiff's own submission. The Court should, therefore, reject these double standards and assess the sufficiency of the Complaint based on the factual allegations pled and the properly applied legal principles—not on adversarial hyperbole or selective citation.

## Conclusion

For the reasons set forth above—and those articulated in Defendant's opening memorandum—Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed in its entirety under Rule 12(b)(6).

The claims for defamation and civil conspiracy are not merely insufficient; they fall well short of the constitutional and procedural thresholds required to proceed. As a self-identified public figure, Plaintiff is obligated to plead falsity and actual malice with factual specificity. He has not done so. The Complaint relies on inference, implication, and generalized accusations without identifying any provably false statement by Defendant Youngblood made with the requisite culpable state of mind.

Further, the civil conspiracy count is entirely derivative of the defamation claim and is unsupported by factual allegations demonstrating an agreement, malicious intent, or individualized

conduct. Courts in this Circuit consistently dismiss conspiracy claims based on group pleading and speculative coordination.

Importantly, Plaintiff's Opposition—while rhetorically forceful—does not cure these defects. The Court's role at this stage is to enforce the legal and constitutional boundaries governing tort claims arising from speech. Doing so here requires the dismissal of both claims with prejudice.

Accordingly, Defendant respectfully requests that this Court dismiss the Complaint in its entirety.

**Dated:** June 2, 2025

Respectfully submitted,
*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc: All counsels of record via ECF