IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DEXTER JAKES,<br><br>*Plaintiff,*<br><br>v.<br><br>DUANE YOUNGBLOOD,<br><br>*Defendants.* | Civil Action No. 2:24-cv-1608<br><br>Hon. William S. Stickman IV |

# MEMORANDUM ORDER

Defendant Duane Youngblood ("Youngblood") filed a Notice of Motion to Dismiss (ECF No. 42), a supporting brief (ECF No. 43), and a reply brief (ECF No. 46) requesting the dismissal of Plaintiff Thomas Dexter Jakes' ("Jakes") complaint with prejudice. Youngblood is represented by Attorney Tyrone A. Blackburn ("Blackburn"), the signatory of the motion and briefs. (ECF No. 42, p. 1); (ECF No. 43, p. 19); (ECF No. 46, p. 15). Blackburn is admitted *pro hac vice* on behalf of Youngblood. (ECF No. 34). While reviewing Blackburn's briefs, the Court became aware of the fact that they contain wholly fabricated quotations from caselaw-- including fabricated quotations from the Court's own prior opinion (ECF No. 40). In addition to including non-existent quotations, the briefs repeatedly misrepresent case law.

Jakes also noticed the issues with Youngblood's brief and addressed them in his brief opposing Youngblood's motion to dismiss. (ECF No. 45-1). In his reply, Blackburn failed to offer any explanation for the deficiencies and fabrications in his brief. Instead, he brazenly attempted to mount a *tu quoque* defense, asserting that "a LexisNexis Document Analysis of Plaintiff's own opposition brief reveals a pattern of misquotation, superficial citation, and invocation of authorities that are either inapposite or do not support the propositions for which

1

they are cited." (ECF No. 46, p. 13). The Court thoroughly reviewed Jakes' response brief (ECF No. 45), and did not find any fabricated quotations or misrepresented case law. Only Youngblood, through attorney Blackburn, submitted a brief replete with non-existent quotations and repeated misrepresentations of actual case law. Even more outrageously, a review of Youngblood's reply brief demonstrates that it too includes fabricated quotes and misrepresents case law. In other words, when accused of a serious ethical violation, attorney Blackburn chose to double down. This is very troubling. The Court views Blackburn's conduct as a clear ethical violation of the highest order. On June 25, 2025, Blackburn filed a Withdrawal of Appearance (ECF No. 52).

Blackburn has legal and ethical duties under Federal Rule of Civil Procedure 11(b) ("Rule 11(b)") and Pennsylvania Rule of Professional Conduct 3.3 ("Pa. RPC 3.3").[1] "[A]n attorney, as an officer of the Court, has an overarching duty of candor to the Court." *Eagan by Keith v. Jackson*, 855 F. Supp. 765, 790 (E.D. Pa. 1994). Specifically, Rule 11(b) states that an attorney presenting a written motion to the Court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a

---

[1] Even though Blackburn is admitted to practice law in the state of New York (ECF No. 33-1, p. 1), he is subject to the Pennsylvania Rules of Professional Conduct since he is admitted in the United States District Court for the Western District of Pennsylvania *pro hac vice*. *See* Local Civil Rule of Court 83.3(A)(2) ("Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with others, that violate the rules of professional conduct adopted by this Court shall constitute misconduct and shall be grounds for discipline . . . . . The rules of professional conduct adopted by this Court are the rules of professional conduct adopted by the Supreme Court of Pennsylvania."); *see also* Local Civil Rule of Court 83.3(A)(4) ("Whenever an attorney applies to be admitted or is admitted to this Court for purposes of a particular proceeding (*pro hac vice*), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this Court for any alleged misconduct of that attorney arising in the course of or in the preparation for such proceeding.").

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. PRO. 11.

Violations of Rule 11 may lead to sanctions.

> Rule 11 sanctions are based on "an objective standard of reasonableness under the circumstances. Bad faith is not required. Rule 11(c)(1) provides that sanctions can be initiated either by motion or on the court's initiative. When acting on its own initiative, however, the district court should first enter an order describing the specific conduct that it believes will warrant sanctions and direct the person it seeks to sanction to show cause why particular sanctions should not be imposed.

*Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995). A legal argument may be sanctioned as frivolous when it amounts to an "abuse of the adversary system." *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)). "Merely incorrect legal statements are not sanctionable under Rule 11(b)(2)." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003). Further, Pa. RPC 3.3 states: "A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Pa. Rule of Professional Conduct 3.3(a).

The fact that Blackburn submitted fabricated quotations and misleading analysis of case law is plain to see from the face of the briefs. When reviewing Blackburn's briefs, the Court was perplexed to see quotes attributed to the Court's own prior opinion *in this case*, as well as other case law, that was wholly fabricated. The Court was also troubled to find that Blackburn repeatedly misrepresented case law to support his contentions. By way of example, the following italicized portions of Blackburn's brief supporting the motion to dismiss represent a sampling of the fabricated quotes:

3

1. "The Court has already noted in its April 25, 2025, Memorandum Opinion that Plaintiff's Complaint is '*repetitive and heavy on rhetoric*,' with no factual detail supporting the core elements of his claims." (ECF No. 43, p. 3) (emphasis added).[2]

2. "Courts recognize that '[*t*]*he threat of protracted litigation could have an undue chilling effect on the exercise of First Amendment rights.*' *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425, 430 (E.D. Pa. 2003)."[3] (ECF No. 43, p. 5) (emphasis added).

3. "The law requires a plaintiff to plead '*the exact words spoken or published and the context in which they were made.*' *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425, 430 (E.D. Pa. 2003)." (ECF No. 43, p. 7) (emphasis added).

4. "'*The mere incantation of harm or reputational injury, without identifying the defamatory words and the speaker, is insufficient.*' 916 A.2d 1123, 1128–29 (Pa. Super. Ct. 2007)." (ECF No. 43, p. 8) (emphasis added).

---

[2] This fabricated quotation, purportedly from the Court's opinion (ECF No. 40), is repeated verbatim in Blackburn's brief at ECF No. 43, p. 6. Not only does Blackburn attribute statements to the Court that do not exist, but he also twists the Court's prior opinion beyond recognition. For example, Blackburn claims that the Court, in ECF No. 40, stated (1) that the complaint "fails to identify with clarity the specific allegedly defamatory statements made by . . . Youngblood" and (2) that Jakes' allegations "rely on conclusory assertions and lack factual content." (ECF No. 43, p. 6). The Court made no such findings in its Memorandum Opinion. There is nothing in the Court's opinion that could be reasonably construed as standing for such contentions. In that opinion, the Court expressly refused to address the sufficiency of the complaint stating:

> The Court will dismiss Youngblood's motion because it relies on statutory provisions that are not applicable in this litigation. The Court will not reframe Youngblood's argument to fit within the Rule 12(b)(6) or Rule 56 framework. If Youngblood wishes to file a motion to dismiss based on Rule 12(b)(6) or Rule 56, he may do so provided that his filing complies with all applicable Federal Rules of Civil Procedure.

(ECF No. 40, p. 13).

Blackburn later states, in reference to the Court's opinion (ECF No. 40): "The Court further noted that Plaintiff's Complaint fails to establish that Youngblood's statements were specifically 'of and concerning' him." (ECF No. 43, p. 13). Blackburn stated: "the Court independently noted the deficiencies raised in this Rule 12(b)(6) motion in its April 25, 2025, Memorandum Opinion. The Court observed the Complaint's failure to allege specific defamatory statements, overuse of conclusory assertions, and lack of factual content supporting falsity and malice." (*Id.* at 18). Once again, the Court made no such statements in the opinion (ECF No. 40) – nor did it make any statements that could be remotely interpreted as standing for these propositions.

[3] This quote is repeated verbatim at ECF No. 43, p. 6.

5. "As the Pennsylvania Superior Court has held, '*absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.*' *Blackwell v. Eskin*, 916 A.2d 1123, 1130 (Pa. Super. Ct. 2007)." (ECF No. 43, p. 14) (emphasis added).

6. "The Court noted that when the underlying tort collapses, '*there can be no cause of action for conspiracy.*' *Hill v. Cosby*, 665 F. App'x 169, 176–77 (3d Cir. 2016)." (ECF No. 43, p. 15) (emphasis added).

7. "As the Court held in *Romano v. Young*, '*without facts showing who agreed, when they agreed, and to what end, a conspiracy claim cannot survive.*' 2011 U.S. Dist. LEXIS 10986, at *15 (E.D. Pa. February 1, 2011)." (ECF No. 43, p. 15) (emphasis added).

8. "Group pleading is particularly improper in civil conspiracy claims, where individual conduct and malicious intent must be alleged, as the Court stated in *Duffy v. Lawyers Title Ins. Co.*, '[a] *Plaintiff must allege facts supporting the inference that each Defendant acted with specific malice and in furtherance of a shared unlawful purpose. Absent this showing, a conspiracy claim fails.*' 972 F. Supp. 2d 683, 697 (E.D. Pa. 2013)." (ECF No. 43, p. 17) (emphasis added).

Even after being accused of making false representations in his initial brief, Blackburn's reply brazenly contained misinterpretations of law and partially fabricated quotations. (*See* ECF No. 46). The italicized portions of the quotations from Blackburn's brief (below) do not exist in case law. These quotes represent a sampling of the partially fabricated quotes contained in his reply brief:

- "Whether a communication is '*capable of defamatory meaning is a threshold question of law for the court.*' *Kurowski v. Burroughs*, 994 A.2d 611, 617 (Pa. Super. Ct. 2010) (citing *Blackwell v. Eskin*, 916 A.2d 1123, 1125 (Pa. Super. Ct. 2007)); *see also Rockwell v. Allegheny Health Educ. & Research Found.*, 19 F. Supp. 2d 401, 404-05 (E.D. Pa. 1998)." (*Id.* at 4) (emphasis added).

- "Even where the words themselves seem mild, Pennsylvania courts '*have shown a willingness to interpret relatively mild statements as being capable of a defamatory meaning,*' but only if the 'innuendo must be warranted, justified and supported by the publication.' *Livingston v. Murray*, 417 Pa.Super. 202, 612 A.2d 443, 449 (1992) (quoting *Thomas Merton*, 442 A.2d at 217)" (*Id.*) (emphasis added).

- "Critically, the Plaintiff must '*specifically identify the content of the defamatory statements*'—vague accusations or generalized assertions of wrongdoing are not

enough. *Moses v. McWilliams*, 549 A.2d 950, 960 (Pa. Super. Ct. 1988); *Spain v. Vicente*, 461 A.2d 833, 836 (Pa. Super. Ct. 1983)." (*Id.*) (emphasis added).

- "The Supreme Court has made clear that '*[f]ailure to investigate, without more, does not establish actual malice unless the speaker* in fact entertained serious doubts as to the truth of the publication.' *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); accord *Wanless v. Rothballer*, 115 Ill. 2d 158, 172 (1986)." (*Id.* at 10) (emphasis added).

- "The Third Circuit is in accord: 'Failure to investigate, without more, does not demonstrate actual malice *unless the plaintiff pleads facts showing the defendant purposefully avoided the truth.*' *Marcone v. Penthouse Int'l*, 754 F.2d 1072, 1083 (3d Cir. 1985) (citing *St. Amant*); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016)." (*Id.*) (emphasis added).

These quotations are merely representative of the fabricated statements in Blackburn's briefs. There are additional fabricated quotations that the Court does not enumerate in this order. In addition to including non-existent quotations in his briefs, Blackburn also cited cases for propositions that they do not represent. The Court will not recite every time Blackburn misconstrued a case in his briefs as it believes the above quotations represent the most serious and alarming issues with the documents. Attorneys are permitted to make creative case comparisons and may even stretch existing case law to support their arguments. Nevertheless, advocacy is confined by Rule 11(b) and Pa. RPC 3.3. Attorneys have a duty of candor to the Court. They must make reasonable inquiries under the circumstances to ensure their legal contentions are warranted by existing law. Attorneys may not fabricate non-existent quotations, from case law or the Court's opinion, and may not cite cases for legal propositions for which they do not stand (or even discuss).

The Court presumes that Youngblood's briefs were constructed by generative artificial intelligence used by Blackburn, rather than an effort by Blackburn to personally construct false and misleading briefs. It does not matter. Attorneys have ethical obligations under Rule 11 and their state's respective professional canons to review every document submitted to a court under

their name and signature to ensure accuracy, candor, and overall compliance with ethical obligations. This duty is non-delegable. An attorney who signs and files a brief authored by a non-lawyer, such as a paralegal, secretary or intern, is personally responsible for all that it contains. The same applies to artificial intelligence. In other words, Youngblood could not outsource his obligations to the Court and his client to a third party—including artificial so-called "intelligence." Whoever or whatever drafted the briefs signed and filed by Blackburn, it is clear that he, at the very best, acted with culpable neglect of his professional obligations. The alternative is that he acted in a conscious effort to deceive and mislead the Court. At this point, in light of Blackburn's continuing offenses in his reply brief, the Court is inclined to believe the latter.

AND NOW this 26 day of June 2025, IT IS HEREBY ORDERED that Defendant Duane Youngblood's Motion to Dismiss according to Rule 12(b)(6) (ECF No. 43) and Reply Memorandum of Law in Further Support of Defendant Duane Youngblood's Motion to Dismiss are STRICKEN from the record.[4] In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Youngblood must answer Jakes' complaint on or before **July 11, 2025**.

IT IS FURTHER ORDERED that Blackburn is ordered to show cause, not to exceed fifteen pages, by **July 18, 2025**, as to why his statements in ECF Nos. 43 and 46 have not violated Rule 11(b) and Pa. RPC 3.3. Specifically, Blackburn is directed to thus show cause as to the fabricated quotations and blatant misrepresentations of case law and the Court's opinion in his briefs. Possible sanctions include, but are not limited to, monetary sanctions (including

---

[4] The Court is so alarmed by the deficiencies and potential rule violations in Blackburn's filings that it will not consider any of the substantive arguments raised in Youngblood's motion to dismiss (ECF No. 42) or reply brief (ECF No. 46).

attorneys' fees related to the litigation of the motions at issue), revocation of Blackburn's pro hac vice status, and any other sanctions deemed appropriate by the Court.

IT IS FINALLY ORDERED that a show cause hearing will be held on **July 24, 2025 at 1:30 p.m.** in Courtroom 8B for Blackburn to show cause as to why sanctions should not be issued relative to potential violations of Rule 11(b).  If Jakes plans to seek attorneys' fees in relation to the litigation surrounding the motion to dismiss (ECF No. 42), Jakes and his counsel must attend the hearing.  Otherwise, all parties and counsel are welcome to attend the show cause hearing, but only Blackburn's attendance is required.  Blackburn shall provide a copy of this order to his client, Youngblood, and file a notice of compliance on the Court's docket after doing so.  Blackburn's attempt to withdraw as counsel in this action does not insulate him from the repercussions of his actions.  His pending Withdrawal of Appearance (ECF No. 52) will remain under advisement until the resolution of the show cause hearing.

BY THE COURT:

_/s/ William S. Stickman IV_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE