IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DEXTER JAKES,<br><br>Plaintiff,<br><br>v.<br><br>DUANE YOUNGBLOOD; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 6; JOHN DOE 7; JOHN DOE 8; JOHN DOE 9; JOHN DOE 10,<br><br>Defendants. | CIVIL ACTION NO. 2:24-cv-01608-WSS<br><br>Judge William S. Stickman<br><br>**Affidavit of Tyrone A. Blackburn, Esq. In Response to Order to Show Cause** |

I, Tyrone A. Blackburn, Esq., under penalty of perjury according to 28 U.S.C. § 1746, affirm as follows:

1. I am an attorney licensed to practice law in the State of New York and am admitted to practice before this Court. I submit this affidavit in response to the Court's Order to Show Cause dated June 26, 2025, concerning citation issues identified in Defendant Duane Youngblood's memorandum of law in support of his motion to dismiss.

2. I take this matter extremely seriously. I have practiced law since 2018, and during that time, I have never encountered citation or quotation issues in any legal filing submitted to a court. This is the first instance of its kind in my professional career. I have always respected the significance of Rule 11 and the duty it imposes on attorneys to ensure the accuracy, factual foundation, and legal grounding of each filing.

3. Upon receipt of the Rule 11 safe harbor letter from Plaintiffs' counsel dated June 17, 2025, I immediately began reviewing and revising the memorandum of law in question. I removed the quotation marks from the paraphrased legal statements. I rechecked the case

citations and began compiling a revised version of the memorandum. This version retained the motion's arguments while correcting the citation and quotation errors. (See attached **Exhibit**: (**A**) Rule 11 Sanctions Letter and 21 Day Safe Harbor).

4. However, before I could finish and file the updated documents, my client ended our agreement on June 23, 2025. The following day, June 24, 2025, I received an email from local counsel directing me to execute and file a notice of withdrawal, which they had prepared. (See attached **Exhibits**: (**B**) Termination Email and (**C**) Email from Local Counsel).

5. The citation issues were not the result of bad faith or intent to mislead the Court. Instead, they stemmed from my recent adoption of upgraded legal research tools—LexisNexis Protege and Westlaw CoCounsel—designed to assist solo practitioners. These tools generated suggestions and citation fields that I mistakenly incorporated without fully verifying the quotation formatting and attribution.

6. Unwisely, I had unquestioningly trusted the accuracy of these platforms, having used them throughout my law school and professional career. These platforms are at the vanguard of the Legal profession. So much so, I was a LexisNexis representative in law school. I had no reason to doubt the accuracy of this product.

7. One of the issues raised in the Court's Order to Show Cause concerned the citation to and quotation of this Court's April 25, 2025, Memorandum Opinion denying Defendant's anti-SLAPP motion. I acknowledge that the motion to dismiss memorandum inadvertently quoted and paraphrased language from that opinion as though it were a verbatim quote. This error resulted from my misuse of the upgraded legal research tools, which permit users to upload source material and automatically generate text for integration.

8. I uploaded the Court's anti-SLAPP opinion and allowed the system to assist in synthesizing the Court's reasoning; however, I failed to distinguish between paraphrased content and quoted material properly. There is no excuse for the error, and I regret that it gave the appearance of misrepresenting the Court's ruling.

9. At no time was there any intent to deceive or mislead. The prior anti-SLAPP motion, which was manually drafted and filed without the use of the upgraded version of these legal research tools, contained no such errors. I respectfully ask that the Court view the misquotation not as a product of bad faith, but as the unintended consequence of integrating unfamiliar tools into my workflow.

10. I had already corrected and removed several citations and paraphrased statements identified in the safe harbor letter and intended to file the corrected memorandum within the 21-day window. I was not allowed to do so due to my abrupt and involuntary termination.

11. I have since conducted a thorough audit of all active case filings generated using these upgraded subscriptions and have begun correcting any citation or formatting errors identified through that audit.

12. In addition to this audit, I have completed continuing legal education courses to better understand the implications of artificial intelligence in legal drafting, including: (1) ABA – *"AI is Changing the Legal Profession but not Your Ethical Duty,"* (2) *"Complete Your CLE Request and Program Evaluation - Catching Up to AI Ethically: How the Existing Ethics Rules Apply to Artificial Intelligence, and How to Guide Lawyers in Avoiding the Ethical Pitfalls,"* and (3) TRCLE – *"Artificial Intelligence and Legal Practice."* I have also registered for additional CLEs addressing AI ethics, legal research accuracy, and best practices for solo practitioners.

13. I respectfully refer the Court to my prior affidavit in support of the Defendant's motion to dismiss, which provides more detailed information about my research process and the use of these upgraded legal research tools. That filing, and the motion itself, were supported by over 50 legal authorities that I reviewed, starting on May 5, 2025. (See attached **Exhibit**: (**D**) Caselaw Researched for the Motion to Dismiss).

14. The quotation and citation errors were never intentional. I understand the optics of the timing—being removed from the case before filing corrections—but I did not withdraw voluntarily, nor did I ignore the obligations imposed under Rule 11.

15. I request that the Court consider my clean record, the significant steps I have taken to rectify my actions, my adherence to ongoing education requirements, and the absence of any malicious intent. I am committed to upholding honesty and diligence as an officer of this Court.

I declare under penalty of perjury that the above statements are true and accurate.

DATE: July 18, 2025

BY: /s/ Tyrone A. Blackburn
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: (347) 342-7432
Email: tblackburn@tablackburnlaw.com