# Exhibit D.1
# Recommendations and Research

# LexisNexis

## Concepts extracted from your document (25)

Injury To Reputation,  Public Figure,  Civil Conspiracy,  Conspiracy Claim,  Defamation Claim,  Actual Malice, Fail To Plead,  Factual Allegations,  Pleading Standard,  Group Pleading,  Underlying Tort,  Civil Conspiracy Claim,  Defamatory Statement,  Fail To State A Claim,  Motion To Dismiss,  Allegedly Defamatory, Conclusory Assertion,  Federal Rule Of Civil Procedure,  Accusation,  Warrant,  Broadcast,  Third Party, Demonstrate,  With Prejudice,  Dismiss The Complaint

## Recommendation (129)

**15** passages in your document have recommendations.

### Key Passage 1

This is Defendant Duane Youngblood's first motion to dismiss pursuant to **Federal Rule of Civil Procedure 12(b)(6)**. To date, the Court has not ruled on the sufficiency of Plaintiff's defamation or conspiracy claims under Rule 12. As such, this motion addresses for the first time the legal plausibility of the Complaint as pled.

### Cases recommended for key passage 1 (5)

Ⓐ **Grega v. Vroman 2024 U.S. Dist. LEXIS 80946**
Western Dist. Pa. | 2024-05-03

**Matching legal concepts:**

**Motion To Dismiss | Complain | Federal Rule Of Civil Procedure | Sufficiency Of The Complaint | Sufficiency Review | Civil Procedure Rule | Factual Allegations | Legal Sufficiency | Light Most Favorable**

**Relevant passage:** A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.

Ⓐ **Copeland v. Perry 2023 U.S. Dist. LEXIS 77624**
Western Dist. Pa. | 2023-05-01

**Matching legal concepts:**

**Motion To Dismiss | Complain | Federal Rule Of Civil Procedure | Sufficiency Of The Complaint | Sufficiency Review | Civil Procedure Rule | Factual Allegations | Legal Sufficiency | Light Most Favorable**

**Relevant passage:** A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests the legal sufficiency of the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.

Download: Results List for: Brief Analysis:

 **Ceasar v. Varner 2022 U.S. Dist. LEXIS 188222**
Western Dist. Pa. | 2022-10-14

**Matching legal concepts:**

**Motion To Dismiss | Complain | Federal Rule Of Civil Procedure | Sufficiency Of The Complaint | Sufficiency Review | Civil Procedure Rule | Factual Allegations | Legal Sufficiency | Light Most Favorable**

**Relevant passage:** A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests the legal sufficiency of the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12 (b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.

 **Haywood v. Univ. of Pittsburgh 2012 U.S. Dist. LEXIS 21946**
Western Dist. Pa. | 2012-02-22

**Matching legal concepts:**

**Motion To Dismiss | Complain | Federal Rule Of Civil Procedure | Sufficiency Of The Complaint | On The Merits | Sufficiency Review | Civil Procedure Rule | Factual Allegations | Legal Sufficiency | Light Most Favorable**

**Relevant passage:** A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.

**Kennedy v. Onorato 2013 U.S. Dist. LEXIS 82762**
Western Dist. Pa. | 2013-04-17

**Matching legal concepts:**

**Federal Rule Of Civil Procedure | Motion To Dismiss | Complain | Sufficiency Of The Complaint | Sufficiency Review | Civil Procedure Rule | Filed Motions | Legal Sufficiency | Plaintiff's Complaint | Prison**

**Relevant passage:** Defendants Onorato and Allegheny County Prison have filed Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

## Treatise recommendations for key passage (1)

**31.06 Motions to Dismiss for Failure to State a Claim**
Gilson on Trademarks | Federal

**Matching legal concepts:**

**Federal Practice | Complain | Federal Rule Of Civil Procedure | Fail To State A Claim | Sufficiency Of The**

Download: Results List for: Brief Analysis:

**Complaint | Dispositive Motion | Dismissal Of Case | Lanham Act | Claim For Relief | Sufficiency Challenges | Detailed Discussion | Legal Sufficiency | Consult**

**Relevant passage:** Once the plaintiff files a complaint, the defendant may file a potentially dispositive motion for failure to state a claim for relief pursuant to FRCP 12(b)(6). This motion directly challenges the legal sufficiency of the complaint. In effect, the motion says that the plaintiff cannot prevail, so its case must be dismissed. This section discusses such motions with an emphasis on Lanham Act cases in particular, rather than serving as a general primer on federal civil procedure. The reader should consult Moore's Federal Practice for such a resource, as well as for a detailed discussion of Rule 12(b)(6), which appears at Moore's Federal Practice § 12.34.

---

## Key Passage 2

When the plaintiff is a public figure—as Plaintiff expressly concedes he is—the complaint must further satisfy heightened constitutional standards. The pleading must not only allege falsity and actual malice but must do so with sufficient factual content to render those elements plausible under Rule 8(a). *SeeHill v. Cosby*, **665 F. App'x 169, 175–77** (3d Cir. 2016) (affirming dismissal of defamation claims brought by a public figure due to failure to plead falsity, malice, and harm with specificity).

## Cases recommended for key passage 2 (1)

Ⓐ [Mendelson v. Morning Call, Inc. 2007 Pa. Dist. & Cnty. Dec. LEXIS 256](#)
Pa. C.P., Lehigh Cty., Civ. Div. | 2007-09-04

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Public Figure | Defamation | Heightened Protection | Alleged Defamatory Statement | Defamation Action | Right To Recover | Severe Restrictions | Libel | Actual Malice | First Amendment | Public Official**

**Outcome:** In a real state developer's defamation and invasion of privacy action, a newspaper and its reporter were entitled to summary judgment because the developer was a public figure based on his public criticism of public officials regarding the decline of his landmark buildings, and as a public figure, the developer failed to show actual malice.

**Relevant passage:** The First Amendment provides heightened protection for libel defendants when the plaintiff is a public official or public figure. Those protections are so great that they amount to severe restrictions on a public figure plaintiff's right to recover in a defamation action. Such public figures must prove that an allegedly defamatory statement was published with actual malice, i.e. with knowing falsity.

## Treatise recommendations for key passage (1)

[19 Malice](#)
P.L.E. | pennsylvania

**Matching legal concepts:**

**Public Figure | Defamation | Actual Malice | Evidence Of Malice | Heightened Protection | Alleged Defamatory Statement | Defamation Action | Right To Recover | Severe Restrictions | Libel | First Amendment | Public Official | Denial | Communication**

Download: Results List for: Brief Analysis:

**Relevant passage:** The First Amendment provides heightened protection for libel defendants when the plaintiff is a public official or public figure. Those protections are so great that they amount to severe restrictions on a public figure plaintiff's right to recover in a defamation action. Such public figures must prove that an allegedly defamatory statement was published with actual malice, i.e. with knowing falsity. However, when the public figure plaintiff's position is not determinative on an issue, the communication of a denial by a plaintiff does not usually constitute evidence of actual malice.

## Key Passage 3

Plaintiff's defamation claim (Count I) is facially insufficient under both Pennsylvania law and applicable federal pleading standards and must be dismissed pursuant to Rule 12(b)(6). Defamation is a disfavored cause of action that is subject to exacting scrutiny at the pleading stage, particularly when asserted by a public figure. The Pennsylvania Supreme Court and the Third Circuit have emphasized that where the plaintiff is a public figure—as Plaintiff explicitly acknowledges he is (Compl. ¶ 8)—and the speech involves matters of public concern, the complaint must not only meet the statutory elements of defamation under Pennsylvania law, but also the heightened constitutional standards of falsity, actual malice, and reputational harm. See *Hill v. Cosby*, **665 F. App'x 169, 175–77** (3d Cir. 2016) (affirming dismissal where public figure plaintiff failed to plead specific defamatory content, falsity, actual malice, or actionable harm).

## Cases recommended for key passage 3 (8)

Ⓐ  **Mendelson v. Morning Call, Inc. 2007 Pa. Dist. & Cnty. Dec. LEXIS 256**
Pa. C.P., Lehigh Cty., Civ. Div. | 2007-09-04

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Public Figure | Defamation | Heightened Protection | Alleged Defamatory Statement | Defamation Action | Right To Recover | Severe Restrictions | Libel | Actual Malice | First Amendment | Public Official**

**Outcome:** In a real state developer's defamation and invasion of privacy action, a newspaper and its reporter were entitled to summary judgment because the developer was a public figure based on his public criticism of public officials regarding the decline of his landmark buildings, and as a public figure, the developer failed to show actual malice.

**Relevant passage:** The First Amendment provides heightened protection for libel defendants when the plaintiff is a public official or public figure. Those protections are so great that they amount to severe restrictions on a public figure plaintiff's right to recover in a defamation action. Such public figures must prove that an allegedly defamatory statement was published with actual malice, i.e. with knowing falsity.

● **Menkowitz v. Peerless Publ'ns, Inc. 2017 PA Super 397**
Pennsylvania Superior Court | 2017-12-15

**Matching legal concepts:**

**Damage To Reputation | Defamation | Private Figure | Defamatory Communication | Actual Damage | Truth | Publication | Reckless Disregard Of The Truth | Showing Of Malice | Injury To Reputation | Wanton Or Reckless Conduct | Order To Recover | Serious Doubt | Actual Malice | Compensatory Damages | Negligence | Proof | Presumption | Harm | Demonstrate**

Download: Results List for: Brief Analysis:

**Outcome:** In a defamation action, the vacation of a judgment in favor of doctor was proper because the proof presented to show actual malice lacked the convincing clarity which the constitutional standard demanded.

**Relevant passage:** The private-figure plaintiff suing a media defendant for defamation must prove actual damage to reputation causally linked to the false defamatory communication to recover compensatory damages. Thus, in order to recover under Pennsylvania law, a private-figure plaintiff must prove falsity, at a minimum negligence in the publication, and actual damage to reputation flowing from the defamatory communication. Damages will be presumed without proof of harm to reputation only if actual malice is shown. Malice can be proven by demonstrating that the defendant subjectively acted with reckless disregard for the truth by entertaining serious doubts as to the truth of his publication.

 **Joseph v. Scranton Times, L.P. 2014 PA Super 49**
Pennsylvania Superior Court | 2014-03-11

**Matching legal concepts:**

**Defamation | Private Figure | Defamatory Matter | Actual Malice | Damage | Truth | Knowledge Of Falsity | Defamation Action | Seek Compensation | Order To Recover | Obligation | Reckless Disregard | Compensatory Damages | Reasonable Care | Punitive Damage | Negligence | Diligence | Infliction | Harm | Publication | Demonstrate**

**Outcome:** The trial court committed error and misapplied the law in appellants' defamation action, arising from newspaper articles that alleged they were involved with a crime family, as there was evidence of general damages that included emotional distress, harm to reputation, and personal humiliation, and there was proof of substantial causal factors.

**Relevant passage:** Private figures are not obligated to prove actual malice (knowledge of falsity or reckless disregard for truth or falsity) in order to recover compensatory damages in a defamation action. A private figure defamation plaintiff, seeking compensation for harm inflicted as a result of the publication of defamatory matter, must merely prove that the defamatory matter was published with want of reasonable care and diligence to ascertain the truth' or, in the vernacular, negligence. If the private-figure plaintiff seeks punitive damages, however, he or she must demonstrate actual malice.

 **Cipriano v. Philadelphia Newspapers, Inc. 1999 U.S. Dist. LEXIS 2761**
Eastern Dist. Pa. | 1999-03-12

**Favorable**

**Motion type:**
motion to dismiss | Granted
motion for remand | Granted

**Matching legal concepts:**

**Defamation | Actual Malice | Defining Actual Malice | Reckless Disregard Of The Truth | Defining Malice | Knowledge Of Falsity | Clear And Convincing Evidence | Defamation Action | Defamatory Statement | Public Figure | Public Official**

**Outcome:** Plaintiff's state defamation claim was not preempted by the Labor Management Relations Act because plaintiff's claim was based in state law and not substantially dependent upon the act.

**Relevant passage:** When a plaintiff in a defamation action is a public official or a public figure he must also prove by clear and convincing evidence that the defamatory statement was made with actual malice. Actual

Download: Results List for: Brief Analysis:

malice is defined by the Supreme Court as knowledge of the falsity of the statement or reckless disregard for the truth or falsity.


♦ **Sprague v. Porter 2013 Phila. Ct. Com. Pl. LEXIS 368**
Pa. C.P., Philadelphia Cty., Civ. Div. | 2013-11-01

**Matching legal concepts:**

**Actual Malice | Public Figure | Recover Damage | Federal Constitutional Law | Defamation | Defamatory Falsehood | Clear And Convincing Evidence | Defamation Action | Libel | Provide Evidence | Public Issue | Later Case | Reckless Disregard | Constitutionally Protected | Actual Damage | False Statement | Made Clear | Public Official | Punitive Damage**

**Outcome:** A trial court recommended that a reporter and newspaper were entitled to summary judgment on all defamation (42 Pa.C.S. § 8343(a)) and false light privacy claims brought by a lawyer because he failed to show that the published statements were false, made with actual malice, were actually damaging, or cast him in a false light.

**Relevant passage:** Federal constitutional law limits the ability of a public figure plaintiff to recover damages, including punitive damages, without clear and convincing evidence of falsity or actual malice. As to evidence of falsity or actual malice, Pennsylvania law still requires that a plaintiff provide evidence of actual damages that would entitle him to relief. Under federal constitutional law, a public-figure plaintiff may not recover damages in a defamation action unless he proves actual malice. The United States Supreme Court has made clear that a public official cannot recover damages for a defamatory falsehood unless he proves that the false statement was made with actual malice, that is, with knowledge that it was false or with reckless disregard of whether it was false or not. In later cases, all involving public issues, the Court extends that same constitutional protection to libels of public figures.


⚠ **Am. Future Sys., Inc. v. Better Bus. Bureau 592 Pa. 66**
Pennsylvania Supreme Court | 2006-04-03

**Matching legal concepts:**

**Defamation | Private Figure | Defamatory Matter | Negligence | Matter Of Public Concern | Seek Compensation | Defamation Case | Negligent Action | Defamatory Statement | Public Figure**

**Outcome:** In a defamation case, a publisher became a limited-purpose public figure by virtue of its advertising and solicitation activities, therefore, a consumer reporting agency enjoyed a conditional privilege that was only defeated by actual malice, which the publisher failed to do and, therefore, a judgment in favor of the agency was upheld on appeal.

**Relevant passage:** The appropriate standard of fault in a defamation case depends on whether the plaintiff is a public or private figure. If the plaintiff is a public official or public figure, and the statement relates to a matter of public concern, then to satisfy First Amendment strictures the plaintiff must establish that the defendant made a false and defamatory statement with actual malice. In contrast, states are free to allow a private-figure plaintiff to recover by establishing that the defendant acted negligently rather than maliciously. The State of Pennsylvania has adopted that test. A private figure defamation plaintiff, seeking compensation for harm inflicted as a result of the publication of defamatory matter, must prove that the defamatory matter was published with want of reasonable care and diligence to ascertain the truth or, in the vernacular, with negligence.


Ⓐ **Straub v. CBS Broad., Inc. 2016 U.S. Dist. LEXIS 31407**
Eastern Dist. Pa. | 2016-03-11

Download: Results List for: Brief Analysis:

**Motion type:**
motion for summary judgment | Denied

**Matching legal concepts:**

**Defamation | Actual Malice | Defamatory Falsehood | Knowledge Of Falsity | Clear And Convincing Evidence | Public Concern | Public Figure | First Amendment | Reckless Disregard | Public Official**

**Relevant passage:** Pursuant to the First Amendment, "[w]hen [a defamation] plaintiff is a public official or a 'public figure' and the speech is of public concern, [the plaintiff] must prove by clear and convincing evidence that the defamatory falsehood was made with 'actual malice' by a media defendant [and also] prove the falsity of the statements to prevail." Id. at 929 (citations omitted). Actual malice, of course, means the defendant made the statement with knowledge of its falsity or reckless disregard for whether it was true or false. Id. at 927.

🔴 **Weaver v. Lancaster Newspapers, Inc. 2005 PA Super 165**
Pennsylvania Superior Court | 2005-05-02

**Matching legal concepts:**

**Actual Malice | Public Figure | Role | Establish Liability | Showing Of Malice | Matter Of Public Concern | Role Of Defendant | Member Of The Media | First Amendment Concern | Alleged Defamatory Statement | Defamation Action | Media Outlets | Defamation Case | Action Brought | Additional Element | First Show | Reckless Disregard | Public Official | Case Law | Prescribe | Relation**

**Outcome:** Police officer who challenged publication of an inaccurate letter to the editor concerning him failed to show actual malice as required by the First Amendment where all credible evidence indicated that the letter's author was mistaken in fact and that the newspaper was careless, but did not act with reckless disregard for truth or falsity.

**Relevant passage:** In addition to the provisions of 42 Pa. Cons. Stat. § 8343, Pennsylvania defamation case law prescribes elements that arise in relation to the role of a plaintiff as a public official or public figure and the role of the defendant as a media outlet. If the statement in question bears on a matter of public concern, or the defendant is a member of the media, First Amendment concerns compel the plaintiff to prove, as an additional element, that the alleged defamatory statement is in fact false. Moreover, in every defamation action brought by a public figure, the plaintiff must first show actual malice in order to establish the liability of the defendant. Actual malice is a fault standard, and it is not shown by the falsity of the statement in and of itself. Actual malice exists when the defendant acted with knowledge that the statement was false or with reckless disregard of whether it was false.

## Treatise recommendations for key passage (2)

**19 Malice**
P.L.E. | pennsylvania

**Matching legal concepts:**

**Public Figure | Defamation | Actual Malice | Evidence Of Malice | Heightened Protection | Alleged Defamatory Statement | Defamation Action | Right To Recover | Severe Restrictions | Libel | First Amendment | Public Official | Denial | Communication**

**Relevant passage:** The First Amendment provides heightened protection for libel defendants when the plaintiff is a public official or public figure. Those protections are so great that they amount to severe restrictions on a

Download: Results List for: Brief Analysis:

public figure plaintiff's right to recover in a defamation action. Such public figures must prove that an allegedly defamatory statement was published with actual malice, i.e. with knowing falsity. However, when the public figure plaintiff's position is not determinative on an issue, the communication of a denial by a plaintiff does not usually constitute evidence of actual malice.

## 114.11 Defamation
Personal Injury--Actions, Defenses, Damages | National

**Matching legal concepts:**

**Reckless | Defamation | Reckless Disregard | Common Law Malice | Intent To Injure | Clear And Convincing Evidence | Evil Motive | Defamatory Statement | Ill Will | Actual Malice | Proof | New York | Imposing Liability | Personal Animosity | Order To Recover | Defamation Case | Wanton Disregard | Injured Plaintiff | Defense Evidence | Public Figure | Damage | Recover Damage | Rights | Existence**

**Relevant passage:** After pointing out the difference between New York Times actual malice and common law malice, that is, personal ill-will toward the plaintiff or reckless or wanton disregard of the plaintiff's rights, the court stated that, when the plaintiff, a public figure, establishes by clear and convincing evidence that the defendant acted with knowledge or reckless disregard of the falsity of the defamatory statement, the plaintiff does not need to prove, in addition, the existence of personal animosity, evil motive, or intent to injure in order to recover damages. However, proof that the defendant made the statement with rancor toward or intent to injure the plaintiff, without clear and convincing evidence of the defendant's knowledge or reckless disregard of the statement's falsity, is constitutionally insufficient to impose any liability on the defendant. In defamation cases, "common law malice, denoting ill will or evil motive, and New York Times 'actual malice,' denoting 'knowledge of or reckless disregard for the falsity of a defamatory statement' are distinct and incomparable standards requiring different proofs."

## Key Passage 4

In addition to these statutory elements, public figure plaintiffs must satisfy constitutional prerequisites. As the Pennsylvania Supreme Court held in *Norton v. Glenn*, **580 Pa. 212**, 860 A.2d 48, 55 (2004), when the plaintiff is a public official or public figure, he bears the burden of proving both the falsity of the statement and that it was made with "actual malice"—that is, with knowledge of falsity or reckless disregard for the truth. This burden exists at every stage of litigation, including the pleading stage. See *Hill*, **665 F. App'x at 175–77** (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" under *Iqbal* and *Twombly*).

## Cases recommended for key passage 4 (6)

⬧ **Blackwell v. Eskin 2006 Phila. Ct. Com. Pl. LEXIS 125**
Pa. C.P., Philadelphia Cty., Civ. Div. | 2006-03-14

**Matching legal concepts:**

**Reckless Disregard | Defining Actual Malice | Probable Falsity | High Degree Of Awareness | Right To Recover | Severe Restrictions | Defamation | Public Figure | New York**

**Outcome:** In an opinion filed in response to basketball coach's appeal, trial court opined that its grant of summary judgment in favor of a sportscaster should be affirmed. Plaintiff, a public figure, failed to present evidence that sportscaster's statement regarding coach's involvement in theft incident was made with actual malice.

**Relevant passage:** The United States Supreme Court has placed "severe restrictions on a public figure-plaintiff's

Download: Results List for: Brief Analysis:

rights to recover in defamation." Norton v. Glenn, 580 Pa. 212, 860 A.2d 48 (Pa. 2004). It has defined actual malice as a statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times v. Sullivan, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). A statement is made with reckless disregard if the speaker makes it with a "high degree of awareness of…[its] probable falsity." Garrison v. Louisiana, 379 U.S. 64, 74, 85 S. Ct. 209, 13 L. Ed. 2d 125 (1964).

 **Rubin v. CBS Broad., Inc. 2016 Phila. Ct. Com. Pl. LEXIS 30**
Pa. C.P., Philadelphia Cty., Civ. Div. | 2016-01-20

**Motion type:**
motion for judgment on the pleadings | Granted

**Matching legal concepts:**

**Defamation Case | Serious Doubt | Actual Malice | Reckless Disregard | Truth | Publication**

**Outcome:** In support of an affirmance under Pa.R.A.P. 1925(a), judgment on the pleadings under Pa.R.C.P. No. 1034 was properly granted to a reporter and the broadcasting company in a school police officer's action, alleging defamation and false light invasion of privacy, because a news report regarding his employment termination was not actionable.

**Relevant passage:** In defamation cases, actual malice is established where the defendant made the statement with knowledge that it was false or with reckless disregard for "serious doubts as to the truth of his publication." Castellani v. Scranton Times, L.P., 633 Pa. 230, 124 A.3d 1229, 1235 (2015) (quoting Norton v. Glenn, 580 Pa. 212, 224, 860 A.2d 48, 55 (2004)).

 **Franklin Prescriptions, Inc. v. New York Times Co. 424 F.3d 336**
3rd Circuit - Court of Appeals | 2005-09-12

**Matching legal concepts:**

**Actual Malice | Showing Of Knowledge | Negligence Of Defendant | Mere Negligence | Negligent Action | Reckless Disregard | New York | Publication**

**Outcome:** Plaintiff was not entitled to a new trial on its defamation claim because the district court accurately charged that the jury could award compensation based on harm to reputation alone; while omitting the term \"defamation per se,\" the jury charge made clear that plaintiff was not required to prove financial harm.

**Relevant passage:** The word "or" leaves open the possibility that the jury's "yes" to question five represented its belief that the New York Times acted negligently. Mere negligence does not rise to the level of actual malice, which requires a showing of knowledge or reckless disregard of the publication's falsity. See Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 54 (Pa. 2004) ("actual malice will not be made out on a mere showing that the media defendant was negligent").

 **Castellani v. Scranton Times, L.P. 633 Pa. 230**
Pennsylvania Supreme Court | 2015-04-08

**Matching legal concepts:**

**Actual Malice | Truth | Reckless Disregard Of The Truth | Wanton Or Reckless Conduct | Substantial Evidence | Serious Doubt | Further Appeal | Republication | Publication | Demonstrate**

Download: Results List for: Brief Analysis:

**Outcome:** County officials, in a defamation action against a newspaper, regarding the newspaper's publication of articles concerning the county officials' testimony before a grand jury, were entitled to admit judicial opinions at trial because the opinions were relevant and admissible as evidence of the newspaper's alleged malicious state of mind.

**Relevant passage:** On further appeal to this Court, we accepted review in Weaver to determine whether the republication of the letter could be used as substantive evidence of the author's "actual malice" in publishing the letter the first time. Id. at 900. We began our analysis by noting that actual malice can be proven by demonstrating that the defendant subjectively "acted with reckless disregard for the truth '[by entertaining] serious doubts as to the truth of his publication.'" Id. at 903 (quoting Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 55 (Pa. 2004)).


 **Isiminger v. Davis 2015 Pa. Super. Unpub. LEXIS 748**
Pennsylvania Superior Court | 2015-04-06

**Matching legal concepts:**

**Defamation | Actual Malice | Abandonment | Actual Malice Standard | Private Figure | Defamation Action | Required To Prove | Alleged Statement | Public Figure | Action Filed | Public Official**

**Relevant passage:** Likewise, whether or not Davis made the alleged statements with malice is not relevant, given our determination that the statements are not defamatory. See id. However, we observe Appellant is a private figure; therefore, Appellant was not required to prove the comments were made with actual malice. See Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 56 (Pa. 2004) (concluding, "the U.S. Supreme Court has, pursuant to the actual malice standard, provided considerable protection to defendants in defamation actions filed by public officials and public figures[]" and declining to abandon the standard in Pennsylvania).


➕ **Trivedi v. Slawecki 2014 U.S. Dist. LEXIS 167250**
Middle Dist. Pa. | 2014-12-03

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Defamation | Negligence | Actual Malice Standard | Negligence Of Defendant | Imposing Liability | Defamation Action | Burden Of Proof | Recent Vintage | Defamatory Statement | Public Figure | Public Official | Forbid | Failure | Instance**

**Relevant passage:** As the Superior Court of Pennsylvania observed in a case of recent vintage: The burden of proof imposed is substantial, as "[t]he actual malice standard goes so far as to forbid imposition of liability even in those instances where the defendant negligently publishes false, defamatory statements about a public figure or public official." Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 56 (2004), cert. denied, 544 U.S. 956, 125 S.Ct. 1700, 161 L.Ed.2d 539 (2005). Indeed, "[f]ailure to check sources, or negligence alone, is simply insufficient to maintain a cause of action for defamation.

## Argument recommendations for key passage (1)


**BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS PURSUANT TO Pa.R.C.P. 1028**
BOEHM v. STULZ, 2021 PA C.P. CT. MOTIONS LEXIS 2497
Law firm: Elliott & Davis, P.C.
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-01-28

Download: Results List for: Brief Analysis:

**Argument:**

In that the Plaintiff is a public figure, the actual malice standard must be applied to him. The United States Supreme Court has placed "severe restrictions on public figures' rights to recover in defamation cases." Norton v. Glenn. 860 A.2d 48 (Pa. 2004). To establish actual malice, it must be plead and proven that the Defendant acted with knowledge or reckless disregard of the falsity of the objectionable statements. The actual malice standard is not satisfied merely through a showing of ill will or malice in the ordinary sense of the term nor can the fact that the Defendant published the defamatory material suffice to prove actual malice. Harte-Hanks Communications. Inc. v. Connaughton. 491 U.S. 657, 667 (1989).

## Key Passage 5

Applying these rigorous requirements, Plaintiff's defamation claim fails in at least four independent respects: (A) the Complaint does not identify a specific defamatory statement attributable to Defendant Youngblood; (B) it fails to allege falsity with factual support; (C) it does not plausibly plead actual malice, as required for public figures; and (D) it fails to allege publication and reputational harm with the specificity required under both Rule 8 and Pennsylvania law.

The Court's April 25, 2025, Memorandum Opinion—while resolving only the procedural applicability of the Anti-SLAPP statute—nonetheless made several critical observations that substantively reinforce Defendant's arguments under Rule 12(b)(6). The Court noted, for example, that Plaintiff's Complaint is "repetitive and heavy on rhetoric" and fails to identify with clarity the specific allegedly defamatory statements made by Defendant Youngblood. It also observed that Plaintiff's allegations rely on conclusory assertions and lack factual content supporting core elements such as falsity and malice. Although these observations were not dispositive in the Court's prior ruling, they directly mirror the Rule 12(b)(6) arguments raised in this motion and further demonstrate that Plaintiff's defamation and conspiracy claims are not merely weak—they are legally deficient. These issues, already apparent on the face of the pleadings and acknowledged by the Court, independently warrant dismissal.

## Cases recommended for key passage 5 (1)

✪ **Trivedi v. Slawecki 2012 U.S. Dist. LEXIS 169128**
Middle Dist. Pa. | 2012-11-28

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Public Figure | Defamation | Actual Malice | Reckless Disregard Of The Truth | Alleged Defamatory Statement | Defamatory Falsehood | Knowledge Of Falsity | Exceedingly Rare | Additional Burden | Defamation Claim | Blue Cross | Health Care | Complain**

**Relevant passage:** Defendant's second argument is that Plaintiffs' complaint fails to sufficiently allege that Defendant published the allegedly defamatory statements with actual malice. A public figure who brings a defamation claim has the additional burden of pleading actual malice, that is, "that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth." Gertz., 418 U.S. at 343. In Gertz, the Supreme Court identified three classes of public figures: "those who achieve such stature or notoriety that they are considered public figures in all contexts; those who become public figures involuntarily, but these are 'exceedingly rare'; and those who are deemed public figures only within the context of a particular public dispute." U.S. Healthcare, Inc. v. Blue Cross of Greater Phila., 898 F.2d 914, 938 (3d Cir. 1990) (quoting Gertz, 418 U.S. at 345).

## Key Passage 6

Moreover, the Pennsylvania Superior Court in *Blackwell v. Eskin* emphasized that even where statements are

Download: Results List for: Brief Analysis:

embarrassing or upsetting, the plaintiff must demonstrate their precise defamatory content and origin. "The mere incantation of harm or reputational injury, without identifying the defamatory words and the speaker, is insufficient." **916 A.2d 1123, 1128–29** (Pa. Super. Ct. 2007). That standard is plainly not satisfied here.

## Cases recommended for key passage 6 (5)

**Ⓐ Pecha v. Botta 2014 U.S. Dist. LEXIS 138007**
Western Dist. Pa. | 2014-09-30

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Defamation | Injury To Reputation | Defamatory Meaning | Question Of Law | Daily News | Third Person | Harm**

**Relevant passage:** A statement is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Tucker v. Phila. Daily News, 577 Pa. 598, 848 A.2d 113, 124 (Pa. 2004). Whether a statement is capable of a defamatory meaning is a question of law for the court. Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa. Super. 2007) (citing Tucker, 848 A.2d at 123).

**✛ Byars v. Sch. Dist. 942 F. Supp. 2d 552**
Eastern Dist. Pa. | 2013-04-30

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Defamation | Injury To Reputation | Defamatory Meaning | Question Of Law | Daily News | Third Person | Harm**

**Relevant passage:** A statement is defamatory if it tends to harm the reputation of another so  as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Tucker v. Phila. Daily News, 577 Pa. 598, 848 A.2d 113, 124 (Pa. 2004). Whether a statement is capable of a defamatory meaning is a question of law for the court. Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa. Super. Ct. 2007) (citing Tucker, 848 A.2d at 123).

**Gooden v. Walton 2022 U.S. Dist. LEXIS 164648**
Eastern Dist. Pa. | 2022-09-13

**Matching legal concepts:**

**Defamation | Defamatory Character | Harm | Pleading Requirements | Special Harm | Defamatory Meaning | Defamation Claim | Daily News | Legal Question | Third Party | Communication**

**Relevant passage:** In either case, to state a defamation claim under Pennsylvania law, a plaintiff must allege (1) the communication has a defamatory character, (2) the defendant published it, (3) it applies to the plaintiff, (4) the recipient understands its defamatory meaning, (5) the recipient understands it is intended to apply to the plaintiff and (6) special harm. 42 Pa. Stat. and Cons. Stat. § 8343(a). A statement has a defamatory character—a legal

Download: Results List for: Brief Analysis:

question for the court—if it lowers the plaintiff in the community's estimation or deters third parties from dealing or associating with him by harming his reputation. Tucker v. Phila. Daily News, 577 Pa. 598, 848 A.2d 113, 124 (Pa. 2004); Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa. Sup. Ct. 2007).

⚠ **Hudak v. Times Publ'g Co. 534 F. Supp. 2d 546**
Western Dist. Pa. | 2008-01-25

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Defamation | Challenged Statement | Injury To Reputation | Proper Conduct | Defamatory Meaning | Burden Of Establishing | Daily News | Adversely Affect | Third Party | Harm | Communication**

**Outcome:** A publishing company and two of its employees were granted summary judgment in this defamation action because judicial proceedings regarding criminal charges fell squarely within the ambit of the fair report privilege and plaintiff failed to show that the publishing company and its employees abused the privilege.

**Relevant passage:** Initially, it is the Plaintiff's burden of establishing that the challenged statement is capable of defamatory meaning. To prove defamation, the plaintiff must show that the challenged statement "tends so to harm [his reputation] as to lower him in the estimation of the community or to deter third parties from associating or dealing with him." Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa. Super. 2007) (quoting Tucker v. Philadelphia Daily News, 577 Pa. 598, 848 A.2d 113, 124 (Pa. 2004)). A communication is also defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession.

ℹ **Whiting v. Safe Auto Ins. Co. 2016 U.S. Dist. LEXIS 94923**
Eastern Dist. Pa. | 2016-07-20

**Matching legal concepts:**

**Defamation | Injury To Reputation | Fail To State A Claim | Defamatory Meaning | Threshold Issue | Complain | Communication**

**Relevant passage:** Safe Auto argues that Count II fails to state a claim for defamation upon which relief can be granted because the Corrected Amended Complaint does not allege that it has made any statements about Plaintiff that were actually defamatory. "Whether a communication is capable of defamatory meaning is a 'threshold issue' to be determined by the court." Burton v. Teleflex Inc., 707 F.3d 417, 434 (3d Cir. 2013) (citing Kurowski v. Burroughs, 2010 PA Super 69, 994 A.2d 611, 617 (Pa. Super. Ct. 2010); Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa. Super. Ct. 2007)). "In order to be actionable, the words must be untrue, unjustifiable, and injurious to the reputation of another." Joseph, 959 A.2d at 334 (citing 42 Pa. Cons. Stat. Ann. § 8343(a)).

## Key Passage 7

In defamation claims brought by public figures, falsity is not presumed. Rather, it is a constitutionally required element that must be affirmatively pled and ultimately proven by the plaintiff. See *Norton v. Glenn*, **580 Pa. 212, 223**, 860 A.2d 48, 55 (2004) (placing burden on public figure plaintiffs to prove falsity when the statements concern matters of public interest). Courts have made clear that general denials or self-serving declarations of "this didn't happen" are insufficient to establish falsity under the *Twombly/Iqbal* standard.

Download: Results List for: Brief Analysis:

## Cases recommended for key passage 7 (5)

### Mendelson v. Morning Call 2002 Pa. Dist. & Cnty. Dec. LEXIS 245
Pa. C.P., Lehigh Cty., Civ. Div. | 2002-11-24

**Matching legal concepts:**

**Alleged Defamatory Statement | Public Figure | Actual Malice**

**Relevant passage:** Norton v. Glenn, 580 Pa. 212, 860 A.2d 48 (2004), cert. denied, Troy Pub. Co., Inc. v. Norton, 544 U.S. 956, 125 S.Ct. 1700 (2005). Such public figures must prove that an allegedly defamatory statement was published with actual malice, i.e. with knowing falsity. Manning v. WPXI, Inc., 886 A.2d 1137, 1143-1144 (Pa. Super. 2005), appeal denied, 589 Pa. 731, 909 A.2d 305 (2006).

### Ⓐ Isiminger v. Davis 2015 Pa. Super. Unpub. LEXIS 748
Pennsylvania Superior Court | 2015-04-06

**Matching legal concepts:**

**Defamation | Actual Malice | Abandonment | Actual Malice Standard | Private Figure | Defamation Action | Required To Prove | Alleged Statement | Public Figure | Action Filed | Public Official**

**Relevant passage:** Likewise, whether or not Davis made the alleged statements with malice is not relevant, given our determination that the statements are not defamatory. See id. However, we observe Appellant is a private figure; therefore, Appellant was not required to prove the comments were made with actual malice. See Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 56 (Pa. 2004) (concluding, "the U.S. Supreme Court has, pursuant to the actual malice standard, provided considerable protection to defendants in defamation actions filed by public officials and public figures[]" and declining to abandon the standard in Pennsylvania).

### Ⓐ Mendelson v. Morning Call, Inc. 2007 Pa. Dist. & Cnty. Dec. LEXIS 256
Pa. C.P., Lehigh Cty., Civ. Div. | 2007-09-04

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Alleged Defamatory Statement | Public Figure | Actual Malice**

**Outcome:** In a real state developer's defamation and invasion of privacy action, a newspaper and its reporter were entitled to summary judgment because the developer was a public figure based on his public criticism of public officials regarding the decline of his landmark buildings, and as a public figure, the developer failed to show actual malice.

**Relevant passage:** Norton v. Glenn, 580 Pa. 212, 860 A.2d 48 (2004), cert. denied, Troy Pub. Co., Inc. v. Norton, 544 U.S. 956, 125 S.Ct. 1700, 161 L. Ed. 2d 539 (2005). Such public figures must prove that an allegedly defamatory statement was published with actual malice, i.e. with knowing falsity. Manning v. WPXI, Inc., 2005 PA Super 343, 886 A.2d 1137, 1143-1144 (Pa. Super. 2005), appeal denied, 589 Pa. 731, 909 A.2d 305 (2006).

### ✚ Blackwell v. Eskin 2006 Phila. Ct. Com. Pl. LEXIS 125
Pa. C.P., Philadelphia Cty., Civ. Div. | 2006-03-14

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Reckless Disregard | Defining Actual Malice | Probable Falsity | High Degree Of Awareness | Right To Recover | Severe Restrictions | Defamation | Public Figure | New York**

**Outcome:** In an opinion filed in response to basketball coach's appeal, trial court opined that its grant of summary judgment in favor of a sportscaster should be affirmed. Plaintiff, a public figure, failed to present evidence that sportscaster's statement regarding coach's involvement in theft incident was made with actual malice.

**Relevant passage:** The United States Supreme Court has placed "severe restrictions on a public figure-plaintiff's rights to recover in defamation." Norton v. Glenn, 580 Pa. 212, 860 A.2d 48 (Pa. 2004). It has defined actual malice as a statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times v. Sullivan, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). A statement is made with reckless disregard if the speaker makes it with a "high degree of awareness of…[its] probable falsity." Garrison v. Louisiana, 379 U.S. 64, 74, 85 S. Ct. 209, 13 L. Ed. 2d 125 (1964).

 **Trivedi v. Slawecki 2014 U.S. Dist. LEXIS 167250**
Middle Dist. Pa. | 2014-12-03

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Defamation | Actual Malice | Negligence | Actual Malice Standard | Negligence Of Defendant | Imposing Liability | Defamation Action | Burden Of Proof | Defamatory Statement | Public Figure | Public Official | Forbid | Failure | Instance**

**Relevant passage:** The burden of proof imposed is substantial, as "[t]he actual malice standard goes so far as to forbid imposition of liability even in those instances where the defendant negligently publishes false, defamatory statements about a public figure or public official." Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 56 (2004), cert. denied, 544 U.S. 956, 125 S.Ct. 1700, 161 L.Ed.2d 539 (2005). Indeed, "[f]ailure to check sources, or negligence alone, is simply insufficient to maintain a cause of action for defamation. Recklessness generally and in the context of actual malice is not easily shown." Tucker, supra, at 135.

## Argument recommendations for key passage (1)

**BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS PURSUANT TO Pa.R.C.P. 1028**
BOEHM v. STULZ, 2021 PA C.P. CT. MOTIONS LEXIS 2497
Law firm: Elliott & Davis, P.C.
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-01-28

**Argument:**
In that the Plaintiff is a public figure, the actual malice standard must be applied to him. The United States Supreme Court has placed "severe restrictions on public figures' rights to recover in defamation cases." Norton v. Glenn. 860 A.2d 48 (Pa. 2004). To establish actual malice, it must be plead and proven that the Defendant acted with knowledge or reckless disregard of the falsity of the objectionable statements. The actual malice standard is not satisfied merely through a showing of ill will or malice in the ordinary sense of the term nor can the fact that the Defendant published the defamatory material suffice to prove actual malice. Harte-Hanks Communications. Inc. v. Connaughton. 491 U.S. 657, 667 (1989).

Download: Results List for: Brief Analysis:

## Key Passage 8

A public figure alleging defamation must plausibly plead that the statement was made with "actual malice," meaning that the speaker either knew it was false or acted with reckless disregard for its truth. This is a constitutional prerequisite imposed by the First Amendment. *SeeNew York Times Co. v. Sullivan*, **376 U.S. 254, 279–80** (1964); *Norton*, **860 A.2d at 55** (Pa. 2004).

To meet this standard, Plaintiff must plead facts showing that Defendant Youngblood "in fact entertained serious doubts as to the truth of his publication" or had "obvious reasons to doubt" the veracity of his statements. Yet the Complaint contains no such allegations. The only references to malice appear as conclusory legal assertions— that Youngblood acted "intentionally and maliciously." (Compl. ¶ 60.) Such statements are precisely the sort of "threadbare recitals" that the Supreme Court in *Iqbal* held are insufficient to survive dismissal. **556 U.S. at 678**.

## Cases recommended for key passage 8 (8)

 **Tucker v. Phila. Daily News 2000 PA Super 183**
Pennsylvania Superior Court | 2000-06-28

**Matching legal concepts:**

**Public Figure | Actual Malice | Truth | Reckless Disregard Of The Truth | Clear And Convincing Evidence | Defamation Action | Serious Doubt | Inquiry**

**Outcome:** Where statements to the effect that appellants, who were of strong morals, were overly concerned about sex could be reasonably construed as defamatory, appellants established a prima facie case of defamation.

**Relevant passage:** When a defamation action concerns a public figure, such public figure is required to show by clear and convincing evidence that the publication is made with knowledge that the statements contained therein are false or with reckless disregard for the truth or falsity of the statements. This standard is known as "actual malice." The actual malice inquiry focuses on whether the publisher, in fact, entertained serious doubts regarding the truth or falsity of the published statements.

**Banonis v. Roney 2023 Pa. Super. Unpub. LEXIS 1060**
Pennsylvania Superior Court | 2023-05-01

**Matching legal concepts:**

**Actual Malice | Probable Falsity | High Degree Of Awareness | Challenged Statement | Defamation | Serious Doubt | Public Figure | Reckless Disregard | New York | Truth**

**Relevant passage:** Where the person alleging defamation is a public figure, he or she must prove "actual malice," i.e., that the challenged statement is made with knowledge that it is false or reckless disregard of whether it is false or not. See New York Times Co. v. Sullivan, 376 U.S. 254, 280, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). To plead actual malice, a plaintiff must assert that the speaker, at a minimum, entertained serious doubts about the truth of the publication or acted with a high degree of awareness of its probable falsity. See American Future Sys. Inc. v. Better Bus. Bureau, 592 Pa. 66, 923 A.2d 389, 395 n.6 (Pa. Super. 2007).

**A Mendelson v. Morning Call, Inc. 2007 Pa. Dist. & Cnty. Dec. LEXIS 256**
Pa. C.P., Lehigh Cty., Civ. Div. | 2007-09-04

**Motion type:**
motion for summary judgment | Granted

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Sufficient Evidence | Serious Doubt | Actual Malice | Truth | Publication | Permit**

**Outcome:** In a real state developer's defamation and invasion of privacy action, a newspaper and its reporter were entitled to summary judgment because the developer was a public figure based on his public criticism of public officials regarding the decline of his landmark buildings, and as a public figure, the developer failed to show actual malice.

**Relevant passage:** Norton, 860 A.2d at 56. To establish actual malice, there must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Manning, 886 A.2d at 1143-1144.

 **McDermott v. Biddle 436 Pa. Super. 94**
Pennsylvania Superior Court | 1994-07-08

**Matching legal concepts:**

**Actual Malice | Reckless Disregard | Truth | Defining Actual Malice | Defining Malice | Sufficient Evidence | Evidence Of Malice | Reasonably Prudent Man | Clear And Convincing Evidence | Defamation Action | Reckless Conduct | Constitutional Mandate | Serious Doubt | Public Figure | Liability | Public Official | Prerequisite | Investigation | Demonstrate | Permit**

**Outcome:** New trial for defamation actions was required where a jury returned inconsistent verdicts that the original article was not false but the reprint, containing a cartoon, was false; the inconsistency could not be reasonably explained.

**Relevant passage:** There is a requirement of clear and convincing evidence of actual malice in a public official or public figure defamation action as a constitutionally mandated prerequisite to liability. Actual malice is defined as knowledge that the statement was false or reckless disregard of whether it was false or not. Reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that a defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard to the truth or falsity which demonstrates actual malice.

Ⓐ **Nothstein v. United States Cycling 499 F. Supp. 3d 101**
Eastern Dist. Pa. | 2020-11-05

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Serious Doubt | Morning Call | Truth | Publication | Proof Of Failure | Fail To Investigate | Defamation | Actual Malice | Veracity | Liable | Portion | Demonstrate**

**Relevant passage:** Rather, "'actual malice' requires that 'the defendant in fact entertained serious doubts as to the truth of his publication.'" Id. (quoting St. Amant v. Thompson, 390 U.S. 727, 731, 88 S. Ct. 1323, 20 L. Ed. 2d 262 (1968)). The plaintiff does not point to a portion of the record that demonstrates USAC entertained any serious doubts about the veracity of the statements it made to The Morning Call. Even if USAC did not do enough to substantiate these allegations prior to talking to The Morning Call, it is not liable for defamation because "mere proof of failure to investigate, without more, cannot establish" such serious doubts as to the truth

Download: Results List for: Brief Analysis:

of the publication. Gertz, 418 U.S. at 332.

⚠ **Tucker v. Fischbein 237 F.3d 275**
3rd Circuit - Court of Appeals | 2001-01-09

**Matching legal concepts:**

**Sufficient Evidence | Defamation Action | Serious Doubt | Public Figure | Actual Malice | Reckless Disregard | Truth | Permit**

**Outcome:** Where crusader against \"gangsta-rap\" music sued various defendants for defamation, and summary judgment was granted againt her and her husband, evidence was insufficient to prove that all of the defendants had actual malice.

**Relevant passage:** Actual malice (for purposes of a defamation action) means knowledge that the statement was false or reckless disregard of whether it was false or not. A public figure must adduce sufficient evidence to permit the conclusion that the defendant entertained serious doubts as to the truth of his publication.

🔴 **Weaver v. Lancaster Newspapers, Inc. 2005 PA Super 165**
Pennsylvania Superior Court | 2005-05-02

**Matching legal concepts:**

**Actual Malice | Reckless Disregard | Truth | Negligence | Serious Doubt | Publication | Reckless Disregard Of The Truth | Failure To Verify | Sufficient Evidence | Evidence Of Malice | Reasonably Prudent Man | Clear And Convincing Evidence | Failure Of Defendant | Mere Negligence | Defamation | Veracity | Investigation | Demonstrate | Permit**

**Outcome:** Police officer who challenged publication of an inaccurate letter to the editor concerning him failed to show actual malice as required by the First Amendment where all credible evidence indicated that the letter's author was mistaken in fact and that the newspaper was careless, but did not act with reckless disregard for truth or falsity.

**Relevant passage:** To establish reckless disregard amounting to actual malice, a defamation plaintiff must produce clear and convincing evidence that the defendant, in fact, entertained serious doubts as to the truth of his publication. Reckless disregard for the truth, i.e., actual malice, is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice. Mere negligence or carelessness is not evidence of actual malice. A defendant's failure to verify his facts may constitute negligence, but does not rise to the level of actual malice. That is, while it arguably may be negligent not to check independently the veracity of information before publication, this fault does not rise to the level of actual malice.

🟧 **Joseph v. Scranton Times L.P. 2008 PA Super 217**
Pennsylvania Superior Court | 2008-09-18

**Matching legal concepts:**

**Truth | Reckless Disregard Of The Truth | Wanton Or Reckless Conduct | Sufficient Evidence | Good Faith | Purpose Of Establishing | Defamation Liability | Inherently Improbable | Obvious Reason | Serious Doubt | Actual Malice | In Good Faith | Immunity | Veracity | Informant | Circulation | Publication | Permit**

Download: Results List for: Brief Analysis:

**Outcome:** Appellees proved their defamation action against appellants pursuant to 42 Pa.C.S. § 8343(a) and appellants failed in their rebuttal pursuant to 42 Pa.C.S. § 8343(b)(1). Appellees proved the subject newspaper articles, written about a federal investigation, caused actual injury in harm to their reputation and lost profits.

**Relevant passage:** Rather, for the purposes of establishing that a defendant acted with reckless disregard for the truth, "[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." Norton v. Glenn, 580 Pa. 212, 860 A.2d 48, 55 (2004) (citing St. Amant v. Thompson, 390 U.S. 727, 731, 88 S. Ct. 1323, 20 L. Ed. 2d 262 (1968)). However, it is important to note that immunity from defamation liability is not guaranteed merely because a defendant protests that he published in good faith. Id. Actual malice can be shown when "the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation," or "where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports." Id. (citing St. Amant, 390 U.S. at 732).

## Argument recommendations for key passage (7)

**BRIEF IN SUPPORT OF DEFENDANT USA CYCLING, INC.'S MOTION FOR SUMMARY JUDGMENT**
NOTHSTEIN v. USA CYCLING, 2020 U.S. DIST. CT. MOTIONS LEXIS 525530
Eastern Dist. Pa. | 2020-04-13

**Motion type:**
Defendant's motion for summary judgment |

**Argument: 3. Nothstein Cannot Show Actual Malice By Clear and Convincing Evidence**
"[A]ctual malice means 'knowledge that [the statement] was false … or reckless disregard of whether it was false or not.'" Mallory, 260 F. Supp. 3d at 462 (quoting New York Times v. Sullivan, 376 U.S. 254, 279-80 (1964)). A public figure "must produce 'sufficient evidence to permit the conclusion that the defendant entertained serious doubts as to the truth of his publication.'" Id. (quoting St. Amant v. Thompson, 390 U.S. 727, 731 (1968)). Whether sufficient evidence exists to support a finding of actual malice is a question of law. Harte-Hanks Communications v. Connaughton, 491 U.S. 657, 685 (1989).

**DEFENDANT'S REPLY TO THE PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR RULE 11 SANCTIONS**
WENGUI GUO v. BIAO TENG, 2021 U.S. DIST. CT. MOTIONS LEXIS 55749
U.S. Dist. N.J. | 2021-08-21

**Motion type:**
Defendant's motion for sanctions |

**Argument: 1. Guo is a voluntary public figure. The First Amendment demands that the plaintiff who sues for defamation is to prove both that the statement was false and that it was made With "actual malice."**
d. When a limited purpose public figure sues for defamation, the First Amendment demands that the plaintiff prove both that the statement was false and that it was made with "actual malice." Marcone v. Penthouse Int'l Magazine for Men, 754 F2d 1072, 1087 (3d Cir. 1985) (referencing New York Times v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)). Actual malice is present when the statement is made "with knowledge that it was false of with reckless disregard of whether it was false or not." NY Times v Sullivan, 376 U.S. at 2S0.Reckless disregard "is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." St. Amdnt v, Thompson, 390 U.S. 727, 731 (1968). Rather, the plaintiff must allege "that the defendant in fact entertained serious doubts as to the truth. of his publication," id., of "purposefully avoided contradictory information due to the publisher's doubts as to the truth of his own statements." MzAmane, 693 F. Supp. 2d at 506; see also Gertz,418U.S.at 335 n.6).

Download: Results List for: Brief Analysis:


**BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS PURSUANT TO Pa.R.C.P. 1028**
BOEHM v. STULZ, 2021 PA C.P. CT. MOTIONS LEXIS 2497
Law firm: Elliott & Davis, P.C.
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-01-28


**Argument:**
Pursuant to the United States Supreme Court ruling in Gertz v. Robert Welch, Inc., 418 U.S. 323 (1972), the Plaintiff is a limited purpose public figure. In order to establish a claim for defamation as a public figure, the Plaintiff must prove with "convincing clarity" that the Defendant acted with actual malice. New York Times v. Sullivan. 376 U.S. 254 (1964).


**DEFENDANT MARC SIMON, M.D.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
WANG v. UNIVERSITY OF PITTSBURGH, 2021 U.S. DIST. CT. MOTIONS LEXIS 89141
Western Dist. Pa. | 2021-04-09


**Motion type:**
Defendant's motion to dismiss |


**Argument: B. Dr. Wang is a Limited Purpose Public Figure and Cannot Prove "Actual Malice"**
Dr. Wang thrust himself into the public when he submitted the Subject Article to be read by the world and, therefore, should be deemed a "limited purpose public figure." To show defamation, a public figure (even if just a "limited purpose public figure") must prove that the publisher acted with "actual malice." Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa., 923 A.2d 389, 400 (Pa. 2007). A "limited purpose public figure" is an individual who "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." Gertz, 418 U.S. at 351. "Actual malice" is a term of art that does not connote ill will or improper motivation. Rather, it requires that the publisher either know that its article was false or publish it with "reckless disregard" for its truth. Id. at 399 n.12. The First Amendment requires this demanding standard. N.Y. Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964).


**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR. MORE DEFINITE STATEMENT**
LOSEGO v. KOSOL, 2021 U.S. DIST. CT. MOTIONS LEXIS 603499
Law firm: MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Eastern Dist. Pa. | 2021-07-01


**Motion type:**
Defendant's motion to dismiss |


**Argument:**
9. In addition, Plaintiffs claim for Slander fails because Plaintiff was. public figure and Defendant's alleged statements are protected speech under the First Amendment. New York Times v. Sullivan, 376 U.S. 254, (1964). Plaintiff has not, and cannot, made claims of actual malice on the part of Defendants sufficient to overcome the First Amendment limitations on state law defamation claims. Even if actual malice were asserted, Plaintiff could not satisfy his burden of proving this requisite element by clear and convincing evidence.


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**
RHODES v. NICOLE PRAUSE & LIBEROS LLC, 2021 U.S. DIST. CT. MOTIONS LEXIS 72947
Western Dist. Pa. | 2021-06-21


**Motion type:**

Download: Results List for: Brief Analysis:

motion to dismiss |

**Argument: 2. There is No Probability that Mr. Rhodes' claims can succeed.**
Under California law, an individual becomes a public figure when there is a public controversy, the plaintiff undertakes some voluntary act through which he or she seeks to influence resolution of the issue, and the statements at issue are germane to that controversy. See Copp v. Paston, 45 Cal.App.4th 829, 845-46 (1996). Here, Mr. Rhodes thrust himself into a public debate surrounding pornography addiction by creating the NoFap website and accepting various national speaking engagements. Additionally, since the statements at issue concern this public debate, Mr. Rhodes must prove, by clear and convincing evidence, that the allegedly defamatory statements were made with knowledge of their falsity or with reckless disregard for their truth. New York Times Co. v. Sullivan, 376 U.S. 254, 279-280 (1964).

**DEFENDANT USA GYMNASTICS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT AND MEMORANDUM OF LAW**
WEST v. USA GYMNASTICS, INC., 2021 U.S. DIST. CT. MOTIONS LEXIS 150767
Eastern Dist. Pa. | 2021-06-15

**Motion type:**
Defendant's motion to dismiss |

**Argument: 4. The Safe Sport Act's Immunity Provision**
First, the Amended Complaint does not allege that USAG acted with actual malice. In using the phrase "actual malice," Congress presumably intended to incorporate the very high bar for defamation claims set forth in New York Times v. Sullivan, 376 U.S. 254 (1963). Under Sullivan, "actual malice" requires that a person acted with knowledge of the falsity of a statement or with reckless disregard to a statement's truth or falsity. Id at 280.

## Key Passage 9

A defamation claim—particularly one brought by a self-identified public figure—must allege with precision that the challenged statements were (1) published by the defendant to a third party and (2) understood by the recipient as referring to the plaintiff in a defamatory sense, and (3) that such publication caused reputational or pecuniary harm. See **42 Pa. Cons. Stat. § 8343(a)(2)**– (6). Pennsylvania law places the burden squarely on the plaintiff to prove publication and resulting harm, and federal pleading standards under Rule 8 require that these allegations be stated with non-conclusory, plausible factual support. See *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425, 430–31 (E.D. Pa. 2003) (noting that general allegations of reputational harm or "publication" without factual detail are insufficient to withstand dismissal).

## Cases recommended for key passage 9 (8)

Ⓐ **Benckini v. Upper Saucon Twp. 2005 U.S. Dist. LEXIS 23765**
Eastern Dist. Pa. | 2005-10-17

**Motion type:**
motion for summary judgment | Granted
motion for summary judgment | Granted

**Matching legal concepts:**

**State Law Defamation | Harm To The Plaintiff | Privileged Occasion | Special Harm | Defamatory Communication | Defamation Claim | Individual Defendant | Abuse | New York | Publication | Attempt**

**Outcome:** A township could not be held liable under 42 U.S.C.S. § 1983 for an excessive force claim made by a property owner who contended that, during an arrest, he was handcuffed too tightly. The property owner failed to

put forward any evidence of a municipal policy or custom to use excessive force in handcuffing and detaining arrestees.

**Relevant passage:** Insomuch as Benckini has attempted to bring a state law defamation claim, that too must fail. Under Pennsylvania law, a claim for defamation requires: (1) a defamatory communication; (2) published by defendant; (3) applied to plaintiff; (4) understood by the recipient to be defamatory; (5) understood by the recipient to apply to plaintiff; (6) special harm to plaintiff resulting from the publication; and (7) abuse of a conditionally privileged occasion. See 42 PA. CONS. STAT. ANN. § 8343(a) (2004); see also Franklin Prescriptions, Inc. v. New York Times Co., 2004 U.S. Dist. LEXIS 15342, Civ. A. No. 01-145, 2004 WL 1770296, at *4 n.16 (E.D. Pa. Aug. 5, 2004). Again, there are no individual defendants before the Court.

**Ⓐ Romano v. Young 2011 U.S. Dist. LEXIS 10986**
Eastern Dist. Pa. | 2011-02-02

**Matching legal concepts:**

**Defamation | Harm | Communication | Injury To Reputation | Defamatory Character | Privileged Occasion | Special Harm | Defamatory Meaning | Abuse | New York**

**Outcome:** In a § 1983 claim brought by a mother on behalf of herself and her minor child, there was a genuine issue of material fact as to whether an off-duty police officer's sexual assaults of the minor were a plainly obviously consequence of a township's failure to investigate stalking allegations against the officer.

**Relevant passage:** In order to prove a claim for defamation in Pennsylvania, a plaintiff must prove: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a). A communication is defamatory if it tends to harm the reputation of another. Franklin Prescriptions, Inc., v. The New York Times Co., 267 F. Supp. 2d 425, 434 (E.D. Pa. 2003).

**⚠ Puchalski v. Sch. Dist. of Springfield 161 F. Supp. 2d 395**
Eastern Dist. Pa. | 2001-03-30

**Motion type:**
motion for summary judgment | Partial

**Matching legal concepts:**

**Defamation | Communication | Defamatory Meaning | Defamatory Communication | Defamation Claim**

**Outcome:** In case rising out of decision not to renew the contract of plaintiff as head high school football coach only plaintiff's claims of age discrimination and defamation claim survived summary judgment.

**Relevant passage:** To sustain a defamation claim, a plaintiff must prove a defamatory communication was published by the defendant which applied to plaintiff and that the recipient understood its defamatory meaning and understood that the communication was intended to apply to plaintiff. 42 Pa. Cons. Stat. Ann. § 8343(a).

**⚠ Wilson v. Aerotek, Inc. 2018 U.S. Dist. LEXIS 39097**
Middle Dist. Pa. | 2018-03-08

**Matching legal concepts:**

Download: Results List for: Brief Analysis:

**Defamation | Allegedly Defamatory | Privilege | Publication | Communication | Defamatory Nature | Privileged Character | Privileged Occasion | Special Harm | Defamatory Meaning | Defamatory Communication | Defamation Claim | Public Concern | Blue Cross | Health Care | Third Party | Abuse | Truth**

**Relevant passage:** Under Pennsylvania law, a plaintiff must prove the following: (1) the defamatory nature of a communication; (2) its publication by the defendant to a third party; (3) its application to the plaintiff; (4) the understanding of the recipient of its defamatory meaning; (5) the understanding by the recipient that the statement applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343; Joseph v. Scranton Times L.P., 634 Pa. 35, 129 A.3d 404, 425 (Pa. 2015). A defendant can prevail against a defamation claim by proving (1) the truth of the allegedly defamatory communication; (2) the privileged character of the occasion on which it was published; or (3) the character of the allegedly defamatory comment as of public concern. 42 Pa. Cons. Stat. Ann. § 8343; U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914, 923 (3d Cir. 1990).

 **Gruninger v. America's Servicing Co. 2010 U.S. Dist. LEXIS 15139**
Eastern Dist. Pa. | 2010-02-22

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Defamation | Publication | Defense Of Truth | Defamatory Character | Privileged Occasion | Special Harm | Absolute Defense | Defamatory Meaning | Defamation Claim | Abuse | Communication**

**Outcome:** When a consumer sued a loan servicer under the FDCPA for imposing an escrow account, the servicer was entitled to summary judgment because the consumer's mortgage loan was not in default when the servicer obtained it so, under 15 U.S.C.S. § 1692a(6)(F)(iii), the efforts to collect it did not make the servicer a debt collector subject to the FDCPA.

**Relevant passage:** Under Pennsylvania law, a plaintiff bringing a defamation claim must prove: (1) the defamatory character of a communication, (2) its publication by the defendant, (3) its application to the plaintiff, (4) the understanding by the recipient of its defamatory meaning, (5) the understanding by the recipient of it as intended to be applied to the plaintiff, (6) special harm resulting to the plaintiff from its publication, and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. § 8343(a). Truth is an absolute defense to a claim for defamation. 42 Pa. Cons. Stat. § 8343(b).

 **Byrd v. Sacco 2006 Phila. Ct. Com. Pl. LEXIS 291**
Pa. C.P., Philadelphia Cty., Civ. Div. | 2006-06-30

**Motion type:**
motion for new trial | Granted

**Matching legal concepts:**

**Burden Of Proof | Publication | Defamatory Character | Privileged Occasion | Special Harm | Defamation Action | Defamatory Meaning | Defamation Claim | Abuse | Communication**

**Outcome:** After a jury awarded damages against a neighbor in a police sergeant's defamation action, a trial court recommended reversing its order that had granted a new trial to the neighbor because, on further review, it found that she had waived a claim that damages were unproven by failing to raise it in her post-trial brief or at the

Download: Results List for: Brief Analysis:

motion hearing.

**Relevant passage:** A plaintiff's burden of proof on a defamation claim, as codified at 42 Pa. Cons. Stat. § 8343, is as follows: In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised, (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. § 8343(a).

 **Ober v. Miller 2007 U.S. Dist. LEXIS 93236**
Middle Dist. Pa. | 2007-12-18

**Motion type:**
motion for summary judgment | Partial
motion for summary judgment | Denied

**Matching legal concepts:**

**Defamation | Communication | Defense Of Truth | Granting Summary Judgment | Prima Facie Claim | Alleged Defamatory Statement | Special Harm | Absolute Defense | Defamatory Meaning | Defamation Claim | Hospital | Health | Publication | Suffer**

**Relevant passage:** To establish a prima facie claim of defamation pursuant to Pennsylvania law, a plaintiff must prove that: (1) the communication was defamatory in nature, (2) the communication was published by the defendant, (3) the communication applied to the plaintiff, (4) the recipient of the communication understood its defamatory meaning and its application to the plaintiff, and (5) the plaintiff suffered special harm as a result of the communication's publication. 42 PA. CONS. STAT. ANN. § 8343(a); see also Zugarek v. S. Tioga Sch. Dist., 214 F. Supp. 2d 468, 480 (M.D. Pa. 2002). Truth is an absolute defense to a defamation claim. See 42 PA. CONS. STAT. ANN. § 8343(b); see also Weaver v. Lancaster Newspapers, Inc., 592 Pa. 458, 926 A.2d 899, 903 (Pa. 2007); Bakare v. Pinnacle Health Hospitals, Inc., 469 F. Supp. 2d 272, 298 (M.D. Pa. Aug 24, 2006) (granting summary judgment in favor of defendant on ground that alleged defamatory statement was true).

 **Graboff v. Collern Firm 2010 U.S. Dist. LEXIS 118732**
Eastern Dist. Pa. | 2010-11-08

**Unfavorable**

**Motion type:**
motion to dismiss | Denied

**Matching legal concepts:**

**Defamation | Publication | Pleading Requirements | Defamatory Character | Privileged Occasion | Special Harm | Defamatory Meaning | Defamation Claim | Abuse | River**

**Relevant passage:** Under Pennsylvania law, the elements of a defamation claim are provided in 42 Pa. Cons. Stat. Ann. § 8343(a). Ortiz v. Del. River Port Auth., No. 09-6062, 2010 U.S. Dist. LEXIS 48143, 2010 WL 1994911, at *3 (E.D. Pa. May 17, 2010) (quoting 42 Pa. Cons. Stat. Ann. § 8343(a) (West 2010)). Section 8343 provides that to state a claim for defamation a plaintiff must allege: "(1) The defamatory character of the communication; (2) Its publication by the defendant; (3) Its application to the plaintiff; (4) The understanding by the recipient of its defamatory meaning; (5) The understanding by the recipient of it as intended to be applied to the plaintiff; (6) Special harm resulting to the plaintiff from its publication; and (7) Abuse of a conditionally privileged occasion."

Download: Results List for: Brief Analysis:

## Argument recommendations for key passage (7)

**PLAINTIFFS MICHAEL D. TOTH AND LINAWATI TOTH'S BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**
TOTH v. TOTH, 2021 PA C.P. CT. MOTIONS LEXIS 612
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-01-14

**Motion type:**
Plaintiff's motion for preliminary injunction / TRO |

**Argument: E. Plaintiffs Will Succeed on Their Defamation Claim Because Defendants Have Made False Statements to Third Parties about Plaintiff Michael Toth and Their Removal of Him and Plaintiff Linawati Toth from the Company That Have Caused Them Reputational Harm**
Plaintiffs will succeed on the merits of their defamation claim because Defendants have made numerous intentional, false statements to employees and Company clients and business partners about the Plaintiffs' termination and disassociation from LSI that have caused them reputational harm. In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. C.S. § 8343. "[A] private figure defamation plaintiff, [as Plaintiffs are here], seeking compensation for harm inflicted as a result of the publication of defamatory matter, must prove that the defamatory matter was published with 'want of reasonable care and diligence to ascertain the truth' or, in the vernacular, with negligence." Rutt v. Bethlehems' Globe Publ'g Co., 484 A.2d 72, 83 (Pa. Super. 1984). The communication must tend to lower a person in the estimation of the community, deter third persons from associating with him, or adversely affect his fitness for the proper conduct of his lawful business or profession, they are deemed defamatory. Joseph v. Scranton Times L.P., 959 A.2d 322, 334 (Pa. Super. 2008) (citing MacElree v. Phila. Newspapers, Inc., 544 Pa. 117, 674 A.2d 1050, 1054 (Pa. 1996)).

**CIVIL ACTION**
VINCO VENTURES v. MILAM KNECHT & WARNER, 2021 U.S. DIST. CT. MOTIONS LEXIS 613855
Law firm: JACOBS LAW GROUP, P.C.
Eastern Dist. Pa. | 2021-04-12

**Motion type:**
motion to dismiss |

**Argument: 2. Plaintiffs Have Failed to Plead the Elements of a Defamation Claim Under California and Pennsylvania Law**
Similarly, to demonstrate a prima facie claim for defamation under Pennsylvania law a plaintiff must establish: (1) the defamatory character of the communication; (2) the publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a); In re Philadelphia Newpapers, LLC, 690 F.3d 161, 173-74 (3d Cir. 2012).

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MILLENNIUM PHARMACY SYSTEMS, LLC, PHARMERICA CORPORATION, SURESH VISHNUBHATLA, GREGORY WEISHAR, THOMAS CANERIS, ESQ., AND MARKUS WAITE FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS IV-VI OF PLAINTIFF'S AMENDED COMPLAINT [DOC. 30]**

Download: Results List for: Brief Analysis:

STURGEON v. MILLENNIUM PHARM. SYS. LLC, 2021 U.S. DIST. CT. MOTIONS LEXIS 87943
Law firm: BUCHANAN INGERSOLL & ROONEY PC
Western Dist. Pa. | 2021-07-08

**Motion type:**
Defendant's motion for summary judgment |

**Argument: A. Legal Standard**
Count IV of the Amended Complaint asserts a claim for defamation per se claim against Mr. Caneris. (Amended
Complaint [Doc. 30], PP 76-83). To establish defamation under Pennsylvania law, the plaintiff must prove: "(1)
[t]he defamatory character of the communication; (2) its publication by the defendant; (3) its application to the
plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient
of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7)
abuse of a conditionally privileged occasion." 42 Pa. Cons. Stat. § 8343(a); Patel v. Patel, Civil Action No. 14-
2949, 2015 U.S. Dist. LEXIS 149571, at *11 (E.D. Pa. Nov. 4, 2015). A statement has a defamatory meaning
when it "tends to so harm the reputation of another as to lower him in the estimation of the community or to deter
third persons from associating or dealing with him." Id. at *11-12 (internal quotations and citations omitted).
Whether a statement has a defamatory meaning is a question of law for the Court. Id. at *11.


**STATE FARM'S MOTION TO DISMISS THE LUGIANO ENTITIES' AMENDED COUNTERCLAIM**
STATE FARM MUT. AUTO. INS. CO. v. LUGIANO, 2021 U.S. DIST. CT. MOTIONS LEXIS 67579
Eastern Dist. Pa. | 2021-06-16

**Motion type:**
motion to dismiss |

**Argument: ARGUMENT**
To sustain a defamation claim, a plaintiff must plead sufficient facts to establish (1) the defamatory character of the
communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by
the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to
the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally
privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a). A statement is deemed defamatory "if it tends to blacken
a person's reputation or expose him to public hatred, contempt, or ridicule, or injure him in his business or
profession." Joseph v. Scranton Times L.P., 959 A.2d 322, 334 (Pa. Super. Ct. 2008). The touchstone in
determining whether a statement is capable of defamatory meaning is how the statement would be interpreted by
the average person to whom it was directed. Kurowski v. Burroughs, 994 A.2d 611, 617 (Pa. Super. Ct. 2010).
Whether the statements at issue are capable of defamatory meaning is a question of law to be decided by the
Court on a motion to dismiss . See Beverly Enterprises, Inc. v. Trump, 1 F. Supp. 2d 489, 492 (W.D. Pa. 1998)
aff'd, 182 F.3d 183 (3d Cir. 1999) (dismissing complaint for failure to state a claim for defamation per se).


**DEFENDANT'S PRELIMINARY OBJECTIONS TO COMPLAINT, BRIEF IN SUPPORT THEREOF, AND
PROPOSED ORDER**
CORTNER v. LAWHEAD, 2020 PA C.P. CT. MOTIONS LEXIS 6398
Law firm: BERNSTEIN-BURKLEY, P.C.
Pa. C.P., Allegheny Cty. | 2020-08-17

**Argument: ARGUMENT**
Cortner has failed to plead a cause of action for defamation with the requisite specificity. The elements required
to state a claim for defamation in Pennsylvania are: (1) the defamatory character of the communication; (2) its
publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its
defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6)
special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion." 42
Pa. Cons. Stat. Ann. § 8343. Cortner's Complaint fails to address any of these elements and is based on the
sole, vague allegation that Lawhead "made wrongful allegations that the Plaintiff was involved in the theft or

Download: Results List for: Brief Analysis:

embezzlement of funds." (Complaint, P 32). Cortner fails to assert any factual averments with any specificity that would tend to establish any of the seven elements of defamation.


## ORDER
BURTON v. TELEFLEX INC., 2021 U.S. DIST. CT. MOTIONS LEXIS 7442
Eastern Dist. Pa. | 2021-08-10

**Motion type:**
motion for summary judgment |

**Argument: D. Plaintiff Cannot Prove Her Defamation Claim.**
"Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements." Joseph v. Scranton Times, L.P., 959 A.2d 322, 334 (Pa. Super. Ct. 2008) (citation omitted). In Pennsylvania, the elements of a defamation claim are: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from the publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a); see Beverly Enters., Inc. v Trump, 182 F.3d 183, 187 (3d Cir 1999) (affirming dismissal of defamation claim because comments made at a legislative hearing did not rise to the level of defamatory statements); Rush v. Phila. Newspapers, Inc., 732 A.2d 648, 651-52, 654 (Pa. Super. Ct. 1999) (citation omitted) (affirming summary judgment on defamation claim because terms in newspaper article were not capable of defamatory meaning).


## BRIEF IN OPPOSITION TO PRELIMINARY OBJECTIONS OF CHRISTINE AND NICHOLAS KISS
BOEHM v. STULZ, 2021 PA C.P. CT. MOTIONS LEXIS 2837
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-04-05

**Argument:**
Under Pennsylvania state law, a plaintiff establishes a defamation claim by proving (1) the defamatory character of the communication; (2) publication of the communication by the defendant; (3) application to the plaintiff; (4) the recipient's understanding of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) the defendant lacked a conditional privilege to make the statement. 42 Pa. C.S. § 8343(a) (West 1998); see also Graboff v. Colleran Firm, 744 F.3d 128, 135 (3d Cir. 2014) (listing relevant elements); Mallory v. S&S Publishers, 260 F. Supp. 3d 453, 459 (E.D. Pa. 2017) (same). Additionally, a public figure plaintiff must prove that the statement was false and that the statement was made with actual malice. See Mallory, 260 F.Supp.3d at 462 (describing standard); . "Actual malice means knowledge that the statement was false or reckless disregard of whether it was false or not." Id. (alterations omitted).


## Key Passage 10

In the context of a public figure claim, the standard is even more demanding. Not only must the plaintiff allege publication and reputational harm with specificity, but he must also demonstrate that the speech was "of and concerning" him and that it was disseminated in a way that plausibly injured his standing in the community. See *Hill v. Cosby*, **665 F. App'x 169, 176–77** (3d Cir. 2016) (affirming dismissal where public figure plaintiff failed to demonstrate how recipients understood the statement to be defamatory of her or how it caused her reputational injury).


## Cases recommended for key passage 10 (1)

🛈 **Am. Osteopathic Ass'n v. Am. Bd. of Internal Med. 555 F. Supp. 3d 142**
Eastern Dist. Pa. | 2021-08-19

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Defamation | Injury To Reputation | Undisclosed Defamatory Fact | Question Mark | Defamatory Meaning | Defamatory Statement | Third Person | Announcement | Harm | Existence**

**Outcome:** The tortious interference claims were dismissed because the complaint failed to plead intent to harm. The residency programs remained free to choose whether they wanted to contract with the program directors regardless of their certification status.

**Relevant passage:** Hill v. Cosby, 665 F. App'x 169, 175 (3d Cir. 2016) (emphasis in original) (citation and internal question marks omitted). A defamatory statement "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him" Remick, 238 F.3d at 261 (citation omitted). An announcement contains an actionable implied defamatory meaning when a reasonable recipient could read the statement to imply "the existence of undisclosed defamatory facts." Hill, 665 F. App'x at 176.

## Key Passage 11

Plaintiff's civil conspiracy claim is legally defective and must be dismissed pursuant to Rule 12(b)(6). Civil conspiracy is not a stand-alone tort under Pennsylvania law; it is derivative and cannot exist absent a viable, underlying tort. Moreover, the pleading standard for civil conspiracy is exacting: the plaintiff must plead with factual specificity that two or more parties entered into a knowing agreement to commit an unlawful act (or a lawful act by unlawful means), took overt acts in furtherance of that agreement, and acted with malice—i.e., with the specific intent to harm the plaintiff. *Castellani v. Scranton Times, L.P.*, **23 Pa. D. & C.5th 50, 77–78** (Lackawanna Cnty. Ct. Com. Pl. 2012).

## Cases recommended for key passage 11 (10)

### Wilson v. Lackawanna Cty. 2018 U.S. Dist. LEXIS 96007
Middle Dist. Pa. | 2018-06-06

**Matching legal concepts:**

**Civil Conspiracy | Civil Conspiracy Claim | Well Pleaded Allegation | Well Pleaded Facts | Sufficient To State | Underlying Tort | Unlawful Means | Lawful Act | Conspiracy Count | Unlawful Act | Stand Alone | Prerequisite | Gamble | Rights | Harm | Intent**

**Relevant passage:** However, while the commission of an underlying tort is a necessary prerequisite for a civil conspiracy, it is not, standing alone, sufficient to state such a claim. There must also be well-pleaded allegations which show that the defendants named in the civil conspiracy count jointly, and knowingly, took action which violated the plaintiff's rights or tortiously harmed her. Thus, it is axiomatic that a civil conspiracy claim requires well-pleaded facts which "show[] that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Grose v. Procter & Gamble Paper Prod., 2005 PA Super 8, 866 A.2d 437, 440-41 (Pa Super. 2005).

### Zaloga v. Borough of Moosic 2011 U.S. Dist. LEXIS 78240
Middle Dist. Pa. | 2011-07-19

**Matching legal concepts:**

**Common Purpose | Civil Conspiracy | Civil Conspiracy Action | No Cause Of Action | Civil Cause Of Action | Unlawful Means | Conspiracy Claim | Lawful Act | Conspiracy To Commit | Particular Act**

Download: Results List for: Brief Analysis:

**Relevant passage:** In Pennsylvania, "[t]he essential elements of a claim for civil conspiracy are as follows: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." Phillips v. Selig, 2008 PA Super 244, 959 A.2d 420, 437 (Pa. Super. Ct. 2008). Thus, "'absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.'" Id. (qouting McKeeman v. Corestates Bank, N.A., 2000 PA Super 117, 751 A.2d 655, 660 (Pa. Super. Ct. 2000)). For the reasons described in the reference to plaintiffs' federal conspiracy claim, the court likewise finds that plaintiffs have stated a claim for civil conspiracy by alleging that defendants acted with a common purpose to deprive plaintiffs of their constitutional rights.

Ⓐ **Unimed Int'l, Inc. v. Fox News Network, LLC 2023 U.S. Dist. LEXIS 226999**
U.S. Dist. N.J. | 2023-12-19

**Matching legal concepts:**

**Civil Conspiracy | Agreement Between Parties | Civil Conspiracy Claim | Act In Concert | Commit An Unlawful Act | Principal Element | Welfare Plan | Underlying Tort | Unlawful Means | Banco Popular | Lawful Act | Internal Quotation Mark | Overt Act | Matter Of Law | Damage | Injury | Tort Claim | Infliction | Health**

**Relevant passage:** In New Jersey, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177, 876 A.2d 253 (2005) (internal quotation marks and citation omitted). However, "a claim for civil conspiracy cannot survive without a viable underlying tort[.]" Dist. 1199P Health & Welfare Plan v. Janssen, L.P., 784 F. Supp. 2d 508, 533 (D.N.J. 2011); see id. ("[B]ecause all of [the p]laintiffs' tort claims fail as a matter of law, [the] civil conspiracy claim must be dismissed.");

⚠ **Gilmour v. Bohmueller 2005 U.S. Dist. LEXIS 1611**
Eastern Dist. Pa. | 2005-01-27

**Matching legal concepts:**

**Common Purpose | Civil Conspiracy | Complaint | In Furtherance Of The Conspiracy | Civil Conspiracy Action | Pleading Requirements | Furtherance Of Conspiracy | Unlawful Means | Fail To State | Lawful Act | Unlawful Purpose | Valid Claim | Unlawful Act | Overt Act | Damage | False Statement | Essential Element**

**Outcome:** Insurance companies' motions to dismiss were partially granted on a 15-count complaint wherein a husband and wife alleged they were defrauded of their retirement income. Among other things, the complaint was to vague for RICO's pleading requirements.

**Relevant passage:** AILIC and Oxford also seek the dismissal of Count IV of the Amended Complaint which alleges a cause of action for civil conspiracy. They argue that the Amended Complaint fails to state essential elements for a valid claim for civil conspiracy because it does not set forth with the required particularity the allegedly false statements made by Defendants in furtherance of the conspiracy. In order to state a claim for conspiracy under Pennsylvania law, a plaintiff must allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose;  and (3) actual legal damage." McKeeman v. Corestates Bank, N.A., 2000 PA Super 117, 751 A.2d 655, 660 (Pa. Super. Ct. 2000) (citations omitted).

➕ **Krasny v. Bagga (In re Jamuna Real Estate, LLC) 365 B.R. 540**

Download: Results List for: Brief Analysis:

Bankr. Eastern Dist. Pa. | 2007-04-25

**Matching legal concepts:**

**Civil Conspiracy | Fraud | Common Purpose | Civil Conspiracy Claim | Unlawful Means | Lawful Act | Fraud Claim | Underlying Claim | Unlawful Purpose | Unlawful Act | Overt Act | Damage | Complain | Farm**

**Outcome:** Where plaintiffs' RICO suit described the date and place of defendants' alleged frauds in obtaining a loan, cited the month and year in which the defendants allegedly misrepresented the reason the loan had defaulted, and when the lender learned that its collateral had been moved, the complaint met the specificity requirement of Fed. R. Civ. P. 9.

**Relevant passage:** However, the elements of a civil conspiracy claim, while derivative, are distinct from the underlying claim of fraud. In Pennsylvania, civil conspiracy is pleaded by alleging: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an  unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Chantilly Farms, Inc. v. West Pikeland Twp., 2001 U.S. Dist. LEXIS 3328, 2001 WL 290645 *13 (E.D.Pa.) (quoting Smith v. Wagner, 403 Pa.Super. 316, 322-23, 588 A.2d 1308, 1311-12 (Pa.Super. I991)) The standard of pleadings for civil conspiracy based on fraud is high. See Lum, supra, 361 F.3d at 228 ("Because plaintiffs allege that the defendants accomplished the goal of their conspiracy through fraud, the Amended Complaint is subject to Rule 9(b)") Can Count IX be construed to sufficiently plead those elements?

**ⓘ Malmros v. Jones 2004 U.S. Dist. LEXIS 4371**
Eastern Dist. Pa. | 2004-02-27

**Motion type:**
motion for leave | Partial

**Matching legal concepts:**

**Civil Conspiracy | Establish Liability | Proof Of Malice | Underlying Tort | Unlawful Means | Conspiracy Claim | Lawful Act | Tortious Act | Unlawful Act | Vicarious Liability | Essential Element | Performance | Intent**

**Outcome:** Because plaintiff had not alleged that the breach of fiduciary duty and self-dealing he alleged against another former director uniquely injured him and not the corporation, he did not have standing to pursue his claims.

**Relevant passage:** Under Pennsylvania law [a] claim for civil conspiracy has three essential elements: (i) two or more persons; (ii) combined or agreed; (iii) with the intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Furthermore, proof of malice is required in a successful conspiracy claim. It is also clear that since liability for civil conspiracy depends on the performance of some underlying tortious act, the conspiracy is not independently actionable; rather it is a means for establishing vicarious liability for the underlying tort. Levin v. Upper Makefield Township, 2003 U.S. Dist. LEXIS 3213, No. 99-CV-5313, 2003 WL 21652301, at *11 (E.D. Pa. Feb. 25, 2003) (citations omitted).

**✚ Morris v. Zaken 2022 U.S. Dist. LEXIS 217991**
Western Dist. Pa. | 2022-11-30

**Matching legal concepts:**

**Common Purpose | Civil Conspiracy | Civil Conspiracy Action | Pleading Requirements | Unlawful Means | Lawful Act | Unlawful Purpose | Unlawful Act | Overt Act | Damage | Material Fact | Complain**

Download: Results List for: Brief Analysis:

**Relevant passage:** See Complaint (ECF No. 6) at ¶¶ 144-147. "To state a cause of action for civil conspiracy under Pennsylvania law, plaintiff must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Slater v. Susquehanna Cnty., 613 F. Supp. 2d 653, 667-68 (M.D. Pa. 2009), aff'd, 465 F. App'x 132 (3d Cir. 2012) Pennsylvania law requires a plaintiff asserting a claim for civil conspiracy to aver "material facts which will either directly or inferentially establish [the] elements of conspiracy." Brown v. Blaine, 833 A.2d 1166, 1173 (Pa. Commw. Ct. 2003) (citation omitted).

 **Sarpolis v. Tereshko 26 F. Supp. 3d 407**
Eastern Dist. Pa. | 2014-06-17

**Matching legal concepts:**

**Civil Conspiracy | Civil Conspiracy Action | Common Purpose | Civil Conspiracy Claim | No Cause Of Action | Civil Cause Of Action | Unlawful Means | Lawful Act | Conspiracy To Commit | Particular Act | Unlawful Purpose | Tortious Conduct | Unlawful Act | Overt Act | Damage**

**Outcome:** Plaintiff was not granted leave to amend RICO claims of injury to her business and injury to her property on ground that settlement of her state court medical malpractice claim was devalued and derailed because she lacked standing, her substantive RICO claims were deficient, and her RICO claim was barred by applicable 4-year statute of limitations.

**Relevant passage:** In Pennsylvania, in order to state a cause of action for civil conspiracy, a plaintiff is required to allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." McKeeman v. Corestates Bank, N.A., 2000 PA Super 117, 751 A.2d 655, 660 (Pa. Super. Ct. 2000) (citing McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa.Super.1998)). Further, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Id. (citing Pelagatti v. Cohen, 370 Pa.Super. 422, 536 A.2d 1337, 1342 (1987)). Accordingly, an allegation of civil conspiracy requires that a plaintiff allege a cause of action for some underlying tortious conduct in order for the plaintiff's civil conspiracy claim to proceed.

 **Duffy v. Lawyers Title Ins. Co. 972 F. Supp. 2d 683**
Eastern Dist. Pa. | 2013-09-17

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**In Furtherance Of The Conspiracy | Furtherance Of Conspiracy | Unlawful Means | Lawful Act | Unlawful Purpose | Unlawful Act | Overt Act | Establish Liability | Common Purpose | Civil Conspiracy | Act Committed | Damage | Suffer**

**Outcome:** Homeowners who alleged that they were victims of a mortgage rescue scam could not bring claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law against a title insurance company because the homeowners were not \"purchasers,\" as they never received a good or service from the company.

**Relevant passage:** In order to establish liability for civil conspiracy, a plaintiff must show that: (1) two or more defendants conspired with a common purpose to do (a) an unlawful act, or (b) a lawful act by unlawful means or for an unlawful purpose;  (2) defendants committed an overt act in furtherance of the conspiracy; and (3) the plaintiff suffered legal damages as a result of the overt act committed in furtherance of the conspiracy. Weaver v.

Download: Results List for: Brief Analysis:

Franklin Cnty, 918 A.2d 194, 202 (Pa. Commw. 2007). For purposes of this claim, the phrases "unlawful act" and "lawful act by unlawful means or for an unlawful purpose" refer to acts that are independently actionable under Pennsylvania law. Pelagatti v. Cohen, 370 Pa. Super. 422, 536 A.2d 1337, 1342 (Pa. Super. 1987).


**⬩ Byrd v. Aaron's, Inc. 2012 U.S. Dist. LEXIS 194959**
Western Dist. Pa. | 2012-02-17

**Matching legal concepts:**

**Agreement To Commit | Proof Of Conspiracy | Proof Of Malice | Commit An Unlawful Act | Unlawful Means | Lawful Act | Civil Conspiracy | Overt Act | Damage | Injury | Common Law | Intent**

**Outcome:** It was recommended that computer owners be found to have stated a claim under the Electronic Communications Privacy Act against a software provider based on alleged use of the software to intercept keystrokes and screenshots during an owner's communications with an Internet poker site.

**Relevant passage:** Under Pennsylvania common law, a civil conspiracy requires that two or more conspirators reached an agreement to commit an unlawful act or perform a lawful act by unlawful means. Additionally, the plaintiff must show an overt act with actual legal damage. Finally, proof of malice, i.e., an intent to injury, is essential in proof of conspiracy.


## Treatise recommendations for key passage (2)


**3.09 Collective Theories of Liability**
Toxic Torts Guide | National

**Matching legal concepts:**

**Active Wrongdoer | Civil Conspiracy | Agreement | Liable | Defining Conspiracy | Pleading Requirements | Meeting Of The Minds | Hold Liable | Theory Of Liability | Unlawful Means**

**Relevant passage:** Civil conspiracy is defined as a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means. This theory of liability is designed to hold parties who planned, assisted, or encouraged an active wrongdoer liable to the same extent as the active wrongdoer is held liable. To plead and prove a claim for civil conspiracy, the plaintiff must allege: • two or more persons; • an agreement (or a "meeting of the minds"); • a tortious or overt act committed in furtherance of that agreement; and • resultant damages.


**9.15 Civil Conspiracy.**
Punitive Damages | National

**Matching legal concepts:**

**Civil Conspiracy | Damage | In Furtherance Of The Conspiracy | Damages To Plaintiff | Furtherance Of Conspiracy | Underlying Tort | Lawful Purpose | Tortious Act | Unlawful Purpose | Proximate Result**

**Relevant passage:** A civil conspiracy must be based on an underlying tort. There are a wide variety of tortious acts that may give rise to a civil conspiracy. The elements of a civil conspiracy are: (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result. One of the advantages of civil conspiracy is the possibility of punitive damages.

Download: Results List for: Brief Analysis:

## Argument recommendations for key passage (10)

**ORDER**
BUSSIE v. AMERICAN SEC. INS. CO., 2020 U.S. DIST. CT. MOTIONS LEXIS 22341
Eastern Dist. Pa. | 2020-08-28

**Motion type:**
motion to dismiss |

**Argument: C. DEFENDANT'S ARGUMENTS FOR COMPELLING APPRAISAL HAVE BEEN REJECTED BY MANY COURTS IN PENNSYLVANIA.**
Next, there is no merit to the Movant's objection to Plaintiff's claim for Conspiracy to Commit Fraud. In order to prove civil conspiracy, a plaintiff must allege that each defendant entered into an agreement to do an unlawful act or an otherwise lawful act by unlawful means. Lackner v. Glosser, 892 A.2d 21, 34-35, 2006 PA Super 14 (2005). Proof of malice (an intent to injure without justification) is required, an overt act must be done in furtherance of the conspiracy, and damages are required. Id.

**MEMORANDUM OF LAW IN SUPPORT OF THE PRELIMINARY OBJECTIONS OF DEFENDANT, ARTHUR REEHER COMPANY, INC. d/b/a ARCO TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**
HEISEY v. GOODVILLE MUT. CAS. CO., 2020 PA C.P. CT. MOTIONS LEXIS 2637
Pa. C.P., Lancaster Cty. | 2020-01-10

**Argument: C. Plaintiff's Claim For Civil Conspiracy Must Fail**
In Pennsylvania, in order to state a cause of action for civil conspiracy, a Plaintiff is required to allege: 1) that a combination of two or more persons acting with a common purpose performed an unlawful act or a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage. See McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. 2000)(citing McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super 1998)). Further, it is critical to note that "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Id. (citing Pelagatti v. Cohen, 536 A.2d 1337, 1342 (1997)). Accordingly, an allegation of civil conspiracy requires that a Plaintiff plead a cognizable cause of action for some underlying tortious conduct in order for the Plaintiff's civil conspiracy claim to proceed.

**MOTION TO DISMISS OF DEFENDANT, CHOP NEWBORN CARE, PLAINTIFF'S FIRST AMENDED COMPLAINT**
KAREN SARPOLIS, ADMINISTRATRIX OF THE ESTATE OF ANGELA ANASTACIA MILLER v. TERESHKO, 2021 U.S. DIST. CT. MOTIONS LEXIS 193114
Eastern Dist. Pa. | 2021-07-11

**Motion type:**
Defendant's motion to dismiss |

**Argument: C. Plaintiff's Claim For Civil Conspiracy Should Be Dismissed**
In order to state a cause of action for civil conspiracy, a plaintiff is required to allege "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. 2000) (citation omitted). "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Id. As demonstrated above, Plaintiff has failed to state an underlying tort to support her claim for civil conspiracy. See Allegheny Gen. Hosp. v. Philip Morris. Inc., 228 F.3d 429, 446

Download: Results List for: Brief Analysis:

## BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS TO AMENDED COMPLAINT
IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY v. STULZ, 2021 PA C.P. CT. MOTIONS LEXIS 2551
Law firm: ROBB LEONARD MULVIHILL LLP
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-06-14


**Argument: IIL ARGUMENT**
In Plaintiff's three paragraph civil conspiracy count, no factual basis is provided for the basis of the Plaintiff's civil conspiracy claim, let alone, any factual allegations of the actions undertaken by Defendant Stultz and how it established some form of a civil conspiracy with the other Defendants. As noted by Pennsylvania law, "the mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy." Burnside, 505 A.2d at 980. See also Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. 2004).


## PRELIMINARY OBJECTIONS TO AND BRIEF IN SUPPORT TO PLAINTIFF'S COMPLAINT
ALEXANDER ARGENTINA v. QUATTRONE, 2022 PA C.P. CT. MOTIONS LEXIS 57
Law firm: MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
Pa. C.P., Allegheny Cty. | 2022-02-16


**Argument: A. PRELIMINARY OBJECTION IN THE FORM OF DEMURRER DUE TO LEGAL INSUFFICIENCY AND FAILURE TO CONFORM TO RULE OF COURT.**
Plaintiff also appears to assert a cause of action for conspiracy. Regarding civil conspiracy claims, a "civil conspiracy occurs when two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means." Weaver v. Franklin Cty., 918 A.2d at 202 (Pa. Cmwlth.) appeal denied 921 A.2d 660 (Pa. 2007). Furthermore, "[a] party asserting such a claim is required to aver 'material facts which will either directly or inferentially establish elements of conspiracy.'" Id. (citation omitted; emphasis added).


## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R.
## CIV. P. 12(b)(6)
MedWell LLC v. CIGNA Corp., 2021 U.S. DIST. CT. MOTIONS LEXIS 112711
Law firm: Alston & Bird LLP
U.S. Dist. N.J. | 2021-01-29


**Motion type:**
Defendant's motion to dismiss |


**Argument: B. MedWell's contract claims (Counts II and III) and estoppel claims (Counts VI-VII) are preempted.**
MedWell's civil conspiracy claim is entirely inadequate. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177, 876 A.2d 253, 263 (N.J. 2005). "[T]o succeed on a civil conspiracy claim, the plaintiff must assert an underlying tort claim." Giercyk v. Nat 7 Union Fire Ins. Co., No. 13-6272, 2015 U.S. LEXIS 162628, at *25-26 (D.N.J. Dec. 4, 2015). If there is no valid underlying tort, a claim for civil conspiracy should be dismissed. Id. (dismissing civil conspiracy claim where all of plaintiffs tort claims were dismissed); seeDist. 1199P Health & Welfare Plan v. Janssen, L.P., 784 F. Supp. 2d 508, 533 (D.N.J. 2011) ("Under New Jersey law, a claim for civil conspiracy cannot survive without a viable underlying tort, and because all of Plaintiffs' tort claims fail as a matter of law, Plaintiffs' civil conspiracy claim must be dismissed."). Because both of MedWell's tort claims must be dismissed, its civil conspiracy claim must too be dismissed.


## PLAINTIFF S BRIEF IN OPPOSITION TO DEFENDANT S PRELIMINARY OBJECTIONS

Download: Results List for: Brief Analysis:

BUNTING GRAPHICS, INC. v. UPMC, 2014 PA C.P. Ct. Motions LEXIS 5183
Pa. C.P., Allegheny Cty., Civ. Div. | 2014-05-23

**Argument: C. Bunting has Pled a Viable Claim for Civil Conspiracy (Count Six).**
A civil conspiracy is defined as a combination of two or more persons to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose. Landau v. Western Pennsylvania National Bank, 282 A.2d 335, 339 (Pa. 1971). Bunting has specifically pled these elements. Complaint, 102-05. In addition, in order to plead a claim for civil conspiracy it must be alleged that the defendants acted with malice, i,e, intent to injure. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979). Again, Bunting has so pled. Complaint, 106.


**PLAINTIFF'S PRELIMINARY OBJECTIONS TO DEFENDANT'S COUNTERCLAIMS**
BARNABA v. PITTSBURGH NIGHTLIFE GROUP LLC, 2021 PA C.P. CT. MOTIONS LEXIS 1866
Pa. C.P., Allegheny Cty. | 2021-03-16

**Argument: IV. Defendant's Civil Conspiracy Claim is Insufficiently Specific and Should Be Dismissed**
44. In order to plead civil conspiracy, Defendant must prove that "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Strickland v. Univ. of Scranton, 700 A.2d 979, 987-88 (Pa. Super. 1997). Further, "Proof of malice or an intent to injure is essential to the proof of a conspiracy." Skipworth by Williams v. Lead Industries Association, 690 A.2d 169, 174 (1997).


**PLAINTIFF'S BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS TO DEFENDANT'S COUNTERCLAIMS**
BARNABA v. PITTSBURGH NIGHTLIFE GROUP LLC, 2021 PA C.P. CT. MOTIONS LEXIS 2451
Law firm: CHAFFIN LUHANA LLP
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-03-16

**Argument:**
In order to plead civil conspiracy, Defendant must prove that "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Strickland v. Univ. of Scranton, 700 A.2d 979, 987-88 (Pa. Super. 1997). Further, "Proof of malice or an intent to injure is essential to the proof of a conspiracy." Skipworth by Williams v. Lead Industries Association, 690 A.2d 169, 174 (1997).


**PETITION FOR PRELIMINARY INJUNCTIVE RELIEF**
POSH SALON v. VOLZER, 2021 PA C.P. CT. MOTIONS LEXIS 1295
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-06-23

**Motion type:**
motion for preliminary injunction / TRO |

**Argument:**
25. Further, the Supreme Court of Pennsylvania has stated that to prove a civil conspiracy under Pennsylvania law, a Plaintiff must show the following elements: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. Proof of malice or an intent to injure is essential to the proof of a conspiracy. See, Strickland v. University of Scranton, 700 A.2d 979, 978-88 (Pa. Super. Ct. 1997).


## Key Passage 12

Federal pleading standards further require that a plaintiff allege these elements with enough factual content to make the claim "plausible on its face." *See* *Ashcroft v. Iqbal*, **556 U.S. 662, 678** (2009). As with any other cause of action, "threadbare

recitals" or "mere conclusory statements" will not suffice. And as emphasized in *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, 267 F. Supp. 2d 425 (E.D. Pa. 2003), allegations of civil conspiracy that rely solely on group pleading or inference— without specific, individualized facts—are insufficient: "Conclusory statements unsupported by factual allegations are insufficient to sustain a claim." *Id.* at 430.

## Cases recommended for key passage 12 (9)

 **Wiatt v. Winston & Strawn, LLP 2011 U.S. Dist. LEXIS 68827**
U.S. Dist. N.J. | 2011-06-27

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Civil Conspiracy | Fail To State A Claim | Inference Of Conspiracy | Civil Conspiracy Claim | Supported By Mere Conclusory Statements | Bare Allegation | Factual Content | Reasonable Inference | Complain | Deficient**

**Relevant passage:** See generally Iqbal, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Absent such factual content, Plaintiffs have failed to state a claim for civil conspiracy. See, e.g., Feliz v. Kintock Group, 297 Fed. Appx. 131, 136 (3d Cir. 2008) ("Feliz's civil conspiracy claim is also deficient because absent from his complaint are allegations of at least some facts which could permit a reasonable inference of a conspiracy to be drawn.").

**Parker v. Nationstar Mortg. LLC 2015 U.S. Dist. LEXIS 145439**
Western Dist. Pa. | 2015-10-27

**Matching legal concepts:**

**Bare Allegation | Allegations Of Wrongdoing | Supported By Mere Conclusory Statements | Pleading Standard | Cognizable Claim | Claim For Relief | Fail To Satisfy | Conclusory Allegation | Statutory Provision**

**Relevant passage:** These averments fail to satisfy the pleading standards established by Twombly and Iqbal in that they consist of nothing more than threadbare recitals of statutory provisions coupled with conclusory allegations of wrongdoing. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing Twombly, 550 U.S. at 555). Accordingly, Count I is patently insufficient to state a cognizable claim for relief.

**Daniels v. Pitkins 2015 U.S. Dist. LEXIS 109716**
Middle Dist. Pa. | 2015-08-19

**Matching legal concepts:**

**Supported By Mere Conclusory Statements | Plausible Claim For Relief | Bare Allegation | Legal Conclusion | Factual Allegations | Complain**

**Relevant passage:** "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 556 U.S. at 678. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

Download: Results List for: Brief Analysis:

**Ⓐ Longo v. Cooper 2018 U.S. Dist. LEXIS 141880**
Middle Dist. Pa. | 2018-08-21

**Favorable**

**Motion type:**
motion to dismiss | Granted

**Matching legal concepts:**

**Complain | Supported By Mere Conclusory Statements | Plausible Claim For Relief | Bare Allegation | Legal Conclusion | Factual Allegations | Accusation | Harm**

**Relevant passage:** A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

**● Nelson v. Garman 2018 U.S. Dist. LEXIS 36781**
Middle Dist. Pa. | 2018-03-07

**Matching legal concepts:**

**Complain | Supported By Mere Conclusory Statements | Plausible Claim For Relief | Bare Allegation | Legal Conclusion | Factual Allegations | Accusation | Harm**

**Relevant passage:** A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662 , 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

**Ⓐ Murray v. Cap. One N.A. 2021 U.S. Dist. LEXIS 233636**
Western Dist. Pa. | 2021-12-07

**Matching legal concepts:**

**Supported By Mere Conclusory Statements | Relief Above The Speculative Level | Bare Allegation | Right To Relief | Factual Content | Facial Plausibility | Complaint's Allegation | Factual Allegations | Misconduct | Real Estate | Reasonable Inference | Network | Liable**

**Relevant passage:** "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**Ⓐ Fedee v. Gorman 2011 U.S. Dist. LEXIS 140930**
U.S. Dist. N.J. | 2011-12-08

Download: Results List for: Brief Analysis:

**Motion type:**
motion to file | Granted

**Matching legal concepts:**

**Conspiracy Cause | Pleading Standard | Conclusory Statement | Corroboration**

**Relevant passage:** . Indeed, Plaintiff merely recites a "threadbare" conspiracy cause of action, supported only by bald conclusory statements, with no factual corroboration that would suffice to state a claim under even the Rule 8 pleading standard. See Iqbal, 129 S.Ct. at 1949-50.


 **Niblack v. Wackowski 2010 U.S. Dist. LEXIS 67409**
U.S. Dist. N.J. | 2010-07-07

**Matching legal concepts:**

**Pleading Standard | Conspiracy Cause | Fail To Satisfy | Conclusory Statement | Corroboration**

**Relevant passage:** Niblack fails to satisfy the pleading standard under Iqbal. Indeed, Niblack merely recites a "threadbare" conspiracy cause of action, supported only by bald conclusory statements, with no factual corroboration that would suffice to state a claim under even the Rule 8 pleading standard. See Iqbal, 129 S.Ct. at 1949-50.


**Ⓐ  McGriff v. Quinn 2021 U.S. Dist. LEXIS 128136**
U.S. Dist. Del. | 2021-07-09

**Matching legal concepts:**

**Conspiracy | Complain | Unsupported Assertion | Conspiracy Claim | Conclusory Statement**

**Relevant passage:** The conspiracy claim is deficiently pled as conclusory and not support by facts. See Iqbal, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement'") (quoting Twombly, 550 U.S. at 555, 557). The Amended Complaint makes a bare conclusory statement of conspiracy and is insufficient to state a claim.


## Practical Guidance recommendations for key passage (5)


**Step 3: Consider Filing a Motion to Dismiss**
Federal

**Matching legal concepts:**

**Complain | Pleading Standard | Facial Plausibility | Claim For Relief | Conclusory Assertion | Conclusory Statement | Alleged Fact | Supreme Court's Decision | Sufficient To Establish | Factual Allegations**

**Relevant passage:** Plaintiffs often file class action complaints that lack any factual basis to support their claims or provide only vague and conclusory assertions and a formulaic recitation of the elements of their causes of action. These complaints are vulnerable to attack under the Supreme Court's decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). These cases raised the bar on pleadings by requiring plaintiffs to allege facts sufficient to establish a claim for relief that has facial

Download: Results List for: Brief Analysis:

"plausibility." After Twombly and Iqbal, factual allegations must go beyond speculative or conclusory statements to "nudge[ ] the[ ] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. A pleading rises to the level of plausibility when the allegations allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. Many states have adopted similar pleading standards.

## Motions to Dismiss
Federal

**Matching legal concepts:**

**Misconduct | Federal Rule Of Civil Procedure | Fail To State A Claim | Pleading Standard | Move To Dismiss | Claim For Relief | Complaint's Allegation | Mere Possibility | Alleged Fact | Sufficient To Establish**

**Relevant passage:** Most commonly, employers move to dismiss based on the plaintiff's failure to state a claim upon which relief may be granted (also known as a "12(b)(6) motion"). Consider filing a 12(b)(6) motion when the complaint's allegations are bare and conclusory. In two seminal decisions, the U.S. Supreme Court heightened the pleading standard under the FRCP, requiring the plaintiff to allege facts sufficient to establish a claim for relief that is not merely "conceivable" on its face, but "plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (allegations become plausible when they rise above the level of the "mere possibility" of misconduct and allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged").

## Responding to the Complaint (including Potential Dispositive Motions)
Non-jurisdictional

**Matching legal concepts:**

**Employment Discrimination | Complain | Motion To Dismiss | Hire | Employment Discrimination Law | Plausible On Its Face | Pled With Specificity | Failures To Hire | Comments Made | Sufficient Factual Matter**

**Relevant passage:** First, consider filing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if plaintiff(s) have not alleged sufficient facts to state a plausible claim for a violation of the employment discrimination laws. An employment discrimination class complaint, like any other complaint, must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Neither "naked assertion[s]" nor "conclusory statements" are sufficient. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Thus, for example, if presented with a failure to hire claim where the complaint alleges that plaintiff(s) were not hired on account of their protected status, but fails to provide factual support for that assertion—such as alleged discriminatory comments made by the interviewers or an ad or campaign that allegedly targets applicants outside of the protected class—consider a motion to dismiss.

## Key Step-by-Step Strategies for Defending Each Stage of a Hybrid Action
Non-jurisdictional

**Matching legal concepts:**

**Complain | Failure | Wage And Hour Law | Federal Rule Of Civil Procedure | Plausible On Its Face | Fail To State A Claim | Pled With Specificity | Hybrid Action | Fair Labor Standards Act | Action For Failure**

Download: Results List for: Brief Analysis:

**Relevant passage:** First, you should consider filing a motion to dismiss under FRCP 12(b)(6) if plaintiffs have not alleged sufficient facts to state a plausible claim for both the FLSA and the applicable state wage and hour laws. A hybrid action complaint, like any other complaint, must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. Neither "naked assertion[s]" nor "conclusory statements" are sufficient. Id. (quoting Twombly, 550 U.S. at 557). Thus, for example, if plaintiffs bring a cause of action for failure to pay overtime but do not allege that they actually worked more than 40 hours per week, you could file a motion for failure to state a claim upon which relief may be granted.

**Preliminary Investigation**
Federal

**Matching legal concepts:**

**Pled With Specificity | Plausible On Its Face | Entertainment Industry | Niche Market | Trademark Dilution | Sufficient Pleading | Bear In Mind | Dilution Claim | Conclusory Fashion | Granting A Motion | Plaintiffs Failed | Motion To Dismiss | Sufficient Fact | Complain**

**Relevant passage:** Bear in mind that the complaint must allege sufficient facts to "state a claim to relief that is plausible on its face," as required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action in a conclusory fashion is not sufficient. See, e.g., Celebrity Chefs Tour, LLC v. Macy's, Inc., 16 F. Supp. 3d 1141, 1148 (S.D. Cal. 2014) (granting motion to dismiss plaintiffs' trademark dilution claim under 15 U.S.C. § 1125(c) where plaintiffs failed to adequately allege that their mark was famous; the allegations at most suggested that plaintiffs' mark was famous in the niche market of the entertainment industry).

## Treatise recommendations for key passage (6)

**17-X STATING THE CLAIM FOR RELIEF.**
Wagstaffe Prac Guide: Fed Civil Proc Before Trial | Federal

**Matching legal concepts:**

**Showing Of Entitlement | Entitlement To Relief | Supported By Mere Conclusory Statements | Detailed Factual Allegations | Bare Allegation | Bare Assertion | Claim For Relief | Accusation | Recitation | Harm | Exclusion**

**Relevant passage:** While "detailed factual allegations" are not needed to establish a claim showing entitlement to relief a claim for relief is not shown by either: • "an unadorned, the-defendant-unlawfully-harmed-me accusation"; • "a pleading that offers only 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action' "; • "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"; or • a pleading that offers only "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotes excluded).

**3.08 Moving to Dismiss for Failure to State a Claim for Relief Pursuant to Rule 12(b)(6)**
Moore's AnswerGuide: Fed Civil Motion Practice | Federal

**Matching legal concepts:**

Download: Results List for: Brief Analysis:

**Motion To Dismiss | Conclusory Allegation | Fail To State A Claim | Unwarranted Inferences | Conclusory Statement | State Claims | Legal Conclusion | Pleaded Factual Allegation | Dismiss The Complaint | Supported By Mere Conclusory Statements | Deciding Motion | Factual Inference | Bald Assertion | Subjective Characterizations | Statement Of Law | Securities Litigation | Northern Trust | Allegations Made | Veracity | Rental**

**Relevant passage:** For purposes of a motion to dismiss, the court does not need to accept as true conclusory allegations made by the plaintiff. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678–679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (in deciding a motion to dismiss a complaint, a court need not accept as true assertions that are no more than recitals of the elements of a cause of action, supported by mere conclusory statements; only well-pleaded factual allegations are entitled to an assumption of veracity); Ahern Rentals, Inc. v. EquipmentShare.com., Inc., 59 F.4th 948, 953 (8th Cir. 2023); DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 55–56 (1st Cir. 1999) (while the plaintiff's facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations and legal conclusions); Murphy v. Sofamor Danek Group (In re Sofamor Danek Group), 123 F.3d 394, 400 (6th Cir. 1997) (court does not need to accept as true legal conclusions or baseless factual inferences). Thus, conclusory allegations will not defeat a Rule 12(b)(6) motion to dismiss. See, e.g., Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995) (conclusory statements of law, and their unwarranted inferences, are not sufficient to defeat motion to dismiss for failure to state claim); Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996) (conclusory allegations of law and unwarranted inferences are insufficient to defeat motion to dismiss for failure to state claim).

### 23-II MOTIONS TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED—RULE 12(b)(6).
Wagstaffe Prac Guide: Fed Civil Proc Before Trial | Federal

**Matching legal concepts:**

**Legal Conclusion | Motion To Dismiss | Islamic Republic Of Iran | Plausible Claim For Relief | Presumption Of Correctness | No Presumption | Factual Allegations | Complain | Commitment | Inapplicable**

**Relevant passage:** In addition to holding that only a plausible claim for relief will survive a motion to dismiss, the Iqbal Court underscored that the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Smith v. Hood, 900 F.3d 180, 184 n. 5 (5th Cir. 2018)(allegation that plaintiff's commitment was "unlawful" is a "legal conclusion entitled to no presumption of correctness"); Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1195 (10th Cir. 2018); and see Bernhardt v. Islamic Republic of Iran, 47 F.4th 856, 866 (D.C. Cir. 2022) (claim cannot survive motion to dismiss if based on "legal conclusions disguised as factual allegations").

### 6.01 Complying With General Pleading Standards
Federal Litigation Guide: New York and Connecticut | Federal

**Matching legal concepts:**

**Federal Rule Of Civil Procedure | Plausible On Its Face | Pleading Requirements | Supported By Mere Conclusory Statements | Notice Of Claim | Notice Pleading | Sufficient Factual Matter | Facial Plausibility | Asserted Claim | Fair Notice | De Jesus | Reviewing Court | Misconduct | Common Sense | Reasonable Inference | Complain | Liable**

**Relevant passage:** Under the "notice pleading" requirements of the Federal Rules of Civil Procedure, a proper complaint gives the court and the defendant fair notice of the claim asserted. A claim brought in federal court must include sufficient factual matter to "state a claim to relief that is plausible on its face" [Bell Atlantic Corp. v.

Download: Results List for: Brief Analysis:

Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)]. All claims must be accompanied by facts which allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" [Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)]. This "facial plausibility" cannot be supported by "mere conclusory statements" and a reviewing court is required to "draw on its experience and common sense" in its determination of plausibility [Ashcroft v. Iqbal, 556 U.S. 662, 678–679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Dejesus v. HF Mgmt. Servs., 726 F.3d 85, 87 (2d Cir. 2013)].

### 8.04 Claim for Relief Requires Showing That Pleader Is Entitled to Relief
Moore's Federal Practice - Civil | Federal

**Matching legal concepts:**

**Negligence Of Defendant | Conclusory Allegation | Illustration | Sufficient To State | Pleading Standard | Prescribed Form | Plausible Claim | Factual Specificity | Particular Place | Supporting Fact | Motion To Dismiss | Negligence Claim | Injury | Straight Forward | Motor Vehicle | Complain | Forbid | Reliance**

**Relevant passage:** A tension existed between the "simplicity and brevity" of the prescribed forms and the pleading standard of Twombly and Iqbal, which requires enough factual specificity to make a claim "plausible" and forbids reliance on conclusory allegations (see [1][d], [e], above). For example, Form 11 stated a negligence claim by asserting that on a particular date and at a particular place "the defendant negligently drove a motor vehicle against the plaintiff" causing the plaintiff injury. This pleading is conclusory in nature in that it provides no factual support for the conclusion that the defendant was negligent. Arguably, such pleadings violate Iqbal's requirement that conclusory allegations be ignored when determining whether a complaint is "plausible" and therefore sufficient to survive a motion to dismiss. However, the forms were intended to illustrate a number of relatively simple, straightforward pleading situations. They are best viewed as illustrating situations in which simple, brief pleading is sufficient to state a plausible claim.

### 24.05 Practice and Pleading
Business Torts | National

**Matching legal concepts:**

**Complain | Factual Allegations | Plausible Claim For Relief | Conclusory Statement | Motion To Dismiss | Entitlement To Relief | Pleaded Factual Allegation | Pronged Approach | Well Pleaded Facts | Judicial Experience | Pleading Standard | Specific Task | Alternative Explanations | Mere Possibility | Unlawful Conduct | Complaint States | Legal Conclusion | Reviewing Court | Misconduct | Common Sense | Veracity | Truth | Permit**

**Relevant passage:** The Court subsequently discussed the new pleading standard in Ashcroft v. Iqbal. The Court stated that the tenet that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Recitals of the elements of a cause of action, supported by conclusory statements, are insufficient. Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. When the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the plaintiff is entitled to relief. The Court in Iqbal stated that a court considering a motion to dismiss can begin by identifying pleadings that are conclusory statements that are not entitled to the assumption of truth. When the complaint contains well-pleaded factual allegations, the court should assume their veracity and then determine whether the factual allegations plausibly give rise to an entitlement to relief. This is a two-pronged approach. In applying this approach, a court may infer from the complaint's factual allegations, "obvious alternative explanation[s]" suggesting lawful, rather than unlawful conduct.

**Argument recommendations for key passage (7)**

Download: Results List for: Brief Analysis:

**MOTION OF DEFENDANTS THOMAS C. EGAN, III, DANIEL GLAMMER (AKA ROBERT GLAMMER), SUSAN M. MARKOFSKY, CHERYL L. AUSTIN, JOANNE MANCINI, JOHN P. GREGG, WENDY DEMCHICK-ALLOY, THOMAS MCBRIDE, JOSEPH J. HYLAN, CHRIS PARISI, STEPHEN GEDAY AND REGINA B. GUERIN TO DISMISS PLAINTIFF'S "CLAIM FOR RELIEF" (DOC. 21)**
SIMS v. LAWRENCE, 2021 U.S. DIST. CT. MOTIONS LEXIS 77931
Eastern Dist. Pa. | 2021-06-09

**Motion type:**
Defendant's motion to dismiss |

**Argument: II. STANDARD OF REVIEW**
The Supreme Court's later opinion in Ashcroft v. Iqbal, 556 U.S. 662 (2009), emphasized that the Twombly "facial plausibility" pleading requirement applies to all civil suits in the federal courts. After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557). To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal 556 U.S. at 678.

**PHARMACY BENEFIT MANAGER DEFENDANTS' BRIEF SUPPORTING THEIR RULE 12(b)(6) MOTIONS TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**
In re DIRECT PURCHASER INSULIN PRICING LITIG., 2021 U.S. DIST. CT. MOTIONS LEXIS 615189
U.S. Dist. N.J. | 2021-01-13

**Motion type:**
Defendant's motion to dismiss |

**Argument: LEGAL STANDARD**
To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting BellAtl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In a case alleging conspiracy, the "need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft 'to sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Rule 8).

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM OF DEFENDANTS, DALLAS C. KOZEL, and INDIA L. KOZEL, PURSUANT TO FEDERAL RULE OF CIVIL**
KOZEL v. KOZEL, 2021 U.S. DIST. CT. MOTIONS LEXIS 603324
Law firm: LEECH TISHMAN FUSCALDO & LAMPL, LLC
Eastern Dist. Pa. | 2021-07-17

**Motion type:**
Plaintiff's motion to dismiss |

**Argument:**
12. To satisfy federal pleading standards, the "factual allegations must be enough to raise. right to relief above the speculative level." Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 118 (3d Cir.2013). "Threadbare recitals of the elements of. cause of action, supported by mere conclusory statements, do not

Download: Results List for: Brief Analysis:

suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).


## ORDER
MINA v. MONTGOMERY COUNTY, 2021 U.S. DIST. CT. MOTIONS LEXIS 603105
Eastern Dist. Pa. | 2021-07-17


**Motion type:**
motion to dismiss |


**Argument: II. STANDARD OF REVIEW**
The Supreme Court's subsequent opinion in Ashcroft v. Iqbal, 556 U.S. 662 (2009), establishes that the Twombly "facial plausibility" pleading requirement applies to all civil suits in the federal courts. After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557). To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
GALGANO v. TD BANK, 2020 U.S. DIST. CT. MOTIONS LEXIS 518955
Law firm: BROWN & CONNERY, LLP
U.S. Dist. N.J. | 2020-07-14


**Motion type:**
Defendant's motion to dismiss |


**Argument: II. This Lawsuit**
To survive a motion to dismiss under Rule 12(b)(6), the Complaint must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Claims under the New Jersey Consumer Fraud Act are subject to the heightened pleading standard of Rule 9(b), which requires that fraud claims be pleaded with particularity. See Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).


## DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 8 AND 12(b)(6)
ARUNACHALAM v. GORDON, 2021 U.S. DIST. CT. MOTIONS LEXIS 45803
U.S. Dist. Del. | 2021-05-26


**Motion type:**
Defendant's motion to dismiss |


**Argument: B. The Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted**
To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

Download: Results List for: Brief Analysis:

suffice." Id.

## COMMONWEALTH DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
THOMPSON v. FERGUSON, 2020 U.S. DIST. CT. MOTIONS LEXIS 44696
Eastern Dist. Pa. | 2020-01-27

**Motion type:**
Defendant's motion to dismiss |

**Argument: A. Standard on a Motion to Dismiss**
To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ( citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). The Supreme Court in Iqbal clarified that the decision in Twombly "expounded the pleading standard for 'all civil actions.'" Iqbal, 556 U.S. at 684. The Court explained that although a court must accept as true all the well-pleaded factual allegations, that requirement does not apply to legal conclusions; the pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 684; Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir.2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

## Key Passage 13

Civil conspiracy is not an independent cause of action; it is a derivative theory of secondary liability. A plaintiff cannot state a conspiracy claim unless the underlying tort is itself actionable. As the Pennsylvania Superior Court has held, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Blackwell v. Eskin*, **916 A.2d 1123, 1130** (Pa. Super. Ct. 2007).
Here, the sole predicate tort is defamation. But as set forth in Section I, Plaintiff has failed to plausibly plead defamation under Pennsylvania's statute or under federal constitutional principles. He has not identified a specific false statement by Defendant Youngblood, has not alleged facts supporting falsity or actual malice, and has not pled cognizable harm. Because the defamation claim is deficient as a matter of law, the civil conspiracy claim—which depends entirely on it—must also be dismissed.

## Cases recommended for key passage 13 (4)

Ⓐ Tiversa Holding Corp. v. LabMD, Inc. 2014 U.S. Dist. LEXIS 54632
Western Dist. Pa. | 2014-04-21

**Unfavorable**

**Motion type:**
motion to dismiss | Denied

**Matching legal concepts:**

**Ill Will | Sufficient To Establish | Actual Malice**

**Relevant passage:** Blackwell v. Eskin, 2007 PA Super 20, 916 A. 2d 1123, 1125 (Pa. Super. Ct. 2007). Additionally, falsity and/or ill-will, while probative, are not necessarily sufficient to establish actual malice. Lewis, 833 A. 2d at 192.

Ⓐ Schatzberg v. State Farm Mut. Auto. Ins. Co. 2015 U.S. Dist. LEXIS 136730

Download: Results List for: Brief Analysis:

Eastern Dist. Pa. | 2015-10-07

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Showing Of Malice | Actual Malice | Reckless Disregard | Farm | Burden**

**Relevant passage:** The burden of showing actual malice is substantial. Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa. Super. 2007). To establish malice, the Schatzberg Entities must show that State Farm knew that the statements were false or recklessly disregarded their falsity.

 **Snavely v. Arnold 2009 U.S. Dist. LEXIS 51415**
Middle Dist. Pa. | 2009-06-18

**Favorable**

**Motion type:**
motion to dismiss | Granted

**Matching legal concepts:**

**Defamation Claim | Injury To Reputation | Suffered Harm | Daily News | Actual Malice | Public Official | Third Party | Victim**

**Relevant passage:** A defamation claim lies when the victim suffers harm to his reputation so as to "lower him in the estimation of the community or to deter third parties from associating or dealing with him." Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa. Super. Ct. 2007) (quoting Tucker v. Philadelphia Daily News, 577 Pa. 598, 848 A.2d 113, 124 (2004)). Defamation claims against public officials must also allege actual malice. Id. at 1125-26.

 **Mingacci v. Fox 29 WTXF TV 2008 Phila. Ct. Com. Pl. LEXIS 64**
Pa. C.P., Philadelphia Cty., Civ. Div. | 2008-03-01

**Matching legal concepts:**

**Actual Malice | Showing Of Malice | Proof Of Actual Malice | Summary Judgment Motion | Finding Of Malice | Question Of Sufficiency | Sufficiency Of The Evidence | Threshold Determination | Defamation Claim | Question Of Law | Public Figure | Necessary Element | Public Official | Police Officer | Consumer**

**Outcome:** A television station and one of its reporters were granted summary judgment in a defamation case brought by three police officers with regard to a news broadcast that questioned the officers' security duties at an airport as the officers failed to present evidence that the statements made were false or in reckless disregard of the truth.

**Relevant passage:** Proof of "actual malice" is a necessary element of the defamation claim of the three plaintiff police officers (Captain Domenic Mingacci, Officer Michael Leaden and Officer Brian Curley). Blackwell v. Eskin, 2007 PA Super 20, 916 A.2d 1123, 1125 (Pa Super. 2007) (public officials and public figures must prove "actual malice"). I must make the threshold determination on defendants' summary judgment motion whether the plaintiffs in this case have shown actual malice "with convincing clarity" to put the matter to a jury. Bose Corp. v. Consumers Union of the United States, Inc., 466 U.S. 485, 514, 104 S. Ct. 1949, 80 L. Ed. 2d 502 (1984) (the question of the sufficiency of the evidence to support a finding of malice is a question of law).

Download: Results List for: Brief Analysis:

## Key Passage 14

The Third Circuit reached the same result in *Hill v. Cosby*, affirming dismissal of a civil conspiracy claim because the plaintiff's defamation claim failed. The court noted that when the underlying tort collapses, "there can be no cause of action for conspiracy." *Hill v. Cosby*, **665 F. App'x 169, 176–77** (3d Cir. 2016). That same result is compelled here.

## Cases recommended for key passage 14 (1)

 **Flannery v. Mid Penn Bank 2008 U.S. Dist. LEXIS 97978**
Middle Dist. Pa. | 2008-12-03

**Favorable**

**Motion type:**
motion to dismiss | Granted

**Matching legal concepts:**

**Civil Conspiracy | Defamation | Civil Conspiracy Claim | Fail To Plead | Capital Area | Separate Tort | Underlying Tort | Intermediate Unit**

**Relevant passage:** Moreover, a plaintiff alleging a civil conspiracy must allege an underlying tort. Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405 (3d Cir. 2000). Courts will dismiss a claim of civil conspiracy when it is predicated on a separate tort based claim that the court finds defective. See, e.g., McGreevy v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005) (affirming dismissal of civil conspiracy claim based on defamation where plaintiff failed to plead defamation); see also In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789-90 (3d Cir. 1999).

## Key Passage 15

Even assuming a viable predicate tort (which is not present here), Plaintiff has still failed to plead the existence of a conspiracy. A civil conspiracy requires specific factual allegations showing that the defendant entered into an agreement—either express or implied—with at least one other party to pursue an unlawful objective. Conclusory allegations of "coordination" or "acting in concert," without more, are legally insufficient. See *Franklin Prescriptions, Inc. v. N.Y. Times Co.*, **267 F. Supp. 2d 425, 430** (E.D. Pa. 2003) (dismissing conspiracy claim where plaintiff failed to "identify any facts" establishing the existence of an agreement).

## Cases recommended for key passage 15 (7)

 **Lawton v. Wells Fargo Bank, N.A. 2023 U.S. Dist. LEXIS 44181**
Eastern Dist. Pa. | 2023-03-16

**Matching legal concepts:**

**Civil Conspiracy | Civil Conspiracy Claim | Conspiracy Statute | Plot Plan | Chain Of Event | Specific Factual Allegations | Civil Fraud | Criminal Conspiracy | Agreement**

**Relevant passage:** Construing this count as civil fraud will also not save Plaintiffs' claims, as it would still fail under Rule 9(b). Additionally, even if Plaintiffs' claim under the criminal conspiracy statute is construed as one for civil conspiracy, Plaintiffs' claim would not survive. To plead a civil conspiracy claim, plaintiffs must make "specific

Download: Results List for: Brief Analysis:

factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." Hammond v. Creative Fin. Planning Org., Inc., 800 F. Supp. 1244, 1249 (E.D. Pa. 1992) (Huyett, J.).

 **Robinson v. Prison Health Servs. 2014 U.S. Dist. LEXIS 74609**
Eastern Dist. Pa. | 2014-06-02

**Favorable**

**Motion type:**
motion to dismiss | Granted

**Matching legal concepts:**

**Act In Concert | Conspiracy | Pleading Requirements | Plead Fact | Conspiracy Claim | Fail To Satisfy | Agreement**

**Relevant passage:** Additionally, Robinson must plead facts to support the inference of an agreement to act in concert. Merely alleging that defendants "act[ed] in concert and conspiracy" fails to satisfy the pleading requirements for a conspiracy claim. Ashton, 459 F. App'x at 191.

 **ClinMicro Immunology Ctr., LLC v. PrimeMed, P.C. 2016 U.S. Dist. LEXIS 88774**
Middle Dist. Pa. | 2016-07-07

**Motion type:**
motion for summary judgment | Partial
motion for summary judgment | Granted

**Matching legal concepts:**

**Conspiracy Claim | Agreement | Conspiracy Allegation | Conclusory Terms | Concerted Action | Conclusory Allegation | Proof | Cooperation | Communication**

**Relevant passage:** Finally, this conspiracy claim, which is set forth in conclusory terms, fails as a matter of pleading since: "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy [and] [t]he plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F.Supp. 922, 928 (M.D.Pa.1992). Therefore, both as a matter of pleading and proof, ClinMicro cannot sustain this conspiracy claim, and it should be dismissed.

 **Soto v. Poconos 2023 U.S. Dist. LEXIS 36288**
Middle Dist. Pa. | 2023-03-03

**Matching legal concepts:**

**Agreement | Civil Conspiracy Claim | Conspiracy Allegation | Fatal Flaw | Concerted Action | Conclusory Allegation | Cooperation | Communication**

**Relevant passage:** This, too, is a fatal flaw since: [T]o maintain a civil conspiracy claim, "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992).

Download: Results List for: Brief Analysis:

 **Angino v. BB&T Bank 2016 U.S. Dist. LEXIS 74801**
Middle Dist. Pa. | 2016-06-07

**Matching legal concepts:**

**Agreement | Conspiracy Allegation | Corrupt Agreement | Unlawful Means | Conspiracy Claim | Lawful Act | Wholly Conclusory | Conclusory Terms | Concerted Action | Conclusory Allegation | Unlawful Purpose | Illegal Act | Act Committed | Cooperation | Wrongful**

**Relevant passage:** Finally, this conspiracy claim, which is set forth in wholly conclusory terms, fails as a matter of pleading since: "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy [and] [t]he plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F.Supp. 922, 928 (M.D.Pa.1992). In short, this claim also fails as pleaded by the plaintiffs since we do not know who the alleged conspirators are, what the wrongful objects of the agreement were, and what concerted illegal acts or lawful acts committed by unlawful means or for an unlawful purpose are alleged to have taken as part of this corrupt agreement.

**Church Mut. Ins. Co. v. Alliance Adjustment Group 102 F. Supp. 3d 719**
Eastern Dist. Pa. | 2015-09-14

**Matching legal concepts:**

**Conspiracy | Civil Conspiracy | Pleading Requirements | Plot Plan | Chain Of Event | Specific Factual Allegations | Unlawful Means | Lawful Act | Parallel Conduct | Unlawful Purpose | Criminal Act | Church | Agreement**

**Outcome:** Insurer stated fraud claim against adjusters under 18 Pa. Cons. Stat. § 4117 because complaint pleaded with particularity that adjusters knowingly submitted claims for non-existent damages and damages outside of policy coverage. Adjusters knew damage was not hurricane-related, because claimed damage was present in photos taken prior to hurricane.

**Relevant passage:** Finally, as to Count III, Church Mutual has stated a claim against Alliance and Wagner claim for civil conspiracy. To state a claim for civil conspiracy, a plaintiff must allege "a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." Panayotides v. Rabenold, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999). The plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 ("Without more, parallel conduct does not suggest conspiracy . . . .").

**Abraham v. Greater New Castle Cmty. Fed. Credit Union 2016 U.S. Dist. LEXIS 37871**
Western Dist. Pa. | 2016-03-23

**Matching legal concepts:**

**Conspiracy Allegation | Complain | Factual Averment | Object Of The Conspiracy | Act In Concert | Conspiracy Claim | Deemed Sufficient | Common Purpose | Civil Conspiracy | Willfully | Harm**

**Relevant passage:** Although Count IX of the Complaint purports to state a claim for civil conspiracy, Abraham has failed to support his claim with the type of particularized factual averments required to make out a conspiracy claim. See, e.g., Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) ("Only allegations of conspiracy which are

Download: Results List for: Brief Analysis:

particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient."). The only "fact" contained in Count IX of his Complaint is the vague allegation that the defendants "willfully and outrageously conspired and acted in concert and with a common purpose or design" to cause him harm. Compl. ¶ 130.

**End of Document**



## Concepts extracted from your document (25)

Public Figure,  Actual Malice,  Defamation Claim,  First Amendment,  Civil Conspiracy,  Public Concern,
Conspiracy Claim,  Matter Of Public Concern,  Agreement,  With Prejudice,  Sexual Misconduct,  Accusation,
Civil Conspiracy Claim,  Unlawful Act,  Factual Allegations,  Special Harm,  Religion,  Defamatory Meaning,
Alleged Fact,  Truth,  Defamatory Per Se,  Burden Of Proof,  Defamation Suit,  Underlying Tort,  Fail To State

## Recommendation (117)

**6 passages in your document have recommendations.**

| Key Passage 1 |
|---|

To survive a motion to dismiss, a complaint must contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Mere "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are insufficient. While the Court must accept well-pleaded facts as true, it **need not accept legal conclusions couched as factual allegations**. In short, Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, **556 U.S. 662, 678** (2009). Under this standard, Plaintiff's Complaint fails to state any plausible claim for relief.

### Cases recommended for key passage 1 (10)

 **N. Am. Communs., Inc. v. InfoPrint Solutions Co., LLC 817 F. Supp. 2d 623**
Western Dist. Pa. | 2011-01-13

**Favorable**

**Motion type:**
motion to dismiss | Granted

**Matching legal concepts:**

**Pleading Standard | Detailed Factual Allegations | Bare Assertion | Plausible Claim | Factual Content | Facially Plausible | Legal Conclusion | Misconduct | Reasonable Inference | Accusation | Recitation | Complain | Truth | Harm | Liable**

**Outcome:** The statute of limitations had run, requiring dismissal of suit against defendant lessor regarding leased machinery, because the warranty did not explicitly guarantee future performance and, even if it had, an immediate failure of the goods took the case out of that exception to New York's four-year statute of limitations, N.Y. U.C.C. Law § 2-725.

**Relevant passage:** The pleading standard Fed. R. Civ. P. 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. The factual content of a facially plausible claim allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The court is not required to assume the truth of legal conclusions.

Fred Charles

Download: Results List for: Brief Analysis:

## McCall v. New Jersey 2024 U.S. Dist. LEXIS 45923
U.S. Dist. N.J. | 2024-03-15

**Matching legal concepts:**

**Complain | Motion To Dismiss | Plausible On Its Face | Pled With Specificity | Dismiss The Complaint | Sufficient Factual Matter | Detailed Factual Allegations | Bare Assertion | Accusation | Recitation**

**Relevant passage:** A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, thedefendant- unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570).

 Cooke v. Experian Info. Sols., Inc. 2024 U.S. Dist. LEXIS 45933
U.S. Dist. N.J. | 2024-03-15

**Matching legal concepts:**

**Complain | Motion To Dismiss | Plausible On Its Face | Pled With Specificity | Dismiss The Complaint | Sufficient Factual Matter | Detailed Factual Allegations | Bare Assertion | Accusation | Recitation**

**Relevant passage:** A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570).

## Harris v. Bennett 746 Fed. Appx. 91
3rd Circuit - Court of Appeals | 2018-10-03

**Matching legal concepts:**

**Complain | Plausible On Its Face | Supported By Mere Conclusory Statements | Plausible Claim For Relief | Well Pleaded Facts | Bare Allegation | Factual Content | Mere Possibility | Entitled To Relief | Complaint States | Unlawful Act | Legal Conclusion | Factual Allegations | Misconduct | Truth | Permit**

**Outcome:** Court did not err in dismissing appellant's complaint under 28 U.S.C.S. § 1915(e)(2)(B) for failure to state claim as complaint's conclusory statements that defendants violated her rights were insufficient to meet plausibility standard, and although she was give chance to amend her complaint to provide more detail, she failed to do so.

**Relevant passage:** To survive dismissal, a complaint must contain enough facts to state a claim to relief that is plausible on its face. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to threadbare recitals of the elements of a cause of action, supported by mere

Download: Results List for: Brief Analysis:

conclusory statements. Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

### ⓘ Dare v. Twp. of Hamilton 2013 U.S. Dist. LEXIS 164129

U.S. Dist. N.J. | 2013-11-18

**Motion type:**
motion for judgment on the pleadings | Granted
motion for judgment on the pleadings | Granted

**Matching legal concepts:**

**Factual Allegations | Detailed Factual Allegations | Complain | Plausible On Its Face | Entitlement To Relief | Relief Above The Speculative Level | Sufficient Factual Matter | Obligation To Provide | Right To Relief | Motion To Dismiss | Recitation**

**Relevant passage:** While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than label and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555 (internal citations omitted). A complaint need not provide detailed factual allegations, but it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. at 570.

### ✚ Decosta v. English 2012 U.S. Dist. LEXIS 20515

U.S. Dist. N.J. | 2012-02-16

**Motion type:**
motion for leave | Denied
motion to dismiss | Granted

**Matching legal concepts:**

**Entitlement To Relief | Detailed Factual Allegations | Well Pleaded Allegation | Obligation To Provide | No Necessity | Accusation | Veracity | Recitation | Harm**

**Relevant passage:** Rule 8 does not require "detailed factual allegations" but "demands more than an unadorned, the-defendant-unlawfully harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "When there are well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. While detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, "a [pleader's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### Ⓐ Schulsinger v. Perchetti 724 Fed. Appx. 132

3rd Circuit - Court of Appeals | 2018-05-31

**Matching legal concepts:**

**Complain | Plausible On Its Face | Supported By Mere Conclusory Statements | Plausible Claim For Relief | Well Pleaded Facts | Bare Allegation | Factual Content | Mere Possibility | Entitled To Relief | Complaint States | Unlawful Act | Legal Conclusion | Factual Allegations | Misconduct | Truth | Permit**

Download: Results List for: Brief Analysis:

**Outcome:** District court properly dismissed action filed by the former member against the United States Coast Guard Auxiliary following the decision to disenroll him because, inter alia, his defamation claim failed where he did not explain how he was defamed, and a defamation suit against the United States was prohibited, 28 U.S.C.S. § 2680.

**Relevant passage:** In the context of Fed. R. Civ. P. 12(b)(6), to survive dismissal, a complaint must contain enough facts to state a claim to relief that is plausible on its face. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

🔺 **Mayorga v. Sonoco Prods. Co. 2013 U.S. Dist. LEXIS 59894**
U.S. Dist. N.J. | 2013-04-26

**Matching legal concepts:**

**Factual Allegations | Complain | Entitlement To Relief | Relief Above The Speculative Level | Detailed Factual Allegations | Obligation To Provide | Right To Relief | Motion To Dismiss | Recitation | Quotation**

**Relevant passage:** Iqbal, 129 S. Ct. at 1949. The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (internal citations and quotations omitted); see also Iqbal, 129 S. Ct. at 1949-50.

Ⓐ **Dalanas v. Uni-Kem Chems., Inc. 2019 U.S. Dist. LEXIS 140678**
Eastern Dist. Pa. | 2019-08-20

**Unfavorable**

**Motion type:**
motion to dismiss | Denied

**Matching legal concepts:**

**Complain | Relief Above The Speculative Level | Right To Relief | Factual Allegations | Accusation | Recitation | Harm**

**Relevant passage:** A complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation omitted). While a complaint need not include detailed facts, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Ⓐ **Kovach v. Kerestes 2014 U.S. Dist. LEXIS 109246**

Download: Results List for: Brief Analysis:

Middle Dist. Pa. | 2014-08-07

**Favorable**

**Motion type:**
motion to dismiss | Granted

**Matching legal concepts:**

**Complain | Supported By Mere Conclusory Statements | Plausible Claim For Relief | Bare Allegation | Legal Conclusion | Factual Allegations | Accusation | Harm**

**Relevant passage:** A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.

## Practical Guidance recommendations for key passage (8)

### Plausibility Standard
Federal

**Matching legal concepts:**

**Entitlement To Relief | Well Pleaded Facts | Specific Factual Allegations | Plausible Claim | Facially Plausible | Mere Possibility | Alleged Fact | Misconduct | Complain | Permit**

**Relevant passage:** A facially plausible claim must allege facts establishing more than that entitlement to relief is a "possibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (factual allegations must "cross the line from conceivable to plausible").

### Step 3: Consider Filing a Motion to Dismiss
Federal

**Matching legal concepts:**

**Complain | Pleading Standard | Facial Plausibility | Claim For Relief | Conclusory Assertion | Conclusory Statement | Alleged Fact | Supreme Court's Decision | Sufficient To Establish | Factual Allegations**

**Relevant passage:** Plaintiffs often file class action complaints that lack any factual basis to support their claims or provide only vague and conclusory assertions and a formulaic recitation of the elements of their causes of action. These complaints are vulnerable to attack under the Supreme Court's decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). These cases raised the bar on pleadings by requiring plaintiffs to allege facts sufficient to establish a claim for relief that has facial "plausibility." After Twombly and Iqbal, factual allegations must go beyond speculative or conclusory statements to "nudge[ ] the[ ] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. A pleading rises to the level of plausibility when the allegations allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. Many states have adopted similar pleading standards.

Download: Results List for: Brief Analysis:

## Motions to Dismiss
Federal

**Matching legal concepts:**

**Misconduct | Federal Rule Of Civil Procedure | Fail To State A Claim | Pleading Standard | Move To Dismiss | Claim For Relief | Complaint's Allegation | Mere Possibility | Alleged Fact | Sufficient To Establish**

**Relevant passage:** Most commonly, employers move to dismiss based on the plaintiff's failure to state a claim upon which relief may be granted (also known as a "12(b)(6) motion"). Consider filing a 12(b)(6) motion when the complaint's allegations are bare and conclusory. In two seminal decisions, the U.S. Supreme Court heightened the pleading standard under the FRCP, requiring the plaintiff to allege facts sufficient to establish a claim for relief that is not merely "conceivable" on its face, but "plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (allegations become plausible when they rise above the level of the "mere possibility" of misconduct and allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged").

## Reasons for Filing Rule 12(b)(6) Motions in Antitrust Cases
Federal

**Matching legal concepts:**

**Complain | Anti Trust | Motion To Dismiss | Factual Allegations | Plausible On Its Face | Probability Of Success | Relief Above The Speculative Level | Plausible Claim For Relief | Judicial Experience | Pleading Standard | Specific Factual Allegations | Antitrust Case | Pleading Stage | Specific Task | Right To Relief | Set Of Fact | Beyond Doubt | Complaint States | Legal Conclusion | Reviewing Court | Common Sense | Framework | Truth**

**Relevant passage:** Prior to 2007, courts were reluctant to dismiss antitrust complaints at the pleading stage under the permissible pleading standards that governed at that time. Conley v. Gibson, 355 U.S. 41, 45–46 (1957) (stating that "a complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), however, established a standard that increased the probability of success for Rule 12(b)(6) motions, particularly for antitrust cases (as Twombly addressed an antitrust complaint). To survive a Rule 12(b)(6) motion, a plaintiff must now allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. Put differently, "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (discussing Twombly in detail, holding, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). When you consider whether to file a motion to dismiss, you should always keep this standard in mind.

## Specific Document Considerations
Federal

**Matching legal concepts:**

**Plain Statement Of The Claim | Federal Law Requires | Short And Plain Statement | Plausible Claim For**

Download: Results List for: Brief Analysis:

**Relief | Entitled To Relief | Factual Allegations | Complain**

**Relevant passage:** The complaint must include "a short and plain statement of the claim" showing that the defendant is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Each supporting allegation should be simple, concise, and direct. See Fed. R. Civ. P. 8(d)(1). Federal law requires that the factual allegations state a "plausible" claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 679–80 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

**Responses to the Complaint**
Non-jurisdictional

**Matching legal concepts:**

**Plausible On Its Face | Fail To State A Cause Of Action | Legal Theory | Motion To Dismiss | Factual Allegations | Merit | Examine**

**Relevant passage:** The U.S. Supreme Court has held that a plausibility standard should be used when considering the merits of a motion to dismiss for failure to state a cause of action upon which relief may be granted. According to that standard, a court will examine an otherwise well-pleaded claim to determine whether the cause of action is arguably plausible on its face. The court has held that the plausibility theory applies only to factual allegations, not the legal theory. Johnson v. City of Shelby, 574 U.S. 10.

**Pre-Answer Motions and Answers to a Complaint**
Non-jurisdictional

**Matching legal concepts:**

**Plausible On Its Face | Fail To State A Cause Of Action | Legal Theory | Motion To Dismiss | Factual Allegations | Merit | Examine**

**Relevant passage:** The Supreme Court has held that a plausibility standard should be used when considering the merits of a motion to dismiss for failure to state a cause of action upon which relief may be granted. According to that standard, a court will examine an otherwise well-pled claim to determine whether the cause of action is arguably plausible on its face. The Court has held that the plausibility theory applies only to the factual allegations, not the legal theory. Johnson v. City of Shelby, 574 U.S. 10.

**Responses to the Business Interruption Complaint: Motions, Answers, and Affirmative Defenses**
Non-jurisdictional

**Matching legal concepts:**

**Plausible On Its Face | Fail To State A Cause Of Action | Legal Theory | Motion To Dismiss | Factual Allegations | Merit | Examine**

**Relevant passage:** The Supreme Court has held that a plausibility standard should be used when considering the merits of a motion to dismiss for failure to state a cause of action upon which relief may be granted. According to that standard, a court will examine an otherwise well-pleaded claim to determine whether the cause of action is arguably plausible on its face. The court has held that the plausibility theory applies only to the factual allegations, not the legal theory. Johnson v. City of Shelby, 574 U.S. 10.

**Treatise recommendations for key passage (10)**

Download: Results List for: Brief Analysis:

## 17-X STATING THE CLAIM FOR RELIEF.
Wagstaffe Prac Guide: Fed Civil Proc Before Trial | Federal

**Matching legal concepts:**

**Showing Of Entitlement | Entitlement To Relief | Supported By Mere Conclusory Statements | Detailed Factual Allegations | Bare Allegation | Bare Assertion | Claim For Relief | Accusation | Recitation | Harm | Exclusion**

**Relevant passage:** While "detailed factual allegations" are not needed to establish a claim showing entitlement to relief a claim for relief is not shown by either: • "an unadorned, the-defendant-unlawfully-harmed-me accusation"; • "a pleading that offers only 'labels or conclusions or 'a formulaic recitation of the elements of a cause of action' "; • "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"; or • a pleading that offers only "naked assertion[s] devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotes excluded).

## 8.04 Claim for Relief Requires Showing That Pleader Is Entitled to Relief
Moore's Federal Practice - Civil | Federal

**Matching legal concepts:**

**Facial Plausibility | Plausible On Its Face | Pled With Specificity | Requisite Probability | Dismiss The Complaint | Sufficient Factual Matter | Factual Content | Unlawful Act | Motion To Dismiss | Misconduct | Reasonable Inference | Liable**

**Relevant passage:** The Iqbal Court cited to Twombly to explain what the "plausibility" requirement means: To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. 544 at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

## D. Pleading Requirements D. Pleading Requirements
Business Torts and Unfair Competition Handbook Copyright © 2014 American Bar Association. All Rights Reserved. | Federal

**Matching legal concepts:**

**Plausible On Its Face | Entitlement To Relief | Relief Above The Speculative Level | Pleading Standard | Obligation To Provide | Right To Relief | Basic Rule | Factual Allegations | Recitation | Interpretation**

**Relevant passage:** In Twombly, the Supreme Court retired the pleading standard it had laid out in Conley v. Gibson. Now, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." The Twombly Court interpreted the basic Rule 8 notice standard as requiring enough facts to state a claim to relief that is plausible on its face.

## 23-II MOTIONS TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED—RULE 12(b)(6).
Wagstaffe Prac Guide: Fed Civil Proc Before Trial | Federal

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Non Conclusory Allegation | Entitlement To Relief | Truth Of The Allegation | Us Department Of Energy | Pleaded Factual Allegation | Plausible Claim For Relief | Alleged Fact | Complain**

**Relevant passage:** Finally, Iqbal states that the court then assumes that any remaining "well-pleaded factual allegations" are true; and determines whether these allegations "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Sanchez v. United States Department of Energy, 870 F.3d 1185, 1199 (10th Cir. 2017); Bright v. Gallia Cty., 753 F.3d 639, 652 (6th Cir. 2014) ("we must accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible claim for relief").

### 40-VIII EFFECT OF ENTRY OF DEFAULT.
Wagstaffe Prac Guide: Fed Civil Proc Before Trial | Federal

**Matching legal concepts:**

**Motion To Dismiss | Complain | Motion To Dismiss For Failure To State A Claim | Plausible On Its Face | Denial Of Entry | Absent An Abuse Of Discretion | Entry Of Default | Default Judgment | Sufficient Factual Matter | Claim For Relief | Legal Conclusion | Factual Allegations | Legal Sufficiency | Cause Of Action | Recitation | Interpretation | Sport | Evaluation**

**Relevant passage:** The Eleventh Circuit has interpreted the standard for determining legal sufficiency for purposes of default judgment as being akin to that necessary to survive a motion to dismiss for failure to state a claim. When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see, e.g., Glick v. W. Power Sports, Inc., 944 F.3d 714, 717–18 (8th Cir. 2019) (denial of entry of default not abuse of discretion where all but one of the allegations in the operative complaint constituted mere legal conclusions and recitations of the elements of the causes of action and the sole factual allegation was insufficient to state a claim for relief).

### 4.32 Preparing Rule 12 Motion to Dismiss
Moore's AnswerGuide: Fed Pretrial Civil Litigation | Federal

**Matching legal concepts:**

**Motion To Dismiss | Factual Allegations | Complain | Burden | Pleaded Factual Allegation | Flat Contradiction | Dismiss The Complaint | Deciding Motion | Burden Of Proof | Sufficient Factual Matter | Mere Conclusory Allegations | Bare Legal Conclusions | Video Evidence | Plausible Claim | Light Most Favorable | Moving Party | Material Fact | Sunrise | Veracity | Recitation | Health**

**Relevant passage:** The moving party has the burden of proof. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (defendant's burden). In considering the motion, the court must treat all of plaintiff's allegations of material fact as true and construe them in the light most favorable to the plaintiff. Maduka v. Sunrise Hosp., 375 F.3d 909, 911 (9th Cir. 2004) (Rule 12(b)(6) standard); see Colon Health Ctrs. of Am., LLC v. Hazel, 733 F.3d 535, 545 (4th Cir. 2013) (to survive motion to dismiss, complaint must merely contain sufficient factual matter, accepted as true, to state plausible claim; Rule 12(b)(6) does not countenance dismissals based on judge's disbelief of complaint's factual allegations). Mere conclusory allegations or bare legal conclusions are insufficient to survive a Rule 12(b)(6) motion. See Ashcroft v. Iqbal, 556 U.S. 662, 679–680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (only well-pleaded factual allegations are entitled to assumption of veracity in deciding motion to dismiss); Bell Atlantic v. Twombly, 550 U.S. 544, 555–556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (mere labels, conclusions, or formulistic recitation of elements insufficient); see also § 4.08[1][a] above. Furthermore, the court need not accept as true the plaintiff's version of the facts if it is blatantly contradicted by video evidence. Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019).

Download: Results List for: Brief Analysis:


## 1.31 General Pleading Standards
Federal Litigation Guide | Federal


**Matching legal concepts:**


**Facial Plausibility | Plausible On Its Face | Inconsistent Claim | Supported By Mere Conclusory Statements | Sufficient Factual Matter | Unlawful Act | Reviewing Court | Misconduct | Common Sense | Reasonable Inference | Complain | Liable**


**Relevant passage:** A complaint filed in federal court must include sufficient factual matter to state a claim to relief that is plausible on its face, and all claims must be accompanied by facts which allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." This "facial plausibility" requirement cannot be supported by "mere conclusory statements" and a reviewing court is required to "draw on its experience and common sense" in its determination of plausibility. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. A claimant may state inconsistent claims regardless of the fact that it would be impossible for the claimant to prevail on all of the claims.


## 7012.06 Motion to Dismiss; Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6)
Collier on Bankruptcy | Federal


**Matching legal concepts:**


**Fail To State A Claim | Complain | Pleading Standard | Facial Plausibility | Set Of Fact | Motion To Dismiss | Court Noted | Liable | Plausible On Its Face | Dismiss For Failure To State A Claim | Requisite Probability | Factual Impossibility | Assert Liability | Dismiss The Complaint | Face Of The Pleadings | Notice Pleading | Plead Fact | Required To Provide | Factual Content | Entitled To Relief | Beyond Doubt | Factual Allegations | Misconduct | Civil Action | Reasonable Inference | Recitation | Isolation | Overrule | Language**


**Relevant passage:** In 2007, the United States Supreme Court, in Bell Atlantic Corp. v. Twombly, asserted a new, more stringent notice-pleading standard for motions to dismiss for failure to state a claim upon which relief may be granted. The Court stated that the plaintiff is required to provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Twombly overruled the more liberal Conley v. Gibson standard, which provided that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court noted that this "no set of facts" language was being read "in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." Twombly requires that the facts asserted in support of the claim need to cross the line "from conceivable to plausible." In 2009, the Supreme Court reaffirmed and extended Twombly in Ashcroft v. Iqbal. Iqbal clarifies that Twombly's more stringent pleading standard applies to all civil actions and explains that a complaint has "facial plausibility" when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The Court noted that the "plausibility" requirement was not akin to a "probability" requirement, but requires "more than a sheer possibility" that the defendant is liable. In other words, to survive a motion to dismiss, a complaint must plead facts that are more than consistent with the asserted liability, and that show (as opposed to merely allege) that the pleader is entitled to relief.


## 1.34 Pleading Requirements
Federal Litigation Guide | Federal


**Matching legal concepts:**

Download: Results List for: Brief Analysis:


**Complain | Plausible On Its Face | Supported By Mere Conclusory Statements | Sufficient Factual Matter | Information And Belief | Possession And Control | Facial Plausibility | Factual Allegations | Reviewing Court | Misconduct**

**Relevant passage:** Federal courts require heightened "plausibility" pleading in all civil actions. The complaint must include sufficient factual matter to state a claim to relief that is plausible on its face, and all claims must be accompanied by facts which allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." This "facial plausibility" cannot be supported by "mere conclusory statements" and a reviewing court is required to "draw on its experience and common sense" in its determination of plausibility. The plausibility standard for pleading does not prevent a plaintiff from pleading facts alleged upon information and belief where those facts are peculiarly within the possession and control of the defendant. The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim, since factual allegations alone are what matters.


**24.05 Practice and Pleading**
Business Torts | National

**Matching legal concepts:**

**Complain | Factual Allegations | Plausible Claim For Relief | Conclusory Statement | Motion To Dismiss | Entitlement To Relief | Pleaded Factual Allegation | Pronged Approach | Well Pleaded Facts | Judicial Experience | Pleading Standard | Specific Task | Alternative Explanations | Mere Possibility | Unlawful Conduct | Complaint States | Legal Conclusion | Reviewing Court | Misconduct | Common Sense | Veracity | Truth | Permit**

**Relevant passage:** The Court subsequently discussed the new pleading standard in Ashcroft v. Iqbal. The Court stated that the tenet that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Recitals of the elements of a cause of action, supported by conclusory statements, are insufficient. Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. When the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the plaintiff is entitled to relief. The Court in Iqbal stated that a court considering a motion to dismiss can begin by identifying pleadings that are conclusory statements that are not entitled to the assumption of truth. When the complaint contains well-pleaded factual allegations, the court should assume their veracity and then determine whether the factual allegations plausibly give rise to an entitlement to relief. This is a two-pronged approach. In applying this approach, a court may infer from the complaint's factual allegations, "obvious alternative explanation[s]" suggesting lawful, rather than unlawful conduct.


## Argument recommendations for key passage (10)


**DEFENDANTS LORI A. GORDON'S AND MICHAEL Q. LEE'S OPENING BRIEF IN SUPPORT OF THEIR**

**MOTION TO DISMISS UNDER RULES 8(A)(2) AND 12(B)(6)**
ARUNACHALAM v. GORDON, 2021 U.S. DIST. CT. MOTIONS LEXIS 46544
U.S. Dist. Del. | 2021-05-03


**Motion type:**
Defendant's motion to dismiss |


**Argument: IV. LEGAL PRINCIPLES**
A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw reasonable inferences and use common sense that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-

Download: Results List for: Brief Analysis:

79. A Complaint must "raise... above the speculative level" with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 547, 555. A complaint will not suffice if it recites only "naked assertions" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678. Although the factual allegations in the complaint are accepted as true, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

**DEFENDANT MEDOVA HEALTH CARE FINANCIAL GROUP, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

SM MED. HOLDINGS CORP. v. BROTHERS, 2020 U.S. DIST. CT. MOTIONS LEXIS 530189
Law firm: POLSINELLI PC
U.S. Dist. N.J. | 2020-09-25

**Motion type:**
Defendant's motion to dismiss |

**Argument: 3. Argument**
Rule 8(a) requires a plaintiff to allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint offering "a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Instead, a complaint must also contain something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; it must allege "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CBD AMERICAN SHAMAN, LLC'S MOTION TO DISMISS**

MAHONEY v. CBD AMERICAN SHAMAN, 2020 U.S. DIST. CT. MOTIONS LEXIS 445012
Eastern Dist. Pa. | 2020-02-14

**Motion type:**
Defendant's motion to dismiss |

**Argument: III. The Court Should Dismiss this Action for Failure to State a Claim Under Rule 12(b)(6) Because Mahoney has Not Alleged a Cognizable Public Accommodation**
To survive a motion to dismiss Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iq-bal, 556 U.S. 662, 678 (2009). This requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must allege facts that "raise a right to relief above the speculative level." Id. Conclusory factual allegations are not sufficient. Iqbal, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). Nor are legal conclusions. Id. ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
PERRONG v. VICTORY PHONES LLC, 2021 U.S. DIST. CT. MOTIONS LEXIS 616458
Eastern Dist. Pa. | 2021-03-26

**Motion type:**
Defendant's motion to dismiss |

**Argument: LEGAL STANDARD**
A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. While Rule 8(a)(2) "does not require

Download: Results List for: Brief Analysis:

detailed factual allegations … it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, 556 U.S. at 678 (citation and internal quotations omitted). A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. Id. (citation omitted).

**GOOGLE'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINTS**
CALLWAVE COMMUNS. v. AT&T INC., 2021 U.S. DIST. CT. MOTIONS LEXIS 24734
Law firm: Winston & Strawn LLP
U.S. Dist. Del. | 2021-08-23

**Motion type:**
motion to dismiss |

**Argument: A. Applicable Legal Standards**
"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). "While a complaint ... does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his ' entitle [ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do... . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**BRIEF OF DEFENDANT SEACOAST CAPITAL MANAGERS, LLC IN SUPPORT OF MOTION TO DISMISS**
RMG MEDIA v. iBOATS, INC., 2020 U.S. DIST. CT. MOTIONS LEXIS 113282
Law firm: DORSEY & WHITNEY LLP
U.S. Dist. Del. | 2020-06-22

**Motion type:**
Defendant's motion to dismiss |

**Argument: ARGUMENT**
A complaint must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation and citation omitted). Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint is inadequate if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

**GOOGLE'S OPENING BRIEF IN SUPPORT OF ITSMOTION TO DISMISS THE WILLFUL INFRINGEMENT CLAIMS IN CALLWAVE'S AMENDED COMPLAINTS**
CALLWAVE COMMUNS. v. AT&T MOBILITY, 2021 U.S. DIST. CT. MOTIONS LEXIS 24406
U.S. Dist. Del. | 2021-08-07

**Motion type:**
motion to dismiss |

**Argument: INTRODUCTION AND SUMMARY OF ARGUMENT**
"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotations omitted). "While a complaint. . . does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his ' entitle [ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative

Download: Results List for: Brief Analysis:

level." Twombly, 550 U.S. at 555 (internal citations omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
TINSMAN v. MITRA QSR HOLDINGS, 2019 U.S. DIST. CT. MOTIONS LEXIS 419053
Law firm: CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
Eastern Dist. Pa. | 2019-12-24

**Motion type:**
motion to dismiss |

**Argument: II. MOTION TO DISMISS STANDARD**
"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…." Twombly, 550 U.S. at 555. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Id. Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmedme accusation." Iqbal, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS
WRIGHT v. LOWER MERION TWP., 2021 U.S. DIST. CT. MOTIONS LEXIS 150042
Western Dist. Pa. | 2021-07-17

**Motion type:**
Plaintiff's motion to dismiss |

**Argument: II. Governing Legal Standard**
Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation, at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
SIMPSON v. DAVENPORT, 2021 U.S. DIST. CT. MOTIONS LEXIS 607738
Western Dist. Pa. | 2021-03-19

**Motion type:**
Defendant's motion to dismiss |
Defendant's motion for summary judgment |

**Argument: III. Plaintiff's Bald and Unsupported References to Violations of the Religious Freedom Restoration Act Must Be Dismissed**
A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678

Download: Results List for: Brief Analysis:

(2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

## Key Passage 2

Here, Plaintiff's defamation claims falters on multiple essential elements:

▢Falsity – The Complaint fails to allege facts that, if true, would establish the falsity of Mr. Youngblood's statements. In defamation cases, the burden rests on the plaintiff to prove the statements are false, especially where the speech involves a matter of public concern. The U.S. Supreme Court in Philadelphia Newspapers, Inc. v. Hepps held that "when a public-figure plaintiff brings a defamation suit, he must bear the burden of proving that the statement in question is false.". Pennsylvania's highest court has likewise made clear that a plaintiff "must do more than merely deny the allegations – they must prove falsity". Yet Plaintiff's pleading offers nothing beyond a general denial of Mr. Youngblood's account and conclusory assertions that the statements are false. Such bald denials and "broad denials and general statements of harm" do not satisfy the requirement of alleging falsity with plausibility. Because Plaintiff has not come forward with any factual basis to show the statements are false (as opposed to simply insisting they are untrue), he has not met his burden on this element. In addition, Pennsylvania law recognizes truth as an absolute defense to defamation. Mr. Youngblood's statements describe his own lived experience and are consistent with other public reports and testimony, which underscores that Plaintiff cannot plausibly plead that the statements are false. In sum, the Complaint's naked assertion of falsity is insufficient under Hepps and Iqbal, warranting dismissal.

▢Defamatory Meaning – Plaintiff also fails to allege facts showing that the statements are defamatory in context or that any listener actually understood them in a defamatory sense. A statement is only defamatory if it tends to harm one's reputation in the community or deter others from associating with them. While the statements attributed to Mr. Youngblood (describing an incident of sexual misconduct) are certainly provocative, the Court must make a threshold determination of whether a statement is capable of defamatory meaning. Not every offensive or upsetting statement is defamatory in the legal sense. Here, at least one of the alleged statements is vague and ambiguous – for example, the reference to "so much more … and the absolute sexual damage" lacks a specific factual assertion and reads more as subjective commentary, which may not be provably false. Moreover, Plaintiff has not identified any specific audience or context in which these statements were published that would cause harm to his reputation. The Complaint does not describe when, where, or to whom Mr. Youngblood's statements were made; it only generally alludes to "public statements." Without facts showing that the statements were communicated to a third party who understood them as defamatory and as referring to Plaintiff, the claim cannot proceed. In short, Plaintiff has not met his burden to plead that the alleged statementsin context would be understood as defamatory and about him.

▢Actual Malice – The Complaint is devoid of any plausible allegations that Mr. Youngblood acted with "actual malice," a crucial element given Plaintiff's public-figure status. To plead actual malice, a plaintiff must allege facts that, if proven, would show the defendant made the statements with knowledge of their falsity or with reckless disregard for the truth. This is a subjective standard focusing on the defendant's state of mind at the time of publication. Conclusory allegations that the defendant acted "maliciously" or "recklessly" are not enough – the plaintiff must plead facts that permit a reasonable inference of actual malice. Here, Plaintiff offers no such facts. There is no allegation of, for example, what information Mr. Youngblood supposedly knew that contradicted his statements, or any motive he had to lie. On the contrary, the statements in question are Mr. Youngblood's firsthand account of events he claims to have experienced. It is inherently implausible that Mr. Youngblood knew his own autobiographical statements were false – unless Plaintiff contends that Mr. Youngblood is deliberately fabricating his story out of whole cloth. But the Complaint provides no facts to support such a theory (e.g. no allegation of Mr. Youngblood admitting the story was false, or any evidence he harbored doubts about its truth). Simply put, Plaintiff's bare assertion of "actual malice" is a legal conclusion not entitled to the presumption of truth. Courts have routinely dismissed defamation claims by public figures at the pleading stage when the complaint lacks concrete allegations of actual malice. As the Pennsylvania Supreme Court observed, a defamation plaintiff must do more than claim the statements are false – he must show the defendant knew they were false or spoke despite serious doubts (i.e., prove falsity and malice). Plaintiff's complaint does not come close to meeting this standard. Indeed, the facts alleged (to the extent any are pled) point in the opposite direction: Mr. Youngblood's statements were based on his personal experience and made in an effort to raise awareness of alleged abuse, not to deliberately malign Plaintiff. There is thus no plausible inference of actual malice, and the defamation claim fails on this independent basis.

▢Special Harm (Damages) – Plaintiff has also failed to plead any special harm resulting from the alleged statements. Pennsylvania law generally requires a defamation plaintiff to plead and prove special damages (specific monetary or out-of-pocket harm) unless the statement is defamation per se, meaning it falls into a narrow category of statements so innately harmful that damages are presumed. In his Complaint, Plaintiff attempts to label Mr. Youngblood's story

Download: Results List for: Brief Analysis:

as "defamation per se" (Complaint ¶ 14) in order to sidestep the need to plead actual damage to his reputation. However, the statements at issue do not fit neatly into the per se categories recognized under Pennsylvania law. Defamation per se in Pennsylvania includes statements accusing someone of a serious crime, a loathsome disease, serious professional misconduct, or "serious sexual misconduct". While Plaintiff may argue that an accusation of sexual impropriety qualifies as "serious sexual misconduct," it is notable that the alleged incident (as described) does not clearly accuse Plaintiff of a crime – it describes an unwanted advance and inappropriate propositions, not a charge of rape or criminal assault. The context presented by Defendant is one of exposing "matters of public interest and institutional accountability" regarding a faith leader, rather than simply maligning Plaintiff's character. Courts have cautioned that not every offensive sexual allegation is automatically defamation per se, especially where the speech is part of a broader public discourse about systemic issues. Here, even if the statements are taken as defamatory, Plaintiff cannot just declare them "per se" defamatory without meeting the strict definition of that doctrine. Because it is at least debatable whether the statements fall into a per se category, Plaintiff was required to plead special damages with specificity – yet he has not. The Complaint contains only generalized claims that Plaintiff suffered harm to his reputation and emotional distress. These kinds of "unsupported claims of reputational damage are insufficient to sustain a defamation claim." In Joseph v. Scranton Times, L.P., the Pennsylvania Supreme Court underscored that even a public figure plaintiff must prove actual injury, and that presumed damages cannot be recovered absent proof of actual malice and harm. Plaintiff Jakes has not identified any concrete economic loss or specific opportunity lost due to Mr. Youngblood's statements. The absence of any factual allegation of concrete harm is fatal, particularly if the statements are not actionable per se. In sum, because Plaintiff neither alleges a proper per se category nor pleads special damages, his defamation claim fails on the damage's element as well.

☐Additional Element (Privilege) – Finally, Plaintiff has not addressed the issue of privilege at all, even though it is one of the required elements in a defamation action (lack of privilege) . Mr. Youngblood's statements may be protected by various privileges or protections (for example, the constitutionally based privilege for fair comment or opinion on matters of public concern). While the burden of proving an abuse of privilege is on the plaintiff, the Complaint is silent on this point. This omission underscores the insufficient pleading. Given that Mr. Youngblood was speaking out about what he perceived as misconduct by a prominent figure – effectively whistleblowing about abuse in a religious community – there are strong public policy reasons to protect such speech. Plaintiff has not alleged that any privilege does not apply and thus has not met his burden under § 8343(a)(7).

For all of these reasons, Plaintiff has not **plausibly alleged** a valid defamation claim. The deficiencies in pleading falsity, actual malice, and special harm are particularly glaring and independently require dismissal. In the end, Mr. Youngblood's statements – as controversial as they may be – are his recounting of events of public concern, and Plaintiff has not met the heavy burden required to treat those statements as actionable defamation. The claim should be dismissed.


## Cases recommended for key passage 2 (10)


🔴 Menkowitz v. Peerless Publ'ns, Inc. 2017 PA Super 397
Pennsylvania Superior Court | 2017-12-15


**Matching legal concepts:**


**Defamation | Private Figure | Truth | Substance | Burden | Alleged Defamatory Matter | Common Law Presumption | Libelous Charge | Slight Inaccuracy | Substantial Truth | Proved True | Defamatory Speech | Public Concern | Damage | Inquiry**


**Outcome:** In a defamation action, the vacation of a judgment in favor of doctor was proper because the proof presented to show actual malice lacked the convincing clarity which the constitutional standard demanded.


**Relevant passage:** The United States Supreme Court ruled unconstitutional Pennsylvania's common law presumption that defamatory speech is false. It held further that, when a newspaper publishes speech of public concern about a private-figure plaintiff, the private-figure plaintiff must bear the burden of showing that the speech at issue is false before recovering damages for defamation from a media defendant. Substantial truth would absolve a defendant even if she cannot justify every word of the alleged defamatory matter; it is sufficient if the substance of the charge be proved true, irrespective of slight inaccuracy in the details. The law does not require perfect truth. Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified. The essence of that inquiry remains the same whether the burden rests upon plaintiff or defendant. statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.

Download: Results List for: Brief Analysis:

 **Hill v. Cosby 665 Fed. Appx. 169**
3rd Circuit - Court of Appeals | 2016-12-14

**Matching legal concepts:**

**Defamation | Implication | Natural Meaning Of Word | Communication | Injury To Reputation | State Cause Of Action | Meaning Of The Word | No Actionable | Defamatory Character | Defamation Suit | Defamatory Meaning | First Amendment | Words Used | Reasonable Interpretation | Matter Of Law | Third Person | Well Settled | Inter Alia | Harm | Render**

**Outcome:** Plaintiff, who alleged that she was sexually assaulted by defendant, failed to state a defamation claim under 42 Pa. Cons. Stat. § 8343(a)(1) based on published statements by defendant, his attorney, and his wife, as the statements were not capable of a defamatory meaning.

**Relevant passage:** Although a defamation suit has profound First Amendment implications, it is fundamentally a state cause of action. Under Pennsylvania law, the plaintiff must show, inter alia, the defamatory character of the communication. 42 Pa. Cons. Stat. § 8343(a)(1). If the court determines as a matter of law that the communication is not capable of having such a meaning, the claim must be dismissed. However, this non-defamatory reading must constitute the only reasonable interpretation of the statement for the court to dismiss the defamation cause of action. A statement is defamatory in nature if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. A statement may be considered to have a defamatory meaning if its context creates a defamatory implication, i.e., defamation by innuendo, but this concept of innuendo cannot be used to introduce new matter or to enlarge the natural meaning of the words used. It is well settled that the use of catchy phrases or hyperbole does not necessarily render statements defamatory that would otherwise be non-actionable. Similarly, a statement must be provable as false to give rise to a claim of defamation.

 **Miller v. Centre Cnty. 2016 U.S. Dist. LEXIS 62019**
Middle Dist. Pa. | 2016-05-11

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Defamatory Meaning | Publication | Function Of The Court | Proceed To Trial | Difference Of Opinion | Chilling Effect | No Basis | Free Speech**

**Outcome:** A county was immune from liability for plaintiff's state law tort claims under 42 Pa. Cons. Stat. §§ 8541 and 8542. Insofar as defamation claims against other defendants were based on statements made during a county commissioner's meeting, they were immune from suit under 42 Pa. Cons. Stat. § 8546.

**Relevant passage:** "To prevent a chilling effect on free speech, the Supreme Court of Pennsylvania has held that 'statements which represent differences of opinion or are annoying or embarrassing, are without more not libelous.'" "Neither is a statement libelous which is 'no more than rehetorical hyperbole' or 'a vigorous epithet' used to describe what the publisher believes to be another's extremely unreasonable position." Furthermore, "[i]t is the function of the court to determine whether the challenged publication is capable of a defamatory meaning." "If the court determines that the challenged publication is not capable of a defamatory meaning, there is no basis for the matter to proceed to trial."

**FOP v. Fyfe 2002 U.S. Dist. LEXIS 12148**

Download: Results List for: Brief Analysis:

Eastern Dist. Pa. | 2002-03-04

**Unfavorable**

**Motion type:**
motion to dismiss | Denied

**Matching legal concepts:**

**Defamation | Undisclosed Defamatory Fact | Fault Of Defendant | Newspaper Columnist | Condition Of Mind | Commit Perjury | Proved True | Defamatory Meaning | Light Most Favorable | Complain | Malice | Existence | Intent**

**Outcome:** Statement that expressed professor's opinion regarding content of a confidential report on an incident implicating serious misconduct by top police officials was reasonably understood to imply the existence of a basis in undisclosed defamatory facts.

**Relevant passage:** Viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court finds that the statement at issue is capable of defamatory meaning and that, even though it expresses the author's opinion in the form of a speculative question appearing in the Commentary section of the newspaper, it may reasonably be understood to imply the existence of a basis in undisclosed defamatory facts. See Milkovich, 497 U.S. at 20-21 (finding that the defendant newspaper columnist's statement insinuating that the plaintiff had committed perjury implied defamatory facts, in that it was "sufficiently factual to be susceptible of being proved true or false"). In addition, Plaintiff has alleged both the falsity of the statement and the fault of Defendant in making it. See Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally.").


 **Castellani v. Scranton Times, L.P. 23 Pa. D. & C.5th 50**
Pa. C.P., Lackawanna Cty. | 2012-03-04

**Motion type:**
motion for summary judgment | Denied
motion for summary judgment | Denied

**Matching legal concepts:**

**Burden Of Proof | Defamation | Matter Of Public Concern | Subject Action | Defamation Action | Freedom Of Expression | Additional Element | Implication | Exception | Communication**

**Outcome:** Although newspaper articles that described plaintiffs' testimony and/or conduct, under oath, before a state investigative grand jury were in fact capable of a defamatory meaning, there were issues of material fact concerning the alleged falsity of the statements; accordingly, summary judgment was not warranted to either party.

**Relevant passage:** As an additional element in a defamation action, where the subject action is against a media defendant and/or is a matter of public concern, a plaintiff not only bears the burden of proving fault but also bears the burden of proving falsity. Recognizing the latitude that is afforded the freedom of expression regarding imaginative expression or rhetorical hyperbole, there is no wholesale defamation exception for opinions. One may couch an expression in the form of an opinion or hyperbole, but there may be factual implications that arise out of the communication.


**Habe v. Ft. Cherry School Dist. 786 F. Supp. 1216**
Western Dist. Pa. | 1992-03-20

Download: Results List for: Brief Analysis:

**Motion type:**
motion for summary judgment | Partial

**Matching legal concepts:**

**Defamation | Defamation Case | Defamatory Meaning | Harm | Communication | Injury To Reputation | Undisclosed Defamatory Fact | Defamatory Character | Burden Of Proof | Actual Harm | Threshold Question | Initial Determination | Certain Types | Third Person | Inter Alia | Immaterial | Existence | Suffer**

**Outcome:** Summary judgment motion by school district, superintendent, school board and supervisor was denied with regard to employee's claims of retaliation for exercise of First Amendment rights, defamation, due process violations, and wrongful discharge.

**Relevant passage:** Under Pennsylvania law, the plaintiff in a defamation case bears the burden of proving, inter alia, that the statement at issue is of "defamatory character." 42 Pa. Cons. Stat. Ann. § 8343(a) (1982). The threshold question in any defamation case is whether the communication at issue is capable of a defamatory meaning. The court must make the initial determination on this issue, but the issue should be left to the jury if the communication at issue could be understood as defamatory. A statement is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Whether the plaintiff suffered actual harm stemming from the statement is immaterial, but a statement which is merely annoying or embarrassing to plaintiff is not defamatory. In determining whether a statement is capable of defamatory meaning, the court should first determine whether the statement at issue constitutes fact or opinion because only certain types of opinions are actionable. An opinion is still actionable if the statement at issue reasonably may be understood to imply the existence of undisclosed defamatory facts justifying the opinion.

 **Norton v. Glenn 580 Pa. 212**
Pennsylvania Supreme Court | 2003-10-20

**Matching legal concepts:**

**Defamation | Malice | Defamation Action | Public Figure | Actual Malice | Entitled To Recover | Public Official | Presumption**

**Outcome:** A trial court erred in finding that media defendants were not liable for defamation; neither the Unites States nor Pennsylvania Constitutions mandated the application of the neutral reportage privilege to the media defendants.

**Relevant passage:** No longer could malice and falsity be presumed; in fact, a public figure-plaintiff would not necessarily be entitled to recover even if the published statements were provably false and defamatory. Rather, the Court concluded that where the plaintiff in a defamation action is a public official, the plaintiff will not be allowed to recover unless the defendant published the statement with "actual malice". Id. at 279-80.

 **Blackwell v. Eskin 2007 PA Super 20**
Pennsylvania Superior Court | 2007-01-18

**Matching legal concepts:**

**Actual Malice | Public Figure | Negligence | Proof | Showing Of Malice | Actual Malice Standard | Negligence Of Defendant | Sufficient Evidence | Imposing Liability | Clear And Convincing Evidence | Defamation Action | Burden Of Proof | Civil Claim | Defamation Claim | Serious Doubt | Defamatory Statement | Reckless Disregard | Public Official | Establishment | Forbid | Failure | Truth | Instance |**

Download: Results List for: Brief Analysis:

Permit

**Outcome:** Because there was no evidence to suggest that a television network knew of any reason to question a university officer's credibility when it reported that an assistant coach who had a cocaine addiction had been involved in theft from the team locker room, there was no malice. Thus, summary judgment was properly granted as to the defamation claim.

**Relevant passage:** When the plaintiff is a public figure, he or she must prove that the statements he or she characterizes as defamatory were made with actual malice, that is, the speaker either knew that they were false, or recklessly disregarded their falsity. The burden of proof imposed is substantial, as the actual malice standard goes so far as to forbid imposition of liability even in those instances where the defendant negligently publishes false, defamatory statements about a public figure or public official. Indeed, failure to check sources, or negligence alone, is simply insufficient to maintain a cause of action for defamation. Recklessness generally and in the context of actual malice is not easily shown. Moreover, establishment of a defamation claim requires clear and convincing evidence, the highest level of proof for civil claims. A showing of actual malice requires sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his or her publication.

**Ⓐ Straub v. CBS Broad., Inc. 2016 U.S. Dist. LEXIS 31407**
Eastern Dist. Pa. | 2016-03-11

**Motion type:**
motion for summary judgment | Denied

**Matching legal concepts:**

**Defamation | Actual Malice | Defamatory Falsehood | Knowledge Of Falsity | Clear And Convincing Evidence | Public Concern | Public Figure | First Amendment | Reckless Disregard | Public Official**

**Relevant passage:** Pursuant to the First Amendment, "[w]hen [a defamation] plaintiff is a public official or a 'public figure' and the speech is of public concern, [the plaintiff] must prove by clear and convincing evidence that the defamatory falsehood was made with 'actual malice' by a media defendant [and also] prove the falsity of the statements to prevail." Id. at 929 (citations omitted). Actual malice, of course, means the defendant made the statement with knowledge of its falsity or reckless disregard for whether it was true or false. Id. at 927.

**✚ In re Tribune Media Co. 616 B.R. 475**
U.S. Bankr. Del. | 2020-03-03

**Matching legal concepts:**

**Defamation | Defamatory Statement | Defamation Claim | Public Figure | Negligence Of Defendant | Suffered Harm | Varies Depending | High Standards | Actual Malice | Private Individual | At Fault | Third Person**

**Outcome:** Objection to claim against debtors, alleging that one of debtors' newspapers published a defamatory article about claimant, was sustained because had not proven that article was defamatory or false, had not shown that article caused the harms that he has suffered, and had not shown that his condition materially worsened after article was published.

**Relevant passage:** Under Maryland law, Mr. Henke must prove four elements to establish a defamation claim: (1) the Sun made a defamatory statement to a third person, (2) the statement was false, (3) the Sun was legally at fault in making the statement, and (4) Mr. Henke thereby suffered harm. The standard of fault that the Court must apply to a defamation claim varies depending on whether the plaintiff (here, Mr. Henke) is a public figure or

a private individual. If a plaintiff is a public figure, then he must meet a higher standard of fault and show that the defendant published the defamatory statement with "actual malice." Otherwise, the plaintiff only needs to show that the defendant negligently made the defamatory statements.

## Treatise recommendations for key passage (6)

### 56 Burden of Proof
P.L.E. | pennsylvania

**Matching legal concepts:**

**Alleged Defamatory Statement | Common Law | Presumption | Burden | Matter Of Public Concern | Common Law Presumption | Defamation Action | Burden Of Proof | Defamation Case | Common Law Rule | Defamatory Speech | Veracity | Contradict | Truth**

**Relevant passage:** Generally, Pennsylvania had applied the common-law presumption that defamatory speech was false, thereby placing the burden on the defendant to prove the veracity of the statements that were the center of controversy. The United States Supreme Court, however, negated this presumption at least when involving defamation cases in which the alleged defamatory statements are matters of public concern, finding that the plaintiff must prove fault on the part of the defendants, as well as the falsity of the allegedly defamatory statements. This holding contradicts the common-law rule on falsity: that the defendant bears the burden of proving truth in a defamation action.

### 19 Malice
P.L.E. | pennsylvania

**Matching legal concepts:**

**Actual Malice | Reckless Disregard Of The Truth | Public Figure | Clear And Convincing Evidence | Defamation Action | Sufficient To Prove | Not Found | Ordinary Sense | Serious Doubt | Ill Will | Inquiry**

**Relevant passage:** Actual malice toward public figure. When a defamation action concerns a public figure, that person is required to show by clear and convincing evidence that the publication is made with knowledge that the statements contained therein are false or with reckless disregard for the truth or falsity of the statements. This standard is known as "actual malice." The actual malice inquiry focuses on whether the publisher, in fact, entertained serious doubts regarding the truth or falsity of the published statement. Actual malice is not found merely through a showing of ill will or malice in the ordinary sense of the term. Moreover, falsity, in and of itself, is not sufficient to prove actual malice. Rather, actual malice requires a showing, at minimum, that the statements were made with a reckless disregard for the truth.

### 6.02 Commercial Defamation
Business Torts | National

**Matching legal concepts:**

**Implication | Language | Interpretation | Defamation By Implication | Defamation Action | Defamatory Meaning | No Defense | Materially False | Libel | Defamation Claim | Matter Of Law | Language Used | Sanctuary | New York | Truth | Constitution**

**Relevant passage:** Generally, in order to prevail on a defamation claim, the language used must, as a matter of law, be reasonably capable of a defamatory interpretation and a jury must find that the language was actually understood by the recipient in that sense. In New York, the plaintiff must also prove that the defendant

affirmatively intended the defamatory implication. A cause of action for defamation by implication can succeed only if the plaintiff proves that the defamatory implications are materially false. Since the Constitution provides a sanctuary for truth, a libel-by-implication plaintiff must make an especially rigorous showing where the statements are literally true. The language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author intends or endorses the inference. It is no defense that the defendant did not intend to convey the defamatory meaning, so long as the defamatory interpretation is a reasonable one. This standard is problematic when the reported facts are materially true and the alleged defamation is not stated explicitly.

## 46.03 Requirement One: False Statement of Fact About Plaintiff

Personal Injury--Actions, Defenses, Damages | National

**Matching legal concepts:**

**Assertion Of Fact | Libel Per Se | Existence Of Fact | Rise To Liability | Public Comment | False Assertion | Libel Claim | Authority To Sell | Defamation Case | Factual Specificity | Statement Of Facts | Business Competitor | First Amendment | Salesman | Misrepresentation | Distinction**

**Relevant passage:** Most courts have drawn a distinction in defamation cases between statements of fact and those of opinion. Statements that lack factual specificity, in the sense that they neither state nor imply the existence of any facts and merely indicate that the defendant thinks ill of the plaintiff, do not give rise to liability. To recover, it is essential for a plaintiff to show that the publication in question was not merely an expression of bald opinion, but contained some false assertion of fact. Illustratively, in a libel per se claim based on a Google review written by the manager of a competing business, the manager's statement that the plaintiff's salesmen misrepresented what brand of pianos they were authorized to sell was sufficiently factual to be actionable but his statement "this guy can't be trusted" was not, and, therefore, the libel claim was subject to the First Amendment's public comment defense.

## 45.01 Rules of Liability and Emerging Trends

Damages in Tort Actions | National

**Matching legal concepts:**

**Defamation | Defamatory Statement | Actual Malice | Election | Reasonable Inference | Social Media | Defamatory Per Se | Subscription Service | High Degree Of Awareness | Voter Fraud | Election Fraud | Social Media Accounts | News Coverage | Statement Of Facts | Alleged Fact | Economic Damages | Complain | Dominion | Website | Punitive | Intentionally | Role**

**Relevant passage:** In U.S. Dominion, Inc. v. Newsmax Media, Inc., another case involving news coverage of alleged voter fraud in the 2020 election, the plaintiffs alleged actual malice, as there was at least a reasonable inference of actual malice based on the alleged facts when viewed in the plaintiffs' favor. The complaint supported the reasonable inference that defendant either knew its statements about the plaintiffs' role in election fraud were false or had a high degree of awareness that they were false. The plaintiffs alleged that the defendant Newsmax Media Inc. (Newsmax) published false and defamatory statements of fact about it. The plaintiff claimed that Newsmax's hosts intentionally provided a platform for guests that Newsmax knew would make such statements on the air. In addition, the plaintiff contended that Newsmax affirmed, endorsed, repeated, agreed with, and repeated those guests false and defamatory statements on the air, on Newsmax's websites, on Newsmax's social media accounts, and on Newsmax's other digital platforms and subscription services. The plaintiff sought punitive and economic damages for defamation per se.

## 9.27 Defamation.

Punitive Damages | National

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Defamatory Per Se | Punitive Damage | Misconduct | Communication | Award Of Punitive Damages | Loathsome Disease | Trade Occupation | Sexual Misconduct | Actual Malice | Compensatory Damages | Actual Damage | Criminal Conduct | Public Official | Preclude | Presumption | Recovery**

**Relevant passage:** Individuals including a public official may receive damages when there is defamation per se. A communication is defamatory per se if it imputes (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or, (4) sexual misconduct. If the communication is defamatory per se, damages will be presumed if the publication about the official was made with actual malice. This is significant in punitive damages cases because the plaintiff must establish actual damages before there can be an award of punitive damages. Therefore, the absence of compensatory damages under those circumstances does not preclude the recovery of punitive damages.

## Argument recommendations for key passage (7)

### TIVERSA HOLDING CORP. AND ROBERT J. BOBACK'S OPPOSITION TO LABMD, INC. AND MICHAEL J. DAUGHERTY'S MOTION FOR SANCTIONS
TIVERSA HOLDING CORP. v. LABMD, INC., 2015 PA C.P. Ct. Motions LEXIS 13591
Law firm: Bryan Cave, LLP
Pa. C.P., Allegheny Cty., Civ. Div. | 2015-11-04

**Motion type:**
motion for sanctions |

**Argument: A. Plaintiffs' Defamation Claims Are Meritorious, and Certainly Nonfrivolous. 16That the argument found in this section will strike the Court as familiar provides all the evidence necessary to show that the Motion and Brief are nothing but an attempt to resurrect Defendants' failed preliminary objections.**
The Book is written and has been marketed in such a manner as to be taken as truth, and "[s]imply couching defamatory statements in terms of opinions does not dispel [defamatory] implications." Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-19 (1990). Further, a reasonable reader may "understand an opinion statement to convey facts about the speaker's basis for holding that view." Omnicare, Inc. v. Laborers Dist. Council Constr. Industry Pension Fund, 135 S. Ct. 1318, 1322(2015). Ultimately, Defendants'after-the-fact excuses do not alter the defamatory nature of the statements at issue. Further, even where Defendants' statements could conceivably be interpreted as being opinions, they do not qualify as pure opinion and are still capable of defamatory meaning because they can be "reasonably understood to imply the existence of undisclosed defamatory facts." Green v. Mizner, 692 A.2d 169, 174 (Pa. Super. 1997). Even when viewed in full context, Defendants cannot show that it is certain that a reasonable reader would not find Defendants' statements capable of defamatory meaning. Accordingly, Tiversa's claims on counts I, II, and III are meritorious and legally sufficient. See Preliminary Objections Order.

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FIEDLER v. SHADY GROVE REPRODUCTIVE SCI. CTR., 2021 U.S. DIST. CT. MOTIONS LEXIS 608318
Middle Dist. Pa. | 2021-07-02

**Motion type:**
Defendant's motion to dismiss |

**Argument:**
1. Dr. Fiedler's claim for defamation per se fails because he retired from the practice of medicine well before the alleged defamatory statements were made, and thus, he is not entitled to the presumption that the statements caused harm to his business. Because his claim cannot be defamation per se, Dr. Fiedler was required to plead

that the alleged statements caused him to incur special

## PLAINTIFFS' OPPOSITION TO DEFENDANT JAIME ROE'S MOTION TO DISMISS

DELAWARE VALLEY AESTHETICS v. JOHN DOE 1, 2021 U.S. DIST. CT. MOTIONS LEXIS 80935
Eastern Dist. Pa. | 2021-06-14

**Motion type:**
Plaintiff's motion to dismiss |

**Argument: 2. Roe has failed to demonstrate that Plaintiffs inadequately alleged "actual malice."**
Roe wrongly asserts that Plaintiffs failed to adequately plead damages for their claim of "defamation per se." See
Def.'s Br. at 15. Roe mistakenly confuses Plaintiffs' specific "libel" (written defamation) claim for the more general
"defamation" claim. See Am. Compl. at PP16-20. Although the elements of both torts are nearly identical,
"Pennsylvania case law holds that proof of special harm, i.e., monetary damages, is not a prerequisite to
recovery in a defamation libel matter." Joseph, 634 Pa. at 78 n.10, 129 A.3d at 429. Rather, a libel plaintiff need
only demonstrate generalized "actual harm" to her reputation: "Pecuniary loss is not the only, or even the most
significant harm resulting from defamation. Injury to reputation, impairment of standing in the community,
personal humiliation and mental anguish are types of actual harm 'not limited to out-of-pocket loss' compensable
for defamation." Pilchesky v. Gatelli, 2011 PA Super 3, 12 A.3d 430, 444. Moreover, where a plaintiff
demonstrates that a tortfeasor acted with "actual malice," the Pennsylvania's supreme court has reaffirmed its
long-standing rule that damages may be presumed . See Joseph, 634 Pa. at 82, 129 A.3d at 432; see also Patel
v. Patel, No. 14-2949, 2015 U.S. Dist. LEXIS 149571, at *14 (E.D. Pa. Nov. 4, 2015) ("[T]his Court is bound to
conclude that Pennsylvania permits presumed damages in defamation per se claims when actual malice is
pleaded and proven.").

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM ON BEHALF OF THE AMERICAN HEART ASSOCIATION

WANG v. UNIVERSITY OF PITTSBURGH, 2021 U.S. DIST. CT. MOTIONS LEXIS 89136
Law firm: DICKIE, MCCAMEY & CHILCOTE, P.C.
Western Dist. Pa. | 2021-04-09

**Motion type:**
Plaintiff's motion to dismiss |

**Argument: IV. ARGUMENT**
Nevertheless, the "misrepresentation" statements by the AHA were based on information provided by UPMC and
reasonably and justifiably believed to be accurate. As such, there can be no plausible showing of actual malice.
Vandenburg v. Newsweek, Inc., 507 F.2d 1024, 1028 (5th Cir. 1975) (noting an absence of actual malice where a
reporter relies only on statements from a single source reflecting one side of a story); Spaceon Specialty
Contractors, LLC v. Bensinger, 782 F. Supp. 2d 1194, 1202 (D. Colo. 2011) (ruling that plaintiff failed to show
actual malice where filmmaker relied on credible sources); Adler v. Conde Nast Publ'ns, 643 F. Supp. 1558, 1565
(S.D.N.Y. 1986) (finding no actual malice where publisher relied on statements of another with "no perceptible
axe to grind"); Barger v. Playboy Enters., 564 F. Supp. 1151, 1157 (N.D. Cal. 1983) (reasoning that "use of a
single source does not establish recklessness"). Plaintiff has failed to allege any facts in support of actual malice,
and Count III should also be dismissed for this reason. 6Incidentally, Plaintiff is incorrect that the challenged
statements constitute defamation per se. ( See ECF Doc. 43 at PP 69-70). Where a statement constitutes
defamation per se, a plaintiff is relieved of the requirement of showing special damages. Synygy, Inc. v. Scott-
Levin, Inc., 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999). Defamation per se can consist of words imputing business
misconduct. Id. A statement is defamatory per se as an accusation of business misconduct if it ascribes to
another conduct, characteristics or a condition that would adversely affect his fitness for the proper conduct of his
lawful business. Id. But Plaintiff is a cardiologist. He authored an article on diversity initiatives in medicine. The
statements of the AHA challenge the substance of the Subject Article; they do not challenge Plaintiff's
competency in his chosen profession of cardiology. The alleged statements in no way question Plaintiff's fitness
as a cardiologist. As such, defamation per se does not apply.

Download: Results List for: Brief Analysis:


## BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS PURSUANT TO Pa.R.C.P. 1028
BOEHM v. STULZ, 2021 PA C.P. CT. MOTIONS LEXIS 2497
Law firm: Elliott & Davis, P.C.
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-01-28


**Argument:**
In that the Plaintiff is a public figure, the actual malice standard must be applied to him. The United States Supreme Court has placed "severe restrictions on public figures' rights to recover in defamation cases." Norton v. Glenn. 860 A.2d 48 (Pa. 2004). To establish actual malice, it must be plead and proven that the Defendant acted with knowledge or reckless disregard of the falsity of the objectionable statements. The actual malice standard is not satisfied merely through a showing of ill will or malice in the ordinary sense of the term nor can the fact that the Defendant published the defamatory material suffice to prove actual malice. Harte-Hanks Communications. Inc. v. Connaughton. 491 U.S. 657, 667 (1989).


## PLAINTIFF'S MEMORANDUM OF LAW OBJECTIONS TO DEFENDANTS TCV COMMUNITY SERVICES. RICHARD WHITE. DAWN BERARDO. AND ASHLEY LEONARD BRINKMAN'S MOTION FOR SUMMARY JUDGEMENT
OSORIO v. TCV COMMUNITY SERVS., 2021 U.S. DIST. CT. MOTIONS LEXIS 613055
Western Dist. Pa. | 2021-09-16


**Motion type:**
Plaintiff's motion for summary judgment |


**Argument: D. Plaintiff's Wrongful Termination claim at Count V does not fail as a matter of law and Defendants are not entitled to summary judgement.**
4. The false statements Defendant Richard White communicated to others were not privileged. He acted with malice. Plaintiff suffered emotional and financial harm because of the statements. Certain statements are considered defamatory "per se," which means that the law presumes the statement causes harm (and so the employee doesn't have to prove it). For example, many states consider


## BRIEF IN OPPOSITION TO PRELIMINARY OBJECTIONS
DEEMS v. RYAN, 2021 PA C.P. CT. MOTIONS LEXIS 415
Law firm: Fuchs Law Office, LLC
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-03-03


**Argument: II. Argument**
In the present case, the Defendants have made defamatory statements about Mr. Deems regarding serious sexual misconduct. As such, the statements constitute defamation per se and damages are presumed to have been incurred by the Plaintiff. As such, the Defendants' Objection is simply without merit.


## Key Passage 3


Even if Plaintiff had adequately pleaded the elements of defamation (he has not), his claim is independently barred by the First Amendment because the speech at issue involves a matter of public concern and a public-figure plaintiff. **Freedom of speech** under the First Amendment places substantive limits on defamation actions, especially where, as here, the statements issue matters of public interest.
**Plaintiff is a public figure and the statements involve public concern.** The Complaint itself acknowledges that T.D. Jakes is a world-renowned religious leader – in other words, a classic public figure. The subject matter of Mr. Youngblood's statements (alleged sexual impropriety by a church leader and the institutional response to such allegations) is indisputably a matter of public concern. Courts have recognized that allegations of sexual abuse or misconduct within

Download: Results List for: Brief Analysis:

influential institutions (like churches) raise issues of **significant public interest**, including the protection of vulnerable individuals and the accountability of powerful figures. Speech addressing "systemic abuse, institutional accountability, and the misuse of power within faith-based organizations" lies at the heart of public concern discourse. Indeed, Defendant's disclosures contribute to a broader public conversation about how religious institutions handle allegations of abuse, analogous to widely covered scandals in other institutions. Because this speech involves public issues and a public figure, it occupies "the highest rung of the hierarchy of First Amendment values" and is entitled to special protection (to borrow the Supreme Court's phrasing from *Snyder v. Phelps*, **562 U.S. 443, 451-52** (2011)).

## Cases recommended for key passage 3 (3)

Ⓐ **Kuwait & Gulf Link Transp. Co. v. Doe 2019 PA Super 234**
Pennsylvania Superior Court | 2019-08-01

**Matching legal concepts:**

**Matter Of Public Concern | Defamation | First Amendment | Statement Of Opinion | Defamation Law | Standard Of Proof | Public Figure | Liability | Constitutionally Protected | Free Speech | Make Clear | Connotation**

**Outcome:** In a defamation action, a decision granting summary judgment in favor of defendants was proper, as statements contained in letters regarding appellants' violation of the Comprehensive Iran Sanctions, Accountability, and Divestment Act constituted subjective opinions.

**Relevant passage:** When raised by a public figure concerning statements bearing on a matter of public concern, claims for defamation are subject to an onerous standard of proof, owing to considerations of free speech that inhere to any claim that implicates the First Amendment. Consequently, the Superior Court of Pennsylvania's First Amendment jurisprudence makes clear that statements on matters of public concern must be provable as false before there can be liability under state defamation law. Moreover, a statement of opinion relating to matters of public concern that does not contain a provably false connotation will receive full constitutional protection.

⚠ **Byars v. Sch. Dist. of Phila. 2015 U.S. Dist. LEXIS 107074**
Eastern Dist. Pa. | 2015-08-13

**Motion type:**
motion for summary judgment | Partial

**Matching legal concepts:**

**First Amendment | Matter Of Public Concern | First Amendment Retaliation Claim | First Amendment Protection | Similar Conclusion | Strong Interest | Undisputed Facts | Impropriety**

**Relevant passage:** The undisputed facts before me support similar conclusions regarding Plaintiff's First Amendment retaliation claim. Plaintiff has a strong interest in the type of speech at issue which involves a matter of public concern. In fact, speech "involving government impropriety occupies the highest rung of First Amendment protection." Swineford v. Snyder County, 15 F.3d 1258, 1274 (3d Cir. 1994).

✦ **Smith v. Cent. Dauphin Sch. Dist. 419 F. Supp. 2d 639**
Middle Dist. Pa. | 2005-09-23

**Motion type:**
motion to dismiss | Partial

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**First Amendment | First Amendment Value | First Amendment Protection | Public Speech | Public Issue | Public Concern | Government Employee | No Necessity | Property Interest**

**Outcome:** Teacher spoke out about mold in school district buildings which resulted in the district failing to hire her as a coach. Her First Amendment claims survived summary judgment because, contrary to defendants' claims, she did not have to prove deprivation of a due process property interest in the job to state this type of retaliation claim.

**Relevant passage:** The First Amendment protects speech by public employees on public issues; notably, the United States Supreme Court has said public speech occupies the highest rung on the hierarchy of First Amendment values. Thus, there is no need to establish a property interest in one's own job in order to receive First Amendment protection for speech on issues of public concern.

## Key Passage 4

**Constitutional requirements (actual malice and falsity) must be satisfied.** In light of the above, Plaintiff's defamation claim triggers the full array of constitutional safeguards established by the U.S. Supreme Court. Under *New York Times Co. v. Sullivan*, a public official or public figure may not recover defamation damages for speech about them **absent clear and convincing proof** that the statement was made with actual malice. This rule was later extended and reinforced in cases like *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967) (applying actual malice to public figures) and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) (distinguishing standards for private figures). Additionally, in *Philadelphia Newspapers v. Hepps*, the Supreme Court held that the **plaintiff bears the burden of proving falsity** in defamation suits, particularly where the speech is about a public concern. Together, these precedents create a constitutional baseline: **a public-figure plaintiff must prove both falsity and actual malice.** If either element is lacking, the First Amendment bars recovery. Here, as established in Section I, Plaintiff has not plausibly alleged either falsity or actual malice. This is not a mere technical pleading failure, but a reflection of the substantive insufficiency of his claim under First Amendment standards. The Supreme Court has emphasized that permitting libel actions by public figures without these showings would unduly chill free speech and debate on public issues. Thus, allowing Plaintiff's lawsuit to proceed on the thin allegations presented would itself offend First Amendment principles.

## Cases recommended for key passage 4 (9)

 **Dun & Bradstreet v. Greenmoss Builders 472 U.S. 749**
U.S. Supreme Court | 1984-03-21

**Matching legal concepts:**

**First Amendment | Reckless Disregard Of The Truth | Matter Of Public Concern | Affirming Judgment | First Amendment Requirement | Private Concern | Defamation Action | Defamation Law | Purely Personal | Libel**

**Outcome:** Respondent was not required to show actual malice to recover presumed and punitive damages for petitioner's false and defamatory statements because the statements did not involve matters of public concern.

**Relevant passage:** This case involves a difficult question of the proper application of Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974), to credit reporting -- a type of  speech at some remove from that  which first gave rise to explicit First Amendment restrictions on state defamation law -- and has produced a diversity of considered opinions, none of which speaks for the Court.  JUSTICE POWELL's plurality opinion affirming the judgment below would not apply the Gertz limitations on presumed and punitive damages to this case; rather, the three Justices joining that opinion would hold that the First Amendment requirement of actual malice -- a clear and convincing showing of knowing falsehood or reckless disregard for the truth -- should have no application in this defamation action because the speech involved a subject of purely private concern and was circulated to an

extremely limited audience.  Establishing this exception, the opinion reaffirms Gertz for cases involving matters of public concern, ante, at 756-757, and reaffirms New York Times Co. v. Sullivan, 376 U.S. 254 (1964), for cases in which the challenged speech allegedly libels a public official or a public figure.


⚠ **Fanelle v. LoJack Corp. 2000 U.S. Dist. LEXIS 17767**
Eastern Dist. Pa. | 2000-12-07

**Motion type:**
motion for summary judgment | Denied

**Matching legal concepts:**

**Defamation | Public Concern | Actual Malice | Recover Punitive Damage | Matter Of Public | Private Person | First Amendment | Numerous Occasions | Public Interest**

**Outcome:** In defamation cases involving commercial speech by non-media defendants about private individuals, even in matters of public concern, speech is not entitled to elevated levels of First Amendment protection, and proof of falsity is not required.

**Relevant passage:** Pennsylvania's "public concern" defense appears to have been inspired by the United States Supreme Court's First Amendment jurisprudence, which has addressed the statements of public concern in the defamation context on numerous occasions. In Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974), the Supreme Court held that a private person need not prove actual malice when she is defamed on a matter of public interest, but must prove actual malice to recover punitive damages. See id. at 334.


⚠ **Moore v. Vislosky 240 Fed. Appx. 457**
3rd Circuit - Court of Appeals | 2007-04-23

**Matching legal concepts:**

**Public Concern | Private Figure | Matter Of Public Concern | Constitutional Requirement | Defamation Action | Burden Of Proof | Action Brought | Public Figure | Common Law | Forbid**

**Outcome:** District court properly denied a motion for judgment as a matter of law filed by a defendant in a defamation action because there was sufficient evidence to permit a reasonable jury to conclude that defendant, a citizen activist, had a high degree of awareness of the probable falsity of her statements when she accused road inspectors of corruption.

**Relevant passage:** In Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 106 S. Ct. 1558, 89 L. Ed. 2d 783 (1986), the Court addressed the issue of what party bears the burden of proving falsity in a defamation action brought by a private-figure plaintiff for speech related to matters of public concern. Expounding on Gertz, the Court stated: When the speech is of public concern but the plaintiff is a private figure, as in Gertz, the Constitution still supplants the standards of the common law, but the constitutional requirements are, in at least some of their range, less forbidding than when the plaintiff is a public figure and the speech is of public concern.


**Geyer v. Steinbronn 1985 Pa. Super. LEXIS 10347**
Pennsylvania Superior Court | 1985-12-06

**Matching legal concepts:**

**Defamation Case | Public Issue | Actual Malice**

Download: Results List for: Brief Analysis:

**Outcome:** Employee was properly awarded compensatory damages in a suit filed against a former employer, who allegedly gave a prospective employer a false and defamatory employment record, for interference with prospective contractual relations.

**Relevant passage:** The decisions of our courts in defamation cases have not been consistent. In Hepps v. Philadelphia Newspapers, Inc.,    Pa.   , 485 A.2d 374 (1984), cert. granted,    U.S.    (1985), our Supreme Court applied the actual malice holding of Gertz. Hepps, however, involved speech on a public issue.

⚠ **Marcone v. Penthouse Int'l Magazine for Men 754 F.2d 1072**
3rd Circuit - Court of Appeals | 1984-07-20

**Matching legal concepts:**

**Public Figure | Liability Without Fault | Imposing Liability | Private Figure | Defamation Case | Actual Malice | Appropriate Standard | First Instance | Public Official**

**Outcome:** A court erred in not classifying an attorney as a limited purpose public figure in his libel action against a magazine because the evidence indicated that he had been indicted in connection with the largest drug smuggling operation in the country.

**Relevant passage:** In considering a defamation case after Gertz, a court is required to ascertain in the first instance whether the plaintiff is a public figure.  Public officials and public  figures must prove actual malice. Regarding private figures, however, the Court held that states could define the appropriate standard for liability, "so long as they do not impose liability without fault." Gertz, 418 U.S. at 347.

⚠ **Rusack v. Harsha 470 F. Supp. 285**
Middle Dist. Pa. | 1978-12-14

**Matching legal concepts:**

**Public Official | Malice | Official Conduct | New York | Right Of The Public | Liability For Defamation | Right Of Free Speech | First Amendment Right | Immunities From Liability | Clear And Convincing Evidence | Defamation Action | Defamatory Statement | Qualified Immunity | Actual Malice | Reckless Disregard | Constitutional Law**

**Outcome:** The corporation, the corporation's agent, and the corporation's president's motion to dismiss the complaint was denied, but the congressman's motion for summary judgment in the contract negotiator's defamation action was granted.

**Relevant passage:** Beginning with New York Times Co. v. Sullivan, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1966), the Supreme Court has strictly limited, as a matter of  constitutional law, the right of a public official to sue and recover for alleged defamations relating to his or her official conduct.  The first amendment right of free speech provides a qualified immunity from liability for defamation actions brought by public officials and others.  If a plaintiff is a public official and the alleged defamation relates to his official conduct he may only recover if he can show that the defamatory statement was made with "actual malice," (hereinafter referred to as New York Times malice), i. e., with knowledge that the statement was false or with reckless disregard as to whether it was false or not.  This New York Times malice must be proved by the plaintiff by clear and convincing evidence or by "convincing clarity." See Gertz v. Robert Welch, Inc., 418 U.S. 323, 342, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974); Dickey v. CBS, Inc., 583 F.2d 1221 (3rd Cir. 1978).

Q **United States Healthcare, Inc. v. Blue Cross of Greater Phila. 898 F.2d 914**
3rd Circuit - Court of Appeals | 1990-03-09

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Defamation | First Amendment | Black Letter Rule | Defamatory Falsehood | Clear And Convincing Evidence | Defamation Law | Freedom Of Speech | Underlying Policy | Public Concern | Public Figure | Actual Malice | Public Official | Consideration | Accommodation | Formulation**

**Outcome:** Competing insurance providers accused by each other of Lanham Act violations, commercial disparagement and defamation for advertisements were not entitled to heightened constitutional protection because the disputed ads were commercial speech.

**Relevant passage:** Over the next two decades, the Court "'struggle[d] . . . to define the proper accommodation between the law of defamation and the freedoms of speech and press protected by the First Amendment.'" Hepps, 475 U.S. at 768 (quoting Gertz, 418 U.S. at 325). During this period, the Court "varied its formulations of underlying policy and . . . first expanded, then shrunk the quantum of deference to First Amendment considerations." Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 587 (1st Cir. 1980). Nonetheless, at this stage, certain "black letter" rules have emerged. When the plaintiff is a public official or a "public figure" and the speech is of public concern, he must prove by clear and convincing evidence that the defamatory falsehood was made with "actual malice" by a media defendant.

**ⓘ Vitale v. National Lampoon 449 F. Supp. 442**
Eastern Dist. Pa. | 1978-04-20

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**First And Fourteenth Amendment | Probable Falsity | Knowledge Of Falsity | Libelous Statement | Official Conduct | Freedom Of Speech | Action Brought | Wanton Disregard | Constitutional Amendment | Public Figure | Supreme Court's Decision | Actual Malice | First Amendment | Actual Knowledge | Damage | Public Official | Constitutional Right | Genesis | Guaranty | New York | Prohibition | Recovery**

**Outcome:** An entertainer was a public figure as to the readership of an adult magazine because she had previously placed herself voluntarily in the public eye by posing nude therein. Therefore, the entertainer had to show actual malice in her libel action.

**Relevant passage:** Defendant's alternative argument is that plaintiff is a public figure, and because of her status, recovery would violate defendant's constitutional rights under the First and Fourteenth Amendments to the Constitution. This argument finds its genesis in the Supreme Court decision of New York Times v. Sullivan, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710 (1964), and its progeny.  In that case, the Court held that the First Amendment guaranties of freedom of speech and press prohibited a public official from recovering damages for a libelous statement relating to his official conduct in an action brought under state law unless it were shown that the statement was made with actual malice, that is, actual knowledge of the falsity of the statement or wanton disregard for its probable falsity.

**✚ Franklin Prescriptions, Inc. v. New York Times Co. 267 F. Supp. 2d 425**
Eastern Dist. Pa. | 2003-06-19

**Motion type:**
motion for reconsideration | Denied
motion for certification | Denied

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Reckless Disregard Of The Truth | Liability Without Fault | Freedom Of The Press | Imposing Liability | Private Figure | Clear And Convincing Evidence | Defamation Law | Limitation Imposed | Determinative Factor | Proper Balance | Public Debate | Public Figure | Actual Malice | First Amendment | Court Imposed | Forbid | New York | Strike**

**Outcome:** In a defamation action, a newspaper was not entitled to summary judgment where the genuine issues remained of whether it had breached the standards of news gathering and whether it had published the article with reckless disregard for its falsity.

**Relevant passage:** The Supreme Court of the United States "has focused on the private or public status of the plaintiff as the determinative factor in striking the proper balance between individual reputation, freedom of the press, and robust public debate." Marcone v. Penthouse Int'l, 754 F.2d 1072 (3d Cir. 1985). In New York Times v. Sullivan, the Supreme Court imposed limitations on state defamation laws by requiring a public figure plaintiff to prove, by clear and convincing evidence, that the defendant published false material, knowing of its falsity or with reckless disregard for the truth (actual malice). 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710 (1964). However, if the plaintiff is a private figure, the First Amendment only forbids a state to impose liability without fault.

## Practical Guidance recommendations for key passage (1)

**Defamation Basics – Elements and Defenses**
Non-jurisdictional

**Matching legal concepts:**

**Defamation | Additional Protection | Defamation Claim | State Law Cause Of Action | Employment Law | Set Of Circumstance | Purely Personal | Constitutional Privilege | Public Issue | Public Figure**

**Relevant passage:** Though defamation is a state law cause of action, its inherent relationship to speech pulls it under the auspices of the First Amendment. The Supreme Court has made it more difficult for plaintiffs to prevail on defamation claims relating to speech about public figures or public issues than private ones. See, e.g., New York Times Co., v. Sullivan, 376 U.S. 254 (1964). Because most defamation claims in employment law involve purely private individuals and concerns, employers generally cannot take advantage of additional protection afforded by the constitutional privilege. However, you should be aware of anything about a particular plaintiff or set of circumstances that would invoke the public interest and trigger additional protection.

## Treatise recommendations for key passage (10)

**19 Malice**
P.L.E. | pennsylvania

**Matching legal concepts:**

**Public Figure | Defamation | Actual Malice | Evidence Of Malice | Heightened Protection | Alleged Defamatory Statement | Defamation Action | Right To Recover | Severe Restrictions | Libel | First Amendment | Public Official | Denial | Communication**

**Relevant passage:** The First Amendment provides heightened protection for libel defendants when the plaintiff is a public official or public figure. Those protections are so great that they amount to severe restrictions on a public figure plaintiff's right to recover in a defamation action. Such public figures must prove that an allegedly defamatory statement was published with actual malice, i.e. with knowing falsity. However, when the public figure

Download: Results List for: Brief Analysis:

plaintiff's position is not determinative on an issue, the communication of a denial by a plaintiff does not usually constitute evidence of actual malice.

### 132.180 Civil Action Complaints—Defamation
Dunlap-Hanna Pennsylvania Forms | pennsylvania

**Matching legal concepts:**

**Order To Recover | Actual Malice | Private Figure | Punitive Damage | Presumption | Private Concern | Defamation Action | Constitution Requires | Public Concern | Public Figure | Constitutional Limitation | Actual Damage | Negligence**

**Relevant passage:** In Hepps v. Philadelphia Newspapers, Inc., the Supreme Court reviewed the constitutional limits on defamation actions by private (as opposed to public) figure plaintiffs against media defendants. When the speech is of public concern but the plaintiff is a private figure, the constitution requires the plaintiff to prove fault (e.g., negligence) but not actual malice in order to recover actual damages; but actual malice must be proved in order to recover presumed or punitive damages. When the speech is of exclusively private concern and the plaintiff is a private figure, actual malice is not required in order to recover presumed or punitive damages.

### C. Defamation C. Defamation
Business Torts and Unfair Competition Handbook Copyright © 2014 American Bar Association. All Rights Reserved. | Federal

**Matching legal concepts:**

**Defamation | Public Figure | Public Official | Showing Of Malice | Degree Of Fault | Private Figure | Knowledge Of Falsity | Clear And Convincing Evidence | Defamation Action | Matter Of Public | Federal Constitutional Principles | High Burden | Defendant's Knowledge | Court's Refusal | Evenly Divided | Regulated Industry | Holding Corporation | Reported Case | Reckless Disregard | Recent Year | Public Interest | Proliferation | New York | Truth | Role | Communication**

**Relevant passage:** The degree of fault required to sustain a claim of defamation is largely determined by federal constitutional principles, and depends upon both the "public" or "private" status of the plaintiff and the nature of the defamatory comment. In New York Times v. Sullivan, the U.S. Supreme Court held that the Constitution imposes a high burden on public officials to maintain a defamation action based upon statements regarding their conduct, fitness or roles as public officials. They must prove by "clear and convincing evidence" that the defendant had knowledge of the falsity of the communication or acted in reckless disregard of its truth or falsity. This rule has been applied to candidates for public office and "public figures," although the Gertz Court refused to extend it to any matter of public interest, irrespective of the plaintiff's status. The courts are divided to this day about when a corporation (particularly one in a highly regulated industry) can be deemed to be a "public figure" and thus required to show malice as a plaintiff. The Supreme Court has declined to resolve the split among the circuits and "[t]he reported cases involving corporate plaintiffs appear to have proliferated in recent years and the aggregate outcomes are roughly evenly divided between decisions holding corporations to be public figures and decisions holding them to be private figures".

### 46.05 Requirement Three: Fault (Knowledge, Recklessness, or Negligence) as to Falsity of Statement
Personal Injury--Actions, Defenses, Damages | National

**Matching legal concepts:**

**Defamation | First Amendment | New York | First And Fourteenth Amendment | Protection Of The Individual | Damages For Libel | Power To Award | Recovery Of Damage | Defamatory Falsehood |**

Download: Results List for: Brief Analysis:

**Libelous Publication | Defamation Law | Official Conduct | State Interest | Supreme Court's Decision | Actual Malice | Awarding Damage | Reckless Disregard | Free Speech | Public Official | Public Interest | Constitution**

**Relevant passage:** Several landmark Supreme Court decisions interpreting the First and Fourteenth Amendments have greatly altered the landscape of defamation law. Until the decision by the Supreme Court in New York Times Co. v. Sullivan, libelous publications were a class of speech wholly unprotected by the First Amendment. In New York Times, the Supreme Court began the process of reconciling the states' interest in protecting individuals' interests in reputation with the public interest in free speech by holding that the Constitution limits a state's power to award damages for libel in actions brought by officials against critics of their official conduct. In those cases, the First Amendment bars the recovery of damages for a defamatory falsehood relating to a public official's conduct unless the statement was made with "actual malice," which means with knowledge that it was false or with reckless disregard of whether it was false or not.


**6.18 Defamation of Public Figures**
Damages in Tort Actions | National

**Matching legal concepts:**

**Public Figure | Defamation | Actual Malice | False Statement Of Fact | Intentional Infliction Of Emotional Distress | Right To Freedom | Impermissible Intrusion | First Amendment Right | Emotional Distress Claim | Controlling Decision | Alleged Libel | Freedom Of Speech | Public Debate | Claims Made**

**Relevant passage:** The Supreme Court, in Hustler Magazine v. Falwell, issued the controlling decision regarding intentional infliction of emotional distress claims made by public figures and officials arising out of alleged libel or defamation. Focusing on the importance of public debate and opinions concerning public figures, the Court had previously held that public figures could not recover for defamation unless the publication contained a false statement of fact understood as such and made with actual malice. Actual malice was required to avoid impermissible intrusion on the First Amendment right to freedom of speech.


**3.5 First Amendment Challenges.**
Punitive Damages | National

**Matching legal concepts:**

**Free Speech | Public Official | New York | Publication Of Falsehoods | Free Speech Clause | Alleged Defamatory Statement | Necessary To Provide | Defamation Law | Breathing Space | Defamation Suit | Us Constitution | Official Conduct | Public Debate | Extent Necessary | First Amendment | Reckless Disregard | State Constitution**

**Relevant passage:** In New York Times Co. v. Sullivan, the United States Supreme Court recognized for the first time that the law of defamation must comport with the Free Speech Clause of the United States Constitution. The Court in New York Times held that persons who criticize the official conduct of public officials may not be penalized in a defamation suit unless the public official plaintiff succeeds in proving that the defendant made the allegedly defamatory statement "with knowledge that it [is] false or with reckless disregard of whether it [is] false or not." The Court reasoned that the publication of falsehoods is an unavoidable concomitant of free speech, and that the First Amendment requires protection of such falsehoods to the extent necessary to provide sufficient "breathing space" to public debate.


**3.06 Tort Theory Exceptions to the Employment-at-Will Doctrine**
Business Torts | National

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

Defamation | Actual Malice | Reckless Disregard Of The Truth | Knowledge Of Falsity | Defamation Action | Maintain An Action | Defamatory Statement | Ill Will | Public Figure | Public Official | New York | Privilege

**Relevant passage:** In Gertz v. Robert Welch, Inc., and New York Times v. Sullivan, the Supreme Court of the United States established that a public figure or a public official cannot maintain an action for defamation unless actual malice is shown. As one court stated the rule, actual malice does not necessarily require spite or ill will toward the plaintiff. The privilege is defeated if the defamatory statements were made with knowledge of their falsity or with reckless disregard of their truth.

### 9.27 Defamation.
Punitive Damages | National

**Matching legal concepts:**

Private Plaintiff | Defamation | Public Concern | Actual Malice | First Amendment | Matter Of Public Concern | Scale Of Justice | Private Suit | Burden Of Proof | Government Restriction | Defamation Suit | Strict Interpretation | Suits For Damages | Freedom Of Speech | Governmental Intrusion | Similar Manner | Public Issue | Defamatory Statement | Exemplary Damage | Liability | Free Speech | Subject Matter | Punitive Damage | Placement | Injustice | Truth | Extension | Recovery | Communication

**Relevant passage:** In Philadelphia Newspapers, Inc. v. Hepps, the Court extended the First Amendment limitations for recovery imposed on a private plaintiff suing a media defendant when the subject matter involves public matters. The extension requires that the plaintiff show that the communications at issue were false. The Court justified this holding by reasoning that since either choice would result in injustice to one of the parties, the scales of justice should be tipped in favor of free speech. The Court recognized that strict interpretation of the First Amendment only provides for protection against governmental intrusions of freedom of speech. But the Court refuted such a limitation by stating that, "Nonetheless, the need to encourage debate on public issues that concerned the Court in the governmental restriction cases is of concern in a similar manner in this case involving a private suit for damages: placement by state law of the burden of proving truth upon media defendants who publish speech of public concern deters such speech because of the fear that liability will unjustifiably result." Consequently, if a private plaintiff brings a defamation suit against a media defendant which involves matters of public concern, then the plaintiff must establish that the defendant's defamatory statement was both factually false and made with actual malice to qualify for exemplary damages. Punitive damages will be denied where plaintiff does not prove the statements were false and with actual malice.

### 45.06 Fault on the Part of the Defendant
Damages in Tort Actions | National

**Matching legal concepts:**

Defense Of Truth | Defamation Action | Public Figure | Public Official | First And Fourteenth Amendment | Prevailing View | Defamation Suit | Landmark Case | Personal Reputation | Action Brought | Constitutionally Required | Public And Private | Protected Interest | Different View | Private Person | Private Individual | Left Open | Questions Remain | Prerequisite | Broadcast | New York

**Relevant passage:** The United States Supreme Court has held that in defamation actions, when the protected interest is personal reputation, the prevailing view is that truth is a defense. Further, the message related by landmark cases like New York Times v. Sullivan, Garrison v. Louisiana, and Curtis Publishing Co. v. Butts is that the defense of truth is constitutionally required where the subject of the publication is a public official or public figure. However, in Cox Broadcasting Corp. v. Cohn, a different view was taken by the Supreme Court. The majority in Cox stated "[t]he Court has nevertheless carefully left open the question whether the First and Fourteenth Amendments require that truth be recognized as a defense in a defamation action brought by a

Download: Results List for: Brief Analysis:

private person as distinguished from a public official or public figure." This question remains open, although most courts appear to agree that falsity is a prerequisite for a defamation suit brought by both public and private individuals.

## 114.11 Defamation
Personal Injury--Actions, Defenses, Damages | National

**Matching legal concepts:**

**Actual Malice | Proof Of Actual Malice | Defamation | Public Figure | Limited Purpose Public Figure | Obligation | First Amendment | Constitutional Issue | Public Interest | Contention | New York**

**Relevant passage:** The only constitutional issue the court addressed was its rejection of the defendant's contention that Rety was a limited-purpose public figure, necessitating proof of actual malice under the New York Times test. The fact that Rety became a public figure because of the defamation was irrelevant, since it is the plaintiff's status before the defamation that is determinative of whether the plaintiff is obligated under the First Amendment to prove actual malice. Further, there was no matter of a general or public interest requiring proof of actual malice.

## Argument recommendations for key passage (7)

### BRIEF IN SUPPORT OF PRELIMINARY OBJECTIONS PURSUANT TO Pa.R.C.P. 1028
BOEHM v. STULZ, 2021 PA C.P. CT. MOTIONS LEXIS 2497
Law firm: Elliott & Davis, P.C.
Pa. C.P., Allegheny Cty., Civ. Div. | 2021-01-28

**Argument:**
Pursuant to the United States Supreme Court ruling in Gertz v. Robert Welch, Inc., 418 U.S. 323 (1972), the Plaintiff is a limited purpose public figure. In order to establish a claim for defamation as a public figure, the Plaintiff must prove with "convincing clarity" that the Defendant acted with actual malice. New York Times v. Sullivan. 376 U.S. 254 (1964).

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CITY OF HOBOKEN v. EXXON MOBIL CORP., 2021 U.S. DIST. CT. MOTIONS LEXIS 616012
Law firm: STERN KILCULLEN & RUFOLO, LLC
U.S. Dist. N.J. | 2021-01-29

**Motion type:**
Defendant's motion to remand |

**Argument: 3. Plaintiffs Claims Include Federal Constitutional Elements.**
Even if the Court were to construe Plaintiffs claims as limited to Defendants' alleged misrepresentations, which it should not, the claims would necessarily incorporate affirmative federal constitutional elements imposed by the First Amendment. The Supreme Court has made clear that where nominally state-law tort claims target speech on matters of public concern, the First Amendment injects affirmative federal-law elements into the plaintiffs cause of action, including factual falsity, actual malice, and proof of causation of actual damages. See Phila. Newspapers, Inc. v. Hepps, 475 U.S. 767, 774-76 (1986) (state common-law standards "must similarly fall here to a constitutional requirement that the plaintiff bear the burden of showing falsity, as well as fault, before recovering damages"); N.Y. Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964) (public officials have the burden of proving with "convincing clarity" that "the statement was made with 'actual malice'"); Milkovich v. Lorain J. Co., 497 U.S. 1, 20 (1990) ("[A] statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection.").

Download: Results List for: Brief Analysis:


**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR. MORE DEFINITE STATEMENT**
LOSEGO v. KOSOL, 2021 U.S. DIST. CT. MOTIONS LEXIS 603499
Law firm: MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Eastern Dist. Pa. | 2021-07-01


**Motion type:**
Defendant's motion to dismiss |


**Argument:**
9. In addition, Plaintiffs claim for Slander fails because Plaintiff was. public figure and Defendant's alleged statements are protected speech under the First Amendment. New York Times v. Sullivan, 376 U.S. 254, (1964). Plaintiff has not, and cannot, made claims of actual malice on the part of Defendants sufficient to overcome the First Amendment limitations on state law defamation claims. Even if actual malice were asserted, Plaintiff could not satisfy his burden of proving this requisite element by clear and convincing evidence.


**DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
DELAWARE ex rel. JENNINGS, 2021 U.S. DIST. CT. MOTIONS LEXIS 660282
Law firm: KIRKLAND & ELLIS LLP
U.S. Dist. Del. | 2021-03-05


**Argument: 3. Plaintiff's Claims Include Federal Constitutional Elements**
Even if the Court were to construe Plaintiff's claims as limited to Defendants' alleged misrepresentations, which it should not, Plaintiff's claims still would necessarily incorporate affirmative federal constitutional elements imposed by the First Amendment. "Climate change has staked a place at the very center of this Nation's public discourse," and "its causes, extent, urgency, consequences, and the appropriate policies for addressing it" are "hotly debated." Nat'l Review, Inc. v. Mann, 140 S. Ct. 344, 347-48 (2019) (Alito, J., dissenting from denial of certiorari). The Supreme Court has made clear that where nominally state-law tort claims target speech on matters of public concern like climate change, the First Amendment injects affirmative federal law elements into the plaintiff's cause of action, including factual falsity, actual malice, and proof of causation of actual damages. See Hepps, 475 U.S. at 774-76 (explaining that state common law standards "must similarly fall here to a constitutional requirement that the plaintiff bear the burden of showing falsity, as well as fault, before recovering damages"); N.Y. Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964) (holding public officials have the burden of proving with "convincing clarity" that a "statement was made with 'actual malice'"); Milkovich v. Lorain J. Co., 497 U.S. 1, 20 (1990) ("[A] statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection.").


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WILEY PERIODICALS LLC'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**
WANG v. UNIVERSITY OF PITTSBURGH, 2021 U.S. DIST. CT. MOTIONS LEXIS 89151
Law firm: BALLARD SPAHR LLP
Western Dist. Pa. | 2021-04-09


**Motion type:**
Defendant's motion to dismiss |


**Argument: ARGUMENT**
In defamation cases, there are two types of public-figure plaintiffs: those of "such pervasive power and influence" that they are considered "public figures for all purposes," and those "who become involved in a public controversy and thereby become transformed into public figures only" for the limited purpose of "that particular controversy." McDowell v. Paiewonsky, 769 F.2d 942, 947 (3d Cir. 1985) (quoting Gertz v. Robert Welch, Inc.,

Download: Results List for: Brief Analysis:

418 U.S. 323, 345, 351 (1974)). With respect to the second category, a private citizen becomes a "limited-purpose public figure" when he "voluntarily injects himself or is drawn into a particular public controversy." Id. As the Third Circuit has explained, "[i]n the typical limited purpose public figure case, the plaintiff actively participates in the public issue in a manner intended to obtain attention." Marcone v. Penthouse Int'l Magazine for Men, 754 F.2d 1072, 1083 (3d Cir. 1985). The First Amendment requires these limited-purpose public figures to meet the actual malice standard because they "voluntarily put themselves in a position of greater public scrutiny and thus assume the risk that disparaging remarks will be negligently made about them." McDowell, 769 F.2d at 948. This principle follows directly from the Supreme Court's long-standing emphasis that the actual malice standard serves our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open," notwithstanding that such speech "may well include" statements that are "vehement, caustic, and sometimes unpleasantly sharp" - and even "erroneous." New York Times Co. v. Sullivan, 376 U.S. 254, 270-72 (1964).


**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM ON BEHALF OF THE AMERICAN HEART ASSOCIATION**
WANG v. UNIVERSITY OF PITTSBURGH, 2021 U.S. DIST. CT. MOTIONS LEXIS 89136
Law firm: DICKIE, MCCAMEY & CHILCOTE, P.C.
Western Dist. Pa. | 2021-04-09


**Motion type:**
Plaintiff's motion to dismiss |


**Argument: IV. ARGUMENT**
There is no doubt that Plaintiff is a limited purpose public figure for this case. Otherwise private individuals can become public figures by voluntarily thrusting themselves "to the forefront of particular public controversies in order to influence the resolution of the issues." Gertz v. Robert Welch, 418 U.S. 323, 345 (1974); Rutt v. Bethlehems' Globe Pub. Co., 484 A.2d 72, 80 (Pa. Super. 1984). A person becomes a limited public figure when they attempt to have, or realistically can be expected to have, a significant "impact on the resolution of a specific public dispute that has foreseeable and substantial ramifications for persons beyond its immediate participants." Rutt, 484 A.2d at 80. In doing so, these individuals "invite attention and comment." Gertz, 418 U.S. at 345. The Supreme Court has mandated that public figures are required to demonstrate actual malice on the part of a publisher by clear and convincing evidence in order to state a defamation claim. Tucker, 848 A.2d at 130.


**DEFENDANT MARC SIMON, M.D.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
WANG v. UNIVERSITY OF PITTSBURGH, 2021 U.S. DIST. CT. MOTIONS LEXIS 89141
Western Dist. Pa. | 2021-04-09


**Motion type:**
Defendant's motion to dismiss |


**Argument: B. Dr. Wang is a Limited Purpose Public Figure and Cannot Prove "Actual Malice"**
Dr. Wang thrust himself into the public when he submitted the Subject Article to be read by the world and, therefore, should be deemed a "limited purpose public figure." To show defamation, a public figure (even if just a "limited purpose public figure") must prove that the publisher acted with "actual malice." Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa., 923 A.2d 389, 400 (Pa. 2007). A "limited purpose public figure" is an individual who "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." Gertz, 418 U.S. at 351. "Actual malice" is a term of art that does not connote ill will or improper motivation. Rather, it requires that the publisher either know that its article was false or publish it with "reckless disregard" for its truth. Id. at 399 n.12. The First Amendment requires this demanding standard. N.Y. Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964).

Download: Results List for: Brief Analysis:

## Key Passage 5

First, the Complaint does not allege **any facts suggesting an agreement or "meeting of the minds"** between Mr. Youngblood and any other defendant (or person) to harm Plaintiff. The pleadings are devoid of specifics: there is no description of when or how the defendants allegedly agreed to defame Jakes, no mention of any communications or planning among them, and no detail about the supposed common scheme. Instead, Plaintiff offers only the conclusory assertion that the defendants conspired to defame him. Such naked allegations of an agreement are insufficient. **Pennsylvania law requires "specific factual allegations of combination, agreement, or understanding among… the defendants" to plot an unlawful act.** *Panayotides v. Rabenold*, **35 F. Supp. 2d 411, 419** (E.D. Pa. 1999) . In other words, the plaintiff must plead facts that, if true, would allow the Court to infer that a conspiratorial agreement was made. Here, there is no such factual groundwork – merely multiple defendants and the Plaintiff's speculative leap that they must have "conspired." But as the U.S. Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, parallel conduct or mere association among defendants "does not suggest conspiracy" without further factual enhancement . The Third Circuit likewise demands that conspiracy allegations be grounded in facts, not "bare suspicions and foundationless speculation." *Reed v. Harpster*, **506 F. App'x 109, 111** (3d Cir. 2012) (affirming dismissal of conclusory civil conspiracy claims) . Plaintiff's conspiracy claim is exactly the kind of unadorned, speculative accusation that cannot survive under the Twombly/Iqbal standard. There is simply **no factual content** in the Complaint from which one could infer that Mr. Youngblood entered into an agreement with anyone to injure Plaintiff. For this reason alone, Count II (Civil Conspiracy) should be dismissed.

## Cases recommended for key passage 5 (7)

Ⓐ **Scaffidi v. Lanigan 2017 U.S. Dist. LEXIS 166012**
U.S. Dist. N.J. | 2017-10-06

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Conspiracy | Plot Plan | Chain Of Event | Specific Factual Allegations | Federally Protected | Conspiracy Claim | Protected Right | Constitutional Right | Agreement**

**Relevant passage:** Mr. Scaffidi further alleges defendants conspired to violate his constitutional rights. "To make out a § 1983 conspiracy claim, the plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right." Fioriglio v. City of Atl. City, 996 F. Supp. 379, 385 (D.N.J. 1998), aff'd, 185 F.3d 861 (3d Cir. 1999)

Ⓐ **O'Carroll v. Lanigan 2017 U.S. Dist. LEXIS 165788**
U.S. Dist. N.J. | 2017-10-06

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Conspiracy | Plot Plan | Chain Of Event | Specific Factual Allegations | Federally Protected | Conspiracy Claim | Protected Right | Constitutional Right | Agreement**

**Relevant passage:** Mr. O'Carroll further alleges defendants conspired to violate his constitutional rights. "To make out a § 1983 conspiracy claim, the plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right." Fioriglio v. City of Atl. City, 996 F. Supp. 379, 385 (D.N.J. 1998), aff'd, 185 F.3d 861 (3d Cir. 1999)

Download: Results List for: Brief Analysis:

**A** **Halstead v. Hughes 2017 U.S. Dist. LEXIS 166607**
U.S. Dist. N.J. | 2017-10-06

**Motion type:**
motion to dismiss | Partial

**Matching legal concepts:**

**Conspiracy | Plot Plan | Chain Of Event | Specific Factual Allegations | Federally Protected | Conspiracy Claim | Protected Right | Constitutional Right | Agreement**

**Relevant passage:** Mr. Halstead further alleges defendants conspired to violate his constitutional rights. "To make out a § 1983 conspiracy claim, the plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right." Fioriglio v. City of Atl. City, 996 F. Supp. 379, 385 (D.N.J. 1998), aff'd, 185 F.3d 861 (3d Cir. 1999)

● **Brown v. Culp 2011 U.S. Dist. LEXIS 124250**
Middle Dist. Pa. | 2011-10-07

**Motion type:**
motion for permission | Granted

**Matching legal concepts:**

**Color Of State Law | Laws Of The United States | Under Color Of Law | Plot Plan | Chain Of Event | Conspiracy Allegation | Specific Factual Allegations | Unlawful Means | Conspiracy Claim | Lawful Act | Section 1983 | Unlawful Purpose | Criminal Act | Agreement**

**Relevant passage:** To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. Adickes v S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" Marchese, 110 F.Supp.2d at 371 (quoting Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted). "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" Id. (quoting Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).

✚ **Salley v. Wetzel 2013 U.S. Dist. LEXIS 93403**
Middle Dist. Pa. | 2013-01-22

**Matching legal concepts:**

**Color Of State Law | Laws Of The United States | Under Color Of Law | Plot Plan | Chain Of Event | Conspiracy Allegation | Specific Factual Allegations | Unlawful Means | Conspiracy Claim | Lawful Act | Section 1983 | Unlawful Purpose | Criminal Act | Agreement**

**Relevant passage:** To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to

Download: Results List for: Brief Analysis:

do so while acting under color of state law. Adickes v S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" Marchese, 110 F.Supp.2d at 371 (quoting Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa.1999)) (other internal citations omitted). "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" Id. (quoting Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).


 Gary v. Bauder 2017 U.S. Dist. LEXIS 24195
Eastern Dist. Pa. | 2017-02-17

**Matching legal concepts:**

**Conspiracy | Conspiracy Claim | Agreement | Rights | Chain Of Event | Specific Factual Allegations | Concerted Action | Present Fact | Constitutional Right**

**Relevant passage:** Mr. Gary includes a conspiracy claim against all Defendants, in which he alleges that all of the Defendants conspired to violate his constitutional rights and invokes 42 U.S.C. §§ 1983, 1985, 1986, and 1988. To plead a conspiracy claim under any of these statutes, a plaintiff must "specifically present facts tending to show agreement and concerted action to deprive [him] of his ... rights." Walsh v. Quinn, 327 Fed. App'x. 353, 355 (3d Cir. 2009); see also Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D.Pa.1999) ("A plaintiff must make specific factual allegations of combination, agreement, or understanding . . . to carry out the alleged chain of events. . . .


● Hodge v. United States 2009 U.S. Dist. LEXIS 77664
Middle Dist. Pa. | 2009-03-06

**Motion type:**
motion for summary judgment | Granted

**Matching legal concepts:**

**Color Of State Law | Laws Of The United States | Under Color Of Law | Plot Plan | Chain Of Event | Conspiracy Allegation | Specific Factual Allegations | Unlawful Means | Conspiracy Claim | Lawful Act | Section 1983 | Unlawful Purpose | Criminal Act | Agreement**

**Relevant passage:** To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. Adickes v S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently allege a conspiracy, a plaintiff must s how a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" Marchese, 110 F.Supp.2d at 371 (quoting Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted). "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" Id. (quoting Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).


## Practical Guidance recommendations for key passage (1)


**Step 3: Consider Filing a Motion to Dismiss**
Federal

Download: Results List for: Brief Analysis:

**Matching legal concepts:**

**Complain | Pleading Standard | Facial Plausibility | Claim For Relief | Conclusory Assertion | Conclusory Statement | Alleged Fact | Supreme Court's Decision | Sufficient To Establish | Factual Allegations**

**Relevant passage:** Plaintiffs often file class action complaints that lack any factual basis to support their claims or provide only vague and conclusory assertions and a formulaic recitation of the elements of their causes of action. These complaints are vulnerable to attack under the Supreme Court's decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). These cases raised the bar on pleadings by requiring plaintiffs to allege facts sufficient to establish a claim for relief that has facial "plausibility." After Twombly and Iqbal, factual allegations must go beyond speculative or conclusory statements to "nudge[ ] the[ ] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. A pleading rises to the level of plausibility when the allegations allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. Many states have adopted similar pleading standards.

## Argument recommendations for key passage (2)

**OPPOSITION TO MOTION TO DISMISS BY GOVERNOR GAVIN NEWSOM, FOR THE AT-LAW AT THE AT-LAW AT COMMON LAW CONSTITUTIONALITY CHALLENGE OF GOVERNOR OF THE STATE OF CALIFORNIA ORDERING ALL OF THE CLOSING OF ALL CHURCHES. AND BIBLE COLLEGES**
WHITSITT v. NEWSOM, 2020 U.S. DIST. CT. MOTIONS LEXIS 44542
U.S. Dist. Del. | 2020-04-03

**Motion type:**
motion to dismiss |

**Argument: A. Legal Standard on Motion to Dismiss.**
This suit At-Law encompasses a conspiracy of friendships and or alliances of favors in the acts of furtherance of said conspiracy. I will allege and show with factual basis the conspiracy of friendships, alliances, favors and a personal vendetta all add up to acts in the furtherance of said covert conspiracy. I will show a covert agreement and or the meeting of minds by inferred acts of furtherance of stated conspiracy itself. As it is well known fact, that the individual actors of said covert conspiracy, will not openly state, show or admit and not even know or realize they are participants of that covert conspiracy. On the fact of plausible claim. It concluded that Twombly called for a flexible plausible standard which obliges a pleader to amply a claim with some real factual allegations in contexts where such amplification is needed to render the claim plausible. See: Ascroft v. Iabol. et. al' 556 U.S. 662,129 S. Ct. 1937, at 1949, 173 L. Ed. 2d 868 (2009); Bell Atlantic Corp. v. Twomblv. 550 US 544,127 S. Ct. 1955,167 L. Ed. 2d 929 (2007).

**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL UNDER F.R.C.P. 12(b)(6) AND MOTION TO STRIKE UNDER F.R.C.P. 12(f)**
SESAY v. BARBOUR, 2021 U.S. DIST. CT. MOTIONS LEXIS 46115
Eastern Dist. Pa. | 2021-05-17

**Motion type:**
Defendant's motion to dismiss |
Defendant's motion to strike |

**Argument: C. PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE A VIABLE CLAIM FOR A VIOLATION OF EQUAL PROTECTION CLAUSE**
Furthermore, Plaintiffs conspiracy claims ( § 1985(2) and § 1985(3)) fail also because hey allege no facts to

Download: Results List for: Brief Analysis:

establish the existence of any conspiracy - only bald, legal conclusions. Our Third Circuit Court of Appeals has ruled that bare, conclusory allegations of a conspiracy are insufficient to state a viable cause of action. See Jones v. Maher, 131 Fed.Appx. 813, 815 (3d Cir. 2005) (affirming the District Court's holding that the plaintiff's "broad and conclusory allegations were insufficient" to state a claim for civil conspiracy); Keisling v. Renn, 425 Fed.Appx. 106, 108 (3d Cir. 2011) ["While Keisling makes bald, conclusory allegations that all of the private defendants were involved in a conspiracy with the judicial defendants, these allegations are insufficient to plead an unconstitutional conspiracy. "); Foster v. Se cretary, PA Dept. of Corrections. 431 Fed.Appx. 63, *65 (3d Cir. 2011) ["The District Court properly dismissed Foster's broad and conclusory claims of conspiracy for which he provided no factual support."); Reed v. Harpster, 506 Fed.Appx. 109, 111, 2012 WL 6121227, 1 (3d Cir.) ( "[A] llegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation." citing Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991)); See also Kost v. Department of Public Welfare, 2009 WL 466166, *4 (E.D.Pa.) ["To plead the existence of a conspiracy, '[a] plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events. ...A mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the pleading requirements for a conspiracy claim.'"); Tilli v. Ford, 2013 WL 5567701, *8 (E.D.Pa.) ("To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of (he conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose. "). Therefore, Plaintiffs' bald, conclusory allegations of conspiracy are insufficient to state a claim,

## Key Passage 6

Second, Plaintiff has not identified any **unlawful act or purpose** to serve as the cornerstone of the conspiracy. The only wrongful act suggested is the alleged defamation itself. However, as argued above, the **defamation claim fails as a matter of law**. It is well-settled that **civil conspiracy is a derivative claim** – it cannot stand without an underlying tort or unlawful act. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405 (3d Cir. 2000) (under Pennsylvania law, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act") . Pennsylvania courts follow this rule: if the substantive claim fails, the conspiracy claim must also be dismissed . Here, since Plaintiff's defamation claim is not viable, there is **no independently actionable wrong** to support a conspiracy. The alleged "conspiracy" would essentially be an agreement to commit defamation – but if the defamation is not actionable (due to lack of malice, truth, or other defenses), then an agreement to publish those same statements is not an actionable conspiracy. Moreover, to the extent Plaintiff predicates the conspiracy on *some other unlawful purpose*, none is stated in the Complaint. There is no allegation of any crime or illegal act that the defendants agreed to commit. Thus, the conspiracy claim lacks a legally cognizable underlying wrongful act.

## Cases recommended for key passage 6 (10)

 **McGreevy v. Stroup 413 F.3d 359**
3rd Circuit - Court of Appeals | 2005-06-28

**Matching legal concepts:**

**Conspiracy | Underlying Tort | Civil Conspiracy | Defamation | Capital Area | Intermediate Unit | Unlawful Act | Employment | Privilege**

**Outcome:** As a school superintendent was a final policymaker with regard to employment ratings given to a school nurse, those ratings constituted official government policy; thus if a reasonable jury could find that the low ratings were given in retaliation for the exercise of the nurse's First Amendment rights, the school district would be liable.

**Relevant passage:** A claim for civil conspiracy requires that two or more people conspire to do an unlawful act. A claim for civil conspiracy "cannot be pled without also alleging an underlying tort." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405 (3d Cir. 2000). McGreevy argues that the underlying tort was defamation. As stated above, the employment rating was privileged and therefore not defamatory and as a result there is no

underlying tort upon which to base a claim of civil conspiracy.

⬥ **Waterfront Renaissance Assocs. v. City of Philadelphia 2008 U.S. Dist. LEXIS 25868**
Eastern Dist. Pa. | 2008-03-31

**Motion type:**
motion for order | Denied

**Matching legal concepts:**

**Civil Conspiracy | Civil Conspiracy Action | Common Purpose | Fireman | Tortious Interference With Contractual Relations | Establish Liability | Civil Conspiracy Claim | No Cause Of Action | Fireman's Fund Ins | Zoning | Capital Area | Underlying Tort | Unlawful Means | Lawful Act | Intermediate Unit | Civic Association | Alleged Breach | Unlawful Purpose | Unlawful Act | Overt Act | Vicarious Liability | Damage | Refractory | Covenant | Demonstrate**

**Relevant passage:** To state a cause of action for civil conspiracy under Pennsylvania law, WRA must show that "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003). Civil conspiracy is a "means for establishing vicarious liability for the underlying tort." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000). In other words, no cause of action for civil conspiracy arises from the alleged breach of the Zoning Covenant; to succeed on its civil conspiracy claim, WRA must demonstrate that the Civic Association Defendants conspired to commit tortious interference with contractual relations.

⬥ **Kist v. Fatula 2007 U.S. Dist. LEXIS 60615**
Western Dist. Pa. | 2007-08-17

**Unfavorable**

**Motion type:**
motion to dismiss | Denied

**Matching legal concepts:**

**Underlying Tort | Civil Conspiracy | Establish Liability | Capital Area | Intermediate Unit | Related Claim | Conspiracy To Commit | Necessarily Mean | Vicarious Liability | State Court | Court's Decision | Rationale | Existence**

**Relevant passage:** Futhermore, following the rationale of various Pennsylvania state courts and federal appellate and district court decisions from other circuits, the Third Circuit determined that this particular requirement necessarily means that a claim for civil conspiracy under Pennsylvania law is not "independently actionable" and instead is a "means for establishing vicarious liability for the underlying tort." See Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405-07 (3d Cir. 2000) (citations omitted). In other words, in Pennsylvania, success on a claim for civil conspiracy is predicated on the existence of the underlying tort; if the underlying tort is found not to exist, the related claim for civil conspiracy to commit that tort necessarily fails. See, e.g., id; McKeeman, 751 A.2d at 660 (citing Pelagatti, 536 A.2d at 1342 (Pa. Super. Ct. 1987).

ⓘ **Pro-Spec Corp. v. Chester Water Auth. 2017 U.S. Dist. LEXIS 99871**
Eastern Dist. Pa. | 2017-06-28

Download: Results List for: Brief Analysis:

**Motion type:**
motion for summary judgment | Granted
motion for summary judgment | Granted

**Matching legal concepts:**

**Defamation | Civil Conspiracy Action | No Cause Of Action | Civil Cause Of Action | Dismissed Claim | Conspiracy Claim | Conspiracy To Commit | Defamation Claim | Particular Act | No Basis**

**Relevant passage:** "Absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Stated another way, a conspiracy claim cannot be based on dismissed claim, but instead must be based on a predicate cause of action in the lawsuit. For example, courts have dismissed conspiracy-to-defame claims after finding no basis for the underlying defamation claim.

⚠ **Fresh Made, Inc. v. Lifeway Foods, Inc. 2002 U.S. Dist. LEXIS 15098**
Eastern Dist. Pa. | 2002-08-09

**Matching legal concepts:**

**Civil Conspiracy | Civil Conspiracy Claim | Capital Area | Intermediate Unit | Actionable Wrong | Cause Of Action**

**Outcome:** Dairy's complaint against competitor and executive for unfair competition and antitrust violations pled insufficient facts, but Lanham Act claim over a false advertisement for kefir was sufficiently pled and survived dismissal.

**Relevant passage:** In any event, under Pennsylvania law, a claim of civil conspiracy cannot be pled without also alleging an underlying actionable wrong. See  Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405 (3d Cir. 2000). When a court dismisses the causes of action which underlie a civil conspiracy claim, the civil conspiracy claim must also be dismissed.

Ⓐ **Robotics v. Deviedma 2010 U.S. Dist. LEXIS 6219**
Eastern Dist. Pa. | 2010-01-26

**Matching legal concepts:**

**Conspiracy | Common Purpose | Civil Conspiracy | Pled With Specificity | Pleading Requirements | Capital Area | Underlying Tort | Unlawful Means | Lawful Act | Intermediate Unit**

**Relevant passage:** Under Pennsylvania law, in order to establish a claim for civil conspiracy, plaintiff must allege facts which if proven would show: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. McGreevey v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005). A claim for civil conspiracy also requires the plaintiff to allege an underlying tort. Id. (citing Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405 (3d Cir.2000)).

Ⓐ **Tender Touch Rehab Servs., LLC v. Brighten at Bryn Mawr 2012 U.S. Dist. LEXIS 40656**
Eastern Dist. Pa. | 2012-03-23

**Unfavorable**

**Motion type:**

Download: Results List for: Brief Analysis:

motion to dismiss | Denied

**Matching legal concepts:**

**Underlying Tort | Civil Conspiracy | Common Purpose | Civil Conspiracy Action | Civil Conspiracy Claim | Action For Conspiracy | No Cause Of Action | Capital Area | Civil Cause Of Action | Appellate Authority | Unlawful Means | Lawful Act | Intermediate Unit | Conspiracy To Commit | Particular Act | Unlawful Purpose | Unlawful Act | Overt Act | Damage | Civil Action | Complain | Existence | Survey**

**Relevant passage:** Under Pennsylvania law, "In order to state a civil action for conspiracy, a complaint must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." See McKeeman v. Corestates Bank, N.A., 2000 PA Super 117, 751 A.2d 655, 660 (Pa. Super. 2000). Additionally, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." McKeeman, 751 A.2d at 660 (citing Pelagatti v. Cohen, 370 Pa. Super. 422, 536 A.2d 1337, 1342 (Pa. Super. 1987) (citation omitted); see also Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405-406 (3d Cir. 2000) (surveying Pennsylvania appellate authority in holding that a verdict on a civil conspiracy claim must yield to a finding for the defendant on the underlying tort because "the cause of action is wholly subordinate to the underlying tort's existence."); Haymond v. Lundy, 2001 U.S. Dist. LEXIS 630, 2001 WL 74630, *2 (E.D. Pa. Jan. 29, 2001) (plaintiff must prove separate "underlying tort" as civil conspiracy predicate).

⚠️ **Devon Robotics v. Deviedma 2009 U.S. Dist. LEXIS 112077**
Eastern Dist. Pa. | 2009-12-01

**Unfavorable**

**Motion type:**
motion to dismiss | Denied

**Matching legal concepts:**

**Conspiracy | Common Purpose | Civil Conspiracy | Pled With Specificity | Pleading Requirements | Capital Area | Underlying Tort | Unlawful Means | Lawful Act | Intermediate Unit**

**Relevant passage:** Under Pennsylvania law, in order to establish a claim for civil conspiracy, plaintiff must allege facts which if proven would show: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. McGreevy v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005). A claim for civil conspiracy also requires the plaintiff to allege an underlying tort. Id. (citing Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405 (3d Cir.2000)).

🅰 **Murphy v. Orloff 2006 U.S. Dist. LEXIS 49941**
Eastern Dist. Pa. | 2006-07-20

**Motion type:**
motion for summary judgment | Denied
motion for summary judgment | Granted

**Matching legal concepts:**

**Civil Conspiracy | Establish Liability | Civil Conspiracy Claim | Capital Area | Entitled To Immunity | Underlying Tort | False Light | Intermediate Unit | Absolute Immunity | Tortious Act | Defamation | Official**

Download: Results List for: Brief Analysis:

**Capacity | Vicarious Liability | Plaintiff Claim | Performance**

**Outcome:** A township and three board of supervisor members were granted partial summary judgment as to terminated employee's claims. Pennsylvania's doctrine of absolute immunity for high government officials applied and barred employee's defamation and false light claim. Disputed issues of fact existed as to employee's U.S. Const. amend. I retaliation claim.

**Relevant passage:** Though not briefed by either party, the Court will briefly address Plaintiff's civil conspiracy claim. "Liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000). As noted above, as high government officials performing in their official capacities, Defendant Supervisors are entitled to absolute immunity from Plaintiff's claims of defamation and false light.

⚠️ **Industrial Enters. of Am., Inc. v. Mazzuto (In re Pitt Penn Holding Co.) 484 B.R. 25**
U.S. Bankr. Del. | 2012-11-30

**Matching legal concepts:**

**Pleading Requirements | Action For Conspiracy | Underlying Conduct | Civil Conspiracy | Action To Recover | Damage | Recover Damage | Tort**

**Outcome:** Defense of in pari delicto did not require dismissal at the motion to dismiss stage of debtor's claims that defendants defrauded it because defendants were either insiders or fiduciaries of debtor or were agents of the debtor who abandoned the debtor's interests in pursuit of personal financial gain, and debtor did not benefit by their wrongdoing.

**Relevant passage:** In order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort. A cause of action for conspiracy to do something unlawful is valid to the extent that the underlying conduct alleged states a cause of action.

## Treatise recommendations for key passage (1)

**71 General Considerations**
P.L.E. | pennsylvania

**Matching legal concepts:**

**Civil Conspiracy | Independent Tort | Civil Conspiracy Claim | Commit An Unlawful Act | Line Of Authority | Underlying Tort | Unlawful Means | Lawful Act | Diametrically Opposite | Independent Ground | Conspiracy To Commit | Liability | Existence | Instance**

**Relevant passage:** On the other hand, a federal court has noted that it appears that under Pennsylvania law, there may be instances where a civil conspiracy claim may be independently actionable without the existence of a separate underlying tort. The definition of a civil conspiracy actually encompasses two separate and independent grounds for liability, each evolving out of a distinct strain of reasoning. Conspiracy to commit an unlawful act is derived from the view that the conspiracy does not exist at all as an independent tort. Combination to do a lawful act by unlawful means, on the other hand, stems from a contrary line of authority holding that the conspiracy itself was an independent tort. While these two theories seem diametrically opposed, the modern Pennsylvania tort of civil conspiracy is a fusion of both lines of cases and makes actionable the tort of conspiracy under either of the antecedent strains.

## Argument recommendations for key passage (5)

Download: Results List for: Brief Analysis:


**MOTION OF SCOTIA INTERNATIONAL OF NEVADA, INC. AND MAX WARREN BARBER TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

THE EVOLANT BLIND v. SUBGALLAGHER INV. TRUST & PATRICIA MOORE, 2021 U.S. DIST. CT. MOTIONS LEXIS 33330
Law firm: Reilly, McDevitt & Henrich, P.C.
Eastern Dist. Pa. | 2021-08-29


**Motion type:**
Plaintiff's motion to dismiss |


**Argument: 4. Plaintiff's Claim for Civil Conspiracy Must Be Dismissed**
Liability for civil conspiracy depends on some underlying tortious act. Boyanowski v. Capital Area Intermediate Unit, 215 F. 3d 396 (3d Cir. 2000). The conspiracy itself is not actionable; rather, it is a vehicle for establishing vicarious liability for an underlying tort. Id. Where a plaintiff fails to allege a viable tort claim, the claim for civil conspiracy must be dismissed. Coulter v. Paul Laurence Dunbar Cmty. Ctr., 765 Fed. Appx. 848 (3d Cir. 2019).


**DEFENDANT BORDEN CHEMICAL, INC. n/k/a HEXION SPECIALTY CHEMICALS, INC'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

SCIBEK v. AMERICAN CHEMISTRY COUNCIL, 2021 U.S. DIST. CT. MOTIONS LEXIS 6470
Eastern Dist. Pa. | 2021-08-20


**Motion type:**
Defendant's motion for summary judgment |


**Argument: LEGAL ARGUMENT I. CIVIL CONSPIRACY REQUIRES AN UNDERLYING INTENTIONAL TORT**
In Pennsylvania, a claim for civil conspiracy under the common law or Restatement (Second) of Torts can proceed only when there is an appropriate cause of action for an underlying act.4 Nix v. Temple Univ., 408 Pa. Super. 369, 596 A.2d 1132, 1137 (Pa. Super. 1991). See also Strickland v. University of Scranton, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997) (aiding and abetting claim requires an underlying tort cause of action); Allegheny General Hosp. v. Philip Morris, Inc., 228 F.3d 429 (3d Cir. 2000) (aiding and abetting claim dismissed for lack of an underlying action). Since liability for conspiracy "depends on performance of some underlying tortuous act, the conspiracy is not independently actionable; rather, it is a means of establishing vicarious liability for the underlying tort." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000). Thus, in order to withstand dismissal, a conspiracy claim requires plaintiff to prove an actionable underlying tort that is independent of the conspiracy itself. More importantly, this underlying wrong must be an intentional tort. See, e.g., Mill Run Assoc. v. Locke Prop. Co., 282 F.Supp.2d 278, 294 (E.D. Pa. 2003) ("civil conspiracy requires both an agreement and either a criminal act or an intentional tort.")


**MEMORANDUM OF LAW IN SUPPORT OF THE PRELIMINARY OBJECTIONS OF DEFENDANT, ARTHUR REEHER COMPANY, INC. d/b/a ARCO TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

HEISEY v. GOODVILLE MUT. CAS. CO., 2020 PA C.P. CT. MOTIONS LEXIS 2637
Pa. C.P., Lancaster Cty. | 2020-01-10


**Argument: C. Plaintiff's Claim For Civil Conspiracy Must Fail**
In Pennsylvania, in order to state a cause of action for civil conspiracy, a Plaintiff is required to allege: 1) that a combination of two or more persons acting with a common purpose performed an unlawful act or a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage. See McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. 2000)(citing McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super 1998)). Further, it is critical to note that "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Id. (citing Pelagatti v. Cohen, 536 A.2d 1337, 1342 (1997)). Accordingly, an allegation of civil conspiracy requires

Download: Results List for: Brief Analysis:

that a Plaintiff plead a cognizable cause of action for some underlying tortious conduct in order for the Plaintiff's civil conspiracy claim to proceed.


**MOTION TO DISMISS OF SCOTIA INTERNATIONAL OF NEVADA, INC. AND MAX WARREN BARBER**
THE EVOLANT BLIND v. SUBGALLAGHER INV. TRUST & PATRICIA MOORE, 2021 U.S. DIST. CT. MOTIONS LEXIS 46172
Law firm: Reilly, McDevitt & Henrich, P.C.
Eastern Dist. Pa. | 2021-04-14


**Motion type:**
motion to dismiss |


**Argument: 4. Plaintiff's Claim for Civil Conspiracy Must Be Dismissed**
Boyanowski v. Capital Area Intermediate Unit, 215 F. 3d 396 (3d Cir. 2000). The conspiracy itself is not actionable; rather, it is a vehicle for establishing vicarious liability for an underlying tort. Id. Where a plaintiff fails to allege a viable tort claim, the claim for civil conspiracy must be dismissed. Coulter v. Paul Laurence Dunbar Cmty. Ctr., 765 Fed. Appx. 848 (3d Cir. 2019).


**BRIEF IN SUPPORT OF RETAILER WEB SERVICES II, LLC'S 1This motion is joined in full by Defendant Retailer Web Services, LLC because the arguments made herein are equally applicable to that party. This motion is joined by Nationwide Marketing Group, LLC to the extent it applies to the causes of action in which it was directly (Counts VIII, IX, and X) or indirectly (Counts I-V) named or involved. Because the claims related to the Computer Fraud and Abuse Act do not involve Nationwide Marketing Group, LLC, it does not adopt those portions of this brief. MOTION TO DISMISS AND SEVER THE SECOND AMENDED COMPLAINT**
HOMESOURCE, CORP. v. RETAILER WEB SERVS., 2020 U.S. DIST. CT. MOTIONS LEXIS 518949
Law firm: TAFT STETTINIUS & HOLLISTER LLP
U.S. Dist. N.J. | 2020-06-15


**Motion type:**
Defendant's motion to dismiss |


**Argument: LEGAL STANDARD AND ARGUMENT**
A civil conspiracy claim fails absent an underlying tort. Banco Popular N. Am. v. Gandi, 184 N.J. 161 (2005) ("The gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action." (internal quotes omitted)). Here, HomeSource failed to state an underlying tort claim that the parties conspired to commit, and therefore failed to establish the predicate unlawful act.

## *Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)*

**Go to:** Options and Strategies  |  Rule 12(b)(6) Requirements  |  Purpose of Rule 12(b)(6) Motions  |  Matters Ordinarily Not Addressed  |  Courts Disfavor Motion  |  Timing of Motion  |  Procedures  |  Converting to Motion for Summary Judgment  |  Burden of Persuasion  |  Plausibility Standard  |  Deferral of Motion  |  Related Content
**Maintained**

by *Jim Wagstaffe* and The Wagstaffe Group

This practice note discusses motions to dismiss for failure to state a claim in a federal case and covers topics such as strategy, reasons to make the motion, what the plaintiff can do to avoid a Rule 12(b)(6) attack, timing for bringing the motion, motion procedure, the "exhibit prevails" rule and other evidentiary issues, the applicable burden of persuasion, the plausibility standard, and deferral of the motion.

A pleading asserting a claim for relief (a complaint, counterclaim, crossclaim, or third-party claim) can be challenged for failing to state a claim upon which relief can be granted. This challenge, pursuant to *Fed. R. Civ. P. 12(b)(6)*, tests the legal sufficiency of the pleading by asking whether, assuming all of the well-pleaded facts in the claim are true, the claimant has asserted a plausible claim for relief.

For a full listing of key content covering fundamental civil litigation tasks throughout a federal court litigation lifecycle, see *Civil Litigation Fundamentals Resource Kit (Federal)*.

For general information on motion practice in federal court, see *Motion Practice: Making and Opposing a Motion Checklist (Federal)*.

For information on other motions to dismiss, see *Motion to Dismiss for Lack of Personal Jurisdiction: Making the Motion (Federal)*, *Motion to Dismiss for Lack of Subject Matter Jurisdiction: Making the Motion (Federal)*, *Motion to Dismiss for Failure to Join an Indispensable Party: Making the Motion (Federal)*, *Motion to Dismiss for Insufficient Process or Service: Making the Motion (Federal)*, *Motion to Dismiss for Improper Venue: Making and Opposing the Motion (Federal)*, and *Motion for More Definite Statement: Making the Motion (Federal)*.

For further discussion of motions to dismiss for failure to state a claim, see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 23-II*.

### Options and Strategies

The defense of failure to state a claim can be raised by a preanswer motion under Rule 12(b)(6) or by a Rule 12(c) motion for judgment on the pleadings brought after the answer has been filed. See *Motion for Judgment on the Pleadings: Making the Motion and Amending a Pleading in Response (Federal)*. Failure to state a claim upon which relief can be granted, however, cannot be raised beyond a trial on the merits. *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II), 974 F.3d 228, 232 (3d Cir. 2020)*.

A Rule 12(b)(6) preanswer motion can challenge individual claims set forth in the pleading. Generally, to survive a Rule 12(b)(6) motion, the pleading challenged must state a plausible claim for relief.

### *Filing Deadlines*

The time to file a response to the initial complaint is controlled by Rule 12(a). *Fed. R. Civ. P. 12(a)*.

After being served with the plaintiff's complaint and summons—unless another time is specified—a defendant typically has 21 days to serve and file either an answer or a preanswer motion under Rule 12. *Fed. R. Civ. P.*

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

*12(a)(1)(A)(i)*; *Hedeen Int'l, LLC v. Zing Toys, Inc., 811 F.3d 904, 905 (7th Cir. 2016)*; *Mann v. Castiel, 681 F.3d 368, 373 (D.C. Cir. 2012)*.



***Defendant's Options and Strategies***

Because the defense of failure to state a claim upon which relief can be granted is not waived and can be raised up to the end of trial, the decision to bring a preanswer motion raising the issue is largely based on the tactical evaluation of what impact testing the legal sufficiency of the claims at an early date will have on the case.

Before deciding to proceed with a Rule 12(b)(6) motion, determine what your goal is. Normally, it will be a combination of the one or more of the following:

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

• Dismissing the entire case at the outset

• Eliminating some of the claims asserted in the pleading or some of the parties

• Clarifying and/or narrowing scope of claims

• Forestalling or limiting scope of discovery

• Educating the court and opposing party as to the weaknesses in the case

There are a number of reasons to not bring a Rule 12(b)(6) motion that should also be considered, even if the motion is technically proper. These include:

• The cost of bringing the motion

• Any deficiencies in the pleading may be easily corrected by amendment

• The motion may tip the plaintiff off to correctable weaknesses in the case or to new causes of action that were not originally pleaded

Consider why the pleading is subject to a Rule 12(b)(6) motion and whether other procedures or tactics should be considered. The reasons why a pleading might be subject to a Rule 12(b)(6) motion include:

• **The claim is unintelligible.** If the claim is so unintelligible you are unable to frame a response, consider bringing a motion for more definite statement under Rule 12(e), either by itself or together with Rule 12(b)(6) motion. See *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-X*.

• **The claim, while meritorious, contains redundant, immaterial, impertinent, or scandalous matter.** This is generally not a reason for bringing a Rule 12(b)(6) motion. Rather than a Rule 12(b)(6) motion, consider a motion to strike under Rule 12(f). *Fed. R. Civ. P. 12(f)*; see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-XI*.

• **The claim is frivolous.** A frivolous claim is one that lacks even an arguable basis in either law or fact. "Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" *McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009)*. Frivolous claims are usually not correctable, in good faith, by amendment, and should, if possible be challenged by a Rule 12(b)(6) motion.

• **The claim lacks merit on its face and cannot be corrected.** Even if not frivolous, a claim can lack merit on its face, either because the claim does not and cannot state a plausible claim or it is unambiguously barred, on its face, by an applicable affirmative defense. Such claims should be challenged by a Rule 12(b)(6) motion.

• **Overreaching complaint.** If a complaint is a mixture of both facially valid and invalid claims, consider bringing a Rule 12(b)(6) motion to eliminate the invalid claims and/or one or more named defendants.

• **Valid claim poorly pled.** It may be obvious that the plaintiff has a valid claim, but it has simply not pled it correctly. Here, in light of the liberality with which federal courts allow repleading, consider whether any technical issues you raise could and would be easily corrected by allowing the plaintiff to replead. Consider that the court itself may tell the plaintiff exactly how to replead. See, e.g., *Weber v. Allergan, Inc., 621 F. App'x 401, 402 (9th Cir. 2015)* (appellate court suggested four specific paragraphs that if added would meet the plausibility standard).

Regarding a plaintiff's need for discovery to state a claim, courts have generally held that a claimant must first state a plausible claim before being allowed to conduct discovery. If, in fact, the plaintiff either does not have a claim but wants to use the fear of burdensome discovery to force a settlement or is engaged in a "fishing expedition" in hopes of finding a claim, there is a strong reason to bring a Rule 12(b)(6) motion that will either terminate the case or sharply narrow it before discovery takes off.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

If, however, it is obvious that plaintiff has a claim of some merit but is simply lacking in one or two details (i.e., the name of a defendant, specific dates relevant to the claim that are within the statute of limitations) the court may be willing to take the parties' asymmetrical access to information in deciding how strictly to read plaintiff's claim.

Finally, an ill-advised motion made to "grind" the other side is not only improper under Rule 11 but rarely effective in the long run. Even if you have a colorable argument, the result will almost always be an unhappy judge, an angry opponent and either the denial of your motion or an amended complaint that better states the claim.

Before filing a Rule 12(b)(6) motion, research the judge assigned to your case to determine the judge's approach to such motions. Also, before filing the motion to address what might be easily remedied defects, consider offering to stipulate to an amended complaint.

### *Plaintiff's Options and Strategies*

The plaintiff's approach to a Rule 12(b)(6) motion obviously begins with the drafting of the claim. The key is setting forth nonconclusory factual allegations that result in a "plausible" claim.

The "plausibility" standard of pleading required by *Iqbal/Twombly* remains the subject of great debate and academic discussion. When an allegation crosses the line between conclusory and nonconclusory remains highly uncertain and subjective. Likewise, when there are sufficient nonconclusory allegations of fact to nudge a claim across the line from merely possible to plausible is also uncertain and subjective.

The plaintiff's goal, however, should not be to simply "nudge" your claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*. Assuming you have a valid case, the goal should be to plead the claim with significant factual and even evidentiary detail, if necessary, so that the line between conclusory and factual or conceivable and plausible is left far behind.

So, in pleading your claims, know the legal theories of your claims, know the elements of each such theory and make sure you plead, to the best of your ability and consistent with good faith, factual details as to each element sufficient to "show" entitlement to relief.

Avoid conclusory phrases and legal conclusions. Look out for words and phrases that can easily be held conclusory. Ones that raise red flags include those addressing:

- The defendant's mental state (intentionally, with malice, with knowledge)
- Undifferentiated collective behavior by a number of defendants
- Legal interpretation of behavior (conspired, negligently, recklessly, illegally)
- Legal status (fiduciary, alter ego, co-conspirator)

Focus on showing, not telling. Don't tell the reader the defendant is the alter ego of another party, show the reader factually why this is true. Don't tell the reader the defendant illegally used your intellectual property, show the reader why this is true. Don't simply tell the reader the defendant owed you a duty of due care, show how that duty was created. In other words, focus on presenting a full story. See, for example, *Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010)* (after *Iqbal/Twombly* a plaintiff must "give enough details about the subject-matter of the case to present a story that holds together").

If you lack key facts and have no other way to assert them either directly or by inference, then plead on information and belief with a "plausible" and convincing basis for why such information and belief should be allowed.

Consider amending your complaint in response to a strong Rule 12(b)(6) motion. Carefully the challenge asserted, including any argument that specific allegations in your claim are conclusory and should be disregarded in deciding whether you have alleged a plausible claim. If valid points are made, concede them and either amend as a matter of right, ask the opposing party to stipulate to an amendment correcting the deficiencies, or ask that the court grant leave to amend. As to the latter, spell out for the court how the amendment you are proposing will fix the problem.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

If you believe the motion is without merit and can be successfully opposed then do so. Point out to the court that the Federal Rules, even after *Iqbal/Twombly*, require only minimal pleading to survive a motion to dismiss. *Diedrich v. Ocwen Loan Servicing, LLC, 839 F.3d 583, 589 (7th Cir. 2016)* ("even with the heightened pleading requirements of *Iqbal* and *Twombly*, the pleading requirements to survive a challenge to a motion to dismiss remain low").

Emphasize that:

- All well-pleaded facts and inferences from such facts are to be deemed true

- All well-pleaded facts are read in favor of the pleader

- The claim survives if based on the well-pleaded facts there is at least one plausible legal theory upon which relief can be granted

And, regardless of how strong you believe the pleading is, indicate your willingness, if necessary, to amend and add even more detail to your claims.

Critically, use the opportunity to emphasize to the court that regardless of any pleading issues, your case has significant merit and that you believe in it.

Finally, if it is clear that you may be limited by lack of discovery to fully assert a plausible claim, ask that the court allow you to plead on information and belief by emphasizing that the gaps in your pleading, if they exist, are small, the information relating to them is limited and in sole possession of your opponent and that this is not a case in which the court should fear that discovery will be an unlimited "fishing expedition."


**Rule 12(b)(6) Requirements**



▶ *Video: Motion Practice—Failure to State Claim*

Rule 12(b)(6) permits a responding party to assert by preanswer motion the defense that the opposing party has failed "to state a claim upon which relief can be granted." For purposes of this discussion, a "claim" is the set of "well-pleaded" factual allegations in a pleading which are intended by the pleader to establish a "plausible" right to relief. *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*; see *Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000)* (a claim is the "aggregate of operative facts which give rise to a right enforceable in the courts"); *Gottesman v. GMC, 401 F.2d 510, 512 (2d Cir. 1968)* (same); see *Fed. R. Civ. P. 8(a)*.

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must give the defendant fair notice of what the claim is and the ground upon which it rests and allege a plausible entitlement to relief." *Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019)*.

A Rule 12(b)(6) motion can be brought against all pleadings alleging a claim—a complaint, a crossclaim, a counterclaim, and a third-party claim. *Fed. R. Civ. P. 12(b)(6)*. A Rule 12(b)(6) may also be brought by any party obligated to respond to a claim for relief—a defendant, crossdefendant, counterclaimant, or third-party defendant. *Fed. R. Civ. P. 12(b)(6)*. See *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 23-II[G][2]*.

A Rule 12(b)(6) can challenge all claims alleged in the pleading, but it need not do so. A partial motion under Rule 12(b)(6) can challenge fewer than all of the claims alleged. See, for example, *Barbagallo v. Marcum LLP, 820 F. Supp. 2d 429, 443 (E.D.N.Y. 2011)*; *Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 598, 637 (N.D. Iowa 2006)*.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

But the challenge must dispose of an entire claim. A Rule 12(b)(6) motion cannot be used to dismiss specific allegations that do not result in the dismissal of an entire claim. *BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015)*; see *McDaniel v. Vilsack, 947 F. Supp. 2d 24, 26 n.1 (D.D.C. 2013)* (Rule 12(b)(6) is not an appropriate device to use to eliminate a portion of a claim"); *Thompson v. Paul, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009)*; but see *CommunityCare HMO, Inc. v. MemberHealth, Inc., 2007 U.S. Dist. LEXIS 582, at *4–5 (N.D. Okla. Jan. 3, 2007)* (when there are separate and distinct breaches of contract alleged as part of a single cause of action, a party may move to dismiss those portions of the claim that fail to state a claim for relief).

Like all Rule 12(b) motions, a Rule 12(b)(6) motion must "be made before pleading if a responsive pleading is allowed." *Fed. R. Civ. P. 12(b)*. See *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II[A][2]*. Generally, you are also limited to bringing one preanswer motion asserting all available Rule 12 defenses or objections—including a Rule 12(b)(6) defense. *Fed. R. Civ. P. 12(g)(2)*. For a discussion of the waiver of defenses not raised in an initial Rule 12 motion see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial §§ 22-II[F][1]–[2]*.

However, the right to assert failure to state a claim as a defense is not waived and can be asserted in the answer, by a motion for judgment on the pleadings under Rule 12(c), or at trial. *Fed. R. Civ. P. 12(h)(2)*. See *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II[F][6]*.

"[A] Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder." *Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir. 1982)*; see *Chepstow Ltd. v. Hunt, 381 F.3d 1077 (11th Cir.2004)* (reversing district court's dismissal of some claims alleged in complaint, while affirming dismissal of other claims).

For a discussion of an amended complaint and Rule 12(b)(6), see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II[F][7]*. For a discussion of successive Rule 12(b)(6) motions, see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II[F][10]*

### *Waiver*

Avoid waiver of certain Rule 12 objections or defenses by joining them with a Rule 12(b)(6) motion. If you intend to bring any Rule 12 preanswer motion—including a Rule 12(b)(6) motion—carefully consider whether there are other Rule 12 defenses or objections that should be joined in the motion. Failure to assert the following defenses in your first Rule 12 preanswer motion results in permanent waiver of these defenses:

- Lack of personal jurisdiction
- Improper venue
- Insufficiency of service or service of process

*Fed. R. Civ. P. 12(b)*, *(g)*, *(h)*. See *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II* (for a detailed discussion of waiver rules).

Failure to request, if available, a more definite statement under Rule 12(e) or to strike under Rule 12(f) are also waived if not raised in your first preanswer Rule 12 motion. *Fed. R. Civ. P. 12(b)*, *(g)*, *(h)*. See *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II* (for a detailed discussion of waiver rules).

The rules relating to the joinder and waiver of defenses and objections are complicated and full of exceptions, including court-created exceptions. As such, before filing any Rule 12 motion, review *Fed. R. Civ. P. 12(g)* and *(h)* and applicable case law carefully.

**Purpose of Rule 12(b)(6) Motions**

A Rule 12(b)(6) motion is often defined by what it is not. A Rule 12(b)(6) motion generally cannot be used to "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein,*

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

*825 F.3d 206, 214 (4th Cir. 2016)*; see *Delker v. MasterCard Int'l, Inc., 21 F.4th 1019, 1024 (8th Cir. 2022)*. Nor is it proper to address credibility or proof issues in a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)*; *Jones v. Kirchner, 835 F.3d 74, 80 (D.C. Cir. 2016)*.

Instead, "the purpose of *Federal Rule of Civil Procedure 12(b)(6)* 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'" *Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011)*; see *Kenney v. Helix TCS, Inc., 939 F.3d 1106, 1109 (10th Cir. 2019)*. In assessing such a motion, "[t]he role of the court . . . is not in any way to evaluate the truth as to what really happened." *Doe v. Columbia Univ., 831 F.3d 46, 59 (2d Cir. 2016)*; *Schwake v. Ariz. Bd. of Regents, 967 F.3d 940, 947–48 (9th Cir. 2020)*.

Put more concretely, "a primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the (oftentimes) laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win." *Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014)*; see *Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 425 (2014)* (motion to dismiss for failure to state a claim is an "important mechanism for weeding out meritless claims"); *City of Oakland v. BP PLC, 969 F.3d 895, 910 (9th Cir. 2020)*; *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 719 (2d Cir. 2013)*; *Am. Bank v. City of Menasha, 627 F.3d 261, 266 (7th Cir. 2010)* (as interpreted by *Iqbal/Twombly* Rule 12(b)(6) helps "to prevent settlement extortion—using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit").

### When the Motion Is Appropriate

A Rule 12(b)(6) motion is appropriate if the claim asserted is not supported by any "cognizable legal theory." *Dent v. NFL, 968 F.3d 1126, 1130 (9th Cir. 2020)*. Thus, claims may be dismissed under Rule 12(b)(6) "on the basis of a dispositive issue of law." *Neitzke v. Williams, 490 U.S. 319, 326 (1989)*; *Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 734 (5th Cir. 2019)*.

This is grounds for such relief, however, only when there is no legal theory on which relief can be granted. Showing that one of several legal theories is not cognizable is insufficient. *Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014)* (the question is whether the allegations support relief under any possible legal theory); see *Berndsen v. N. Dakota Univ. Sys., 7 F.4th 782, 790 n.6 (8th Cir. 2021)*; *Quinones v. City of Binghamton, 997 F.3d 461, 468 (2d Cir. 2021)*.

"[T]he plaintiff is at liberty to plead different theories, even if they are inconsistent with one another, and the court must accept each sufficiently pleaded theory at face value, without regard to its inconsistency with other parts of the complaint." *Doe v. Columbia Univ., 831 F.3d 46, 48 (2d Cir. 2016)*.

And, the fact that the complaint fails to state a legal theory or states an incorrect or unavailable one is not grounds for a Rule 12(b)(6) motion provided some legal theory can be sustained on the facts pleaded in the complaint. The "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, 135 S. Ct. 346, 346 (2014)*; see also *Armstrong v. Krupiczowicz, 874 F.3d 1004, 1009 (7th Cir. 2017)*.

The Fifth Circuit has held that in reviewing a motion to dismiss, any ambiguity in the controlling substantive law must be resolved in favor of the plaintiff. *Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019)*.

A claim is also subject to a dismissal if there is "'an absence of sufficient facts alleged to support a cognizable legal theory.'" *Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015)*.

A Rule 12(b)(6) motion is also appropriate when a dispositive affirmative defense is apparent from the face of the complaint. While the mere presence of a potential affirmative defense will not render a claim subject to dismissal, a claim may be dismissed on the basis of an affirmative defense "unambiguously" established by facts alleged in the

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

claim. Hyson USA, Inc. v. Hyson 2U, *Ltd., 821 F.3d 935, 939 (7th Cir. 2016)*; see *Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019)*; *ABB Turbo Sys. AG v. Turbousa, Inc., 774 F.3d 979, 985 (Fed. Cir. 2014)*.

Courts have found that the facts alleged in a specific claim permitted dismissal under Rule 12(b)(6) for the following affirmative defenses:

- **Failure to exhaust administrative remedies.** *El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016)*.

- ***Immunity.*** *Bernard v. County of Suffolk, 356 F.3d 495, 502–05 (2d Cir. 2004)*.

- ***Res Judicata.*** *Medina-Padilla v. U.S. Aviation Underwriters, Inc., 815 F.3d 83, 85 (1st Cir. 2016)*.

- **Statute of frauds.** *Miller v. BAC Home Loans Servicing, LP, 726 F.3d 717, 726 (5th Cir. 2013)*.

- **Statute of limitations.** *Davis v. Wells Fargo, 824 F.3d 333, 344–45 (3d Cir. 2016)*; *Thea v. Kleinhandler, 807 F.3d 492, 501 (2d Cir. 2015)*.

Rule 9(b) requires that allegations of fraud and mistake be stated "with particularity." See *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

Courts have treated motions under Rule 9(b) as, at a minimum, the "functional equivalent" of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003)*; *Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017 (5th Cir. 1996)* *Seattle–First Nat'l Bank v. Carlstedt, 800 F.2d 1008, 1011 (10th Cir. 1986)*.

Because the Private Securities Litigation Reform Act (PSLRA) (*15 U.S.C. §78u-4*) modifies the pleading requirements for securities litigation, it also modifies the bases for a Rule 12(b)(6) motion.


**Matters Ordinarily Not Addressed**

Motions under Rule 12(b)(6) are generally limited to challenging the legal sufficiency of a claim as alleged. Because of this limited purpose, there are a number of issues that a Rule 12(b)(6) motion can or should not address, issues that are better left for resolution under another Federal Rule or at trial.

Objecting to only parts of an otherwise legally valid claim is not permitted. "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief. *BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015)*; *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016)*.

This limitation has been applied to a complaint in which two legal theories are alleged on the same facts and part of a single claim for relief and the defendant challenges the complaint as to one theory only. In that case, the claim cannot be dismissed "in part" and the theory cannot be dismissed "because the dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage." *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016)*.

Instead of a Rule 12(b)(6) motion, a preanswer motion to strike under Rule 12(f) can eliminate an allegation making up less than an entire claim if the allegation is "redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*; see *Motion to Strike: Making the Motion (Federal)*. Alternatively, "the court can properly narrow the individual factual issues for trial" through summary judgment under Rule 56, which specifically allows summary adjudication as to a "part of each claim." *BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015)*.

Challenging defective jurisdictional allegations are not permitted. Defective jurisdictional allegations are addressed by a "facial" motion under Rule 12(b)(1). *Fed. R. Civ. P. 12(b)(1)*; see *Motion to Dismiss for Lack of Subject Matter Jurisdiction: Making the Motion (Federal)*.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

Challenging a demand for relief is not permitted. The demand for relief is not part of the claim. *Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)*.

As such, a Rule 12(b)(6) motion cannot be used to strike the form of relief prayed for in the demand, even if such relief is not permitted under the theory of the case. *Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)*; *Nichols v. MMIC Ins. Inc., 68 F. Supp. 3d 1067, 1084 (D.S.D. 2014)*; *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc., 21 F. Supp. 3d 620, 629 (W.D. Va. 2014)*.

Raising affirmative defenses that are not revealed on the face of the complaint is not permitted. Ordinarily, an affirmative defense that is not established on the face of the complaint is decided by raising it in one's answer and addressing it, either by a motion for summary judgment, or at trial. *Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012)*; *Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)*.

Rule 8 requires that a claim be "short and plain" and that allegations be stated in a "simple, concise and direct" manner. *Fed. R. Civ. P. 8(a)(1)*, *(e)*. Though rare, a claim that provides adequate notice, but is overly long in violation of Rule 8, is subject to a motion for dismissal "independent of Rule 12(b)(6)." *McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996)*; see *Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019)* ("district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleading"); see also *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 17-IV[C][3]*.

Further, when a complaint is not "short and plain," a court has the authority—sua sponte or by motion—to strike redundant or immaterial portions under Rule 12(f) or to dismiss the complaint. But dismissal is usually limited to "'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019)*.

Under limited circumstances, Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Fed. R. Civ. P. 12(e)*; see *Motion for More Definite Statement: Making the Motion (Federal)*.

A Rule 12(b)(6) motion cannot be used to challenge a claim's assertion of an incorrect legal theory if the claim asserts a basis upon which some form of relief would be appropriate. The "[f]ederal pleading rules … do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, 574 U.S. 10, 11 (2014)*.


**Courts Disfavor Motion**

Historically, in light of the Federal Rules' traditional liberal pleading standards, courts have held that a motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." Courts post-*Iqbal/Twombly* have continued to assert this view, albeit with much less frequency. See *Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc., 23 F.4th 1195 (9th Cir. 2022)*; *Leal v. McHugh, 731 F.3d 405, 410 (5th Cir. 2013)*; *Damnjanovic v. U.S. Dep't of Air Force, 135 F. Supp. 3d 601, 605 (E.D. Mich. 2015)*; *Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011)*; *Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019)* ("decision to dismiss a complaint should not be entered lightly because it 'forecloses inquiry into the merits'").

Since *Iqbal/Twombly*, with the focus on using the "plausibility" threshold in conjunction with Rule 12(b)(6) to "weed out" non-meritorious cases, it appears this traditional disfavor may be more honored in the breach than in the observance.

While, as a matter of post-*Iqbal/Twombly* practice, courts may not look upon all Rule 12(b)(6) motions with equal disfavor, there are areas in which the courts have continued to indicate their disfavor of such motions:

- **Novel legal theories.** Some courts state that Rule 12(b)(6) motions are "especially disfavored" in cases involving "novel" legal theories that would best be determined after more factual development. *Wright v.*

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

*North Carolina, 787 F.3d 256, 263 (4th Cir. 2015)*; *Citibank N.A. v. City of Burlington, 971 F. Supp. 2d 414, 429 (D. Vt. 2013)*.

- **Civil rights.** "A motion to dismiss for failure to state a claim is disfavored, especially when one's civil rights are at stake." *McGlone v. Bell, 681 F.3d 718, 728 (6th Cir. 2012)*.

- **Pro se.** District courts continue to state that dismissal of pro se complaints under Rule 12(b)(6) is disfavored. See, e.g., *Shetiwy v. Midland Credit Mgmt., 980 F. Supp. 2d 461, 467 (S.D.N.Y. 2013)*; and see *Hale v. King, 642 F.3d 492, 503 n.36 (5th Cir. 2011)*.

- **Statute of limitations.** "[T]he court recognizes that granting motions to dismiss based on an expired limitations period is disfavored." *Crafton v. District of Columbia, 132 F. Supp. 3d 1, 7 (D.D.C. 2015)*; see *Wigington v. Metro. Nashville Airport Auth., 374 F. Supp. 3d 681, 695 (M.D. Tenn. 2019)* ("dismissing pleadings as barred by the statute of limitations generally disfavored").


**Timing of Motion**

Motions under Rule 12(b), including a Rule 12(b)(6) motion, "must be made before pleading if a responsive pleading is allowed." *Fed. R. Civ. P. 12(b)*.

As such, if a defendant files a Rule 12(b)(6) motion after it has already filed an answer, the motion is in effect a "nullity." *Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001)*.

Under appropriate circumstances, however, the court may construe the motion as one for judgment on the pleadings under Rule 12(c). See, for example, *Whitehurst v. Wal-Mart Stores E., LP, 329 F. App'x 206, 208 (11th Cir. 2008)* (unpublished) (court "may" construe improperly filed Rule 12(b)(6) motion as brought under Rule 12(c)); *McMillan v. Collection Pros., Inc., 455 F.3d 754, 756 n.1 (7th Cir. 2006)*. For additional discussion of Rule 12(c), see *Motion for Judgment on the Pleadings: Making the Motion and Amending a Pleading in Response (Federal)*.

As drafted, Rule 12 contemplates the filing of one preanswer motion raising all available Rule 12 issues. If you file an initial preanswer motion raising a Rule 12 defense or issue, in most situations, the right to file a subsequent preanswer Rule 12(b)(6) motion is waived. *Fed. R. Civ. P. 12(g)(2)*; see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II[F]*. For a detailed discussion of Rule 12(g)(2), including exceptions to the rule, see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II[F][1]–[10]*.

While the right to bring a preanswer Rule 12(b)(6) motion may be waived, the defense of failure to state a claim is not waived and may be raised in an answer, by a motion for judgment on the pleading under Rule 12(c), or at trial.

A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) and provides the defendant with the exact same right to challenge the legal sufficiency of the claim. See *Motion for Judgment on the Pleadings: Making the Motion and Amending a Pleading in Response (Federal)*.

The main procedural difference is a Rule 12(c) motion is brought only after the pleadings are "closed." *Fed. R. Civ. P. 12(c)*. For a discussion of Rule 12(c), see *Motion for Judgment on the Pleadings: Making the Motion and Amending a Pleading in Response (Federal)*.

The objection that a complaint fails to state a claim upon which relief can be granted "may not be asserted post-trial." *Arbaugh v. Y&H Corp., 546 U.S. 500, 507 (2006)*. If it is in your interest to bring a preanswer motion under Rule 12(b)(6), review the consolidation and waiver requirements of Rule 12(g) and (h) to make sure your right to do so is protected. See *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22-II[F][1]–[10]*.


**Procedures**

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

A motion to dismiss under Rule 12(b)(6) is subject to the general rules governing motions and to the specific rules applicable to a Rule 12(b) motion. For a discussion of the general rules applicable to motions, see *Motion Practice: Making and Opposing a Motion Checklist (Federal)*. For further discussion of Rule 12(b) motions in general, see *Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 22*.

A Rule 12(b)(6) motion is brought by any party obligated to respond to a claim for relief—a defendant, crossdefendant, counterclaimant, or third-party defendant. *Fed. R. Civ. P. 12(b)(6)*; see, e.g., *In re Sunrise Sec. Litig., 793 F. Supp. 1306, 1310 (E.D. Pa. 1992)*; *Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F. Supp. 832, 836 (S.D.N.Y. 1988)*; *Lennar Mare Island, LLC v. Steadfast Ins. Co., 139 F. Supp. 3d 1141, 1157 (E. D. Cal. 2015)* (counterclaimant); *Amoco Prod. Co. v. Aspen Grp., 25 F. Supp. 2d 1162, 1163 (D. Colo. 1998)* (cross-complaint).

### Courts

The court has the inherent authority to raise on its own motion whether a claimant has stated a claim upon which relief can be granted. "The Court dismisses a claim sua sponte under Federal Rule 12(b)(6) using the same standards applied as if it had been a motion to dismiss from the opposing party." *Diedrich v. Ocwen Loan Servicing, LLC, 839 F.3d 583, 588 (7th Cir. 2016)*; *Century Sur. Co. v. Blevins, 799 F.3d 366, 372 (5th Cir. 2015)*; *Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015)*.

Unless "a claim is patently frivolous" or amendment would be obviously futile, the court is required to give the parties an opportunity to be heard on the matter before dismissing the claim sua sponte. *Century Sur. Co. v. Blevins, 799 F.3d 366, 372 (5th Cir. 2015)*; *Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015)*; *Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014)* ("[o]nly where 'it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile' can a sua sponte Rule 12(b)(6) dismissal stand").

It has also been held that it is not a "fair procedure" as required for a sua sponte dismissal if the only recourse the plaintiff has to respond to such a dismissal is a motion to reconsider. *Miller v. Sam Houston State Univ., 986 F.3d 880, 890 (5th Cir. 2021)*.

### Evidence

As a general rule, in resolving a Rule 12(b)(6) motion, the court primarily considers the allegations set forth in the complaint or other claim. See, e.g., *Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019)* (facts presented in opposition but not in complaint cannot be considered on a motion to dismiss); *Halebian v. Berv, 644 F.3d 122, 131 n.7 (2d Cir. 2011)*; *Dimare Fresh, Inc. v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015)*; see also *Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 483 (6th Cir. 2020)* (rule against considering other materials applies to both plaintiff's and defendant's submissions).

And, generally, "[i]f a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016)*.

Note, however, that exhibits to a complaint are considered part of the complaint. *Fed R Civ. P. 10(c)* ("a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). "[W]hen a plaintiff attaches to the complaint a document that qualifies as a written instrument, and her complaint references and relies upon that document in asserting her claim, the contents of that document become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint." *Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013)*. For a discussion of Rule 10(c), see *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

In addition to exhibits under Rule 10(c), in resolving a Rule 12(b)(6) motion, courts—without converting the motion into a Rule 56 summary judgment motion—may also rely on documents "incorporated by reference" in a claim if the claim refers "'extensively to the document'" or the document "'forms the basis of the plaintiff's claim.'" *Ecological*

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

*Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 511 (9th Cir. 2013)*; *Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016)*; see *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)*; *United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021)*; *Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016)*; see *Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016)*.

In such cases, the defendant may submit the document in support of its Rule 12(b)(6) motion. *Libertarian Party of Erie Cnty. v. Cuomo, 970 F.3d 106, 120 (2d Cir. 2020)*; *Crowder v. Delta Air Lines, Inc., 963 F.3d 1197, 1202 (11th Cir. 2020)* (document may be attached to motion to dismiss).

Incorporation by reference also generally requires that the authenticity of such documents is not seriously questioned by either party. *Northstar Fin. Advisors Inc. v. Schwab Invs., 779 F.3d 1036, 1043 (9th Cir. 2015)*; *Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)*. Examples include:

- A court may consider the contents of a coverage plan referenced in the complaint and accepted as authentic by the parties in support of a motion to dismiss the plaintiff's claim about insurance coverage. See *Parrino v. FHP, Inc. 146 F.3d 699, 705–06 (9th Cir. 1998)*.

- Court could consider the contents of SEC filings alleged in the complaint and whose authenticity no party questions to support a motion to dismiss the plaintiff's stock fraud claim. See *In re Silicon Graphics Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999)*.

- Court could consider, without assigning it too much weight, police bodycam video that was expressly incorporated into the complaint to decide issue of qualified immunity, as video was not used to replace, supersede, or contradict the allegations of the complaint. *J. K. J. v. City of San Diego, 17 F.4th 1247, 1254–55 (9th Cir. 2021)*.

- Court could **not** rely on medical and police reports in support of dismissal of plaintiff's Title IX claim alleging indifference to alleged rape when the reports were not expressly referenced in the complaint, the complaint did not rely upon them or incorporate them, and the complaint's allegations were not dependent upon their contents. *Doe v. Pawtucket Sch. Dep't, 969 F.3d 1, 8 (1st Cir. 2020)*.

Some courts "have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)*; *Xiotech Corp. v. Express Data Prod. Corp., 11 F. Supp. 3d 225, 234 (N.D.N.Y. 2014)*; *United States ex rel. Antoon v. Cleveland Clinic Found., 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)*.

Allowing the court to consider documents incorporated by reference prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)*.

Even if these threshold requirements are met, incorporation is discretionary, and "the district court may, but is not required to incorporate documents by reference" as part of a Rule 12(b)(6) motion. *Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1159 (9th Cir. 2012)*.

### *"Exhibit Prevails" Rule*

Generally, when a claimant "attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Ill. Dep't of Pro. Regul., 300 F.3d 750, 754 (7th Cir. 2002)*; *Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016)*; *Michel v. NYP Holdings, Inc., 816 F.3d 686, 707 (11th Cir. 2016)* ("[c]ourt is not bound to accept the truth of general allegations in a complaint where they are contradicted by specific factual details in attached exhibits").

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

The same "exhibit-prevails" rule generally holds true if the claim is negated by a document not attached as an exhibit but properly incorporated by reference. *Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016)*; *Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015)*. Some examples are:

- Allegation that as part of its purchase of plaintiff's home loan, Freddie Mac had an obligation to service the loan and make required insurance payments was negated by deed of trust with original lender which stated if the loan was sold, the servicing obligations would remain with the original lender and not be transferred to any purchaser of the loan. Since deed of trust was incorporated by reference in the complaint, the contrary allegations in the complaint were ignored and motion to dismiss granted. *Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015)*.

- Environmental group sent prefiling letters notifying defendants of their intent to bring citizen suits under the Clean Water Act. Held, because plaintiff did not refer to the prefiling letters "extensively" and they were not integral to the complaint, prefiling letters could not be considered as part of a Rule 12(b)(6) motion. *Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 511 (9th Cir. 2013)*.

*Exception to the Rule*

However, there are exceptions to the "Exhibit Prevails" rule. "Animating the exhibit-prevails rule is the presumption that the plaintiff, by basing his claim on the attached document, has adopted as true the contents of that document. Plaintiffs attach exhibits to their complaints for all sorts of reasons, however . . . and it is not always appropriate to conclude that the plaintiff has adopted the contents of an attached document." *Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 167 (4th Cir. 2016)*.

Rule 10(c) "does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454–56 (7th Cir. 1998)*; *Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133 (D.C. Cir. 2015)*.

Whether the facts alleged in a properly considered document are treated as true will depend largely on the claim asserted and how the documents are used by the claimant. The court needs to consider "why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454–56 (7th Cir. 1998)*. Two examples are:

- A written contract "will defeat invocation of the Statute of Frauds, and a document that discloses what the complaint alleges it concealed will defeat the allegation of concealment," but a libel plaintiff who attaches to her complaint the allegedly libelous writing does not adopt the libelous statement as true, thereby defeating her own claim. *Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995)*.

- "When civil rights plaintiff attaches a police report to his complaint and alleges that it is false . . . the contents of the report cannot be considered as true for purposes of ruling on a motion to dismiss." *Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014)*.

**Public Records and Judicial Notice**

The court may also consider matters of public record and any other matters properly the subject of judicial notice without converting the motion into one for summary adjudication. See, for example, *Baca v. Colo. Dep't of State, 935 F.3d 887, 903 n.2 (10th Cir. 2019)*; *Bailey v. City of Ann Arbor, 860 F.3d 382, 386 (6th Cir. 2017)*; *Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 607 (4th Cir. 2015)*; *Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)*; see also *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)*. This may allow the court, under *Federal Rule of Evidence 201*, to take judicial notice of "a fact that is not subject to reasonable dispute," provided that the fact is "generally known within the court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Zak, 780 F.3d at 607*. Note that even judicially noticed facts are viewed in the light most favorable to the plaintiff. *Zak, 780 F.3d at 607*; see also *Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018)*.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

Judicial notice will almost always be limited to the existence of a document or its content but, in most cases, not for the truth of the matter asserted. See, for example, *Est. of Lockett v. Fallin, 841 F.3d 1098, 1111 (10th Cir. 2016)* (judicial notice limited to existence of other court's opinion, not truth of facts recited in opinion); *Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)* (same as to public records related to fraud claim); *Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1018 (5th Cir. 1996)* (same SEC filings). Examples of matters permitted on the basis of judicial notice include:

- **Agency filings.** Filings with public agencies such as the *SEC. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)*.

- **Agency records.** Both letter decisions of government agencies and records and reports of administrative bodies. *Grp. Against Smog & Pollution, Inc. v. Shenango Inc., 810 F.3d 116, 127 (3d Cir. 2016)*; United States v. 14.*01 Acres of Land More or Less, 2008 U.S. App. LEXIS 22288, at \*22–23 (9th Cir. Oct. 24, 2008)*; *Frank v. Sachem Sch. Dist., 84 F. Supp. 3d 172, 184 (E.D.N.Y. 2015)*.

- **Legislative history.** Legislative history reports. *Anderson v. Holder, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012)*.

- **Court records.** Records from other court proceedings including court documents and docket sheets. Foisie v. Worcester Polytechnic Inst., 967 F.3d 27, 34 (1st Cir. 2020); *Parungao v. Cmty. Health Syst., Inc., 858 F.3d 452, 457 (7th Cir. 2017)*; *Omotosho v. Freeman Inv. & Loan, 136 F. Supp. 3d 235, 243 (D. Conn. 2016)*; *Kungle v. State Farm Fire & Cas. Co., 48 F. Supp. 3d 67, 74 (D.D.C. 2014)*.

- **Stock prices.** Publicly available stock prices. *Taylor v. KeyCorp, 678 F. Supp. 2d 633, 638 (N. D. Ohio 2009)*.

### Plaintiff's Concessions

The court may also "disregard facts which have been 'conclusively contradicted by [plaintiffs'] concessions or otherwise.'" *Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015)*. This includes "concessions in the complainant's response to the motion to dismiss." *Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019)*; *Hicks v. PGA Tour, Inc., 897 F.3d 1109, 1117 (9th Cir. 2018)*.

This additional extrinsic material, referenced above, may be used by the court to supplement and sometimes contradict the complaint's allegations. For example, if "an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg, 705 F.3d 603, 609 (7th Cir. 2013)*. Such materials may also be relied on by the claimant in opposition to the motion. See, for example, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 528 (7th Cir. 2015)*.

## Converting to Motion for Summary Judgment

A court is required to convert a Rule 12(b)(6) motion into a summary judgment motion under Rule 56 if it fails to exclude matters outside the pleadings. See *Fed. R. Civ. P. 12(d)*. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Fed. R. Civ. P. 12(d)*; see *United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021)*.

When such material is submitted, Rule 12(d) "presents district courts with only two options"--(a) exclude the additional material and decide the motion on only the complaint or (b) convert the motion to one for summary judgment under Rule 56 and permit all parties to submit supporting material. *Palin v. N.Y. Times Co., 940 F.3d 804, 810 (2d Cir. 2019)*; *Hurd v. District of Columbia, 864 F.3d 671, 687 (D.C. Cir. 2017)*.

This does not apply to the outside materials the court is entitled to review such as exhibits, key documents, and matters subject to judicial notice. See, *Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016)*; e.g., *Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133 (D.C. Cir. 2015)*.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

The court has discretion to exclude such materials and if such information is excluded the motion is not converted. *Fed. R. Civ. P. 12(d)*; *Midwest Disability Initiative v. JANS Enters/., Inc., 929 F.3d 603, 609 (8th Cir. 2019)*; *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008)* ("if the district court chooses . . . to ignore supplementary materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard, no conversion occurs").

Courts are split, however, as to what a court must do to avoid Rule 12(d). Some courts have read Rule 12(d) literally and held that unless the court formally excludes the outside material it is error to not convert the matter to a motion for summary judgment, even if the court in reaching its decision did not consider the outside material. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., 452 F.3d 494, 503 (6th Cir. 2006)*.

Other courts have held that it is enough if the court does not consider the outside matter. "'[N]ot considering' such matters is the functional equivalent of 'excluding' them—there is no more formal step required." *Harper v. Lawrence Cnty., 592 F.3d 1227, 1232 (11th Cir. 2010)*; see *Bing v. Brivo Sys., LLC, 959 F.3d 605, 609 n. 2 (4th Cir. 2020)*.

Other courts have concluded that even if the court "considers" the outside material, it does not convert the motion into a summary judgment unless it relied on the outside evidence in reaching its decision. *Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)* (motion to dismiss is not converted where court refers to extraneous material for background purposes but does not rely on it as basis for dismissal). For example:

Because the court provided alternate grounds for granting the motion, one of which relied on outside material and one of which did not, the court did not convert the motion into a motion for summary judgment. *Christy v. Sheriff of Palm Beach Cnty., 288 F. App'x 658, 665 (11th Cir. 2008)* (unpublished).

If the court decides to consider the extrinsic evidence and convert the motion to one for summary judgment, it must give all parties notice and "a reasonable opportunity to present all the material that is pertinent to the motion." *Fed. R. Civ. P. 12(d)*.

**Burden of Persuasion**

Generally, the moving party bears the burden of showing that no adequate claim for relief has been presented. *Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020)*; *Davis v. Wells Fargo, 824 F.3d 333, 350 (3d Cir. 2016)*; *Cohen v. Bd. of Trs. of the Univ. of the D.C., 819 F.3d 476, 481 (D.C. Cir. 2016)* ("Rule 12(b)(6) places this burden on the moving party"); *Crugher v. Prelesnik, 761 F.3d 610, 614 (6th Cir. 2014)*; see *Moore's Federal Practice - Civil § 12.34[1]*.

Most courts have held that, because the burden is on the moving party, the claimant need not file an opposition, but may stand on the pleading. As such, failure to file an opposition is not grounds alone to grant a Rule 12(b)(6) motion. *Marcure v. Lynn, 992 F.3d 625, 631 (7th Cir. 2021)* (collecting cases); but see *Marcure v. Lynn, 992 F.3d 625, 631 (7th Cir. 2021)* (noting that the district court can construe the lack of response as indicating an intent to abandon the suit or meriting a sanction).

However, a number of courts have local rules that provide that the failure to file a response is deemed consent to the motion. Courts have split as to whether these rules are enforceable. Compare *Issa v. Comp USA, 354 F.3d 1174, 1177–78 (10th Cir. 2003)* (complaint cannot be dismissed solely because plaintiff failed to file response required by court's rule) with *ITI Holdings, Inc. v. Odom, 468 F.3d 17, 18–19 (1st Cir. 2006)* (contra). Regardless of what the local rules say, never simply fail to respond to a Rule 12(b)(6) motion unless you are willing to risk the case being dismissed.

**Plausibility Standard**

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

To meet the requirements of the Federal Rules, a complaint "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, 574 U.S. 10, 12 (2014)*; *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*; *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)*. As such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*; *O'Shea ex rel. O'Shea v. UPS Ret. Plan, 837 F.3d 67, 77 (1st Cir. 2016)*; *Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347–48 (11th Cir. 2016)*; *Vasquez v. Empress Ambulance Serv., Inc., 835 F.3d 267, 271 (2d Cir. 2016)*; *Hunter v. Berkshire Hathaway, Inc., 829 F.3d 357, 361 (5th Cir. 2016)*; *Turner v. City of San Francisco, 788 F.3d 1206, 1210 (9th Cir. 2015)*. For more on pleading a plausible claim, see *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

The court uses a multi-pronged test to determine plausibility. After determining the elements a claimant must plead to state a legally cognizable claim, in reviewing a Rule 12(b)(6) motion, the court should:

• First identify, and then disregard, all conclusory legal allegations

• Assume that any remaining "well-pleaded factual allegations" are true

• Determine whether these allegations "plausibly give rise to an entitlement to relief."

*Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)*. As to the final issue—plausibility—"[d]etermining whether a complaint states a plausible claim will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal, 556 U.S. 662, 663–64 (2009)*; *Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020)*; *Ebner v. Fresh, Inc., 2016 U.S. App. LEXIS 17561, at *6 (9th Cir. Sept. 27, 2016)*.

Lower courts have, of course, followed this approach. See, e.g., *Carpenters Health v. Mgmt. Res. Sys. Inc., 837 F.3d 378, 382 (3d Cir. 2016)*; *Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016)*; *Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015)*; *Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010)*. For example, the Ninth Circuit has summarized the applicable test as follows:

"First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)*.

*Iqbal* makes it clear that deciding what allegations are conclusory and, therefore, not entitled to a presumption of truth is as critical as deciding whether the properly pleaded factual allegations state a plausible claim for relief. However, whereas the Court in both *Iqbal* and *Twombly* made an effort to define plausibility, very little effort was made to define what is a conclusory allegation except for stating that an allegation is conclusory when it merely mirrors an element of a cause of action. And, not surprisingly, the lower courts have struggled to understand how to apply both "conclusory" and "plausible" in a coherent and consistent manner. See, e.g., *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015)* ("In the wake of *Twombly* and *Iqbal*, there remain considerable uncertainty and variation among the lower courts as to just how demanding pleading standards have become"); see also *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

From a plaintiff's strategic standpoint, we suggest that rather than try to plead the bare minimum to nudge your claim over the line to plausibility, you make an effort to overshoot to make sure you clear this line with a healthy margin of error. Put another way, it will be far better to overplead than underplead. Remember that under Iqbal the analysis of whether a claim is "plausible" begins with a consideration of the elements of the claim. See *Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)* And, while neither required to state a claim nor sufficient alone to state a plausible claim, it may be advisable to indicate in the complaint the statute or legal theory underlying the claims to assist the court in making this analysis. See, e.g., *Ashcroft v. Iqbal, 556 U.S. 662, 679* ("legal conclusions can provide the framework of a complaint").

Consider the following three-part approach:

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

- **Conclusory means telling not explaining.** As a rule of thumb, start with the assumption that a conclusory allegation gives the reader the final, concluding thought whereas factual allegations explain in real world terms how the final concluding thought is reached. Jack and Jill entered into a contract is a conclusory allegation. Factual allegations will show how they entered into a contract. Jack breached his contract with Jill is a conclusory allegation. A factual allegation would show how Jack breached the contract. Jack is Jill's alter ego is a conclusory allegation. A factual allegation would explain why Jack is Jill's alter ego. Focus less on the ultimate conclusions and more on your client's "real world" story. See, for example., *Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010)* (post-*Iqbal*/*Twombly* "give enough details about the subject-matter of the case to present a story that holds together.")

- **Research key phrases and terms in the pleading.** For now, the more practical approach is to review the complaint as either drafter or attacker and "stress test" it by pulling words and phrases out that seem conclusory and see if a story remains. Research the case law to see if courts have found whether particular words and phrases used in the complaint (i.e., contract, breach, alter ego, illegal) have been held conclusory and not presumed truthful. For a list of examples of when a court has found a particular word or phrase conclusory, see *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

- **Know your circuit and judge.** This is one area in particular where it is critical that you "know your judge." Every federal judge in the country has expounded on the term "conclusory" in the Rule 12(b)(6) context. Once the case is assigned, review your judge's *Iqbal*/*Twombly* decisions to see if there are insights that may concern you. If you find your judge has cast a harsh eye on cases pleaded in a similar manner as yours, seriously consider amending to preemptively meet any such concerns.

From a defendant's strategic standpoint, know your judge. In addition, provide the court with a clear roadmap that hues closely to the multi-part test suggested in *Iqbal*:

- Identify the claim you wish to attack and provide the court with the elements of all reasonable legal theories that can be relied on as a basis of relief.

- Identify the specific allegations you are claiming are conclusory and explain why, with appropriate citations.

- Explain how the remaining factual allegations do not state a plausible claim under any applicable legal theory, with appropriate citation.

### Applying the Multi-pronged Iqbal/Twombly Test

The main step required is for the court to "strip away and disregard the complaint's conclusory legal allegations." *Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012)*; *Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)* ("[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth"); *Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016)*; *Mocek v. City of Albuquerque, 813 F.3d 912, 921 (10th Cir. 2015)*; see *Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016)* (in separating the factual allegations from conclusory legal allegations, the court "must separate wheat from chaff") (quoting *Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012))*.

"Conclusory" has been interpreted to include not only "legal boilerplate" (for example, conspiracy, willfully, negligently) but also "assertions nominally cast in factual terms but so general and conclusory as to amount merely to an assertion that unspecified facts exist to conform to the legal blueprint." *Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012)*; *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist., 842 F.3d 430 (6th Cir. 2016)* ("courts need not accept 'conclusory allegations or legal conclusions masquerading as factual allegations'"). Examples include:

- In discrimination suit brought against Forest Service challenging snowboard ban at Alta ski resort, complaint's assertions that "snowboarders are 'not welcome' by the Forest Service and the Forest Service 'approv[es] and enforce[s] . . . Alta's anti-snowboarder policy' " were "naked assertions" devoid of factual enhancement. *Wasatch Equal. v. Alta Ski Lifts Co., 820 F.3d 381, 387 (10th Cir. 2016)*.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

- In Family Medical Leave Act (FMLA), plaintiff's general allegations that she was covered employee and defendant was a covered employer for FMLA purposes were conclusory and not supported by adequate factual allegations (i.e., number of employees, number of hours, months worked). *Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1247–48 (11th Cir. 2015)*.

- Allegation that defendants breached condominium construction contract by "failing to construct the units in the quality of condominium units in the area" without alleging "any facts to explain how their units are sub-par in quality" is merely a conclusory allegation that should be disregarded. *Couturier v. Am. Invsco Corp., 10 F. Supp. 3d 1143, 1152 (D. Nev. 2014)*.

For examples of terms and phrases some courts have found to be conclusory, see *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

A good rule of thumb for defendants in reviewing allegations to determine if they are merely legal conclusions is to determine the origin of the allegation. If the allegation arises from direct perception—something someone perceives through use of his or her five senses—it is more likely to be deemed factual and credible. For example, "plaintiff was passed over for a promotion he applied for with defendant" is something the plaintiff probably experienced directly.

However, an allegation is more likely to be deemed conclusory and in need of further factual support if it:

- Involves something that is not perceived directly such as intent ("plaintiff was passed over for a promotion because of his sexual orientation")

- Involves a pattern inferred from a set of data ("defendant systematically passes over employees because of their sexual orientation")

- Involves a judgment about the meaning of perceived information (defendant negligently operated his motor vehicle)

For further discussion of the Iqbal/Twombly test, see *Wagstaffe Prac. Guide: Fed. Civ. Proc. Before Trial, § 23*.

### Factual Allegations Must Establish Plausibility

Once the court has stripped out all of the conclusory allegations, the court must review the remaining "well-pleaded" factual allegations to determine if they state a plausible claim for relief. *Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)*; *Ute Indian Tribe of the Uintah Rsrv. v. Myton, 2016 U.S. App. LEXIS 23552, at *11 (10th Cir. Aug. 9, 2016)*; *Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016)*. For additional information about what is required to adequately plead a plausible claim, see *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

In addition to assuming the truth of all of the well-pleaded factual allegations, the court will construe these allegations and the reasonable inferences therefrom in "the light most favorable" to the claimant. *Ariix, LLC v. NutriSearch Corp., 985 F.3d 1107, 1114 (9th Cir. 2021)*; *L.S. ex rel. Hernandez v. Peterson, 982 F.3d 1323, 1328 (11th Cir. 2020)*; *West v. Ky. Horse Racing Comm'n, 972 F.3d 881, 886 (6th Cir. 2020)*; *Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019)*; *Hartig Drug Co. Inc. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016)*; *L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011)*. The court cannot draw an inference from the complaint against the plaintiff "unless it is the only plausible conclusion that can be reached on these facts." *Hart v. Hillsdale Cty., Michigan, 973 F.3d 627, 638 (6th Cir. 2020)*.

As such, "it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests." *Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009)* (internal quotation marks omitted); see *Kaufman v. Time Warner, 836 F.3d 137, 152 (2d Cir. 2016)*; *Allen v. GreatBanc Tr. Co., 835 F.3d 670, 678 (7th Cir. 2016)*.

The court does not weigh evidence, evaluate witness credibility, or consider the likelihood that a plaintiff will prevail at trial. See, *Ashcroft v. Iqbal, 556 U.S. 662, 696 (2009)* ("court must take the allegations as true, no matter how

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

skeptical the court may be"); _Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)_ ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely'"); _Sewell v. Monroe City Sch. Bd., 974 F.3d 577, 582 (5th Cir. 2020)_ ("motion to dismiss for failure to state a claim concerns the 'formal sufficiency of the statement of the claim for relief,' not a lawsuit's merits"); _Strauss v. Angie's List, Inc., 951 F.3d 1263, 1267 (10th Cir. 2020)_.

The complaint should be read as a whole to determine whether it states a legally cognizable claim. _Kaplan v. Lebanese Canadian Bank, SAL,  999 F.3d 842, 854 (2d Cir. 2021)_; _Haney v. Portfolio Recovery Assocs., LLC, 837 F.3d 918, 924 (8th Cir. 2016)_ (we "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation'"); _United States ex rel. Bias v. Tangipahoa Par. Sch. Bd., 816 F.3d 315, 321 (5th Cir. 2016)_ ("court's inquiry should focus on the complaint as a whole"); _Argueta v. U.S. Immigr. & Customs Enf't, 643 F.3d 60, 74 (3d Cir. 2011)_.

> It is neither necessary nor desirable to balkanize the plausibility standard element by element. To pass through the plausibility screen, a complaint does not have to evince a 'one-to-one relationship between any single allegation and a necessary element of the cause of action.' . . . The critical question is whether the claim, viewed holistically, is made plausible by 'the cumulative effect of the factual allegations' contained in the complaint.

A facially plausible claim must allege facts establishing more than that entitlement to relief is a "possibility." _Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)_; _Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)_. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " _Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)_; _Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)_ (factual allegations must "cross the line from conceivable to plausible").

Put more bluntly, after _Iqbal/Twombly_, the mere possibility that "the allegations undergirding a plaintiff's claim could be true is no longer enough to save it." _Atkins v. City of Chicago, 631 F.3d 823, 832 (7th Cir. 2011)_. For example:

> In action against consumer online review company Yelp, plaintiffs alleged Yelp falsely authored limited number of negative reviews about their businesses. Held, even though plaintiffs alleged Yelp had a practice of writing reviews of businesses on Yelp, plaintiffs had not alleged sufficient facts to "make it plausible that it was Yelp—as opposed to a competitor, or a disgruntled customer hiding behind an alias, or an angry neighbor, just to give a few possibilities—that authored the offending review." _Levitt v. Yelp! Inc., 765 F.3d 1123, 1136 (9th Cir. 2014)_.

"Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " _Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)_, quoting _Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)_; _Cobbler Nev., LLC v. Gonzales, 901 F.3d 1142, 1147 (9th Cir. 2018)_; _In re Ariad Pharm., Inc. Sec. Litig., 842 F.3d 744, 756 (1st Cir. 2016)_; _McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011)_. Likewise, "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." _In re Century Aluminum Co. Sec. Litig., 2013 U.S. App. LEXIS 7759, at *10 (9th Cir. Apr. 7, 2013)_. In such a case, "[s]omething more is needed, such as facts tending to exclude the possibility that the alternative explanation is true . . . in order to render plaintiffs' allegations plausible." _In re Century Aluminum Co. Sec. Litig., 2013 U.S. App. LEXIS 7759, at *10 (9th Cir. Apr. 7, 2013)_.

However, "probability" is not required. "The plausibility standard is not akin to a 'probability requirement.'" _Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)_.

### Conflicting Plausible Theories

What if there are two "plausible" scenarios, one that would support a claim for liability and one that would not? The claim should generally be allowed to proceed, even if the innocent explanation is "more plausible." _Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015)_; _16630 Southfield LP v. Flagstar Bank, F.S.B., 727_

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

*F.3d 502, 505 (6th Cir. 2013)* ("if a plaintiff's claim is plausible, the availability of other explanations—even more likely explanations—does not bar the door to discovery"); *Evergreen Partnering Grp., Inc. v. Pactiv Corp., 720 F.3d 33, 45 (1st Cir. 2013)*; *Anderson News, LLC v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012)*.

However, this is really a question of degree and if there is an "obvious alternative explanation" making defendant's alleged conduct nonactionable, asking the court to conclude that the same conduct is actionable "is not a plausible conclusion." *Ashcroft v. Iqbal, 556 U.S. 662, 682 (2009)*; *Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)*; *16630 Southfield LP v. Flagstar Bank, F.S.B., 727 F.3d 502, 505 (6th Cir. 2013)* ("the existence of obvious alternative explanations simply illustrates the unreasonableness of the inference sought and the implausibility of the claims made"); *L–7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011)*; *Wilson v. Ark. Dep't of Hum. Servs., 850 F.3d 368, 373 (8th Cir. 2017)*.

Unless it appears on the face of the complaint, an affirmative defense cannot and should not be relied on to support a conflicting plausible theory. *Allen v. GreatBanc Tr. Co., 835 F.3d 670, 676 (7th Cir. 2016)*.

You should note that:

- A complaint need not plead around an affirmative defense. *Fed. R. Civ. P. 8(c)*; see *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

- Most affirmative defenses are waivable if not properly asserted. See *Answering the Complaint (Federal)*.

- An affirmative defense does not provide an alternative explanation derived from the facts alleged. Rather, it assumes the plaintiff has asserted a prima facie case of liability but asserts there are additional facts that prevent recovery. See *Answering the Complaint (Federal)*.

In determining whether the facts alleged state a plausible claim, the court is required to draw on "its own judicial experience and common sense." *Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)*. The Eighth Circuit has cautioned that "[w]e do not believe plausibility should be measured with reference to what a particular attorney or judge deems to be subjectively reasonable behavior. . . . [C]ommon sense . . . requires that we maintain an objective, rather than a highly subjective, view of plausibility and reasonableness." *Whitney v. Guys, Inc., 700 F.3d 1118, 1130 (8th Cir. 2012)*.

Most courts have concluded that the "nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)*; *In re Century Aluminum Co. Sec. Litig., 2013 U.S. App. LEXIS 7759, at *7–8 (9th Cir. Apr. 7, 2013)*; *Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009)* ("the height of the pleading requirement is relative to circumstances").

Examples include:

- In a securities fraud case, allegation that shares purchased on the open market are traceable to a challenged offering is adequate if all shares were offered in a single offering under one registration statement. However, if the company issued shares in multiple offerings under several statements, the allegation that plaintiff's share are traceable to the one questioned registration statement, standing alone, is a conclusory allegation because "judicial experience and common sense" indicate that usually purchasers are not able to trace their purchase back to one of several offerings. *In re Century Aluminum Co. Sec. Litig., 2013 U.S. App. LEXIS 7759, at *7–9 (9th Cir. Apr. 7, 2013)*; see *In re Ariad Pharm., Inc. Sec. Litig., 842 F.3d 744, 756 (1st Cir. 2016)*.

- "[P]laintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what 'really' went on in this plaintiff's case. A more complex case involving financial derivatives, or tax fraud that the parties tried hard to conceal, or antitrust violations, will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, 614 F.3d 400, 404–05 (7th Cir. 2010)*.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

- Because prisons place legitimate restraints on prisoner mail, "a *First Amendment* claim of interference with mail ordinarily is not plausible absent factual allegations showing at least that the alleged interference violated prison rules or that the applicable rule was invalid, either generally or in the specific context of the claim." *Gee v. Pacheco, 627 F.3d 1178, 1185 (10th Cir. 2010)*.

Substantive plausibility does not require that the complaint set out the legal theory of the plaintiff's claim. Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, 135 S. Ct. 346, 346–47 (2014)*.

The complaint need not "set out a legal theory for the plaintiff's claim for relief" at all to successfully plead substantive plausibility. *Johnson v. City of Shelby, 135 S. Ct. 346, 346–47 (2014)* (plaintiffs "stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city, . . . they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim").

### Discovery to Allege Plausible Claim

The plausibility standard has been criticized on the grounds that "plaintiffs will need discovery before they can satisfy plausibility requirements when there is asymmetry of information, with the defendants having all the evidence." *Gee v. Pacheco, 627 F.3d 1178, 1185 (10th Cir. 2010)*.

The Supreme Court seemed to make it clear that no discovery may be conducted until plaintiff pleads a plausible claim. See, for example, *Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009)* ("[b]ecause respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise").

The lower courts, however, have reached conflicting conclusions on this issue, as noted below.

Some courts have concluded that any alleged asymmetry is irrelevant and that after *Iqbal/Twombly*, "plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it." *Mujica v. AirScan Inc., 771 F.3d 580, 593 (9th Cir. 2014)*; *Main St. Legal Servs., Inc. v. Nat'l Sec. Council, 811 F.3d 542, 567 (2d Cir. 2016)* ("A plaintiff who has failed adequately to state a claim is not entitled to discovery"); *Zink v. Lombardi, 783 F.3d 1089, 1106 (8th Cir. 2015)*; *Vega v. Davis, 572 Fed. Appx. 611, 616 (10th Cir. 2014)*; *Carter v. DeKalb Cnty, 521 F. App'x 725, 728 (11th Cir. 2013)* ("discovery follows the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim"); *Santiago v. Warminster Township, 629 F.3d 121, 134 n.10 (3d Cir. 2010)* (*Iqbal/Twombly* "struck this balance . . . and we abide by it").

Other courts have concluded that in evaluating a complaint for plausibility, courts must "'remain sensitive to information asymmetries that may prevent a plaintiff from offering more detail.'" *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC, 836 F.3d 770, 778 (7th Cir. 2016)*. These courts have allowed plaintiffs more "latitude" in pleading plausibility when "'a material part of the information needed is likely to be within the defendant's control.'" *Saldivar v. Racine, 818 F.3d 14, 23 (1st Cir. 2016)*; *ABB Turbo Sys. AG v. Turbousa, Inc., 774 F.3d 979, 988 (Fed. Cir. 2014)*; *Arista Recs., LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)*; *Bausch v. Stryker Corp., 630 F.3d 546, 560–61 (7th Cir. 2010)* ("[I]n analyzing the sufficiency of pleadings, a plaintiff's burden should be commensurate with the amount of information available to him"). For example:

> Plaintiffs brought action against police officers alleging they participated in an illegal search of his home resulting in property damage. The court held that the claim would not be dismissed because the complaint alleged that "all defendants" searched plaintiffs' home and indicated that it was not possible for plaintiffs "to observe which defendants performed which acts during the search." *Young v. City of Visalia, 687 F. Supp. 2d 1141, 1155 (E.D. Cal. 2009)*.

### Pleading on Information and Belief

Lack of available information may be offset by good faith pleading based on "information and belief." See *Commencing a Lawsuit: Drafting and Filing the Complaint (Federal)*.

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

Most courts have held that even after *Iqbal/Twombly* a claimant may plead required facts on "information and belief" if either:

- The necessary "facts are peculiarly in possession and control of defendant"
- "The belief is based on factual information that makes the inference of culpability plausible"

*Arista Recs., LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)*; *Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 n.31 (3d Cir. 2015)*; *Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087 (9th Cir. 2014)*.

The Seventh Circuit is more lenient, permitting even allegations of fraud upon information and belief so long as:

- The facts constituting the fraud are not accessible to the plaintiff
- The plaintiff provides the grounds for his suspicions

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co., 631 F.3d 436, 443 (7th Cir. 2011)*.

The First Circuit, apparently alone in this regard, has indicated a willingness in appropriate cases to go beyond simply relaxing the standard and has held that if "modest discovery may provide the missing link, the district court has discretion to allow limited discovery and, if justified, a final amendment of the complaint." *Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012)*.


## Deferral of Motion

*Fed. R. Civ. P. 12(i)* provides that any if a party moves as to any defense listed in Rule 12(b)—including a Rule 12(b)(6) motion to dismiss for failure to state a claim—the matter "must be heard before trial unless the court orders a deferral until trial."

Rule 12(a)(4) provides that if a motion is deferred under Rule 12(i), the moving party must answer the complaint within14 days of notice of the postponement. *Fed. R. Civ. P. 12(a)(4)*.

While there is very little case law on the subject, Rule 12(i) has been used by post-*Iqbal/Twombly* courts to defer ruling on a Rule 12(b)(6) motion until trial on the basis that further factual development is necessary in order to determine whether to dismiss the claims. See, e.g., *Design Res., Inc. v. Leather Indus. of Am., 900 F. Supp. 2d 612, 621 (M.D.N.C. 2012)*; cf. *Chavez v. T&B Mgmt., LLC, 286 F. Supp. 3d 742, 745 (M.D.N.C. 2017)* (deferring consideration of arguments raised in Rule 12(b)(6) motion until trial).

This practice seems quite at odds with *Iqbal/Twombly*, which not only asks whether a claim on its face states a plausible claim but does so for the express purpose of limiting claimant's rights to conduct discovery until they plead such a claim.


## Related Content

### Resource Kits

- *Civil Litigation Fundamentals Resource Kit (Federal)*

### Practice Notes

- *Motion for Judgment on the Pleadings: Making the Motion and Amending a Pleading in Response (Federal)*

- *Motion for More Definite Statement: Making the Motion (Federal)*

- *Motion to Strike: Making the Motion (Federal)*

Motion to Dismiss for Failure to State a Claim: Making the Motion (Federal)

***Templates***

- *[Notice of Motion (Federal)](#)*

- *[Answer (Federal)](#)*

***Checklists***

- *[Motion Practice: Making and Opposing a Motion Checklist (Federal)](#)*

*Current as of:* **09/26/2024**

---

**End of Document**