UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DEXTER JAKES,<br><br>*Plaintiff,*<br><br>v.<br><br>DUANE YOUNGBLOOD, et al.,<br><br>*Defendants*. | No. 2:24-CV-1608-WSS |

### PLAINTIFF'S MOTION FOR LEAVE TO REPLY TO BLACKBURN'S FEE OPPOSITION (ECF NO. 63)

Plaintiff Bishop Thomas Dexter Jakes requests leave to file a Reply to Tyrone Blackburn's untimely Opposition to Plaintiff's Motion for Fees (ECF No. 63), to set the record straight and to refute unwarranted aspersions cast on Plaintiff's counsel (again).[1] If granted leave, Plaintiff will make the points that follow.

*First*, the New Jersey Bar referral, which Blackburn complains about, was not submitted in bad faith. Contrary to his representations, Blackburn is not a member of the D.C. Bar, which the organization has now confirmed repeatedly, once in writing.[2] (**Ex. 1.**) And D.C. Bar ethics counsel advised Plaintiff's counsel that we had a duty to report the false bar-membership claim to the relevant state bars under Rule 8.3(a), which Blackburn knows because it was explained in the New Jersey Bar referral, which he filed with this Court. (ECF No. 63-2 at 5-6 & n.2.) Thus,

---

[1] The Court's briefing schedule (ECF No. 59) did not envision a reply, although they are usually permitted by right. In an abundance of caution, Plaintiff seeks leave.

[2] And if Blackburn *were* a member of the D.C. Bar, he would not need ethics counsel to defend himself—it would simply be a matter of providing a certificate of good standing or even a dues receipt and explaining there had been some kind of misunderstanding.

1

contrary to Blackburn's claim, the New Jersey Bar referral was not submitted for an improper purpose but in good faith and to fulfill counsel's own ethical obligations.

***Second***, Blackburn's recent conduct belies his claims of contrition and good character. When Plaintiff requested consent to file this Motion for Leave, ***Blackburn responded by calling this case a "wast[e]" of his "time" and threatening Bishop Jake's daughter*.** (**Ex. 2**.) He wrote: "No, I do not consent. I am no longer wasting my time with you or this case. You filed a bar complaint in bad faith, and the Court will see that. As an aside, please ask your client, Mr. Jakes, if he and his daughter [] will be willing to waive service of process for the upcoming lawsuit I will file on behalf of Richard Brandon Coleman." (*Id.*) Coleman is Plaintiff's daughter's abusive ex-husband, who is currently serving twenty years in Texas state prison for child sex crimes, with a projected release date of 2042.[3]

***Third***, despite this Court's repeated admonitions about grievous citation errors across multiple filings, Blackburn has again misrepresented cited cases (as we are sure this Court already discovered). For one, Blackburn states that the Court in *Johnson v. Dunn* "only" ordered "corrective education"—that is false. (ECF No. 63 at 5.) The Court also disqualified the attorneys and referred their misconduct to the "applicable licensing authorities" (sanctions to which Blackburn presumably objects). Order at 47-48, *Johnson v. Dunn, et al.*, No. 2:21-cv-01701 (N.D. Ala. July 23, 2025) (*docketed in* ECF No. 63-3). But most egregiously, despite claiming to now understand the import of quotation marks,[4] Blackburn again quoted language from a case that does not appear in the decision. The *In re Hill*, 439 B.R. 647 (Bankr. W.D. Pa. 2010) court never used

---

[3] *Inmate Information Details for TDCJ Inmate No. 02480702*, TEXAS.GOV, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=11132124.

[4] *See* Blackburn Sanctions Opp. at 8 (ECF No. 57) ("I now understand that paraphrases—particularly those closely tracking the language from cases—must never be enclosed in quotation marks unless they accurately reflect the precise language of the cited source.").

the words "lied to the court" and "showed no remorse," as Blackburn represents. (ECF No. 63 at 5.) Rather, "lied to the court" appears only in the headnotes, and "showed no remorse" appears nowhere in the document (the word "remorse" is never mentioned). *See In re Hill*, 439 B.R. 647, *passim* (Bankr. W.D. Pa. 2010). While the case may reflect these sentiments, this example refutes Blackburn's claim to "now understand that paraphrases—particularly those closely tracking the language from cases—must never be enclosed in quotation marks[.]" (ECF No. 57 at 8.)

**Fourth** (and at the risk of beating a dead horse), Plaintiff again notes that Blackburn's claim to have "acknowledged [his] error immediately and [] demonstrated remorse and corrective action" (ECF No. 63 at 5) is false. As the Court knows, his Reply doubled down on the misconduct and falsely accused Plaintiff's counsel of engaging in misconduct too. (ECF No. 57 at 10-13.) He took the same approach here: falsely accusing counsel of submitting a bad-faith bar grievance (ECF No. 63 at 5-7), knowing that they were advised of their duty to report the situation. (ECF No. 63-2 at 5-6 & n.2.)

**Finally**, Blackburn filed his Opposition nearly two weeks late without requesting leave.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court grant leave to file a reply containing the foregoing material or, alternatively, consider this filing as the Reply.

3

DATED: August 21, 2025               Respectfully Submitted,

By: /s/ Dustin A. Pusch
Dustin A. Pusch (admitted *Pro Hac Vice*)
Amy M. Roller (admitted *Pro Hac Vice*)
Meier Watkins Phillips Pusch LLP
919 18th Street NW, Suite 650
Washington, DC 20006
dustin.pusch@mwpp.com
amccannroller@mwpp.com

By: /s/ Devin J. Chwastyk
Devin J. Chwastyk
McNees Wallace & Nurick LLC
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108
(717) 232-8000
dchwastyk@mcneeslaw.com

By: /s/ Derrelle M. Janey
Derrelle M. Janey (admitted *Pro Hac Vice*)
The Janey Law Firm P.C.
111 Broadway, Suite 701
New York, NY 10006
(646) 289-5276
djaney@thejaneylawfirm.com

*Counsel for Plaintiff Bishop T.D. Jakes*