IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DEXTER JAKES,<br><br>            Plaintiff,<br><br>    v.<br><br>DUANE YOUNGBLOOD; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 6; JOHN DOE 7; JOHN DOE 8; JOHN DOE 9; JOHN DOE 10,<br><br>            Defendants. | CIVIL ACTION NO. 2:24-cv-01608-WSS<br><br>Judge William S. Stickman |

**OPPOSITION TO PLAINTIFF'S REQUEST
FOR LEAVE TO FILE A SUR-REPLY**

Non-Party Respondent, Tyrone Blackburn, submits this opposition to Plaintiff's request for leave to file a sur-reply. The motion is not grounded in any need to clarify legal arguments or address new issues. Rather, it is an overt and improper attempt to sanitize a retaliatory bar complaint and deflect attention away from Plaintiff's counsel's egregious conduct—conduct designed not to seek justice, but to destroy the career and reputation of opposing counsel through harassment, falsehood, and litigation abuse.

This case is pending in the Western District of Pennsylvania. I have no cases—past or present—in the District of Columbia. Nonetheless, Plaintiff's counsel, Mr. Dustin Pusch, filed a bar complaint against me with the D.C. Office of Disciplinary Counsel, claiming I misrepresented my bar admission status. This alleged "misrepresentation" stems from the inclusion of the letters "DC" under the logo of my firm. At no time did I ever express or discuss my District of Columbia Bar admission to Dustin Pusch or his colleagues. At no point did he call, email, or write to inquire about my D.C. Bar admission before launching this career-altering attack. He has no issue sending

me emails to request permission to file sur replies. He has no issue with sending me an email to threaten sanctions according to Rule 11, but for some reason, he had a hard time sending an email to inquire about my D.C. bar Admission. Mr. Pusch's actions exhibit clear bad faith.

I was formally sworn into the District of Columbia Bar on May 7, 2024, by the Honorable Katherine H. Parker, U.S. Magistrate Judge for the Southern District of New York. (See attached, **Exhibit A**). I urge Your Honor to contact (Parker_NYSDChambers@nysd.uscourts.gov) Judge Parker to confirm that she swore me in and signed **Exhibit A**.

The retaliatory nature of Dustin Pusch's conduct is self-evident. Its timing followed my filing of several affidavits in Defendant's anti-SLAPP motion to dismiss—previously filed by the Defendant in this case—from countless survivors of Plaintiff who all described serious allegations against Plaintiff and other members of the clergy and his Church who used their positions of power to groom and sexually assault them. These affidavits contained deeply disturbing, firsthand accounts of misconduct. They formed the basis of Defendant's argument that Plaintiff is a pariah. Defendant's public allegations against Plaintiff were not isolated but part of a disturbing pattern of depraved grooming and sexual assault. In response, Plaintiff's counsel struggled to address the allegations head-on. Failing miserably to coherently respond to the men who provided the sworn affidavits.

To further justify his retaliatory abuse of the disciplinary system, Plaintiff's counsel now appends to his sur-reply motion an email in which I asked whether he would waive service in a forthcoming civil suit involving Plaintiff and his daughter, Cora Jakes. That email—entirely appropriate in substance and tone—is now being mischaracterized and taken out of context to falsely imply impropriety on my part. Cora Jakes, like her father, has been publicly accused of abusing children. Their Church was a haven for immigrant children, yet the parents of several of

2

these kids were deported. The children have been left behind, and upon information and belief, many of them are now missing. Cora Jakes, in particular, has been accused of manipulating a vulnerable friend who trusted her into giving Cora Jakes custody of their child and engaging in other forms of physical abuse of her adopted daughter.

My inquiry regarding the waiver of service was fully within the bounds of professional correspondence. Mr. Pusch's decision to present it as a "threat" is both dishonest and defamatory. From the inception of this lawsuit, I informed Mr. Pusch that I am planning to file a class action lawsuit for several male sexual assault survivors against Plaintiff TD Jakes.

Dustin Pusch created Mr. Jake's present reality by foolishly filing this suit against Mr. Youngblood in hopes of bullying him into signing away his right to speak publicly of the childhood trauma visited upon him by TD Jakes. Unfortunately, Plaintiff Jakes failed to anticipate the avalanche of survivors who would come forward with evidence of Plaintiff grooming, sexually assaulting, sexting, and transporting them across state lines in violation of the MANN Act. One of the accusers is now Mr. Jake's former son-in-law, Richard Brandon Coleman.

Dustin Pusch and TD Jakes know that they could never intimidate me from representing Mr. Coleman and the other men who have valid claims against Mr. Jakes. Even if Mr. Pusch were able to hinder my law license (which he cannot), I will continue to pursue Plaintiff Jakes, even if all I have is a bullhorn in front of the US Department of Justice. Even if there is no financial recovery in my forthcoming litigations against Mr. Jakes, I do not care, so long as my clients have their day in Court, can file their criminal complaints, and their claims are investigated by law enforcement. I will get justice for my clients.

This Court should not entertain Mr. Pusch's desperate and abusive litigation tactic. Mr. Pusch has already demonstrated a pattern of bad-faith conduct: filing a baseless grievance in a

3

jurisdiction irrelevant to this litigation; intentionally mischaracterizing the waiver of service email; compounding motion practice for the sole purpose of driving up his fees; and repeatedly using the Court's processes to launch personal attacks against opposing counsel. His request for a sur-reply is yet another example of these improper acts.

As the Supreme Court explained in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), when there is bad faith conduct in the course of litigation that could be adequately sanctioned under the rules, courts ordinarily should rely on those rules. However, if, in the informed discretion of the Court, neither the statute nor the rules are up to the task, the Court may safely rely on its inherent power. In *Chambers*, the district court properly invoked its inherent power to shift attorney's fees and related expenses where the litigant pursued a campaign of harassment and oppressive tactics to exhaust his adversary. See also *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90 (3d Cir. 2008) (noting that § 1927 sanctions apply when proceedings are unreasonably multiplied by bad-faith conduct).

The conduct displayed by Plaintiff's counsel here—weaponizing grievance systems, misrepresenting emails to the Court, and filing baseless sur replies—is well within the bounds of bad-faith litigation practice. This Court has both the authority and the duty to rein it in.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to file a sur-reply must be denied in its entirety. It serves no valid legal function and furthers a campaign of harassment and retaliation against undersigned counsel for daring to represent Defendant and to give voice to Plaintiff's other victims. Should the Court permit Plaintiff to file his sur-reply, I respectfully request leave to file a substantive response and to move for appropriate sanctions against Dustin Pusch under Rule 28 U.S.C. § 1927 and the Court's inherent powers.

DATE: <u>August 22, 2025</u>

                                                            BY: <u>*/s/ Tyrone A. Blackburn*</u>
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: (347) 342-7432
Email: tblackburn@tablackburnlaw.com