# EXHIBIT B

# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7009  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Lisa L. Shrewsberry  |  Partner  |  lshrewsberry@tlsslaw.com

April 25, 2025

**VIA NYSCEF**

Hon. Mary V. Rosado
Supreme Court of the State of New York
New York County – Part 33
60 Centre Street
New York, New York  10007

    Re:   *Monique Facey v. Liane Fisher, et al.*
           **Index No.: 152088/2025; Motion Seq. No. 1**
           **Return Date:  April 17, 2025**
           Our File No.:  850.0037

Dear Judge Rosado:

    We represent defendants in this matter.  On March 24, 2025 we filed a motion to dismiss the amended complaint filed by plaintiff on March 3, 2025. [Dkt. No. 6]  Unbeknownst to us at the time, plaintiff replaced the amended complaint with a second amended complaint on March 7, 2025, also filing same under Docket No. 6.  Plaintiff opposed our motion, and made a cross-motion for sanctions on April 1, 2025.  We responded thereto on April 16, 2025, and the motion and cross-motion were fully submitted on the return date of April 17, 2025.

    Yesterday, a week after the return date, plaintiff filed additional papers in opposition to the defendants' fully submitted motion to dismiss and in further support of plaintiff's fully submitted cross-motion.  We are compelled to respond thereto because of certain blatant falsehoods contained therein, and the request therein that this Court "sanction and censure" the undersigned.  This list is not exhaustive, but highlights the most egregious examples.

    1.    On page 9 of plaintiff's newly filed memorandum of law [Dkt. No. 47], plaintiff asserts that defendants "deliberately attached and quoted from a confidential settlement demand letter . . . in violation of CPLR §4547 and basic ethical norms."  This is simply untrue, as no such exhibit was attached to our motion papers, and no quote was contained within our motion papers.

    2.    Plaintiff refers to the pleading filed on March 7, 2025, which replaced her amended complaint, filed on March 3, 2025 as "the amended complaint," in order to support her position that she

Hon. Mary V. Rosado, J.S.C.
Index No.: 152088/2025; Motion Seq. No. 1
Page 2

filed such second amended complaint as of right. However, there is no automatic right to file a second amended complaint.

   3. As plaintiff did in her memorandum of law in opposition to the motion to dismiss [Dkt. No. 38], she relies in this new filing on case law that does not exist. As an example, on page 4 of her recent filing, plaintiff cites *James v. City of New York*, 144 A.D.3d 604, 605 (1st Dep't 2016) and *Board of Mgrs. of 28 Cliff St. Condominium v. Maguire*, 191 A.D.3d 553 (1st Dep't 2021), for the legal proposition that a motion directed to a pleading automatically becomes moot upon the filing of an amended pleading, as a matter of law. This statement of law is incorrect (*Sage Realty Corp. v. Proskauer Rose LLP*, 251 A.D.2d 35 (1st Dep't 1998), and the citations by plaintiff belong to *Matter of Nassair S.*, 144 A.D.3d 604 (1st Dep't 2016) and *Matter of Barry H. v. Veronica S.*, 191 A.D.3d 553 (1st Dep't 2021), respectively, and which contain no discussion of the legal issue set forth by plaintiff. Moreover, the case names similarly appear in research, under different citations, and are not at all related to the pertinent legal issue.

   We regret to burden the Court with this additional information, but feel constrained to do so in light of the circumstances.

        Respectfully submitted,

        *Lisa L. Shrewsberry*
        Lisa L. Shrewsberry


cc: Tyrone A. Blackburn, Esq. (via NYSCEF)