# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

MONIQUE FACEY,

                                 Plaintiff,

      -against-

LIANE FISHER and FISHER TAUBENFELD, LLP,

                               Defendants.

-------------------------------------------------------------------X

Index No.: 152088/2025

**NOTICE OF ENTRY WITH ORDER**

**Motion Seq. No. 001**

       **PLEASE TAKE NOTICE** that within is a true copy of the Decision and Order of the Honorable Mary V. Rosado, J.S.C., dated September 15, 2025 and entered and filed in the above-captioned action in the Office of the Clerk of the Supreme Court of the State of New York, County of New York, on September 15, 2025.

Dated:   Hawthorne, New York
           September 15, 2025

                                            TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

                                            *Lisa L. Shrewsberry*
                                            Lisa L. Shrewsberry, Esq.
                                            *Attorneys for Defendants Liane Fisher &*
                                            *Fisher Taubenfeld, LLP*
                                            Mid-Westchester Executive Park
                                            Seven Skyline Drive
                                            Hawthorne, New York 10532
                                            (914) 347-2600

TO:     Tyrone A. Blackburn, Esq. (Via NYSCEF)
          T.A. Blackburn Law, PLLC
          1242 East 80th Street, 3rd Floor
          Brooklyn, New York 11236
          (347) 342-7432
          tblackburn@tablackburnlaw.com
          *Attorneys for Plaintiff*

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. MARY V. ROSADO | | PART | 33M |
|---|---|---|---|---|
| | | Justice | | |

-------------------------------------------------------------------X

MONIQUE FACEY,

                              Plaintiff,

                              - v -

LIANE FISHER, ESQ., and FISHER TAUBENFELD, LLP

                              Defendant.

-------------------------------------------------------------------X

| INDEX NO. | 152088/2025 |
|---|---|
| MOTION DATE | 03/24/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                       DISMISSAL                  .

      Upon the foregoing documents, and after a final submission date of June 16, 2025, Defendants Liane Fisher, Esq. ("Fisher") and Fisher Taubenfeld, LLP's ("Fisher Taubenfeld") motion to dismiss Plaintiff Monique Facey's ("Plaintiff") Amended Complaint pursuant to CPLR 3211(a)(1) and (a)(7), and for sanctions, is granted. Plaintiff's cross motion to strike from Defendants' motion papers allegedly scandalous material and imposing sanctions on Defendants is denied.

      Moreover, counsel for Plaintiff is directed to, within five days, submit an affirmation advising the Court whether he used artificial intelligence applications and/or chatbots to write his motion papers. He must also explain why his motion papers repeatedly cite to cases that do not exist and/or stand for legal propositions that are discussed nowhere in the cited decisions.

      **I.    Background**

      Defendants formerly represented Plaintiff in a sexual harassment lawsuit against New York City, which settled for $150,000 in September of 2024 (NYSCEF Doc. 6 at ¶ 8). Allegedly,

152088/2025   FACEY, MONIQUE vs. FISHER, LIANE ET AL
Motion No. 001

Page 1 of 7

2 of 8

Plaintiff received a settlement check in January of 2025, but was informed by her bank that the check was fraudulent. Plaintiff then alleges that Defendants lied about wiring the settlement funds to her bank. Based on these interactions, Plaintiff asserts claims for breach of fiduciary duty, negligence, and negligent infliction of emotional distress against Defendants.

However, reality is wholly separate from these allegations, which the Court finds to be entirely misleading to the point requiring sanctions. The reality is that when Plaintiff attempted to deposit her settlement check at her bank, Defendants received a fraud alert from Chase which required Defendants to verify the check. After realizing the amount of settlement proceeds disbursed to Plaintiff ($85,553.95) was lower than it should be ($89,553.43), Defendants cancelled the check and wired $89,553.43 to Plaintiff on February 7, 2025 (NYSCEF Doc. 15). On February 12, 2025, Plaintiff informed Defendants that the wire transfer was rejected. According to Chase, the wire was rejected because Plaintiff's bank account was restricted (NYSCEF Doc. 17). Defendants e-mailed Plaintiff on February 12, 2025 to coordinate delivery of another settlement check to Plaintiff (NYSCEF Doc. 19). However, the very next day, on February 13, 2025, Plaintiff, through her counsel in this lawsuit, filed a Complaint in the Eastern District of New York making identical allegations to Amended Complaint here (NYSCEF Doc. 20). On February 14, 2025, Plaintiff initiated this lawsuit.

Defendants' counsel repeatedly reached out to Plaintiff's counsel, stating the wire transfer did not occur due a hold on Plaintiff's bank account, and repeatedly tried to disburse settlement funds to Plaintiff via check, but Plaintiff's counsel never responded (NYSCEF Doc. 21). On March 7, 2025, the parties appeared in the Southern District of New York before United States District Judge Valerie E. Caproni, who supervised the delivery of the settlement check to Plaintiff, informed Plaintiff's counsel that he is responsible for the obstruction in the check being delivered,

152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL                    Page 2 of 7
Motion No. 001

2 of 8

and warned the parties that if they ever behave like this again they will be sanctioned (NYSCEF Doc. 23-24).

Now, Defendants move to dismiss Plaintiff's Amended Complaint pursuant to CPLR 3211(a)(1) and (a)(7), and for sanctions, while Plaintiff cross moves to strike certain portions of Defendants' motion as scandalous and irrelevant and seeks to impose sanctions on Defendants.

## II. Discussion

### A. Defendants' Motion to Dismiss and Seeking Sanctions

Defendants' motion to dismiss Plaintiff's Amended Complaint is granted. The negligent infliction of emotional distress claim is dismissed as Plaintiff's counsel wrote in opposition "Plaintiff is not asserting a standalone cause of action for infliction of emotional distress" and in any event, it is duplicative of Plaintiff's negligence cause of action. Moreover, it is well established that alleged acts of malpractice do not give rise to emotional damages except where the alleged malpractice unreasonably and directly endangers a plaintiff's physical safety (*see, e.g. Wolkstein v Morgenstern*, 275 AD2d 635, 636-37 [1st Dept 2000]). Here, Plaintiff specifically alleges in her negligence claim that "attorneys owe their clients a duty of care, loyalty, and diligence, particularly when handling financial transactions and client settlements" (NYSCEF Doc. 6 at ¶ 102). Thus, it is clear from Plaintiff's allegations she is asserting a legal malpractice claim as opposed to an ordinary negligence claim. Because Plaintiff is alleging legal malpractice, her breach of fiduciary claim is dismissed as duplicative as it arises from the same facts and seeks similar damages to the legal malpractice claim (*see Alphas v Smith*, 147 AD3d 557, 558-59 [1st Dept 2017]; *InKine Pharmaceutical Co., Inc. v Coleman*, 305 AD2d 151, 152 [1st Dept 2003]).

The negligence/legal malpractice claim likewise must be dismissed. "In order to survive a motion to dismiss, a plaintiff's complaint in an action for legal malpractice must show that 'but

152088/2025 FACEY, MONIQUE vs. FISHER, LIANE ET AL
Motion No. 001
Page 3 of 7

3 of 8

for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages'" (*Gopstein v Bellinson Law, LLC,* 227 AD3d 465, 466 [1st Dept 2024] quoting *Pellegrino v File,* 291 AD2d 60, 63 [1st Dept 2002], *lv denied* 98 NY2d 606 [2002]). Plaintiff has failed to show any actual damages arising from the alleged delay of a few weeks in receiving her settlement check, especially since the delay was at least in part due to her current attorney refusing to cooperate with Defendants to receive the settlement check and requiring a United States District Judge to compel Plaintiff to accept the settlement check. There is no dispute that Plaintiff received the check, nor is there any dispute that Defendants repeatedly tried to disburse the funds to Plaintiff. Therefore, the legal malpractice claim is dismissed (*see also Gallet, Dreyer & Berkey, LLP v Basile,* 141 AD3d 405 505-06 [1st Dept 2016] [legal malpractice claim dismissed where asserted damages are vague, unclear, or speculative]).[1]

Contrary to Plaintiff's mistaken assertion, the mere fact that she filed a subsequent amended complaint during the pendency of Defendants' motion to dismiss does not make the motion moot where, as here, Defendants have expressly asked the Court to direct the motion to dismiss to the newly filed pleading Complaint (*see French v NYS Department of Labor,* 231 AD3d 620, 621 [1st Dept 2024]; *Donoso v New York University,* 160 AD3d 522 [1st Dept 2018]; *Fownes Bros. & Co., Inc. v JP Morgan Chase & Co.,* 92 AD3d 582, 582-83 [1st Dept 2012]; *Sage Realty Corp. v Proskauer Rose LLP,* 251 AD2d 35 [1st Dept 1998]).

The Court likewise finds sanctions to be appropriate. This Court rarely, if ever grants sanctions, but in this case, the Court finds them warranted. Plaintiff's counsel violated his duty of candor in informing the Court that Defendants repeatedly tried to send him the settlement check pre-suit and post-suit, and he never affirmatively informed the Court after filing this lawsuit that a

---

[1] Plaintiff seeks damages in a wherefore clause alleging a violation of Judiciary Law § 487 but does not allege this as an actual cause of action. As it is not alleged as a separate cause of action, the Court does not address it.

152088/2025 FACEY, MONIQUE vs. FISHER, LIANE ET AL    Page 4 of 7
Motion No. 001

4 of 8

Federal District Court judge compelled Plaintiff and him to accept the settlement check. Moreover, the Court finds the Complaint to be malicious and aimed at embarrassing and harassing Defendants. There is no reason why Plaintiff's counsel decided to include Plaintiff's photograph in the Complaint. Moreover, although United States District Judge Valerie Caproni warned Plaintiff's counsel his conduct was sanctionable, he has done nothing to correct his unprofessional and deceitful behavior in this action.

This conduct cannot go unaddressed and without consequences. Therefore, Defendants' motion for sanctions pursuant to 22 NYCRR 130-1.1(a) is granted, and Defendants shall submit a fee application so they can be granted a judgment against Plaintiff's counsel awarding them their legal fees incurred in filing this motion.

### B. Plaintiff's Cross Motion

Plaintiff's cross motion is denied in its entirety. There is nothing scandalous or irrelevant to strike from Defendants' motion papers, as it is wholly relevant to their sanctions application. Multiple United States District Court judges have sanctioned Plaintiff's counsel or warned Plaintiff's counsel that his conduct is sanctionable. This information was wholly relevant to this Court's decision in whether to sanction Plaintiff's counsel in this action. Plaintiff's cross motion for sanctions against Defendants is denied. Defendants' counsel has acted in a professional manner and has succeeded on a motion to dismiss and a motion for sanctions.

Finally, the Court must address the fact that Plaintiff's motion papers are riddled with incorrect and false citations. It is well known that motion papers with incorrect and/or false citations is a sign that legal papers were written using artificial intelligence. This arises from a phenomenon associated with artificial intelligence where the artificial intelligence applications or chatbots "hallucinate" and generate fake or misleading legal citations due to programming flaws.

152088/2025 FACEY, MONIQUE vs. FISHER, LIANE ET AL    Page 5 of 7
Motion No. 001

6 of 8

For example, Plaintiff cites to a case called *James v. City of New York*, 144 AD3d 604, 605 (1st Dept 2016) and *Board of Mgrs. of 28 Cliff St. Condominium v. Maguire*, 191 AD3d 553 (1st Dept 2021) (*see* NYSCEF Doc. 47). But no cases with these names exist under these citations, and while there is a First Department case from 2016 captioned *James v. City of New York*, 144 A.D.3d 466 (1st Dept 2016) there is nothing in that case related to the legal argument Plaintiff was making, namely whether an amended complaint makes a motion to dismiss moot. Likewise, while there is a case captioned *Board of Managers of 28 Cliff Street Condominium v Maguire*, 191 A.D.3d 25 (1st Dept 2020), that case too has nothing to do with the impact of an amended pleading being filed during a motion to dismiss.

Plaintiff also cited to a case captioned *Xiong v. Knight*, 80 A.D.3d 1055 (3d Dept 2011)[2] (*see* NYSCEF Doc. 38). But there is no such. Plaintiff cited to a case captioned *Johnson v. Stadtlander*, 162 A.D.3d 1580 (4th Dept 2018), but there is no case with that caption or that citation. There are other fake and/or incorrect citations in Plaintiff's papers, but the Court finds the ones highlighted here are sufficient to warrant an explanation from Plaintiff's counsel. Therefore, within five days from entry of this Decision and Order, Plaintiff's counsel must submit an affirmation advising the Court whether he used artificial intelligence applications and/or chatbots to write his motion papers. He must also explain why his motion papers repeatedly cite to cases that do not exist and/or stand for legal propositions that are discussed nowhere in the cited decisions.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss Plaintiff's Amended Complaint is granted, and the Amended Complaint is hereby dismissed; and it is further

---

[2] The case that appears from this citation is captioned *Burgher v AF III Props., LLC*, 80 AD3d 1055 (3d Dept 2011).

152088/2025 FACEY, MONIQUE vs. FISHER, LIANE ET AL
Motion No. 001
Page 6 of 7

8 of 8

ORDERED that Defendants' motion for sanctions against Plaintiff's counsel is granted, and Defendants' are awarded their legal fees incurred in filing the instant motion and opposing Plaintiff's cross motion, and within fourteen days, Defendants shall submit a fee application in order for this Court to award Defendants a money judgment against Plaintiff's counsel; and it is further

ORDERED that Plaintiff's cross motion is denied, and within five days, Plaintiff's counsel must submit an affirmation advising the Court whether he used artificial intelligence applications and/or chatbots to write his motion papers. He must also explain why his motion papers repeatedly cite to cases that do not exist and/or stand for legal propositions that are discussed nowhere in the cited decisions; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/15/2025 | | | | *My V Rosado JSC* |
|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

152088/2025  FACEY, MONIQUE vs. FISHER, LIANE ET AL                 Page 7 of 7
Motion No. 001

8 of 8