IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DEXTER JAKES, <br><br> *Plaintiff*, <br><br> v. <br><br> DUANE YOUNGBLOOD, *et al*, <br><br> *Defendants*. | Civil Action No. 2:24-cv-1608 <br><br> Hon. William S. Stickman IV |

## MEMORANDUM ORDER

On June 26, 2025, the Court issued a Memorandum Order ("Memo Order") which required attorney Tyrone Blackburn ("Blackburn"), counsel for Defendant Duane Youngblood ("Defendant"), to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). (ECF No. 53). The Court issued the Memo Order after briefs submitted by Blackburn were found to contain inaccurate citations and quotations, including inaccurate quotations from the Court's own earlier opinion. (*Id.*). The Memo Order includes an extensive discussion of the citation and quotation deficiencies, so the Court will not reiterate them here. A show cause hearing on the issue of Rule 11 sanctions occurred on July 24, 2025, and the transcript of the show cause hearing has been filed of record. (ECF No. 60).

Blackburn attended the show cause hearing, as ordered, and argued against the imposition of sanctions. He admitted that the citation issues highlighted by the Memo Order were caused by his use of generative artificial intelligence ("AI") to draft his briefs. He apologized and represented to the Court that the issues were caused by his unfamiliarity with the use of the AI program, rather than malice. He also represented that he had *sua sponte* taken efforts to apprise himself of both technical and ethical issues governing the use of AI in litigation.

1

The Court does not find Blackburn's explanation of what occurred entirely credible. It believes Blackburn to the extent that he admitted that he, as a solo practitioner, used AI to save time. However, the Court does not believe Blackburn's assertion that he made an innocent mistake born from technological ignorance. Blackburn's account is incredible for two reasons.

First, AI's tendency to create nonexistent case law and misrepresent legal authorities is well known in the legal community. There have been several well-publicized stories of attorneys caught submitting briefs, drafted by computer programs, that misrepresented case law. Likewise, there is an increasing body of legal authority addressing the ethical obligations of attorneys who use AI programs. The problems posed by AI in litigation are not novel or obscure. At this point, any attorney—but especially attorneys like Blackburn with a cosmopolitan, multi-state, practice—cannot plead ignorance to justify their use or misuse of AI in drafting legal documents filed with the courts. To the extent that Blackburn was ignorant, it was culpable ignorance that falls below the level of professional diligence required of attorneys before the bar of the Court.

Second, the Court does not believe that Blackburn was ignorant or misinformed of the propensity of AI to misstate, misquote, or invent legal authority. The critical evidence supporting this finding is Blackburn's Reply Memorandum of Law in Further Support of Defendant Duane Youngblood's Motion to Dismiss ("reply brief"). (ECF No. 46). After Plaintiff Thomas Dexter Jakes' ("Plaintiff") counsel took issue with the errant citations in Blackburn's brief in support of Defendant's motion to dismiss, Blackburn doubled-down. His reply brief contained the same problems as his initial brief. Rather than take responsibility for his misconduct, apologize, and voluntarily withdraw his brief, Blackburn pointed the finger at Plaintiff's counsel, wrongly accusing them of doing exactly what he did (twice)—using AI to craft an inaccurate brief.

The Court holds that Blackburn engaged in sanctionable conduct under Rule 11. At best, he knowingly and repeatedly submitted legal documents that he neither prepared nor reviewed to ensure their accuracy. Instead, he knowingly misrepresented case law in support of the arguments he attempted to present to the Court. Whether it is a computer program, an intern, or an administrative staff member who prepares an initial draft of a brief, attorneys have a nondelegable duty to ensure that arguments submitted to a court include accurate statements of the law. It is inexcusable to skirt this duty by relying on AI to draft a brief. Blackburn did so and, when accused, did so again. The Court's decision to impose sanctions is consistent with an (unfortunately) growing number of cases that imposed sanctions on attorneys whose misuse of AI led them to file briefs that included inaccurate or nonexistent citations and quotes. *See e.g., Bunce v. Visual Tech. Innovations, Inc.*, Civil Action No. 23-1740, 2025 WL 662398 (E.D. Pa. Feb. 27, 2025); *Allbaugh v. Univ. of Scranton*, Civil Action No. 3:24-CV-2237, 2025 WL 2484188 (M.D. Pa. Aug. 28, 2025); *OTG New York, Inc. v. Ottogi America, Inc.*, Civil Action No. 24-CV-07209, 2025 WL 2671460 (D. N.J. Sept. 18, 2025). Blackburn's misconduct is not unique. It is not even novel. But it is misconduct, nonetheless.

The Court must next determine the nature of the sanctions to be imposed. "[T]he guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct." *DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005). As a general matter, monetary sanctions are not encouraged under Rule 11, but they are not forbidden. *Id.* at 145. "[T]he main purpose of Rule 11 is to deter, not to compensate." *Id.* Indeed, "district courts should consider a wide range of alternative possible sanctions for violation of the rule." *Id.* (citation omitted). When a court considers the payment of attorney fees as an element of Rule 11 sanctions, the focus should be deterrence rather than compensation. *Doering v. Union Cnty. Bd. Of Chosen Freeholders*, 857

F.2d 191, 194 (3d. Cir. 1988). The United States Court of Appeals for the Third Circuit explained: "A district court's choice of deterrent is 'appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior.'" *Doering*, 857 F.2d at 194 (emphasis in original, citation omitted).

"Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction (as well as the initial decision whether to impose such a sanction) should be guided by equitable considerations." *Id.* at 195. District courts should consider the party's financial resources. *Id.* at 196. This includes the nature and size of the attorney's practice. *Id.* Courts have imposed financial sanctions on attorneys "who rely on generative AI and fail to conduct reasonable diligence to ensure the cases they are citing to exist and stand for the propositions they are cited for." *Allbaugh*, 2025 WL 2484188, at *5 (citing *Mata v. Avianca*, 678 F. Supp. 3d 443, 464-66 (S.D.N.Y. 2023)); *see also Bunce*, 2025 WL 662398, at *4. When calculating sanctions, district courts typically fine parties who provide AI generated fictitious citations within the range of $1,000 to $6,000. *See Mata*, 678 F. Supp. 3d at 466 (fining $5,000); *Bunce*, 2025 WL 662398, at *4 (fining $2,500); *Benjamin v. Costco Wholesale Corp.*, No. 2:24-cv-7399, 2025 WL 1195925, at *9 (E.D. NY Apr. 24, 2025) (fining $1,000); *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-CV-00326, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025) (fining $6,000).

Plaintiff has submitted a fee petition seeking seventy-six thousand one hundred ninety-seven dollars and sixty-three cents ($76,197.63) in attorneys' fees that he alleges were expended by his counsel in analyzing Blackburn's filings and filing responses. (ECF No. 61). The Court holds that the award of monetary sanctions in the form of attorneys' fees is warranted. It holds that it is appropriate to award a measure of attorneys' fees, in part, as compensation for Plaintiff's

4

attorneys' additional time expended to respond to the phony citations in Blackburn's brief and, in part, as a deterrent to Blackburn. The Court does not, however, find the amount sought by Plaintiff to be a reasonable measure of a sanction in this case. As stated above, Blackburn's misconduct is not unique. Moreover, as the Third Circuit has instructed, the Court must consider the nature of Blackburn's practice and his ability to pay. Blackburn is a solo practitioner whose practice consists of representing indigent clients sometimes. Nonetheless, the Court believes that monetary sanctions are necessary to deter Blackburn from future misconduct—especially due to his decision to double-down on his misuse of AI after it was brought to the attention of the Court. Upon consideration of all of the material in the record, and guided by the directives of the Third Circuit and the example of district judges in similar cases, the Court finds that a monetary sanction in the form of a fee award to Plaintiff's counsel in the amount of five thousand dollars ($5,000.00) is warranted.

AND NOW, this __6__ day of October 2025, IT IS HEREBY ORDERED that pursuant to Rule 11, monetary sanctions are imposed on Attorney Tyrone Blackburn in the amount of five thousand dollars ($5,000.00). Plaintiff's Petition for Fees (ECF No. 61) is GRANTED IN PART and DENIED IN PART. It is granted in that the five thousand dollar ($5,000.00) monetary sanction imposed upon Blackburn is awarded to Plaintiff's counsel as attorneys' fees. Blackburn shall make monthly payments of not less than five hundred dollars ($500.00) to Plaintiff's counsel until the five thousand dollars ($5,000.00) is paid in full. The first monthly installment of five hundred dollars ($500.00) shall be paid on or before **November 15, 2025**. In all other respects, Plaintiff's Petition for Fees (ECF No. 61) is DENIED.

IT IS FURTHER ORDERED that due to his misconduct and violations of court rules, Blackburn's *pro hac vice* status is REVOKED and his Withdrawal of Appearance (ECF No. 52) is GRANTED.

IT IS FINALLY ORDERED that any future notice of appearance or motion to appear *pro hac vice* filed by Blackburn in the United States District Court for the Western District of Pennsylvania must include a copy of this order.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
