IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DEXTER JAKES, | ) |
| | ) Civil Action No. 2:24-cv-01608-WSS |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DUANE YOUNGBLOOD, et al., | ) Hon. William S. Stickman IV |
| | ) |
| Defendant. | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
PURSUANT TO FRCP 12(f)**

### I.  INTRODUCTION

On October 6, 2025, this Court entered an Order at ECF 71 Granting in Part and Denying in Part Plaintiff's Petition for Fees (ECF 61) and granting the Motion to Withdraw from Representation filed by Attorney Tyrone Blackburn ("Blackburn") (ECF 52). The same Order of Court revoked Blackburn's *pro hac vice* Admission to the Federal District Court for the Western District of Pennsylvania.

Approximately two hours later, Blackburn filed a docket entry at ECF 72, filed as a "Notice" to this Court's Order at ECF 71. This document is a scurrilous attempt by Tyrone Blackburn, Defendant's former Counsel, to create confusion and cast aspersions on undersigned Counsel and his former client. ECF 72 consists entirely of scandalous and impertinent matter, combined with privileged and confidential material (including matters subject to attorney-client privilege) which Blackburn is not authorized to disclose and are not public records. This filing by Blackburn must be stricken from the Docket.

For the reasons set forth below, to limit the prejudice and damage inflicted on Defendant by Defendant's former disgruntled, sanctioned, and withdrawn Attorney. This Court must not permit this document or its attachments to remain accessible on the Docket for this case.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike "from any pleading any... redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Semenko v. Wendy's Int'l, Inc., No. 2:12-CV-0836, 2013 WL 1568407, at *2 (W.D. Pa. Apr. 12, 2013) (citation omitted). Courts can grant a motion to strike where the information at issue poses no relationship to the controversy and "may cause prejudice to one of the parties, or … confuse the issues." Id.

Immaterial allegations are those that have no essential or important relationship to the claim for relief or the defenses being pleaded. Conklin v. Anthou, 2011 WL 1303299, at* 1 (M.D. Pa. Apr. 5, 2011); 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2019).

Impertinent allegations consist of "statements that do not pertain, and are not necessary, to the issues in question." In re Shannopin Mining Co., 2002 WL 31002883, at *28 (W.D. Pa. Jul. 25, 2002); 5C Wright & Miller, supra, § 1382.

Scandalous allegations "improperly cast[] a derogatory light on someone, most typically on a party to the action." 5C Wright & Miller, supra, § 13. District courts have "considerable discretion in disposing of a Rule 12(f) motion to strike." 5C Wright and Miller, supra § 1382.

### III.     ARGUMENT

### Scandalous and Impertinent

The 'Notice' filed by Blackburn at ECF 72 is replete with inflammatory and irrelevant matter that serves no legitimate purpose in this lawsuit, in an apparent attempt to deflect responsibility for his own acts, and to undermine the credibility and effectiveness of undersigned Counsel and the Defendant moving forward. ECF 72 contains significant misrepresentations, including mischaracterization of the contents of the very documents which are attached to the filing.

This Court has previously identified similar misrepresentations made by Blackburn, however what is novel here is Blackburn's decision to move beyond misrepresenting legal precedent and prior pleadings and is now publicizing and misrepresenting confidential and privileged information without authorization and contrary to the Rules of Professional Conduct, Evidence, and Civil Procedure. Allowing this information, and Blackburn's misrepresentations thereof, to remain on the Docket impermissibly risks prejudice to Blackburn's former Client, currently represented by undersigned Counsel. At a minimum, ECF 72 impermissibly creates confusion of the issues through its untrue, highly prejudicial and irrelevant insinuations, and must not be permitted to remain on the docket.

### Attorney-Client Privilege

Pennsylvania law and the Rules of Professional Conduct provide guidance relating to the sacred obligation known as the Attorney-Client privilege, and reads in relevant part as follows:

**Rule 1.6. Confidentiality of Information.**

(a) A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

(b) A lawyer shall reveal such information if necessary to comply with the duties stated in Rule 3.3.

(c) A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:

(1) to prevent reasonably certain death or substantial bodily harm;

(2) to prevent the client from committing a criminal act that the lawyer believes is likely to result in substantial injury to the financial interests or property of another;

(3) to prevent, mitigate or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services are being or had been used;

(4) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client;

(5) to secure legal advice about the lawyer's compliance with these Rules;

(6) to effectuate the sale of a law practice consistent with Rule 1.17;

(7) to detect and resolve conflicts of interest from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client; or

(8) to comply with other law or court order.

(d) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

(e) The duty not to reveal information relating to representation of a client continues after the client-lawyer relationship has terminated.

*See*, 204 PA Code, Rule 1.6, Confidentiality of Information.

Attorney Blackburn, in his role as former Counsel for the Defendant, Duane Youngblood, filed documents with the Court including communications and billing that clearly and squarely fall within the scope of this rule and are protected by the Attorney-Client privilege. Mr. Youngblood has neither waived nor provided any authorization to Mr. Blackburn whatsoever that would provide a legal basis for the dissemination of said information, much less in a public forum.

Equally as important is that while 1.6 provides something of an exception to the rule in certain circumstances arising between a dispute the lawyer and client, those circumstances do not apply here. The instant case involves litigation between Plaintiff T.D. Jakes, and the Defendant Duane Youngblood. This case does not involve a "criminal charge, civil claim or disciplinary proceeding" between the Mr. Youngblood and his former lawyer Mr. Blackburn.

Even the collateral and unfortunate controversy that arose in this case regarding Mr. Blackburn's use of hallucinated case law and citations was not between him and the Defendant, but rather the impact of those activities upon the Plaintiff and the Court. The fact that the fabricated A.I. citations that Blackburn submitted were at one point filed on behalf of Mr. Youngblood does not translate into the waiver of the Attorney-Client privilege by Mr. Youngblood, simply because Blackburn got caught.

Blackburn's actions in filing ECF 72 are nothing short of reprehensible, consistent with the same flagrant disregard for the Rules of Professional Conduct that formed the basis of his troubles to begin with, and are a reflection of the same character flaws that continue to define his disturbing behavior which is repugnant to the high standards expected for members of a state bar.

WHEREFORE, Defendant respectfully requests that this honorable Court Grant Defendant's Motion, Strike ECF 72 from the record, and prohibit Attorney Blackburn from any further filings in this case now that his appearance has been withdrawn and the pro hac vice terminated.  Thank you.

Respectfully submitted,

DATE:  October 8, 2025           BY:     */s/ Paul A. Ellis, Jr.*
PAUL A. ELLIS, JR., ESQ.
PA ID No.:  85403
pae@sommerlawgroup.com

*/s/ Brad N. Sommer*
BRAD N. SOMMER, ESQ.
PA ID No.:  87312
bns@sommerlawgroup.com

**SOMMER LAW GROUP, P.C.**
6 Market Square
Pittsburgh, PA 15222
Phone: (412) 471-1266
Fax: (412) 471-3175
slg@sommerlawgroup.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Defendants' Motion to Strike was filed electronically on October 8, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Brad N. Sommer*
BRAD N. SOMMER, ESQ.
PA ID No.: 87312
BNS@sommerlawgroup.com

*/s/ Paul A. Ellis, Jr.*
PAUL A. ELLIS, JR., ESQ.
PA ID No.: 85403
PAE@sommerlawgroup.com

**SOMMER LAW GROUP P.C.**
6 Market Square
Pittsburgh, PA 15222-3152
412-297-4900 / 412-209-1975 (Fax)
*Attorneys for Defendants*